IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                                         PLAINTIFF

v.                                               Civil NO. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                                   DEFENDANT

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Comes Defendant, University of Arkansas, and submits this Brief in support of its Motion to Dismiss. To the extent the Court interprets the Complaint and the Amended Complaint to assert any claims against the Office of the Chancellor of the University of Arkansas, Fayetteville, then the Office of the Chancellor jointly submits this Brief with the University.

**I.
FACTS**

On July 12, 2010, Plaintiff David Stebbins filed a Complaint against the University of Arkansas. The Complaint primarily consists of legal conclusions and attempts to assert claims under the Rehabilitation Act and the First Amendment. In his Complaint, Plaintiff seeks both injunctive relief and monetary damages. The Summons issued by the Court appears to be addressed solely to the University of Arkansas as an entity and not to the Office of the Chancellor. The Office of the Chancellor was not served with a separate Summons and Complaint in this case.

On August 26, 2010, Plaintiff filed an Amended Complaint, and the Court subsequently entered an Order on August 30, 2010, granting Plaintiff's Motion to Amend/Correct. In his Amended Complaint, Plaintiff alleges that the University engaged in "employment

discrimination in violation of Section 504 of the Rehabilitation Act." For convenience, the Complaint and Amended Complaint shall be referred to as the "Complaint." For the reasons set forth herein, the Complaint should be dismissed.

## II.
## LEGAL DISCUSSION

### A. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

1. The Complaint Fails to Comply with the Pleading Requirements of the Federal Rules of Civil Procedure.

The Complaint should be dismissed because Plaintiff fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court ruled that the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a case involving antitrust issues, apply to all civil cases filed in the federal courts. *Iqbal*, 129 S. Ct. at 1949-52. Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Iqbal*, the Court explained that Rule 8(a)(2) "does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quotations & citations omitted). The Court rejected pleadings that simply contain "labels and conclusions or a formulaic recitation of the elements of a cause of action" as well as "naked assertions devoid of further factual enhancement." *Id.* (quotations & citations omitted). *Iqbal* clearly repudiates the proposition that motions to dismiss should be denied so long as "some set of facts" could be proved to support a party's claims.

In *Iqbal*, the Court expressly rejected a "possibility" standard and reaffirmed the "plausibility standard" announced in *Twombly* by stating:

2

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (quotations & citations omitted). The Court explained that the pleading standards detailed in *Twombly* rest on two "working principles" as follows:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.) Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id.* at 1949-50 (quotations, citations & internal alterations omitted). In applying these principles, the Court articulated a two-part test for analyzing motions to dismiss.

First, a court should identify all allegations that constitute conclusions because they are not entitled to the "assumption of truth." *Id.* at 1950. Second, a complaint must contain sufficient factual allegations that are assumed to be true and the court must determine, based on its judicial experience and common sense, whether those factual allegations "plausibly give rise to an entitlement for relief." *Id.* In sum, Rules 8 and 12(b)(6) of the Federal Rules of Civil

Procedure impose definitive pleading standards that must be satisfied for a complaint to survive a motion to dismiss.

In assessing a motion to dismiss, this Court must accept the factual allegations in the complaint as true and hold Plaintiff, as a *pro se* litigant, "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). The liberal pleading standards, however, apply only to Plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Despite Plaintiff's status as a *pro se* litigant, he must allege specific facts in his complaint that are sufficient to state a claim and not be merely conclusory allegations. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). Plaintiff, however, has failed to do so, and the Complaint should be dismissed.

    2. <u>Plaintiff's Claims Under the Rehabilitation Act.</u>

    (a) <u>Plaintiff's Academic Status Allegations Fail to State a Claim Upon Which Relief May Be Granted Pursuant to Rule 12(b)(6).</u>

In his Complaint, Plaintiff fails to state a claim upon which relief may be granted with regard to his academic standing with the University. *See* Fed. R. Civ. P. 12(b)(6). Even construing Plaintiff's allegations liberally, the Complaint consists of nothing more than *de minimis* legal conclusions asserted as facts. The Court, however, is not bound to accept such legal conclusions as true. *Iqbal*, 129 S.Ct. at 1950. Further, in assessing a *pro se* Complaint, Plaintiff remains responsible to plead "facts with enough specificity to raise a right to relief above the speculative level." *Peace v. Mortgage Elec. Registration Sys., Inc.*, 2010 WL 2384263 at *2 n.3 (E.D. Ark. June 11, 2010) (Webber Wright, J.) (quotations & citations omitted). It is insufficient that the Complaint might "leave open the possibility" that Plaintiff "might later establish some set of undisclosed facts to support recovery." *Id.* (quotations, citations & alterations omitted). Moreover, Plaintiff is responsible to plead facts that "nudge" his "claims

4

across the line from conceivable to plausible." *Id.* (quotations & citations omitted).  None of Plaintiff's claims, even when construed liberally, meets these pleading requirements.

To assert a claim under Section 504 of the Rehabilitation Act, Plaintiff must assert facts establishing:

(1) That he is a qualified individual with a disability;

(2) That he was "excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by reason of h[is] disability;" and

(3) That any such exclusion, denial of benefits, or other discrimination was because of his disability.

*Meagley v. City of Little Rock*, 2010 WL 3219327 at *3 (E.D. Ark. Aug. 13, 2010) (Marshall, J.)

Plaintiff fails to plead facts to satisfy these elements.  For example, Plaintiff does not allege that he is a qualified individual with a disability.  Likewise, Plaintiff does not allege facts with any measure of specificity to establish that he was excluded from participation in, denied benefits, or otherwise discriminated against by reason of disability or that any such exclusion, denial or discrimination was because of his disability.    Plaintiff broadly asserts, without offering any factual support, that "they upheld their old discrimination from the month of January 2008" by not allowing him to "re-enroll" as a University student "despite their original reason for my suspension being illegal under Section 504 of the Rehabilitation Act."   Likewise, Plaintiff's conclusory assertion that the reason for any alleged discrimination is because he has "Asperger Syndrome" is not supported by any factual allegations.  Plaintiff's assertions lack virtually any factual grounding that would allow the Court to evaluate the sufficiency of Plaintiff's claims; instead, Plaintiff's allegations are primarily legal conclusions entitled to no weight from the Court.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state facts establishing a claim under Section 504 of the Rehabilitation Act.

(b) <u>Plaintiff's Employment Discrimination Allegations Fail to State a Claim Upon Which Relief May Be Granted Pursuant to Rule 12(b)(6).</u>

Plaintiff alleges that on August 14, 2010, he "created an account on . . . the University of Arkansas' personnel website – so that [he] could apply for jobs with the University." Plaintiff does not allege that he was denied the opportunity to create such an account or prohibited from doing so due to any unlawful reason. Instead, Plaintiff summarily asserts that he "was disconsidered [sic] for any job that I primarily applied for, primarily due to the fact that I was banned from campus, altogether." In conclusory form, Plaintiff then alleges that "the illegality of the campus ban directly corresponds to the illegality of the employment discrimination." These allegations form the basis for Plaintiff's contention that the University committed employment discrimination in violation of Section 504 of the Rehabilitation Act.

To assert a *prima facie* case of employment discrimination under Section 504 of the Rehabilitation Act, Plaintiff must establish the following:

(1) That he was an individual with a disability;

(2) That he was "otherwise qualified";

(3) That he was denied employment for a "program or activity" that receives federal financial assistance; and

(4) That he "was adversely treated solely because of [his] handicap."

*Campbell v. Potter*, 2008 WL 53145 at *7 (E.D. Ark. Jan. 2, 2008) (Eisele, J.) Here, again, Plaintiff fails to state facts upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiff does not allege that he was an "otherwise qualified" individual with a disability. Plaintiff does not allege that the University receives federal financial assistance. Moreover, the Complaint lacks any allegation about a specific position that Plaintiff was not considered for due to his alleged disability. Further, Plaintiff does not even allege facts identifying any specific

positions for which he applied or sought employment. Plaintiff does not allege that he applied for a position and was prevented from being considered or interviewing for it. In summary, Plaintiff asserts minimal allegations and then draws legal conclusions entitled to no weight by the Court. Accordingly, Plaintiff fails to state facts upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and his claim should be dismissed.

> 3. Plaintiff's First Amendment Allegations Fail to State a Claim Upon Which Relief May Be Granted Pursuant to Rule 12(b)(6).

Plaintiff asserts that his First Amendment rights were violated because the University "bann[ed] me from their campus for a period of one year." Plaintiff contends this action violated his First Amendment rights "because it was done in direct retaliation to an email that I had sent the Chancellor demanding that he override his employees (the Student Accounts Office of the University of Arkansas) and revoke my suspension on the spot."

To assert a valid civil rights claim, Plaintiff must allege a deprivation of a federally protected right and that the person who deprived him of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Kendrick v. Faust*, 2009 WL 3808539 at *2 (E.D. Ark. Nov. 12, 2009)(Moody, J). Plaintiff's Complaint fails because he does not allege facts establishing that he engaged in any federally protected right. Moreover, Plaintiff does not allege any facts identifying any person who allegedly acted under color of law to deny any of his federally protected rights.

Plaintiff does not have a constitutional right to be present on the Fayetteville campus of the University of Arkansas. *Widmar v. Vincent*, 454 U.S. 263, 267 n.5 & 278 (1981); *Souders v. Lucero*, 196 F.3d 1040, 1045 (9th Cir. 1999) (holding that an alumnus of Oregon State University lacked a constitutionally protected interest in being present on the institution's campus). Without a constitutionally protected interest, no violation of any such right can occur and give rise to any

liability.  Moreover, the Complaint lacks any factual allegations regarding the person who denied him the right to be on campus.  Additionally, the Complaint makes clear that Plaintiff is not a current University student or employee and lacks any allegations that Plaintiff engaged in any form of protected speech.  The fact that Plaintiff may have written the Chancellor about Plaintiff's student account and/or his suspension does not give rise to any federally protected constitutional interests.  Plaintiff fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and his First Amendment claim should be dismissed.

### B.  THE ELEVENTH AMENDMENT BARS PLAINTIFF'S FIRST AMENDMENT CLAIM

The Eleventh Amendment to the United States Constitution provides that the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.  U.S. Const. amend. XI.  The Eleventh Amendment presents a jurisdictional bar to any suit which is, in actuality, directed against the State, regardless of whether the action is nominally instituted against the State, a state agency or instrumentality, or a state official.  *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dept of State v. Treasure Salvors*, 458 U.S. 670 (1982); *Alabama v. Pugh*, 438 U.S. 781 (1978).  States and their agencies "retain their immunity against *all* suits in federal court" whether the claims are for damages or prospective equitable relief.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (emphasis added).  Thus, the Eleventh Amendment bars a suit against state officials or agencies when the State is the real, substantial party in interest.

In this case, Plaintiff asserts that "the University of Arkansas infringed my first amendment rights by banning me from their campus for a period of one year, disclosing to me over the telephone (and following up with an email) that if I set foot on the campus during that

8

time, I would be arrested on the spot." Plaintiff further alleges that "[t]his is a violation of my first amendment rights because it was done in direct retaliation to an email that I had sent the Chancellor demanding that he override his employees (the Student Accounts Office of the University of Arkansas) and revoke my suspension on the spot." Plaintiff's First Amendment claim, therefore, is expressly directed solely against the University of Arkansas as an entity. Accordingly, the Eleventh Amendment bars this claim.

In his Complaint, Plaintiff states: "I would like to file a charge of discrimination against the below name and address:

>University of Arkansas
>Office of the Chancellor
>425 Administration Building
>Fayetteville, Arkansas  72701
>479-575-4140"

Plaintiff's case, therefore, appears to name the University as the sole Defendant in this action. The Complaint fails to name any University officials in their individual capacities as defendants. By failing to name any individual defendants, there are no individual capacity claims in this action. *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("A suit against a public official in his individual capacity requires that the public official be named in his personal capacity as an individual. If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.")

In the event this Court interprets Plaintiff's First Amendment claim to be directed against the "Office of the Chancellor," the Eleventh Amendment bars such an official-capacity action as well because "[s]uits against state officials in their official capacity . . . [are] treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Will v. Michigan Dept of State Police*, 491 U.S. 58, 66-67 (1989) ("Section 1983 provides a federal forum to remedy many

deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivation of civil liberties.") (quotations & citation omitted); *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). The Eleventh Amendment "prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially 'for the recovery of money from the state.'" *Treleven v. University of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996) (quoting *Ford Motor Co. v. Department of the Treasury*, 323 U.S. 459, 464 (1945)). Plaintiff's First Amendment claim against the "Office of the Chancellor" is barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651 (1974).

Additionally, the University of Arkansas and the Office of the Chancellor, as a state entity and a state office respectively, are not "persons" against whom a suit can be sustained for money damages. *See Will*, 491 U.S. at 71; *Hafer*, 502 U.S. at 27 ("State officers sued for damages in their official capacity are not 'persons' [under Section 1983] for purposes of [a] suit because they assume the identity of the government that employs them.") Further, Plaintiff may not premise any liability against the University or the Office of the Chancellor based upon a theory of *respondeat superior* concerning any alleged actions or inactions by various University employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978); *Artis*, 161 F.3d at 1181 ("A governmental entity is not liable under § 1983 based on actions of its employees under a theory of respondeat superior."). Accordingly, Plaintiff's First Amendment claim against the University and the Office of the Chancellor must be dismissed.

### C. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 12(b)(4) AND 12(b)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Independent of all other grounds for dismissal, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process and Fed. R. Civ. P. 12(b)(5) for

insufficient service of process. Proper service of process is a fundamental issue because "'[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant.'" *Hart v. Coffee*, 2007 WL 3208599 at *1 (W.D. Ark. Oct. 30, 2007)(Hendren, J.)(quoting *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)). Plaintiff's status as a *pro se* litigant does not excuse him from complying with "procedural rules," including the service of process requirements. *Mitchell v. Potter*, 2007 WL 1067631 at *5 (W.D. Ark. Apr. 9, 2007)(Hendren, J.)

Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure requires that a summons be directed to the defendant against whom suit has been filed. Rule 4(c) requires that a summons must be served with the complaint. Rule 4(d) establishes a process for requesting a waiver of service of process; the waiver process, however, applies to individuals, corporations, or associations – not to a state or other state-created governmental organization. With respect to serving a state or other state-created governmental organization, Rule 4(j)(2) expressly provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) *delivering a copy of the summons and of the complaint to its chief executive officer*; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2) (emphasis added). In this case, Plaintiff failed to comply with these requirements, and the Complaint should be dismissed pursuant to Rule 12(b)(4) for insufficient process and 12(b)(5) for insufficient service of process.

The University of Arkansas is a public institution of higher education and an instrumentality of the State of Arkansas. *See Arkansas v. Texas*, 346 U.S. 368 (1953); Ark. Code

Ann. § 6-64-202 (Repl. 2003). As such, the University is a state entity, and service of process must be accomplished by serving President B. Alan Sugg, who serves as the chief executive officer of the University of Arkansas. *See* Fed. R. Civ. P. 4(j)(2). In this case, however, Plaintiff did not serve President Sugg as required by Fed. R. Civ. P. 4(j)(2). Instead, Plaintiff sent the Summons and Complaint to in-house counsel for the University via certified U.S. Mail despite previously being advised that legal counsel lacked authority to accept service of process. Exhibit A, which is attached hereto and incorporated herein by reference, contains e-mail correspondence between Plaintiff and the University's counsel regarding service of process. As demonstrated by Exhibit A, legal counsel for the University advised Plaintiff that counsel lacked authority to accept service of process, and that the University reserved its right to be served as required by the Federal Rules of Civil Procedure. Plaintiff, however, failed to do so, and the Complaint should be dismissed.

Additionally, a single Summons was apparently issued in this case. A copy of the Summons and the Affidavit of Service are attached as Exhibit B and incorporated herein by reference. The Summons reflects that it is addressed to the University of Arkansas as the Defendant. Although the case caption lists the "University of Arkansas Office of the Chancellor," the Office of the Chancellor has not been served with a separate copy of the Summons and Complaint. Moreover, the Chancellor is not named, either in his official-capacity or in his individual-capacity, as a party to this action. The "Office of the Chancellor" has not been served with a Summons and Complaint. Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), therefore, the Complaint should be dismissed.

## III.
## CONCLUSION

For all of the foregoing reasons, Defendant, University of Arkansas, and the Office of the Chancellor, respectfully request that the Complaint and the Amended Complaint be dismissed with prejudice, that the University be awarded its costs incurred, and that the Court award all other relief which it deems just and proper.

Respectfully submitted,

By: /s/ T. Scott Varady
T. SCOTT VARADY
Associate General Counsel
Arkansas Bar No. 93172
E-mail: svarady@uark.edu
WILLIAM R. KINCAID
Associate General Counsel
Ark. Bar No. 93125
E-mail: wkincaid@uark.edu
TAMLA J. LEWIS
Associate General Counsel
Ark. Bar No. 2005237
E-mail: tjlewis@uark.edu
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401

and

JEFFREY A. BELL
Senior Associate General Counsel
Arkansas Bar No. 77009
University of Arkansas
2404 N. University Avenue
Little Rock, AR 72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR THE UNIVERSITY OF ARKANSAS AND THE OFFICE OF THE CHANCELLOR

## **CERTIFICATE OF SERVICE**

      I certify that on this 10th day of September, 2010, I caused a copy of foregoing Brief in Support of Motion to Dismiss to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following address:

                David Stebbins
                1407 N. Spring Rd.
                Apt. #5
                Harrison, AR 72601

                                            /s/ T. Scott Varady_____
                                           T. Scott Varady
                                           Associate General Counsel