U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 1 5 2010

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024

Dear Fayetteville Federal District Court,

My name is David Stebbins, and I am writing in regards to case #10-5125. Specifically, I am writing in response to the defendants' motion to dismiss.

First, I deny that I have failed to state a act upon which relief can be granted. The act upon which relief can be granted is disability discrimination and a violation of my first amendment rights. That is an act upon which relief can be granted. I wonder if the University of Arkansas knew that this would not work, but crossed their fingers and hoped for the best, hoping that I would not file a counter-motion like this.

The defendants provided a precedent-setting case which stated that I must articulate the specific actions that the defendant took against me that were unlawful. In my complaint, I specifically wrote, and I'll quote, "The defendants failed to allow me to re-enroll in the University of Arkansas as a student, despite their original reason for my suspension being illegal under Section 504 of the Rehabilitation Act. The reason for the illegality of this discrimination is because I have Asperger Syndrome. They claimed that I created a direct threat to them, but they made no attempts, whatsoever, to accommodate my disability. Instead, they simply kicked me out without a second thought, and, on June 15, 2010, they refused to cease the discrimination."

That gives an articulate explanation of exactly what they did that was illegal. Therefore, their motion to dismiss due to failure to state a claim upon which relief can be granted is invalid. I move to deny their motion to dismiss on these grounds.

I will not fight their claims that the University of Arkansas has sovereign immunity. However, the grounds upon which they state this (citing three Supreme Court cases) merely point out an error that I presented in my complaint. The three cases that they they cite all had the state agencies, not the officers who operate them, listed as parties to the case. I cite the 8th Cir. Case of Raz v. Lee, Mueller, & Melton (Case No. 03-1420). Because Yoam Raz had listed the officers, not the departments that they work for, as parties to the case, the 8th Cir reversed the district court's dimissal on sovereign immunity grounds. Ironically, the district who's dismissal was reversed was none other than this district: The Western District of Arkansas. This was published in the year 2003, well after any of the three Supreme Court cases that the defendants cite. The appellate courts were controlled by the Supreme Court cases that the defendants cite, yet they ruled that the officers had no sovereign immunity, anyway.

Therefore, rather than fight their motion to dismiss, I move to file an amendment complaint. The names of the parties current read "Stebbins v. University of Arkansas." I move for them to read "David Stebbins v. University of Arkansas and David Gearhart, Chancellor of the University of Arkansas." This will satisfy the precedent set by *Raz v. Lee, Mueller, & Melton*.

Furthermore, the defendants claim that I did not list the University of Arkansas as being jointly liable via the doctrine of respondiate superior. I, in good faith, believed that that was unnecessary. I, in good faith, believed that the court, as well the defendants, and the jury, would have put two and two together. As a result, I neglected to expressly state that. However, I feel that this is a harmless error, and, as a result, I move to amend my complaint again. Upon the granting of this motion, the parties in the case shall read "Stebbins v. David Gearhart, Chancellor of the University of Arkansas, and the University of Arkansas, via respondiate superior."

Therefore, I move to deny their motion to dismiss on these grounds.

Finally, I reject their claim that they were improperly served. As your records will show you, I sent the summons and complaint via the United States Postal Service (a permissible method of service under the local rules), complete with a return receipt, to the University of Arkansas, Office of the General Council. Specifically, I listed Thomas Scott Varady as the one who should receive the complaint. I had previously been told by Marvin Vance Rice (investigator for the University of Arkansas Police Department) that Varady was the University of Arknasas' lawyer. In fact, when I sent Rice various emails relating to this lawsuit (as he had previously told me that I was to direct all correspondence with the University of Arkansas through him), he would forward them to Varady for his review. I put two and two together, and realized that the Varady was the legal representative of the University of Arkansas.

As a direct result, I sent the summons and complaint to Varady. According to the federal rules of civil procedure, Rule 5(b)(1), states that, unless a court orders otherwise, I am to serve pleadings on the attorney, if I know the identity of said attorney. I have yet to receive any order to serve the defendant himself, and, as a result, I was bound by federal procedure to serve the lawyer, in this case. Therefore, sending the summons and complaint to Varady is sufficient service. I move to deny their motion to dismiss on these grounds.

The defendants' grounds for moving to dismiss are either invalid, or based on harmless errors that can easily be corrected if I am given the opportunity. I hereby pray that you deny their motion to dismiss, and award costs incurred in making the claim, and any other relief that the court deems sufficient.

In the event that their motion is granted, I request that it be without prejudice, and that I be relieved of any costs they incur, as, if my case is dismissed without prejudice, I can, and I will, file again and make it right.

Further, in the event that my case is dismissed, I ask that you do not award the costs associated with the dismissal. I request that a more complete trial be finished before I am to pay any costs.

Even in the event that you dismiss the case with prejudice, that will only delay the inevitable. Keep in mind that the continuing violations doctrine is in play in this case. All I have to do to get another cause of action is send *another* email to David Gearhart and demand that he remove my suspension on the spot, and, if he rejects my demand, we are right back where we started. I can continue this cycle forever if I have to. Again, dismissing my case, even with prejudice, will only delay the inevitable.

Thank you, and please respond promptly.

Sincerely,
David Stebbins

*David A. Stebbins*

David Stebbins
1407 N. Spring Rd,
APT #5
Harrison, AR 72601

U.S. Federal District Court,
35 E. Mountain St., Room 510
Fayetteville, AR 72701

72701+5353