```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

DAVID STEBBINS                                              PLAINTIFF

       v.            Civil No. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                    DEFENDANTS

## O R D E R

Now on this 4th day of October, 2010, come on for consideration defendant's **Motion To Dismiss** (document #8) and plaintiff's letter motion (document #11) seeking partial dismissal. From said motions, and the response thereto, the Court finds and orders as follows:

1. Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing to allow him to re-enroll as a student. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

Stebbin also contends UA violated his First Amendment rights by banning him from campus for one year because of an e-mail he sent to the Chancellor demanding that he be allowed to re-enroll.

Stebbin prays for injunctive relief, compensatory damages for the cost of attending a more expensive college, and compensatory damages for loss of reputation.

2. In his letter motion, Stebbins asks the Court to dismiss

that portion of his claim which seeks damages for lost reputation/profits. This motion has merit, and will be granted.

3. UA moves for dismissal of both Stebbins' claims, for a variety of reasons. The Court will not, at this time, address all those reasons, because the issue of service of process takes priority. That is because if UA has not been properly served, the Court has no jurisdiction over it. **Printed Media Services, Inc. v. Solna Web, Inc.**, 11 F.3d 838, 843 (8th Cir. 1993).

4. **F.R.C.P. 4(j)(2)** authorizes service of process on a state-created governmental organization by "delivering a copy of the summons and of the complaint to its chief executive officer" or by service as prescribed by state law. There is no dispute that UA is a state-created governmental organization. **State of Arkansas v. State of Texas**, 346 U.S. 368, 370 (1953).

Under Arkansas law, a state governmental organization may be served

> by delivering a copy of the summons and complaint to the chief executive officer thereof, or other person designated by appointment or by statute to receive such service, or upon the Attorney General of the state if such service is accompanied by an affidavit of a party or his attorney that such officer or designated person is unknown or cannot be located.

**A.R.C.P. 4(d)(7)**.

Service pursuant to **A.R.C.P. 4(d)(7)** can be made by "any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of

the addressee."

Summons in this case was issued to "University of Arkansas," and served by certified mail, but it is impossible to determine from the submissions of the parties (a) who the addressee of the letter was; (b) whether it was sent by restricted delivery; and (c) whether the person who signed for it was an authorized agent of the addressee.

Stebbins contends that he sent the Summons and Complaint to Scott Varady, whom he knew to be an attorney representing UA and with whom he had corresponded.  He contends that Varady is "the legal representative" of UA, and that service upon counsel for UA is sufficient pursuant to **F.R.C.P. 5(b)**.  These contentions are in error.

**F.R.C.P. 5(b)** authorizes service on the attorney representing a party for all pleadings "filed after the original complaint," but the original Complaint must be served with the Summons in accordance with **F.R.C.P. 4**.  That was not done in this case, and the Court finds that service of process upon UA has not been perfected.

Stebbins asks that, in the event service of process is found to be insufficient, he be allowed additional time to properly serve UA.  This is a reasonable request, and the Court will allow forty-five (45) days from the date of this Order for Stebbins to perfect service.

5.   UA also contends that there is insufficiency of process on "Office of the Chancellor."  It points that only one Summons was issued, directed to UA, and that neither "Office of the Chancellor" nor the Chancellor himself has been served with a Summons and Complaint.

Stebbins responds with the request that he be allowed to amend his Complaint to name the Chancellor as a defendant in the case.  The Court will grant this request.

6.   UA has also argued that the Complaint is subject to dismissal because:

*   Stebbins failed to state facts upon which relief can be granted;

*   the Eleventh Amendment bars Stebbins' First Amendment claims;

*   neither UA, nor "Office of the Chancellor," are "persons" within the meaning of **42 U.S.C. § 1983**; and

*   First Amendment liability cannot be predicated on a theory of *respondeat superior*.

The Court declines to consider these arguments because, unless and until either the Complaint, or an Amended Complaint, is properly served on UA, they are moot.

**IT IS THEREFORE ORDERED** that Stebbins' letter motion (document #11) seeking partial dismissal is **granted**, and the Court hereby dismisses that portion of his claim which seeks damages for

-4-

lost reputation/profits.

**IT IS FURTHER ORDERED** that UA's **Motion To Dismiss** (document #8) is **taken under advisement.**  Plaintiff is allowed forty-five (45) days from the date of this Order to file an Amended Complaint if he so desires, and to perfect service of either the Complaint or the Amended Complaint, upon UA.  Failing the perfection of service, the matter is subject to dismissal.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　 /s/ Jimm Larry Hendren
　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**