U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

OCT 07 2010

CHRIS R. JOHNSON, CLERK
BY
      DEPUTY CLERK

1

David Stebbins
1407 N spring Rd,
APT #5
Harrison, AR 72601

Dear U.S. District Court,
    My name is David Stebbins, and I am writing in regards to case #10-5125. Specifically, you dismissed my case without prejudice and directed me to file an amended complaint within forty-five days. That is what I am doing, now.
    I hereby complain discrimination in violation of Section 504 of the Rehabilitation Act of 1973 against the following entity:

University of Arkansas
421 Administration Building,
Fayetteville, AR 72701

    I am complaining that the University of Arkansas in its entirety discriminated against me. While a First Amendment violation cannot bring suit against the entire university via respondiat superior, a discrimination claim can.
    I also allege a first amendment violation against G. David Gearhart (I am unaware of what his first name is; David is his middle name, but is the the name he uses most often), in his official capacity as Chancellor of the University of Arkansas. I will refer to him as "Gearhart" during this complaint.
    On the date of June 13, 2010, I sent an email to Gearhart. In this email, I demanded that he expunge my suspension and allow me to re-enroll, explaining that my right to re-enroll is protected by discrimination laws. I gave him a deadline – 5PM on Tuesday, June 15, 2010, which was two business days – to fulfill this ultimatum.
    I knew that, if they refused this ultimatum, I would have a new cause of action against the Unviersity of Arkansas, because this refusal to end the original discrimination would invoke the continuing violations doctrine.
    The original discrimination took place on December 5, 2007, when they banned me from campus for allegedly making a threat against them. I had scheduled an appointment at the Pat Walker Health Center, and they refused to see me. The reason that I scheduled this appointment was because I needed to refill some medications. This is a disability that, at the time of the discrimination, I was believed to have had. Without these medications, my doctors had told me that I become angry and violent. This invokes the third definition of a "disability" in accordance with the Rehabilitation Act and the Americans with Disabilities Act: Anyone who is **regarded** as having a physical or mental impairment that hinders one or more major life activities (the word "regarded" is bolded for emphasis).
    I went to the Center for Conflict Resolution. This is when my Aspergers kicked in. I told them that, without these medications, there could be another Virginia Tech incident. In hindsight, I now see how simply saying "Without these medications, I become angry and violent, so please help me so that I don't hurt anybody" would have been much less threatening, but, at the time, my Aspergers caused me to not know any better.
    After receiving the renewed prescription for these anger management medications, I was told, later that evening, that I was being banned from campus, pending a judicial hearing.
    At the hearing, I explained to the jury that I have Asperger Syndrome, or "Aspergers" for

2

short. I explained to them that this causes me to not understand the consequences of my words and actions. I consider the consequences, but, 90% of the time, the consequences that I expect to happen are the exact opposite of the consequences that do happen. I further explained to them what my rights are in accordance with disability discrimination laws, including my right to receive accommodations.

The University of Arkansas is most likely to use the affirmative defense of "direct threat." However, I doubt that this defense will work. "Direct threat" is defined, in the statute, as "a significant risk to the health and safety of others **that cannot be eliminated by reasonable accommodations**." The anger management disability that I was regarded as having could have easily been eliminated by the reasonable accommodations of giving me access to my medications. The tactlessness that my Aspergers causes can be eliminated by the reasonable accommodation of being patient and understanding with what I say.

Anyway, on June 13, 2010, I emailed Gearhart and demanded that he retroactively expunge the suspension, officially credit me with having withdrawn due for confidential reasons, and allow me to re-enroll immediately for the Fall 2010 semester. Granted, my email was not the most polite one in the world; however, I was not concerned with that, since he a government employee, and, therefore, is required to respect my first amendment rights.

At around 11:30AM on June 15, 2010, I received a phone call from Marvin Vance Rice (referred to as "Rice" in this complaint), an investigator for the University of Arkansas Police Department, telling me that, because of this email, I was hereby banned from the University of Arkansas campus altogether – forget getting to re-enroll; I'm not even allowed to set foot on campus in the first place – for a period of one year, and that, if I set foot on campus during that time, I would be arrested on the spot. The only reason given for this decision is that "you can't say things like that," even though the First Amendment to the United States Constitution says the exact opposite.

This commits two torts against me. First, by refusing to allow me to re-enroll, they have continued their discrimination against me, by invoking the continuing violations doctrine (the illegality of refusing to expunge the original discrimination corresponds to the illegality of the original discrimination itself). Second, by *increasing* the sanctions against me, simply for sending him an expletive-filled email, Gearhart has violated my first amendment rights.

In an attempt to strengthen my case, I contacted Thomas Scott Varady (the General Counselor of the University of Arkansas) and asked him, if I applied for any position at the University of Arkansas, would I be given equal consideration for the position, all the same as if I were not on bad terms with the University of Arkansas.

When Varady responded, he refused to give me an answer to the question that I actually asked. Instead, he opted to dodge the question, and say that I may apply to any position. I responded and attempted to clarify the question: *If* I applied, would I be given equal *consideration* as those who are not suspended from campus for any reason? I further explained to him that, if he failed to give me a point blank, yes or no answer, then I would assume that the correct answer is "no." After responding a second time, he *still* refused to give a straight up answer.

This gives me a third cause of action: Employment discrimination.

Wherefore, I pray for the following relief:

1. I seek an injunction to expunge all records related to this suspension. Officially, I left due

3

   to "classified reasons."
2. I must now go to a private college called Full Sail University, which is much more expensive than the University of Arkansas. I seek to recover the gap in tuition. This is not monetary relief, per se, but the monetary equivalent to injunctive relief. This is, essentially, the education equivalent to back pay. The difference in tuition – which is reasonably likely to occur – amounts to $22,282.40. see P.S.
3. Due to the employment discrimination, I want the equivalent back pay, plus three years of front pay, equal to that of a full-time job that pays $8.00 per hour.
4. Due to the employment discrimination, I also want $300,000.00 in punitive damages, because I allege that the University of Arkansas was reckless – maybe even intentionally malicious – in their refusal to guarantee me equal consideration for employment.

I have previously been granted leave to proceed in forma pauperis. Therefore, in accordance with the Federal Rules of Civil Procedure, Rule 4(c)(3), I move that you order the U.S. Marshal to execute the service of summons and complaint for me.

Thank you, and please update my case promptly.

Sincerely,
David Stebbins

*David A. Stebbins*

P.S. Relief #2 is the education equivalent to front pay, not back pay.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

72701+5353