U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 2 3 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                 **PLAINTIFF**

vs.                                         CIVIL No. 10-5125

**UNIVERSITY OF ARKANSAS & GEORGE GEARHART**                 **DEFENDANTS**

## MOTION TO AMEND COMPLAINT

Comes now Plaintiff David Stebbins, who respectfully moves to amend his complaint and, therefore, abrogate the sovereign immunity of Defendant George David Gearhart.

First, I contend the following statements of law:

1. Most government officers have qualified immunity. Only a handful of officers, such as judges or prosecutors, have absolute immunity.
2. Even officers who directly take orders from officers with absolute immunity, such as police officers taking orders from prosecutors, and clerks taking orders from judges, only have qualified immunity.
3. Therefore, just as the default level of judicial review when the constitutionality of a law is challenged is *rational basis review*, the default level of sovereign immunity is qualified immunity.
4. Whereas absolute immunity can only be abrogated in the most extreme circumstances, qualified immunity can be abrogated, giving rise to a cause of action by private citizens, in the event that the officers' actions violate "clearly established law." See *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).
5. The Office of the Chancellor of the University of Arkansas (regardless of what natural person fills that office) has qualified immunity, as opposed to absolute immunity, for his actions that are performed within the course and scope of his or her office.
6. Defendant George David Gearhart ordered me, Plaintiff David Stebbins, to be banned from setting foot on University of Arkansas soil for a period of one year.
7. Defendant Gearhart did this for no other reason than the fact that I sent him an offensive email.
8. The email was only offensive because of the profane content of the email.
9. The Supreme Court has ruled, on numerous occasions, that first amendment violations must receive strict scrutiny.
10. The Supreme Court has ruled, on numerous occasions, that mere offensiveness is, alone, insufficient to pass strict scrutiny. See *Texas v. Johnson* 491 U.S. 397 (1989) and *Street v. New York* 394 U.S. 576 (1969).
11. In fact, the Supreme Court has ruled, on a few occasions, that mere offensiveness is, alone, insufficient to pass so much as rational basis review. See *Romer v. Evans* 517 U.S. 620 (1996) and *Lawrence v. Texas* 539 U.S. 558 (2003).
12. Therefore, the issue that mere offensiveness is, alone, insufficient to justify a grounds for invalidating a citizen's First Amendment rights is to be considered "clearly established law."

13. Conclusively, Defendant Gearhart's actions, described in the complaint, violate clearly established law.
14. Conclusively, Defendant Gearhart's qualified immunity should be abrogated.

Wherefore, I respectfully pray that you rule that, in the event that I can prove the above statements of fact to be true, by preponderance of the evidence, then the above statements of law shall combine with the proven statements of fact in order to give me a cause of action for damages.

Wherefore, I respectfully pray for $20,000 in emotional distress damages, plus $80,000 (four times the other damages) in punitive damages, for reckless disregard of my constitutional rights.

It is so humbly requested, on this 20th day of November, 2010.

Sincerely,
David Stebbins

NORTHWEST ARK PRIDE

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72601

David A. Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601