```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                            PLAINTIFF

      v.            Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHEART**, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                                 DEFENDANTS

### O R D E R

Now on this 2nd day of December, 2010, come on for consideration the following motions:

\*   defendant University of Arkansas' **Motion To Dismiss** (document #8);

\*   plaintiff's **Motion To Amend Complaint** (document #18); and

\*   defendants' **Motion For Extension Of Time To Plead** (document #21),

and from said motions, and other matters and things appearing, the Court finds and orders as follows:

1. In his initial Complaint, plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing to allow him to re-enroll as a student. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

Stebbin also contends UA violated his First Amendment rights

by banning him from campus for one year because of an e-mail he sent to the Chancellor demanding that he be allowed to re-enroll.

2.   UA moved to dismiss the Complaint.  The Court took up this motion on October 4, 2010, but did not fully resolve the issues therein raised.  Defendant asserted various reasons for dismissal, but the Court addressed only the issue of insufficiency of service of process.  Because the Complaint had not yet been served on defendant, the other arguments were deemed moot.

While service has now been perfected, Stebbins has amended his Complaint to add a new party and a new cause of action.  For this reason, the Court believes the best way to address the other arguments raised by the Motion To Dismiss is to deny the motion without prejudice to defendants renewing any arguments made therein which they deem applicable to the amended pleading.

3.   Service of process in this matter was perfected as to UA on November 15, 2010, and as to Gearhart on November 17, 2010. Before the time to Answer had expired, however, Stebbins moved to again amend his Complaint.  The proposed amendment does not set forth any new factual allegations, merely repeating in summary form the allegations against Gearhart in the Amended Complaint. The bulk of the document is a brief on the issue of immunity.

Amendment of pleadings is governed by **F.R.C.P. 15.**  In the circumstances of this case, where Stebbins has already amended his Complaint once, he may only do so again with either consent of the

opposing party or leave of Court.  Leave to amend is to be freely given "when justice so requires."

Stebbins has not obtained the consent of his opposing parties, and the Court finds that justice does not require the granting of leave to file the proposed amendment, inasmuch as the document does not alter the existing pleadings, but merely repeats them and includes a brief. Where an amendment is futile - i.e., where it would serve no useful purpose - leave to amend may be denied. **Dennis v. Dillard Department Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000).** The Motion To Amend Complaint will, therefore, be denied.

4.   Defendants move for an extension of time to respond to the Amended Complaint, indicating that their attorney has professional commitments that would justify an extension; that the UA campus will be closed from December 24, 2010, to January 3, 2011; and that the potential for another amendment justifies an extension.  They contend that an extension will not cause any prejudice, pointing out that Stebbins has already occasioned several delays by his requested amendments.

5.   Defendants further note that they have not sought Stebbins' consent to their request for an extension of time, as required by **Local Rule 6.2,** setting forth instead facts they deem "extraordinary circumstances which make it impracticable to contact the adverse party" regarding the matter, as also provided

-3-

in the Rule. They attach as exhibits two e-mail communications from Stebbins to counsel for defendants, which -- to put it mildly -- are insulting, derogatory, and totally inappropriate.

The Court finds the language of these e-mails completely unacceptable in the context of litigation, which is intended to be a more civilized means of resolving disputes than a brawl or a cussfight. All parties -- including *pro se* parties -- are expected and will be required by the Court to refrain from the use of profanity and name-calling in the handling of this litigation, and may be subject to sanctions if they fail to do so.

6. Considering the language and tenor of Stebbins' e-mails, the failure of defendants to contact him to learn his position with regard to their request for an extension of time is understandable. The e-mails suggest that any effort to confer with Stebbins about anything which he perceives to be in opposition to his demands in this litigation would likely subject an opponent to vulgar, insulting and rude abuse.

This situation cannot, however, be allowed to excuse compliance with the rules of procedure. Those rules exist to ensure the orderly administration of justice, and they are equally binding on represented and *pro se* litigants. **Smith v. U.S.**, **369 F.2d 49 (8th Cir. 1966).** In order to remedy the situation, the Court will direct defendants to make written inquiry of Stebbins about the matter of the extension, and will direct Stebbins to

respond promptly to such inquiry, in writing.  Defendants are then to promptly renew their Motion For Extension Of Time To Plead, including therewith a copy of both their inquiry and Stebbins' response.  Defendants are excused from responding to Stebbins' Complaint or Amended Complaint until such time as the Court rules on the renewed motion.

The Court will further direct that all parties henceforth observe and comply with all its rules (including, but not limited to **Local Rule 6.2**) and that any further insulting or otherwise inappropriate or improper communications to or from any party be immediately reported to the Court.  All parties are cautioned that if such occurs, they can expect the Court to take appropriate action.

**IT IS THEREFORE ORDERED** that defendant University of Arkansas' **Motion To Dismiss** (document #8) is **denied,** without prejudice to the renewal of any arguments made therein which defendants deem applicable to the Complaint and the Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Amend Complaint** (document #18) is **denied.**

**IT IS FURTHER ORDERED** that defendants' **Motion For Extension Of Time To Plead** (document #21) is **taken under advisement.** Defendants are directed to make written inquiry of Stebbins about the matter of the extension, and Stebbins is directed to respond

promptly to such inquiry, in writing.  Defendants are then to promptly renew their Motion For Extension Of Time To Plead, including therewith a copy of their inquiry and Stebbins' response.  Defendants are excused from responding to Stebbins' Complaint or Amended Complaint until such time as the Court rules on the renewed motion.

**IT IS FURTHER ORDERED** that the parties henceforth refrain from the use of insulting or otherwise inappropriate language in their communications to other parties, on pain of sanctions.  Any such communications are to be immediately reported to the Court.

**IT IS SO ORDERED.**

                                           **/s/ Jimm Larry Hendren**
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**