IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                      PLAINTIFF

v.                              Civil No. 10-5125

UNIVERSITY OF ARKANSAS;
G. DAVID GEARHART, IN HIS
OFFICIAL CAPACITY AS CHANCELLOR
OF THE UNIVERSITY OF ARKANSAS,
FAYETTEVILLE                      DEFENDANTS

## DEFENDANTS' RENEWED MOTION
## FOR EXTENSION OF TIME TO PLEAD

Come Defendants, the University of Arkansas and G. David Gearhart, in his official capacity as Chancellor of the University of Arkansas, Fayetteville (collectively, "Defendants"), acting through their undersigned counsel, and move the Court, pursuant to Fed R. Civ. P. 6(b) and Local Rule 6.2, for an extension of time to file a responsive pleading to the Complaint filed in the above-styled action.

1. On December 1, 2010, Defendants filed a Motion for Extension of Time to Plead.

2. On December 2, 2010, the Court entered an Order addressing various pending pleadings. Specifically, the Court denied the University of Arkansas' Motion to Dismiss as well as Plaintiff's Motion to Amend Complaint. The Court took Defendants' Motion for Extension of Time to Plead under advisement and directed Defendants' counsel to comply with Local Rule 6.2 and seek consent from Plaintiff in regard to Defendants' request for an extension of time to plead.

3. On Sunday, December 5, 2010, prior to receiving a request from Defendants' counsel, Plaintiff sent three e-mails to Defendants' counsel placing three pre-conditions on Plaintiff's

1

willingness to grant his consent to any request for an extension of time to plead. Copies of Plaintiff's three e-mails are attached as Exhibit A hereto and incorporated herein by reference.

4. Consistent with the Court's Order and Local Rule 6.2, Defendants' counsel wrote Plaintiff to request Plaintiff's consent to an extension on Tuesday, December 7, 2010. A copy of counsel's request is attached as Exhibit B hereto and incorporated herein by reference.

5. On Wednesday, December 8, 2010, Plaintiff responded to the request of Defendants' counsel for an extension of time to plead in two e-mails that are attached as Exhibit C hereto and incorporated herein by reference. In one of the e-mails, Plaintiff stated:

> Varady,
>
> I am going to be perfectly honest with you: You say that "parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case." Well, I don't give a *crap* about what parties to litigation often do.
>
> Think about it: I never accepted that being "nice" and "polite" is the best way to go about airing my grievances, did I? No, I've realized that I get much better *results* if I'm ruthless and apathetic.
>
> It's like this: Your clients discriminated against me, and I'm out for blood. I'm out to make your clients' lives a living hell, and I see this as a perfect opportunity to do so.
>
> Accept my conditions (the offer is now being reinstated, as it was already rejected), or I am not granting you this extension.

(Ex. C.) Defendants' counsel responded to Plaintiff by again declining to accept Plaintiff's "conditions" and by stating that Defendants understood Plaintiff was declining to grant his consent to the request for an extension. A copy of Defendants' counsel's e-mail is attached as Exhibit D hereto and incorporated herein by reference.

6. Subsequently, Plaintiff sent two additional e-mails to Defendants' counsel on December 8, 2010, which are attached as Exhibit E and incorporated herein by reference.

7. Further, Plaintiff sent an e-mail directly to Chancellor G. David Gearhart which stated: "Read this. It's a formal offer." The e-mail further contained a link to a blog posting by Plaintiff. Copies of Plaintiff's e-mail and blog posting are attached as Exhibit F hereto and incorporated herein by reference. The blog posting effectively directs the recipient of the message (Chancellor Gearhart) not to contact Plaintiff, and if such contact is made, the person agrees to be responsible for damages to Plaintiff, including, but not limited to, the waiver of any immunities to suit in the case of government employees. Plaintiff did not send this message to Defendants' counsel.

8. In their request to Plaintiff, Defendants sought Plaintiff's consent to an extension of time through and including Thursday, December 23, 2010, to file a responsive pleading to Plaintiff's most recent Complaint. As stated, Plaintiff declined the request.

9. Defendants' request is necessary due to conflicting deadlines in other University litigation and transactional matters as well as Defendants' counsel's travel schedule. The request is made in good faith and not for the purpose of delay. In light of the Court's ruling on Plaintiff's Motion to Amend, Defendants will be able to file a responsive pleading prior to the institution's closure for the winter break. Further, Plaintiff will not suffer any harm from this extension based upon Plaintiff's multiple filings over an extended period of time.

10. In support of this Motion, Defendants are submitting a Brief in Support of Defendants' Renewed Motion for Extension of Time to Plead which is hereby incorporated by reference, including, any and all additional grounds for granting the requested relief. Moreover, in support of this Motion, Defendants incorporate their previous Motion for Extension of Time to Plead and their supporting brief by reference and pursuant to Fed. R. Civ. P. 10(c). To the extent

of any conflicts between this Renewed Motion and Defendants' previous Motion, this Renewed Motion should prevail.

11. Pursuant to Fed. R. Civ. P. 6(b) and Local Rule 6.2, Defendants move for an extension of time through and including Thursday, December 23, 2010, for Defendants to file a responsive pleading to the Complaint.

12. Defendants also respectfully pray for the Court to direct Plaintiff to send all communications related to this matter to Defendants' counsel and not directly to Defendants. Moreover, Defendants respectfully request that the Court advise Plaintiff that communicating as part of the litigation process does not give rise to legal liability or a waiver of any immunities to suit that may be available to Defendants in this case as asserted by the message Plaintiff sent to Chancellor Gearhart.

13. The University and Chancellor Gearhart reserve all of their legal rights with regard to this matter, including, but not limited to, the right to assert any and all available defenses to Plaintiff's claims.

WHEREFORE, Defendants, University of Arkansas and Chancellor G. David Gearhart, pray that the Court grant this Renewed Motion for Extension of Time to Plead and extend the time for Defendants to file an answer or other responsive pleading through and including December 23, 2010, that the Court order Plaintiff to send all communications directly to Defendants' counsel, that the Court sanction Plaintiff for abusing the litigation process, and that the Court grant all other relief the Court deems just and proper in light of Plaintiff's conduct.

Respectfully submitted,

By: /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: (479) 575-5401
E-mail: svarady@uark.edu

AND

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR 72207
Phone: (501) 686-2520
E-mail: jbell@uasys.edu

## CERTIFICATE OF SERVICE

    I certify that on December 8, 2010, I caused a copy of the foregoing Defendants' Renewed Motion for Extension of Time to Plead to be served upon David Stebbins, 1407 North Springs Rd., Apt. 5, Harrison, Arkansas, via First-Class U.S. Mail.

                                             /s/ T. Scott Varady
                                             T. Scott Varady
                                             Associate General Counsel