**Subject:** Granting my consent to amend the complaint
**Date:**    Sunday, December 5, 2010 1:03:51 PM CT
**From:**    David Stebbins
**To:**      Scott Varity

Varady,

I just received the court's order, for us to confer regarding your motion for an extension to file a pleading. The court has hereby ordered me to refrain from the profanity that I have been using against you and your employer, and I will respect and accept that.

I am *willing* to grant you my consent for this extension, but I have conditions, myself. Here they are:

Condition #1
For the purposes of this case, you agree that my calculation of damages is accurate. At this point, I only have to prove an illegal act, and I don't have to prove that an actual *injury* occurred from it. If I can prove that I was discriminated, even in an otherwise case of "no harm, no foul," then I instantly win the following relief:
--1. In the event that I can prove that school-based discrimination occurred, I instantly win
----A. Automatic re-admission into the University of Arkansas.
----B. You pay the gap in tuition + living expenses that I incur in going to another college, if I choose to.
----C. Any records you have of me, detailing any behavioral problems, are instantly expunged. Nobody looking at my records with the UA will be any the wiser that I was anything short of a little angel.
--2. In the event that I can prove employment-based discrimination, I get
----A. $48,000.00 in lost wages.
----B. $300,000.00 in non-economic damages, without having to prove any of them.
--C. In the event that I can prove that
----A. You violated my first amendment rights, and
----B. Said violation violated clearly established law, then I automatically win $100,000.00 in a combination of emotional distress and non-economic damages.

Condition #2
You agree that the University of Arkansas shall waive its sovereign immunity and be liable, via respondiat superior, for the $100,00.00 sought in the Section 1983 claim, in the event that I win it.

Condition #3
You agree to admit the following facts in this particular case (just like any other request for admissions, these facts cannot be used against you, in any other case).
1. I have a disability called Asperger Syndrome.
2. This disability is a neurological disability that makes me tactless, and makes it difficult for me to accurately anticipate the consequences of my words and actions.
3. A reasonable accommodation for this disability - assuming that there is no bona fide qualification, or direct threat (the lack of which I still intent to prove during this litigation) - would be to simply be patient and understanding with what I say, and to turn the other cheek on 90% of my words and actions, unless a genuine *direct threat* - as defined by the Americans with Disabilities Act, Section 302(a)(3) - is present.

EXHIBIT
A

Page 1 of 2

Don't let the third part of this condition intimidate you. It will mean nothing if there is genuine reason for this discrimination.

If you accept all of the above terms, in their entirety, I will grant you my consent to file this extension. It's a small price to pay for getting to slice off an overwhelming majority of this case.

Do you accept?

Thank you.
David Stebbins

P.S. Remember, the court ordered us to reply to each others' emails promptly.

Case 5:10-cv-05125-JLH     Document 24-1     Filed 12/08/10     Page 3 of 24 PageID #: 96
Wednesday, December 8, 2010 3:34:59 PM CT

**Subject:** Revokation of previous offer.
**Date:** Sunday, December 5, 2010 1:49:53 PM CT
**From:** David Stebbins
**To:** Scott Varity

Varady,

I would like to revoke my previous offer. Instead, I will draft a new offer. I will not tell you of it, right now, because I have not finished it. However, I think this is, ultimately, much better for you, because I am also giving you *extra* consideration, beyond what you originally seek.

I will show you the new offer, soon.

**Subject:** new offer
**Date:**  Sunday, December 5, 2010 2:12:57 PM CT
**From:**  David Stebbins
**To:**  Scott Varity

Varady,

I have a new offer:

If you accept the three conditions that I previously stated, not only will I give you my consent to extend your time limit to file your pleading, but I will also agree to admit to the following fact:

On the date of December 5, 2007, I entered the University of Arkansas Center for Conflict Resolution to air a grievance that I was experiencing with the Pat Walker Health Center. The PWHC had refused to see me to refill a prescription for a medication that I was experiencing, and I told the CCR that, if I did not receive these medications, there could be another Virginia Tech Incident.

Other than that, my old offer remains unchanged.

Do you accept those terms?

**Subject:** Request for Extension of Time
**Date:** Tuesday, December 7, 2010 7:10:33 PM CT
**From:** Scott Varady
**To:** David Stebbins
**BCC:**

Dear Mr. Stebbins,

As directed by the Court's Order dated December 2, 2010 as well as Local Rule 6.2, I am writing on behalf of the Defendants, University of Arkansas, and Chancellor G. David Gearhart, to request an extension of time for Defendants to file a responsive pleading to your Complaint. Specifically, Defendants request an extension through and including Thursday, December 23, 2010, to file a responsive pleading to your Complaint.

This extension is necessary due to conflicting deadlines in other litigation matters and University transactional work as well as my personal travel schedule. This request is not made in bad faith or for the purpose of delaying this litigation.

I want to share with you that parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case. We are certainly willing to cooperate with you in the future if you need to request an extension.

Additionally, I want to acknowledge receiving the three emails you sent to me on Sunday, December 5, 2010, including your email below. Although the University would appreciate your consent to our request for an extension of time, the Defendants must decline to accept your three demands. The Defendants cannot agree: (1) that your calculation of alleged damages is correct; (2) that the University will waive sovereign immunity and "be liable" for Section 1983 damages; or (3) admit that the facts stated in your other email are true.

Thank you for your consideration of this request for an extension of time. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701



EXHIBIT
*tabbies*
B

**Page 1 of 2**

479-575-5401 (office)
479-5046 (fax)

**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Sun, 5 Dec 2010 12:12:57 -0800
**To:** Scott Varady <svarady@uark.edu>
**Subject:** new offer

Varady,

I have a new offer:

If you accept the three conditions that I previously stated, not only will I give you my consent to extend your time limit to file your pleading, but I will also agree to admit to the following fact:

On the date of December 5, 2007, I entered the University of Arkansas Center for Conflict Resolution to air a grievance that I was experiencing with the Pat Walker Health Center. The PWHC had refused to see me to refill a prescription for a medication that I was experiencing, and I told the CCR that, if I did not receive these medications, there could be another Virginia Tech Incident.

Other than that, my old offer remains unchanged.

**Subject:** Re: Request for Extension of Time
**Date:** Wednesday, December 8, 2010 5:01:47 AM CT
**From:** David Stebbins
**To:** Scott Varady

I sent you some conditions upon which I would grant you this extension.  Did you even read those?

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Tue, December 7, 2010 7:10:33 PM
**Subject:** Request for Extension of Time

Dear Mr. Stebbins,

As directed by the Court's Order dated December 2, 2010 as well as Local Rule 6.2, I am writing on behalf of the Defendants, University of Arkansas, and Chancellor G. David Gearhart, to request an extension of time for Defendants to file a responsive pleading to your Complaint.  Specifically, Defendants request an extension through and including Thursday, December 23, 2010, to file a responsive pleading to your Complaint.

This extension is necessary due to conflicting deadlines in other litigation matters and University transactional work as well as my personal travel schedule.  This request is not made in bad faith or for the purpose of delaying this litigation.

I want to share with you that parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case.  We are certainly willing to cooperate with you in the future if you need to request an extension.

Additionally, I want to acknowledge receiving the three emails you sent to me on Sunday, December 5, 2010, including your email below.  Although the University would appreciate your consent to our request for an extension of time, the Defendants must decline to accept your three demands.  The Defendants cannot agree: (1) that your calculation of alleged damages is correct; (2) that the University will waive sovereign immunity and "be liable" for Section 1983 damages; or (3) admit that the facts stated in your other email are true.

Thank you for your consideration of this request for an extension of time.  I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479-575-5401 (office)
479-5046 (fax)


EXHIBIT
C

Page 1 of 2

**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Sun, 5 Dec 2010 12:12:57 -0800
**To:** Scott Varady <svarady@uark.edu>
**Subject:** new offer

Varady,

I have a new offer:

If you accept the three conditions that I previously stated, not only will I give you my consent to extend your time limit to file your pleading, but I will also agree to admit to the following fact:

On the date of December 5, 2007, I entered the University of Arkansas Center for Conflict Resolution to air a grievance that I was experiencing with the Pat Walker Health Center. The PWHC had refused to see me to refill a prescription for a medication that I was experiencing, and I told the CCR that, if I did not receive these medications, there could be another Virginia Tech Incident.

Other than that, my old offer remains unchanged.

Do you accept those terms?

**Wednesday, December 8, 2010 3:37:25 PM CT**

**Subject:** Re: Request for Extension of Time
**Date:** Wednesday, December 8, 2010 5:40:05 AM CT
**From:** David Stebbins
**To:** Scott Varady

Varady,

I am going to be perfectly honest with you: You say that "parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case." Well, I don't give a *crap* about what parties to litigation often do.

Think about it: I never accepted that being "nice" and "polite" is the best way to go about airing my grievances, did I? No, I've realized that I get much better *results* if I'm ruthless and apathetic.

It's like this: Your clients discriminated against me, and I'm out for blood. I'm out to make your clients' lives a living hell, and I see this as a perfect opportunity to do so.

Accept my conditions (the offer is now being reinstated, as it was already rejected), or I am not granting you this extension.

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Tue, December 7, 2010 7:10:33 PM
**Subject:** Request for Extension of Time

Dear Mr. Stebbins,

As directed by the Court's Order dated December 2, 2010 as well as Local Rule 6.2, I am writing on behalf of the Defendants, University of Arkansas, and Chancellor G. David Gearhart, to request an extension of time for Defendants to file a responsive pleading to your Complaint. Specifically, Defendants request an extension through and including Thursday, December 23, 2010, to file a responsive pleading to your Complaint.

This extension is necessary due to conflicting deadlines in other litigation matters and University transactional work as well as my personal travel schedule. This request is not made in bad faith or for the purpose of delaying this litigation.

I want to share with you that parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case. We are certainly willing to cooperate with you in the future if you need to request an extension.

Additionally, I want to acknowledge receiving the three emails you sent to me on Sunday, December 5, 2010, including your email below. Although the University would appreciate your consent to our request for an extension of time, the Defendants must decline to accept your three demands. The Defendants cannot agree: (1) that your calculation of alleged damages is correct; (2) that the University will waive sovereign immunity and "be liable" for Section 1983 damages; or (3) admit that the facts stated in your other email are true.

Thank you for your consideration of this request for an extension of time. I look forward to hearing

from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479-575-5401 (office)
479-5046 (fax)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Sun, 5 Dec 2010 12:12:57 -0800
**To:** Scott Varady <svarady@uark.edu>
**Subject:** new offer

Varady,

I have a new offer:

If you accept the three conditions that I previously stated, not only will I give you my consent to extend your time limit to file your pleading, but I will also agree to admit to the following fact:

On the date of December 5, 2007, I entered the University of Arkansas Center for Conflict Resolution to air a grievance that I was experiencing with the Pat Walker Health Center.  The PWHC had refused to see me to refill a prescription for a medication that I was experiencing, and I told the CCR that, if I did not receive these medications, there could be another Virginia Tech Incident.

Other than that, my old offer remains unchanged.

Do you accept those terms?

**Subject:** Re: Request for Extension of Time
**Date:** Wednesday, December 8, 2010 8:44:36 AM CT
**From:** Scott Varady
**To:** David Stebbins

Dear Mr. Stebbins,

As I stated in my email to you last night, the Defendants respectfully deny your "conditions" to granting your consent to our request for an extension of time. Accordingly, we understand that you refuse to grant your consent to our request.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479-575-5401 (office)
479-5046 (fax)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Wed, 8 Dec 2010 03:40:05 -0800
**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Request for Extension of Time

Varady,

I am going to be perfectly honest with you:  You say that "parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case."  Well, I don't give a *crap* about what parties to litigation often do.

Think about it:  I never accepted that being "nice" and "polite" is the best way to go about airing my grievances, did I?  No, I've realized that I get much better *results* if I'm ruthless and apathetic.

It's like this:  Your clients discriminated against me, and I'm out for blood.  I'm out to make your clients' lives a living hell, and I see this as a perfect opportunity to do so.

Accept my conditions (the offer is now being reinstated, as it was already rejected), or I am not granting you this extension.

---

**From:** Scott Varady <svarady@uark.edu>



Page 1 of 3

**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Tue, December 7, 2010 7:10:33 PM
**Subject:** Request for Extension of Time

Dear Mr. Stebbins,

As directed by the Court's Order dated December 2, 2010 as well as Local Rule 6.2, I am writing on behalf of the Defendants, University of Arkansas, and Chancellor G. David Gearhart, to request an extension of time for Defendants to file a responsive pleading to your Complaint. Specifically, Defendants request an extension through and including Thursday, December 23, 2010, to file a responsive pleading to your Complaint.

This extension is necessary due to conflicting deadlines in other litigation matters and University transactional work as well as my personal travel schedule. This request is not made in bad faith or for the purpose of delaying this litigation.

I want to share with you that parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case. We are certainly willing to cooperate with you in the future if you need to request an extension.

Additionally, I want to acknowledge receiving the three emails you sent to me on Sunday, December 5, 2010, including your email below. Although the University would appreciate your consent to our request for an extension of time, the Defendants must decline to accept your three demands. The Defendants cannot agree: (1) that your calculation of alleged damages is correct; (2) that the University will waive sovereign immunity and "be liable" for Section 1983 damages; or (3) admit that the facts stated in your other email are true.

Thank you for your consideration of this request for an extension of time. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479-575-5401 (office)
479-5046 (fax)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Sun, 5 Dec 2010 12:12:57 -0800
**To:** Scott Varady <svarady@uark.edu>
**Subject:** new offer

Varady,

I have a new offer:

If you accept the three conditions that I previously stated, not only will I give you my consent to extend your time limit to file your pleading, but I will also agree to admit to the following fact:

On the date of December 5, 2007, I entered the University of Arkansas Center for Conflict Resolution to air a grievance that I was experiencing with the Pat Walker Health Center. The PWHC had refused to see me to refill a prescription for a medication that I was experiencing, and I told the CCR that, if I did not receive these medications, there could be another Virginia Tech Incident.

Other than that, my old offer remains unchanged.

Do you accept those terms?

**Subject:** Re: Request for Extension of Time
**Date:** Wednesday, December 8, 2010 9:02:40 AM CT
**From:** David Stebbins
**To:** Scott Varady

I don't suppose you can give me an *explanation* for why you deny the conditions?

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Wed, December 8, 2010 8:44:36 AM
**Subject:** Re: Request for Extension of Time

Dear Mr. Stebbins,

As I stated in my email to you last night, the Defendants respectfully deny your "conditions" to granting your consent to our request for an extension of time. Accordingly, we understand that you refuse to grant your consent to our request.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479-575-5401 (office)
479-5046 (fax)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Wed, 8 Dec 2010 03:40:05 -0800
**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Request for Extension of Time

Varady,

I am going to be perfectly honest with you: You say that "parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case." Well, I don't give a *crap* about what parties to litigation often do.

Think about it: I never accepted that being "nice" and "polite" is the best way to go about airing my grievances, did I? No, I've realized that I get much better *results* if I'm ruthless and apathetic.

It's like this: Your clients discriminated against me, and I'm out for blood. I'm out to make your clients' lives a living hell, and I see this as a perfect opportunity to do so.

**EXHIBIT**

tabbies

*E*

Page 1 of 3

Accept my conditions (the offer is now being reinstated, as it was already rejected), or I am not granting you this extension.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Tue, December 7, 2010 7:10:33 PM
**Subject:** Request for Extension of Time

Dear Mr. Stebbins,

As directed by the Court's Order dated December 2, 2010 as well as Local Rule 6.2, I am writing on behalf of the Defendants, University of Arkansas, and Chancellor G. David Gearhart, to request an extension of time for Defendants to file a responsive pleading to your Complaint. Specifically, Defendants request an extension through and including Thursday, December 23, 2010, to file a responsive pleading to your Complaint.

This extension is necessary due to conflicting deadlines in other litigation matters and University transactional work as well as my personal travel schedule. This request is not made in bad faith or for the purpose of delaying this litigation.

I want to share with you that parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case. We are certainly willing to cooperate with you in the future if you need to request an extension.

Additionally, I want to acknowledge receiving the three emails you sent to me on Sunday, December 5, 2010, including your email below. Although the University would appreciate your consent to our request for an extension of time, the Defendants must decline to accept your three demands. The Defendants cannot agree: (1) that your calculation of alleged damages is correct; (2) that the University will waive sovereign immunity and "be liable" for Section 1983 damages; or (3) admit that the facts stated in your other email are true.

Thank you for your consideration of this request for an extension of time. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479-575-5401 (office)
479-5046 (fax)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Sun, 5 Dec 2010 12:12:57 -0800

**To:** Scott Varady <svarady@uark.edu>
**Subject:** new offer

Varady,

I have a new offer:

If you accept the three conditions that I previously stated, not only will I give you my consent to extend your time limit to file your pleading, but I will also agree to admit to the following fact:

On the date of December 5, 2007, I entered the University of Arkansas Center for Conflict Resolution to air a grievance that I was experiencing with the Pat Walker Health Center. The PWHC had refused to see me to refill a prescription for a medication that I was experiencing, and I told the CCR that, if I did not receive these medications, there could be another Virginia Tech Incident.

Other than that, my old offer remains unchanged.

Do you accept those terms?

Wednesday, December 8, 2010 3:41:52 PM CT

**Subject:** Re: Request for Extension of Time
**Date:** Wednesday, December 8, 2010 12:59:55 PM CT
**From:** David Stebbins
**To:** Scott Varady

Varady, tell me something:  What's in it for me?  If you're not going to accept my conditions, then what *do* I get if I grant you this extension?

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Wed, December 8, 2010 8:44:36 AM
**Subject:** Re: Request for Extension of Time

Dear Mr. Stebbins,

As I stated in my email to you last night, the Defendants respectfully deny your "conditions" to granting your consent to our request for an extension of time.  Accordingly, we understand that you refuse to grant your consent to our request.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479-575-5401 (office)
479-5046 (fax)

From: David Stebbins <stebbinsd@yahoo.com>
Date: Wed, 8 Dec 2010 03:40:05 -0800
To: Scott Varady <svarady@uark.edu>
Subject: Re: Request for Extension of Time

Varady,

I am going to be perfectly honest with you:  You say that "parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case."  Well, I don't give a *crap* about what parties to litigation often do.

Think about it:  I never accepted that being "nice" and "polite" is the best way to go about airing my grievances, did I?  No, I've realized that I get much better *results* if I'm ruthless and apathetic.

It's like this:  Your clients discriminated against me, and I'm out for blood.  I'm out to make your clients' lives a living hell, and I see this as a perfect opportunity to do so.

Accept my conditions (the offer is now being reinstated, as it was already rejected), or I am not granting you this extension.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Tue, December 7, 2010 7:10:33 PM
**Subject:** Request for Extension of Time

Dear Mr. Stebbins,

As directed by the Court's Order dated December 2, 2010 as well as Local Rule 6.2, I am writing on behalf of the Defendants, University of Arkansas, and Chancellor G. David Gearhart, to request an extension of time for Defendants to file a responsive pleading to your Complaint. Specifically, Defendants request an extension through and including Thursday, December 23, 2010, to file a responsive pleading to your Complaint.

This extension is necessary due to conflicting deadlines in other litigation matters and University transactional work as well as my personal travel schedule. This request is not made in bad faith or for the purpose of delaying this litigation.

I want to share with you that parties to litigation often cooperate and grant extensions to one another to accommodate conflicting schedules and to help cooperatively manage a case. We are certainly willing to cooperate with you in the future if you need to request an extension.

Additionally, I want to acknowledge receiving the three emails you sent to me on Sunday, December 5, 2010, including your email below. Although the University would appreciate your consent to our request for an extension of time, the Defendants must decline to accept your three demands. The Defendants cannot agree: (1) that your calculation of alleged damages is correct; (2) that the University will waive sovereign immunity and "be liable" for Section 1983 damages; or (3) admit that the facts stated in your other email are true.

Thank you for your consideration of this request for an extension of time. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479-575-5401 (office)
479-5046 (fax)

---

**From:** David Stebbins <stebbinsd@yahoo.com>

**Date:** Sun, 5 Dec 2010 12:12:57 -0800
**To:** Scott Varady <svarady@uark.edu>
**Subject:** new offer

Varady,

I have a new offer:

If you accept the three conditions that I previously stated, not only will I give you my consent to
extend your time limit to file your pleading, but I will also agree to admit to the following fact:

On the date of December 5, 2007, I entered the University of Arkansas Center for Conflict
Resolution to air a grievance that I was experiencing with the Pat Walker Health Center. The
PWHC had refused to see me to refill a prescription for a medication that I was experiencing, and I
told the CCR that, if I did not receive these medications, there could be another Virginia Tech
Incident.

Other than that, my old offer remains unchanged.

Do you accept those terms?

**Page 3 of 3**

**Marcia L. Overby**

**From:**       David Stebbins <stebbinsd@gmail.com>
**Sent:**       Wednesday, December 08, 2010 12:58 PM
**To:**         chancell@uark.edu
**Subject:**    Read this:

Read this.  It's a formal offer.

http://www.myspace.com/fayettevillesdavid/blog/540490442



# Notice to companies

. My name is David Anthony Stebbins, and I live in Harrison, AR. I am sending a link to this webpage to various companies to put you on notice: If you contact me in any way, shape, or form, you hereby acknowledge that you have read, understand, and agree to be legally bound by the terms below.

. This contract shall be entered into if you contact me in any way, shape, or form, including, but without limitation, telephone, email, snail mail (whether U.S. Postal Service, United Parcel Service, Fedex, or any other method of physical delivery), in-person conversation, etc.

  . This will also take effect if I attempt to contact you, and, upon hearing my name, you do not cease communications with me on the spot.

. If you are acting as an agent, employee, or independent contractor for anyone, you acknowledge that you have express authority to perform whatever task you are contacting me to perform. You also agree that you have either implied and/or apparent authority to enter into this contract on behalf of your client, employer, or customer.

  . The principals spoken of in the above paragraph shall stack as high as ownership shall go. For example, if you are a news reporter for CNN, you will not only bind CNN, but, also, Turner Broadcasting Systems, Inc., as well as Time Warner Communications, Inc.

  . You will also bind all of your inferior entities. By "inferior entities," I mean all entities that the proceedings of which you direct, including, but not limited to, your independent contractors, employees, affiliates, agents, and companies that you own even a single share of stock in.

  . You also bind any customers who agree to any kind of contract with you, from this point forward.

. You hereby agree to hold me harmless for any injuries you sustain that I do not intentionally cause.

. You hereby agree to allow me to use, distribute, and sell the rights to your name, physical likeness, and any intellectual property that you may own, throughout the universe, for no fee, for all eternity.

. You hereby agree to not request, nor accept any offer for, any third party to remove any material that I use that you feel that you own the copyright to.

. You hereby agree that, for now and for all eternity, in the event that I ask you a question, you must answer it promptly, accurately, and truthfully.

. You hereby agree to never

  . Interrupt me when I am speaking, for all eternity.

  . Hang up on me in any phone call, for all eternity.

  . Block my attempts to communicate with you, for any reason, for all eternity.

  . Ask me a question that I have previously answered, for all eternity.

  . Demonstrate any rudeness, annoyance, or disrespect, however petty, against me, for all eternity.

  . Accuse me of lying, or any variation thereof, for all eternity.

  . Defame me, in any way, even if no actual injury occurs from it, for all eternity.

    . "Defame," in this case, includes, but is not limited to, any statements about me which are

. You hereby agree that, if you breach any of these terms, that you, as well as your principal/employer, shall be jointly liable to me for a sum of one million (1,000,000) United States dollars for each provision breached.

. You will be exempt from all of the above provisions if one or more of the following conditions are met:

. If you have a warrant, duly enacted in accordance with the 4th Amendment to the United States Constitution (or the equivalent state constitutional provision), to search this property, any property located on this premises, or the physical person of any person located on this premises, or if you have a warrant for the arrest of any individual located on this property. However, this exception shall be null and void in the event that the person you arrest is acquitted of the crime you arrest him or her for.

. If you are contacting me to formally offer me a job (invitations to job interviews does not count).

. If you may be convicted of a crime for *not* contacting me (remember, you must actually be subjected to criminal prosecutions to meet this exception. Merely getting fired, getting sued, or any other monetary loss not stemming directly from criminal fines, does not meet this exception, as you may still, without unconscionability, choose the entering into of this contract over any other civil or private monetary loss).

Notice to companies by David on Myspace                                                                                    12/8/10 1:01 PM

Discover ▾     Sign up • Login ▾                                Search People        Search

Home | People | Music | Video | Games ▾ | TV | Movies | Topics | More ▾              Help | Sign up | Login



## David's Blog

New blog post · Rss

☐

Follow

Nov 8, 2010

Profile

Blog

Stream

Friends

Comments

Badges

### Notice to companies

My name is David Anthony Stebbins, and I live in Harrison, AR. I am sending a link to this webpage to various companies to put you on notice: If you contact me in any way, shape, or form, you hereby acknowledge that you have read, understand, and agree to be legally bound by the terms below.

This contract shall be entered into if you contact me in any way, shape, or form, including, but without limitation, telephone, email, snail mail (whether U.S. Postal Service, United Parcel Service, Fedex, or any other method of physical delivery), in-person conversation, etc.

This will also take effect if I attempt to contact you, and, upon hearing my name, you do not cease communications with me on the spot.

If you are acting as an agent, employee, or independent contractor for anyone, you acknowledge that you have express authority to perform whatever task you are contacting me to perform. You also agree that you have either implied and/or apparent authority to enter this contract on behalf of your client, employer, or customer.

The principals spoken of in the above paragraph shall stack as high as ownership shall go. For example, if you are a news reporter for CNN, you will not only bind CNN, but, also, Turner Broadcasting Systems, Inc., as well as Time Warner Communications, Inc.

You will also bind all of your inferior entities. By "inferior entities," I mean all entities that the proceedings of which you direct, including, but not limited to, your independent contractors, employees, affiliates, agents, and companies that you own even a single share of stock in. You also bind any customers who agree to any kind of contract with you, from this point forward.

You hereby agree to hold me harmless for any injuries you sustain that I do not intentionally cause.

You hereby agree to allow me to use, distribute, and sell the rights to your name, physical likeness, and any intellectual property that you may own, throughout the universe, for no fee, for all eternity

You hereby agree to not request, nor accept any offer for, any third party to remove any material that I use that you feel that you own the copyright to.

You hereby agree that, for now and for all eternity, in the event that I ask you a question, you must answer it promptly, accurately, and truthfully.

You hereby agree to never

Interrupt me when I am speaking, for all eternity.

Hang up on me in any phone call, for all eternity.

Block my attempts to communicate with you, for any reason, for all eternity.

Ask me a question that I have previously answered, for all eternity.

Demonstrate any rudeness, annoyance, or disrespect, however petty, against me, for all eternity.

Accuse me of lying, or any variation thereof, for all eternity.

Defame me, in any way, even if no actual injury occurs from it, for all eternity.

"Defame," in this case, includes, but is not limited to, any statements about me which are true as written, but misleading to the point that a reasonable person – as defined by common law – would interpret it differently than what is actually true.

You hereby agree that no information that you obtain during your endeavor while contacting me will be used in any way, shape, or form without my express, written consent.

If you are working as an agent or employee for that sovereign entity, you hereby agree that said sovereign entity shall waive all of its sovereign immunity, as well as all immunities stemming from sovereign immunity (including, but not limited to, prosecutorial immunity, judicial, and legislative immunity), for all purposes whatsoever, both in state and federal court, for eternity, in any legal disputes against me, except that judges shall retain judicial immunity for decisions that they render that are fully compliant with all applicable laws. This shall apply to the entire sovereign entity (e.g. the entire state, rather than just the state agency that employs the officer who contacted me).

You hereby agree that you, as well as any principal or employer that you are acting on behalf of, will initially attempt settle all legal disputes, even those not relating to this contract, by semi-

binding arbitration using the services of www.net-arb.com, where you are bound, but I am not.
If you even so much as attempt to litigate a case with me, even if that attempt is unsuccessful, you automatically loose that case.
If you do not accept my invitation to arbitrate within 24 hours, then I automatically win the amount I request, regardless of the merits of the case.
In the event that the arbitration either does not take place, for whatever reason, or I am unsatisfied with the result, you hereby agree to remand the case to another semi-binding arbitration, where you are bound, but I am not.
You hereby agree to reimburse me any costs that I expend in suing you for anything, including, but not limited to, travel expenses, expert witness fees, attorneys' fees, court fees, etc., even if these fees would normally be deemed "unreasonable" in normal litigation, all else being equal.
You hereby agree to never use any defenses in any legal disputes, including, but without limitation, absolute defenses or affirmative defenses, that are, ultimately, not held up in court, or arbitration.
You hereby agree to not discriminate or retaliate against me for any reason, in any way, because of the content of this contract.
You agree to never
Discriminate against me because of the content of this contract,
Retaliate against me for enforcing this contract,
Affiliate yourself with any entity – business or individual alike – who commits any of the above two provisions.
You hereby agree that, if I send you a letter, email, fax, or phone call, telling you that you owe me any money (maybe, or maybe not, related to this contract), and you refuse to pay me this money within 48 hours or less, the money that you owe me shall increase tenfold for every period of 24 hours thereafter.
You hereby agree that, if you breach any of these terms, that you, as well as your principal/employer, shall be jointly liable to me for a sum of one million (1,000,000) United States dollars for each provision breached.
You will be exempt from all of the above provisions if one or more of the following conditions are met:
If you have a warrant, duly enacted in accordance with the 4th Amendment to the United States Constitution (or the equivalent state constitutional provision), to search this property, any property located on this premises, or the physical person of any person located on this premises, or if you have a warrant for the arrest of any individual located on this property. However, this exception shall be null and void in the event that the person you arrest is acquitted of the crime you arrest him or her for.
If you are contacting me to formally offer me a job (invitations to job interviews does not count). If you may be convicted of a crime for *not* contacting me (remember, you must actually be subjected to criminal prosecutions to meet this exception. Merely getting fired, getting sued, or any other monetary loss not stemming directly from criminal fines, does not meet this exception. as you may still, without unconscionability, choose the entering into of this contract over any other civil or private monetary loss).

1:04 PM · Comment · Like

**Comments**

Post a comment...

Privacy  i