IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                           **PLAINTIFF**

v.                                                    **Civil No. 10-5125**

**UNIVERSITY OF ARKANSAS;
G. DAVID GEARHART, IN HIS
OFFICIAL CAPACITY AS CHANCELLOR
OF THE UNIVERSITY OF ARKANSAS,
FAYETTEVILLE**                                                            **DEFENDANTS**


## BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR EXTENSION OF TIME TO PLEAD

Come Defendants, the University of Arkansas and G. David Gearhart, in his official

capacity as Chancellor of the University of Arkansas, Fayetteville (collectively, "Defendants"),

acting through their undersigned counsel, and submit this Brief in support of Defendants'

Renewed Motion for Extension of Time to Plead, pursuant to Fed R. Civ. P. 6(b) and Local Rule

6.2.

## I.
## FACTS

On December 1, 2010, Defendants filed a Motion for Extension of Time to Plead. On

December 2, 2010, the Court entered an Order addressing various pending pleadings, including

denying the University of Arkansas' Motion to Dismiss as well as Plaintiff's Motion to Amend

Complaint. Additionally, the Court took Defendants' Motion for Extension of Time to Plead

under advisement and directed Defendants' counsel to comply with Local Rule 6.2 and seek

consent from Plaintiff in regard to Defendants' then pending request for an extension of time to

plead.

1

On Sunday, December 5, 2010, prior to receiving a request from Defendants' counsel,

Plaintiff sent three e-mails to Defendants' counsel placing three pre-conditions on Plaintiff's

willingness to grant his consent to any request for an extension of time to plead. (Compl. Ex. A.)

In the first e-mail, Plaintiff stated:

> Varady,
>
> I just received the court's order, for us to confer regarding your motion for an extension to file a pleading. The court has hereby ordered me to refrain from the profanity that I have been using against you and your employer, and I will respect and accept that.
>
> I am *willing* to grant you my consent for this extension, but I have conditions, myself. Here they are:
>
> Condition #1
> For the purposes of this case, you agree that my calculation of damages is accurate. At this point, I only have to prove an illegal act, and I don't have to prove that an actual *injury* occurred from it. If I can prove that I was discriminated, even in an otherwise case of "no harm, no foul," then I instantly win the following relief:
> --1. In the event that I can prove that school-based discrimination occurred, I instantly win
> ----A. Automatic re-admission into the University of Arkansas.
> ----B. You pay the gap in tuition + living expenses that I incur in going to another college, if I choose to.
> ----C. Any records you have of me, detailing any behavioral problems, are instantly expunged. Nobody looking at my records with the UA will be any the wiser that I was anything short of a little angel.
> --2. In the event that I can prove employment-based discrimination, I get
> ----A. $48,000.00 in lost wages.
> ----B. $300,000.00 in non-economic damages, without having to prove any of them.
> --C. In the event that I can prove that
> ----A. You violated my first amendment rights, and
> ----B. Said violation violated clearly established law, then I automatically win $100,000.00 in a combination of emotional distress and non-economic damages.
>
> Condition #2
> You agree that the University of Arkansas shall waive its sovereign immunity and be liable, via respondiat superior, for the $100,00.00 sought in the Section 1983 claim, in the event that I win it.

2

Condition #3
You agree to admit the following facts in this particular case (just like any other request for admissions, these facts cannot be used against you, in any other case).
1. I have a disability called Asperger Syndrome.
2. This disability is a neurological disability that makes me tactless, and makes it difficult for me to accurately anticipate the consequences of my words and actions.
3. A reasonable accommodation for this disability - assuming that there is no bona fide qualification, or direct threat (the lack of which I still intent to prove during this litigation) - would be to simply be patient and understanding with what I say, and to turn the other cheek on 90% of my words and actions, unless a genuine *direct threat* - as defined by the Americans with Disabilities Act, Section 302(a)(3) - is present.

Don't let the third part of this condition intimidate you. It will mean nothing if there is genuine reason for this discrimination.

If you accept all of the above terms, in their entirety, I will grant you my consent to file this extension. It's a small price to pay for getting to slice off an overwhelming majority of this case.

Do you accept?

Thank you.
David Stebbins

P.S. Remember, the court ordered us to reply to each others' emails promptly.

(*Id.*) Approximately 45 minutes later, Plaintiff "revoked" the offer in his initial e-mail and

stated:

Varady,

I would like to revoke my previous offer. Instead, I will draft a new offer. I will not tell you of it, right now, because I have not finished it. However, I think this is, ultimately, much better for you, because I am also giving you *extra* consideration, beyond what you originally seek.

I will show you the new offer, soon.

(*Id.*) Plaintiff then submitted a "new offer" as follows:

Varady,

I have a new offer:

3

If you accept the three conditions that I previously stated, not only will I give you my consent to extend your time limit to file your pleading, but I will also agree to admit to the following fact:

On the date of December 5, 2007, I entered the University of Arkansas Center for Conflict Resolution to air a grievance that I was experiencing with the Pat Walker Health Center. The PWHC had refused to see me to refill a prescription for a medication that I was experiencing, and I told the CCR that, if I did not receive these medications, there could be another Virginia Tech Incident.

Other than that, my old offer remains unchanged.

Do you accept those terms?

(*Id.*) In response, Defendants' counsel declined to accept Plaintiff's conditions. (Compl. Ex. D.)

Specifically, Defendants' counsel responded as follows:

Dear Mr. Stebbins,

As I stated in my email to you last night, the Defendants respectfully deny your "conditions" to granting your consent to our request for an extension of time. Accordingly, we understand that you refuse to grant your consent to our request.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479-575-5401 (office)
479-5046 (fax)

(*Id.*) Plaintiff responded to that communication by stating: "Varady, tell me something: What's

in it for me? If you're not going to accept my conditions, then what *do* I get if I grant you this

extension?" (*Id.* Ex. E.)

Following that communication, Plaintiff sent an e-mail directly to Chancellor Gearhart.

Plaintiff's e-mail stated: "Read this. It's a formal offer." (*Id.* Ex. F.) The e-mail also contained

4

a link to a web site titled "David's Blog" and contained an entry titled "Notice to Companies."

(*Id.*) The blog posting effectively directs the recipient of the message (Chancellor Gearhart) not

to contact Plaintiff, and if such contact is made, the person agrees to be responsible for damages

to Plaintiff, including, but not limited to, the waiver of any immunities to suit in the case of

government employees. (*Id.*) The e-mail was sent directly to Chancellor Gearhart and not to his

counsel.

## II.
## LEGAL DISCUSSION

Rule 6(b) of the Federal Rules of Civil Procedure grants the Court authority, with good

cause, to grant an extension of time to file a responsive pleading to the Complaint filed on

October 7, 2010.  Local Rule 6.2 vests the Court with similar authority to grant an extension of

time.  For good cause, the University and Chancellor Gearhart respectfully request an extension

of time to file a responsive pleading to the Complaint.  Defendants seek an extension of time in

the interest of the efficient administration of this case, in good faith, and without any purpose of

improperly delaying this litigation.

Defendants' counsel has conflicting litigation deadlines involving other University-

related cases as well as transactional deadlines relating to University legal business.  Moreover,

Defendants' counsel will be out of the office on travel for a brief period of time.  In light of the

Court's ruling on Plaintiff's request to amend the complaint, Defendants can file a responsive

pleading by December 23, 2010, and Defendants do not need to request any additional time

during the period of time the institution is closed for the winter break.  Plaintiff will not be

harmed by granting this extension, and good cause exists to grant the requested relief.

As stated, Defendants' counsel sought Plaintiff's consent to the request for this extension.

Plaintiff declined to consent to the request for an extension unless the Defendants effectively

admit liability in this case. Defendants have declined to accept Plaintiff's demands and seek relief from this Court.

Additionally, Defendants respectfully request that the Court direct Plaintiff to send any and all communications to Defendants' counsel. Plaintiff's demand that Defendants not communicate with him or face liability is unworkable and makes it impossible for this litigation to proceed. Plaintiff has communicated with Defendants' counsel for an extended period of time and is well aware that Defendants are represented by counsel. Accordingly, Defendants respectfully request that the Court order Plaintiff to direct all communications to Defendants' counsel and to advise Plaintiff that the simple act of communicating as part of the litigation process does not give rise to legal liability or a waiver of any immunities to suit that may be available to Defendants in this case as asserted by the message Plaintiff sent to Chancellor Gearhart.

Additionally, Plaintiff's e-mails make clear that Plaintiff is, in his words, "out for blood," and attempting to misuse the legal process to make Defendants' lives "a living hell." (Compl. Ex. C.) Plaintiff expressed his intent to use this litigation is "a perfect opportunity to do so." (*Id.*) Plaintiff's lawsuit is an abuse of the litigation process, and Plaintiff deserves to be sanctioned for the misuse of the judicial process.

For all of the foregoing reasons, Defendants, University of Arkansas and Chancellor G. David Gearhart, pray that the Court grant their Renewed Motion for Extension of Time to Plead and extend the time for Defendants to file an answer or other responsive pleading through and including December 23, 2010, that the Court order Plaintiff to direct all communications to Defendants' counsel, that the Court advise Plaintiff that Defendants do not admit to liability or waive any of their rights by communicating with Plaintiff during this litigation, that the Court

6

sanction Plaintiff for misusing the judicial system and for all other relief the Court deems just

and proper.

Respectfully submitted,

By: /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR  72701
Phone: (479) 575-5401
E-mail: svarady@uark.edu

AND

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
Phone: (501) 686-2520
E-mail: jbell@uasys.edu

## CERTIFICATE OF SERVICE

I certify that on December 8, 2010, I caused a copy of the foregoing Defendants' Brief in Support of Defendants' Renewed Motion for Extension of Time to Plead to be served upon David Stebbins, 1407 North Springs Rd., Apt. 5, Harrison, Arkansas, via First-Class U.S. Mail.


/s/ T. Scott Varady
T. Scott Varady
Associate General Counsel

8