```
         IN THE U NITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                    PLAINTIFF

          v.           Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and**
**G. DAVID GEARHEART, in his**
**Official Capacity as Chancellor**
**of the University of Arkansas,**
**Fayetteville**                                                      DEFENDANTS

### O R D E R

Now on this 14th day of December, 2010, come on for consideration defendants' **Motion For Extension Of Time To Plead** (document #21) and **Defendants' Renewed Motion For Extension Of Time To Plead** (document #24), and from said motions, and other matters and things appearing, the Court finds and orders as follows:

1. In his initial Complaint, plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing to allow him to re-enroll as a student. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

Stebbin also contends UA violated his First Amendment rights by banning him from campus for one year because of an e-mail he sent to the Chancellor demanding that he be allowed to re-enroll.

Stebbins later amended his Complaint, adding a new party and a new cause of action. As of this date, defendants have not

responded to either the Complaint or the Amended Complaint.

3.   Service of process was perfected as to UA on November 15, 2010, and as to Gearhart on November 17, 2010.  Before the time to answer had expired, defendants moved for an extension of time to respond to the Amended Complaint, indicating that their attorney had professional commitments that would justify an extension; that the UA campus will be closed from December 24, 2010, to January 3, 2011; and that the potential for another amendment justified an extension.  They contended that an extension will not cause any prejudice, pointing out that Stebbins has already occasioned several delays by requesting to amend.

4.   Because defendants had not sought Stebbins' consent to their request for an extension of time, as required by **Local Rule 6.2**, the Court took the motion under advisement, and directed that defendants make written inquiry of Stebbins about the extension, and that Stebbins respond promptly.  Defendants were directed thereafter to renew their Motion For Extension Of Time To Plead, including a copy of both their inquiry and Stebbins' response.  Defendants were excused from responding to Stebbins' Complaint or Amended Complaint until such time as the Court ruled on the renewed motion.

5.   Defendants have now renewed their motion, citing the same reasons, and attaching their communications with plaintiff, and his with them.  Defendants have, however, asked for an

extension only until December 23, 2010, noting that the Court's denial of Stebbins' motion to amend will enable them to respond by that date.

Plaintiff refused to agree to the requested extension, because defendants did not agree to the conditions he attached to any such agreement.  The Court finds those conditions unreasonable, and further finds the reasons given by defendants in support of their request for extension to be reasonable.  It will, therefore, grant the motions here under consideration, and order that defendants respond to the Complaint and the Amended Complaint no later than December 23, 2010.

**IT IS THEREFORE ORDERED** that defendants' **Motion For Extension Of Time To Plead** (document #21) and **Defendants' Renewed Motion For Extension Of Time To Plead** (document #24) are **granted**, and the time for defendants to respond to the Complaint and the Amended Complaint is extended to December 23, 2010.

**IT IS SO ORDERED.**

   /s/ Jimm Larry Hendren
  **JIMM LARRY HENDREN
  UNITED STATES DISTRICT JUDGE**