IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                              PLAINTIFF

v.                                   Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his Official
Capacity as Chancellor of the University
of Arkansas, Fayetteville                               DEFENDANTS

## MOTION TO DISMISS

Come Defendants, University of Arkansas ("University") and G. David Gearhart, in his official capacity as Chancellor of the University of Arkansas, Fayetteville ("Chancellor Gearhart"), and submit this Motion to Dismiss ("Motion") for the following reasons.

1. On July 12, 2010, Plaintiff David Stebbins filed a Complaint against the University of Arkansas. On August 26, 2010, Plaintiff filed an Amended Complaint, and the Court subsequently entered an Order on August 30, 2010, granting Plaintiff's Motion to Amend/Correct. On October 7, 2010, Plaintiff filed another Amended Complaint ("Amended Complaint"), and this Amended Complaint is the only pleading that was properly served upon each of the Defendants following an Order from United States Magistrate Judge Erin L. Setser.

2. Pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), the Amended Complaint fails to state facts upon which relief may be granted with regard to his claims under Section 504 of the Rehabilitation Act of 1973 and the First Amendment to the United States Constitution. The Amended Complaint, therefore, should be dismissed in its entirety.

3. Plaintiff does not specify the party or parties against whom he seeks money damages. The Eleventh Amendment to the United States Constitution, however, bars Plaintiff's money damages claims against the University and Chancellor Gearhart. As reflected in Plaintiff's

1

motion to amend his complaint and the various Orders entered in this case, Plaintiff solely named Chancellor Gearhart as an official-capacity Defendant, and the Amended Complaint does not assert any individual-capacity claims against Dr. Gearhart. The money damage claims in the Amended Complaint, therefore, are barred by the Eleventh Amendment.

4. Plaintiff seeks injunctive relief in the Amended Complaint but fails to specify the party or parties against whom such relief is sought. If such relief is deemed to be sought against the University, the Eleventh Amendment bars such a claim. To the extent any injunctive relief is deemed to be sought against Chancellor Gearhart, Plaintiff fails to state facts upon which such relief may be granted pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. As detailed in Defendants' supporting Brief, any claim for injunctive relief against Chancellor Gearhart solely based upon his status as the head administrative official at the University of Arkansas, Fayetteville is insufficient to satisfy the requirements for seeking injunctive relief as set forth *Ex Parte Young*, and thus Plaintiff's claim is, in reality, one against the University and thus barred by the Eleventh Amendment.

5. The University of Arkansas and Chancellor Gearhart, who is sued solely in his official capacity, are not "persons" within the meaning of 42 U.S.C. § 1983, and Plaintiff may not assert a First Amendment claim against either of them. The First Amendment claim, therefore, should be dismissed.

6. No First Amendment liability may be asserted against the University of Arkansas or Chancellor Gearhart under a theory of *respondeat superior*. The First Amendment claim, therefore, should be dismissed.

7. Defendants move to dismiss Plaintiff's request for punitive damages. By statute, Plaintiff may not recover punitive damages against a governmental entity such as the University.

Similarly, this suit is an official-capacity action against Chancellor Gearhart and thus a suit against his governmental office. As such, a punitive damage claim is barred by statute. 42 U.S.C. § 1981a(b)(1). Accordingly, Plaintiff's request for such relief should be dismissed.

8. In support of this Motion, the University of Arkansas and Chancellor Gearhart hereby incorporate by reference their Brief in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 10(c), including, but not limited to, all grounds for dismissal therein set forth.

9. In the event this Motion is denied in whole or in part, the University of Arkansas and Chancellor Gearhart reserve the right to file a responsive pleading, including, but not limited to, any and all pleadings permitted under the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, University of Arkansas and Chancellor G. David Gearhart, respectfully pray that the Court dismiss the Complaint and the Amended Complaint with prejudice, that the Court award the University its costs and fees, and that the Court award all other relief which it deems just and proper.

Respectfully submitted,

By: /s/ T. Scott Varady
T. SCOTT VARADY
Associate General Counsel
Arkansas Bar No. 93172
E-mail: svarady@uark.edu
WILLIAM R. KINCAID
Associate General Counsel
Ark. Bar No. 93125
E-mail: wkincaid@uark.edu
TAMLA J. LEWIS
Associate General Counsel
Ark. Bar No. 2005237
E-mail: tjlewis@uark.edu
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401

3

and

JEFFREY A. BELL
Senior Associate General Counsel
Arkansas Bar No. 77009
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANTS
UNIVERSITY OF ARKANSAS AND
CHANCELLOR G. DAVID GEARHART

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of December, 2010, I caused a copy of foregoing Motion to Dismiss to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following addresses:

>David Stebbins
>1407 N. Spring Rd.
>Apt. #5
>Harrison, AR 72601

>/s/ T. Scott Varady
>T. Scott Varady
>Associate General Counsel