UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                                PLAINTIFF

vs.                                         Civ. No. 10-5125

UNIVERSITY OF ARKANSAS & GEORGE GEARHART                   DEFENDANTS

### SUGGESTION IN OPPOSITION OF MOTION

Comes now Plaintiff David Stebbins, who respectfully submits the following suggestion in opposition of motion.

Before I begin, allow me to point out that, although Local Rule 7.2(a) requires a brief to be enclosed in support of all motions, and makes no leniency for pro se litigants, like Local Rule 5.5(e) does, I will still not include a brief, because this is not a motion, but, rather, a suggestion in opposition of a motion.

Now that that is out of the way, I would like to counter the two main claims that the Defendants made in their motion to dismiss. The two biggest issues are that I have failed to state a claim upon which relief can be granted, and that my First Amendment violation claim is barred by sovereign immunity.

**I have stated a claim upon which relief can be granted.**

Defendants argue that I made statements of law, not statements of fact. While I agree that I made statements of law, that was merely to assist the court in applying the law. I stated the following assertions of fact:

1. On December 5, 2007, I was banned from campus, pending a judicial hearing, for making what the University of Arkansas perceived as a terroristic threat.

2. On January 6, 2008, I was denied the right to re-enroll at the University of Arkansas,

immediately, despite my numerous assertions of my disability, and of my right to reasonable accommodations.

3. On June 13, 2010, the University of Arkansas refused my demands to revoke the suspension.

4. I have Asperger Syndrome.

5. Asperger Syndrome is a neurological disability that makes me tactless.

6. The alleged "terroristic threat" that I allegedly made to the University of Arkansas was only "threatening" because of my Aspergers. Without it, I probably would have thought of a much more tactful way of airing my grievances.

7. The University of Arkansas made no attempt, whatsoever, to accommodate my disability, or to make any kind of individualized assessment of the nature of the disability.

These are all statements of fact. The defendants further argue that I made conclusive statements, which are not allowed. The only statements that could reasonably be construed as "conclusive" are statements #6 and #7. However, these are not conclusive. They are merely simple statements that cut straight to the point. The UA did not provide reasonable accommodations. There are no details that I can add to that claim; they simply did not provide accommodations! I do not know how to go into more detail than that! The same applies to the fact that I would have probably thought of a more tactful way to air my grievances, had I not had Aspergers. That is true, because that is just how Aspergers works!

Therefore, their motion to dismiss my claim, on the grounds that I have failed to state a claim in accordance with Rule 12(b), should be denied.

**Failure to state a claim for employment discrimination is based on a straw man.**

The defendants' argument that I have failed to state a claim upon which relief can be

granted for employment discrimination also fails. Specifically, it fails as a straw man.

The defendants seem to believe that I am alleging original employment discrimination, when, in fact, I am alleging retaliation in violation of 42 U.S.C. § 12203(a).

My protected class in my retaliation claim is not disability. Instead, it is the history of legal disputes that I have with the University of Arkansas.

I do not have to prove that I was "otherwise qualified" in this case because I assert that the defendants would have discriminated against me, regardless of what job I applied for, which renders the "otherwise qualified" standard moot.

Therefore, their motion to dismiss on those grounds is invalid, and, therefore, should be dismissed.

### Injunctive relief against Gearhart is all that is requested.

The Defendants claim that I am seeking monetary damages against Gearhart for my first amendment violation. This is simply not true. The Defendants are blatantly lying when they say that I am seeking monetary damages against Gearhart. If I was, I would like to be told, exactly, what I said that made them think that I was seeking monetary damages.

### I made a clear distinction between Gearhart and University of Arkansas.

The Defendants claim that I made no distinction in defendants regarding the First Amendment violation. This is simply untrue. In my amended complaint, I stated the following:

> "I also allege a first amendment violation against G. David Gearhart (I am unaware of what his first name is; David is his middle name, but is the the name he uses most often), in his official capacity as Chancellor of the University of Arkansas. I will refer to him as 'Gearhart' during this complaint."

I distinctly listed Gearhart, and only Gearhart, as the perpetrator in the First Amendment

violation. The Defendants were simply blowing smoke when they said that I made no distinction.

### Conclusion

For the reasons stated, above, the defendants' motion to dismiss should be denied, and I should be awarded costs incurred.

Sincerely,

David Stebbins

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID A. STEBBINS**                                                 **PLAINTIFF**

vs.                              Civ. No. 10-5125

**UNIVERSITY OF ARKANSAS & GEORGE GEARHART**       **DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that a true and correct copy of

      Suggestion in opposition of motion

was served on

T. Scott Varady,
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479-575-5401 (office)
479-5046 (fax)
Attorney for: Defendants

by postal mail.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: (870) 204 – 6024
stebbinsd@yahoo.com

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601