IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                   PLAINTIFF

vs.                                          10-5125

UNIVERISTY OF ARKANSAS & DAVID GEARHART                    DEFENDANTS

## MOTION TO CONFIRM ARBITRATION AWARD

Now comes Plaintiff David Stebbins, who respectfully moves for the court to confirm the following arbitration award.

Before I begin, allow me to warn you: I can perceive a number of problems that you might have with this case, at first glance, but please continue to read on, and you will soon find out that my case is not as frivolous as you think.

On the date of Thursday, January 27, 2011, at approximately 8:36PM, I sent an email to the defendants. This email was a formal offer for a contract, which stated, among other things, the following:

1. The contract is entered into if they initiate communications with me, for any reason, or if I attempt to communicate with them, and they do not cease communications with me on the spot. An exception was provided for when they are legally required communicate with me (e.g. responding to my discovery requests). **Please hear me out, Your Honor. I know that, at first glance, this seems like a perfect shoe-in for a malicious prosecution counter suit. Please, hear me out.**

2. We must refer all legal disputes, not just those related to this contract, to binding arbitration, using either the website of www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum. This is the mutual consideration needed to form a contract – we *both* save time and money in any legal disputes between us, using binding arbitration. This

applies to both of us, and, therefore, there is sufficient consideration. In fact, the consideration provided in arbitration is so blatant that it often stands alone as its own contract (when we arbitrate cases on a case-by-case basis, the arbitration agreement stands alone as its own contract, yet is still perfectly valid).

3. If they do not accept the arbitration invitation with 24 hours of receiving it, I automatically win, regardless of the merits of the case. **Again, Your Honor, please hear this motion out, in its entirety, before ruling on it.**

On the date of Friday, February 4, 2011, I contacted the defendant's attorney, Thomas Scott Varady, to discuss a matter that he was not legally required to discuss with me. Specifically, I called to follow up on a previous email where I asked him to explain to me why my case would fail, even if it were tried on the merits, and *only* on the merits. Varady did *not* hang up on me, like the contract said would be required in order to avoid accepting the contract.

For reasons that will be explained in the brief, this causes them to be bound.

Later that day, I sent Varady an arbitration invitation in the email. He had to fill it out, scan it, and email that back to me, within 24 hours of receiving it, in order to avoid loosing automatically, via the forfeit victory clause.

Rather than accept the invitation to arbitrate within the specified time limit, Varady simply responded and outright refused to accept it!

I now wish to invoke the forfeit victory clause. For reasons explained in the brief, I do not feel that the forfeit victory clause was unconscionable, because it is, essentially, nothing more or less than the arbitration equivalent of a default judgment. In any event, the validity of the forfeit victory clause is something that the arbitrator must decide.

I wish to point out that there is **no** error in my calculation of an arbitration award. I have not put on too many zeroes onto the arbitration award I sought. I really am asking for this much.

Wherefore, I respectfully pray that you promise to confirm the arbitration award that I sought,

on the date of November 24, 2010.

It is so humbly requested, on this 12th day of February, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com