U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 15 2011
CHRIS R. JOHNSON, CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                 PLAINTIFF

vs.                                             10-5125

UNIVERISTY OF ARKANSAS & DAVID GEARHART                    DEFENDANTS

### SUGGESTION IN SUPPORT OF MOTION TO

### CONFIRM ARBITRATION AWARD

Comes now Plaintiff David Stebbins, who respectfully submits to the court, for its review, the following case law.

This case law is different from the other case law that I have submitted, so far, regarding the enforceability of Internet agreement, because this case actually sets *binding* precedent on this court, whereas my previous two cases – *Hubbert v. Dell* and *Ticketmaster, Inc. v. Tickets.com* – were merely persuasive precedent.

The abbreviated name of the case is *Blizzard Entertainment, Inc. v. Jung*. It is in the Eighth Circuit Court of Appeals; its case number is 04-3654, and it can be found easily, online, by going to the following link:

http://www.ca8.uscourts.gov/opndir/05/09/043654P.pdf

As you can clearly see, the Eighth Circuit Court of Appeals ruled that "shrink wrap licenses," as they are informally called, are, indeed, valid and enforceable as contracts. Although it was appealed from Missouri, they did not use Missouri law, via the Erie Doctrine, so you cannot argue that it only sets binding precedent in federal courts in Missouri.

But, how on earth does this support *my* case? My case is about one where they agree to that contract by not hanging up on me, right? It is quite simple, Your Honor: It proves that, heck, even *failure* to perform an action can constitute your acceptance, as long as the offer was sufficiently communicated. Furthermore, returning the software for a refund would have been much more

inconvenient than simply hanging up the phone when I called them, but the Eighth Circuit didn't care.

Clearly, the contract that I am attempting to enforce in this case is enforceable, end of story. It is no longer persuasive precedent that the judge may ignore if he chooses to; it is now *binding* precedent. Just as Mr. Jung was fully capable of returning the game for a refund – even if it was a bit out of his way – Thomas Scott Varady, acting on behalf of the University of Arkansas, was fully capable of hanging up on me, and it would not have been out of his way. They had both been served with a copy of the contract, for their review, and still performed actions that signified their acceptance (or, rather, failed to perform actions that signified their rejection, but, as I've clearly demonstrated, that still counts, as a matter of law). Simply put, they accepted the contract, end of discussion.

Thank you, and please update my case promptly.

*[signature: David Stebbins]*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                 PLAINTIFF

vs.                                         10-5125

UNIVERISTY OF ARKANSAS & DAVID GEARHART                       DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
  Plaintiff's Suggestion in Support of Motion to Confirm Arbitration Award
was served on

T. Scott Varady
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
Phone: (479) 575-5401
Fax: 479-5046
svarady@uark.edu
Attorney for: Defendants

by mailing a copy to his office address at 421 Administration Building, University of Arkansas, Fayetteville, AR 72701, on the 14th day of February, 2011.

/s/ David Stebbins

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

David A. Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701