U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 21 2011

CHRIS R. JOHNSON, CLERK

          DEPUTY CLERK

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**DAVID A. STEBBINS**                                                                 **PLAINTIFF**

vs.                                    Civ. No. 10-5125

**UNIVERSITY OF ARKANSAS & GEORGE GEARHART**                **DEFENDANTS**

### SUPPLEMENT TO MOTION FOR DEFAULT AND
### MOTION TO CONFIRM ARBITRATION AWARD

Comes now Plaintiff David Stebbins, who hereby submits the following supplement to his motion to declare the defendants in default and confirm the arbitration award.

First off, please forgive me if I am tactless. I have Asperger Syndrome (as I have previously alleged in my original complaint), so if my Aspergers combines with my frustration over this situation, please forgive me. Now, on to the supplement.

Simply put, I do not know what is taking you so long to grant these motions. I have done a little research and have learned about something called a *writ of mandamus*, which I can obtain in the appellate courts if you are procrastinating on my motion.

Keep in mind, the arbitration award *must* be confirmed. It is not discretionary. The law clearly and unambiguously states that "any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant such an order** unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

The arbitration agreement constituted a valid and binding contract. *Davidson Associates v. Jung & Llc* 8th Circuit Court of Appeals, Case No. 04-3654.

Furthermore, the defendants in this case have failed to defend themselves against the action. Therefore, I am entitled to default. Fed. R. Civ. P. 55(a).

To grant a motion for default, the court does not need to find much; it merely needs to find that the defendants were properly served, and that they have failed to defend the action within the allotted time.

Clearly, they have failed to defend the action. That much is obvious. Here it is, a good, crisp month after they have been served with the motion to confirm the arbitration award, and half a month after being served with the motion for default, and they are nowhere to be seen. Does the court really need to "find" this fact? Is it not obvious?

The only thing left for the court to find, after that point, is whether or not the defendants were properly served. My service was sufficient. "If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 9.

Therefore, because the defendants are residents of this district, I only need to serve them in the same manner as if I were filing a motion for summary judgment. Therefore, serving them via basic First Class Postal Mail, no return receipts, no certified mail tracking numbers, no nothing, is sufficient. Fed. R. Civ. P. 5(b)(2)(C). I did exactly that. Document #31 Page #10.

What more is needed, Your Honor? There is simply no excuse for taking this long. With all due respect, it is time to get this show on the road!

Remember, arbitration is generally favored because it is supposed to be quicker and cheaper than litigation. Taking this long to confirm an arbitration award perverts that concept. I have heard that summary judgments take a long time, but default judgments and confirmation of arbitration awards are *not* supposed to take a long time.

I will not seek mandamus from the Eighth Circuit Court of Appeals if, by midnight on

Friday, March 25, 2011, a document is uploaded to PACER, and it is either 1) an order granting my motions for default and to confirm the arbitration award, or 2) an explanation, justifying why the court is taking so long.

Notice the last part of that paragraph. I am willing to forgive you for the time you are taking, if you can justify to me that you are not merely procrastinating.

Until then, Your Honor, please, please, *please* grant my orders, a.s.a.p.

It is so requested on this 18th day of March, 2011.

*David A. Stebbins*<br>
David A. Stebbins<br>
1407 N Spring Rd,<br>
APT #5<br>
Harrison, AR 72601<br>
Phone: 870-204-6024<br>
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701