U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAR 28 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                              PLAINTIFF

vs.                          Civ. No. 10-5125

UNIVERSITY OF ARKANSAS & GEORGE GEARHART            DEFENDANTS

## ANSWER TO DEFENDANTS' RESPONSE IN OPPOSITION

Comes now Plaintiff David Stebbins, who respectfully submits the following answer to the Defendants' response in opposition of my motions for default and to confirm the arbitration award.

1. The Defendant's response does not state any supporting authorities. Therefore, it should be struck for failure to comply with Local Rule 7.2(b). Under what legal authority do they claim that all dispositive motions are irrelevant until the court rules on the motion to dismiss? Under what legal authority do they base their claim that they "never agreed" to any arbitration?

2. If you want a legal authority on which I base my claim that they *did* agree, how about the Restatement of Contracts, Section 30? As the offeror, I am entitled to list alternative methods of acceptance, which can include "performing or refraining from performing a specified act." According to a commentary on the website www.lexinter.net, "The offeror is the **master of his offer**.... The form of acceptance is less likely to affect the substance of the bargain than the identity of the offeree, and is often quite immaterial. But the offeror is entitled to insist on a particular mode of manifestation of assent."

3. Granted, there are some exceptions that exist, but these exceptions to valid acceptance are not present in this case. The exceptions for acceptance are much the same as the

exceptions for consideration. What I mean is,

A) You cannot perform, or refrain from performing, any action that you are already legally obligated to do, or not do, and that action or omission constitutes your acceptance to a contract (akin to the "pre-existing duty rule" in consideration). For example, "Not smoking marijuana within the next year constitutes your acceptance to these terms" would probably be thrown out as an invalid acceptance method, although, now that I think about it, I wonder if the exact opposite, *smoking* marijuana in the next year, might potentially be a valid acceptance method.

B) No actions that were performed, prior to receiving the contract offer, can constitute your acceptance (akin to "past consideration"). Offer must predate acceptance. I apologize, but I cannot find an example, here, but I am sure you know what I am getting at.

C) The action that is required cannot be so common that to avoid doing this action in order to avoid acceptance would cause an undue burden to the offeree (akin to unconscionability in the consideration aspect of contracts). For example, "Stepping on a single blade of grass within the next year will constitute your acceptance to these terms" would not hold as a valid acceptance method, as the court would not expect the defendant to painstakingly avoid all grass for an entire year. The same would apply to actions which are simply impossible to refrain from doing (e.g. "Breathing constitutes your acceptance to these terms").

4. However, other than that, as long as 1) the offer predates the acceptance, 2) performance of the acceptance method is legally optional, and 3) non-performance of the acceptance method does not create an undue burden on the offeree, then, absolutely *anything* goes,

regarding the acceptance method.

5. To that end, as I stated in my motion to confirm the award, the contract was accepted by allowing me to communicate with them, regarding an issue they were not legally required to communicate with me on. To reject the contract, all they had to do was hang up the phone. That is all. That is, by no stretch of the imagination, an undue burden, especially after the Eighth Circuit Court of Appeals has already ruled that it is *not* an undue burden to return computer software to the store from which it was originally purchased for a refund, in order to reject a contract that was not even available to the consumer, until after the software was purchased. See *Davidson & Associates v. Jung*, 8th Cir. Case No. 04-3654

Wherefore, I respectfully pray that you strike the Defendants' response in opposition, for failure to comply with Local Rule 7.2(b), award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 26th day of March, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

vs.                                  Civ. No. 10-5125

UNIVERSITY OF ARKANSAS & GEORGE GEARHART          DEFENDANTS

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of Plaintiff's Answer to Defendant's Response in Opposition to the Plaintiff's Motion for Default has been served on the opposing party's counsel by faxing a copy to the fax number 479-575-5046 on the 26th day of March, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com