UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                              PLAINTIFF

vs.                                 Civ. No. 10-5125

UNIVERSITY OF ARKANSAS & GEORGE GEARHART            DEFENDANTS

## BRIEF IN SUPPORT OF MOTION

Comes now Plaintiff David Stebbins, who respectfully submits the following brief in support of his motion for an in-person hearing to discuss all pending motions.

1. On December 23, 2010, Defendants filed a dispositive motion to dismiss and supporting brief. See Documents #27 and #28.

2. On December 30, 2010, I filed a response in opposition to the Defendant's motion to dismiss. See Document #29.

3. Despite the entitlement of the motion to dismiss to a prompt ruling (see Canon 3(A)(5) of the Code of Conduct of United States Judges), no ruling has been passed on it, so far, despite the fact that it is over three months old.

4. On February 15, 2011, the Court received a motion to confirm an arbitration award. See Document #30.

5. On the date of March 4, 2011, after the Defendants had not filed any suggestion in opposition, I moved for default under FRCP Rule 55(a). See Document #35.

6. Neither the motion to confirm the arbitration award, or the motion for default, have been ruled on, despite their entitlement to a prompt ruling, see Canon 3(A)(5) of the Code of Conduct of United States Judges.

7. To finally dispose of these motions, Plaintiff hereby requests an in-person hearing.

8. The Defendants are seeking relief from my motion for default on what appears to be FRCP Rule 60(b)(6). Furthermore, it appears that they are objecting to the motion to confirm the

arbitration award on the grounds that they never accepted the arbitration agreement. Because they have raised no other objections to either motion, all other allegations are admitted by default. This means that the elements of offer, meeting of the minds, legal consideration, subject matter, mutual obligation, competent parties, and the otherwise valid right to confirmation of the arbitration award, are admitted by default, and all affirmative defenses are waived. See FRCP Rule 8(b)(6).

9. Not less than fourteen days before the hearing is scheduled to take place, I demand a more definite statement from the defendants. Under exactly what legal authority do they base their claim that they are not required to object to the motion to confirm the arbitration award or the motion for default, until the dispositive motion to dismiss is granted? Under exactly what authority do they believe that their failure to make a timely objection under that belief should constitute relief from default, under what appears to be FRCP Rule 60(b)(6)? Under exactly what legal authority do they base their apparent claim that entertaining my attempt to communicate with them does not constitute an acceptance to a contract?

10. More to the point, I wish for the Defendants to refute my claim that Section 30 of the Restatement of Contracts gives me, as the offeror, nearly infinite flexibility to name an acceptance method, so long as 1) the communication of the offer predates the performance of the acceptance method, 2) they are not legally forbidden to do, or not do, the acceptance method, and 3) non-performance of the acceptance method would not create an undue burden on the offeree. See Document #39 for details on that claim.

11. I humbly request that the hearing take place in Harrison. Trust me when I say that I wish I could come to Fayetteville to argue the case, there; I do not wish to burden the court with petty requests for accommodations, save for those I am entitled to under the Rehabilitation Act of 1973, due to my Asperger Syndrome (speaking of which, I will provide medical records for the court's review, and promptly request the accommodation of forgiving any tactlessness that I

may demonstrate at this hearing). Trust me, I am completely willing to work with the court on this; however, my car is in no shape to run for two hours. When you arrive in Harrison (which you often do, anyway, for Harrison-based cases; I have seen it, before), I can even show you the car. I am in financial situation to repair it (you approved my IFP application, yourself, so you know, first hand, just how broke I am), so I must drive it around Harrison while terrified that it will break down at any moment.

12. You would probably forgive me, anyway, if I called the Clerk's Office a few hours before the hearing was supposed to begin (or even a few minutes *after* the hearing was supposed to begin) to report "car trouble." I hope you will appreciate the fact that I am informing you of my reasonable prediction of car trouble, right off the bat.

13. As you routinely come to Harrison to discuss Harrison-based issues, I pray that the court will not find this accommodation too out of its way. As for the Defendants, I now turn the floor to them to raise any objections that they may have in having the hearing take place in Harrison. It is so humbly requested, on this 28th day of March, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID A. STEBBINS**     **PLAINTIFF**

vs.     Civ. No. 10-5125

**UNIVERSITY OF ARKANSAS & GEORGE GEARHART**     **DEFENDANTS**

### CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certifies that a true and correct copy of
    Plaintiff's Motion for In-Person Hearing
was served on

T. Scott Varady
421 Administration Bldg.
University of Arkansas
Fayetteville, AR 72601
Phone: (479) 575 – 5401
svarady@uark.edu
Attorney for: Defendants

by mailing a copy to the above-stated address on the 28th day of March, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd.
APT #5
Harrison, AR 72601

U.S. District Court
35 E Mountain St
Room 510
Fayetteville, AR 72701