IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 1 0 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

DAVID STEBBINS                                              PLAINTIFF

vs.                        10-5125

UNIVERISTY OF ARKANSAS & DAVID GEARHART         DEFENDANTS

### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now, Plaintiff David Stebbins, who respectfully submits the following brief in support of his motion for summary judgment.

1. On February 4, 2011, I sent the University of Arkansas an invitation to arbitrate this legal dispute with me. Per the forfeit victory clause in the contract I spoke of in the motion to confirm the award, they were required to accept the invitation to arbitrate by February 5, 2011.

2. Because the Defendants did not accept the arbitration invitation, I automatically won the relief requested.

3. The Defendants had three months to move to vacate the award, starting the date they were first made aware of it. See 9 U.S.C. § 12. Therefore, since they were made aware of the situation on February 4, 2011, that means that they had until May 4, 2011 to move to vacate. However, they have not done so.

4. I believe that the case of *Sheet Metal Workers International Association, Local Union No. 36 v. Systemaire, Inc.* 8th Cir., Case No. 98-3414 controls in this case. It concerns a motion to confirm an arbitration award, a dispute as to whether the parties were contractually obligated to arbitrate the dispute in question, and a legal dispute as to whether or not the opponents to the arbitration are time barred form bringing their objections. Because of all the similarities that this case has with the instant case, I believe that it should control.

5. The Defendants did not move to vacate within the three month time limit. In fact, they never

moved to vacate. They *did* file a suggestion in opposition (and an untimely one at that), but first of all, "an [opponent to arbitration] may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate." See *Sheet Metal Workers International Association, Local Union No. 36 v. Systemaire, Inc.* 8th Cir., Case No. 98-3414.

6. Because the Defendants did not move to vacate within the three month time limit, they have lost the opportunity to move to vacate the award, at all. As in Systemaire, the defendants cannot sit back with impunity until faced with a motion to confirm the award.

7. In their (untimely) suggestion in opposition, the Defendants claimed that they did not respond because their motion to dismiss must be ruled on before the motion to confirm the arbitration award even becomes relevant. However, this is simply not the case. If you remember in the case of *Stebbins v. Jones*, which was also in the Western District of Arkansas and had the case number 10-3041, the Defense counsel and I reached a last minute settlement agreement. Upon granting our motion to bless that settlement, you (not just this court, but you specifically) found that all the other pending motions, including the Defendant's motion to dismiss, should be, and were, denied as moot. The same should apply, here.

8. Even if their mistake was excusable, per Rule 60(b)(1), it is still insufficient because they did not show any evidence in their favor. The Defendants in this case hold the burden of proof. See *Hart v. McChristian*, Supreme Court of Arkansas, Case No. 00-1269 ("11. Arbitration -- attempt to overturn award -- burden of proof. -- The party attempting to overturn an arbitration award bears the burden of proof"). See also *Anthony v. Kaplan*, 324 Ark. 52, 918 S.W.2d 174 (1996) ("[T]he party attempting to overturn an arbitration award, not the party attempting to sustain it, bears the burden of proof"). The Defendants have proven nothing in this case.

Wherefore, for all of the above-stated reasons, I respectfully pray that you grant this motion for summary judgment, confirm the arbitration award (which, to recap, was originally in the amount of $50,000,000.00, but has increased tenfold every day since February 5, 2011, and continues to do so to

this day), award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 9th day of May, 2011.

*David Stebbins* (signature)

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                         **PLAINTIFF**

vs.                                                10-5125

**UNIVERISTY OF ARKANSAS & DAVID GEARHART**           **DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of
     Plaintiff's Motion for Summary Judgment
and
     Plaintiff's Brief in Support of Motion for Summary Judgment
was served on

T. Scott Varady
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
Phone: (479) 575-5401
Fax: 479-575-5046
svarady@uark.edu
Attorney for: Defendants

by mailing a copy to his office address at 421 Administration Building, University of Arkansas, Fayetteville, AR 72701, on the 9th day of May, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com
