IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                          PLAINTIFF

         v.              Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                            DEFENDANTS

O R D E R

Now on this 19th day of May, 2011, comes on for consideration defendant University of Arkansas' **Motion To Dismiss** (document #27), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   In his Amended Complaint, plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

Stebbins also contends that G. David Gearhart ("Gearhart"), in his official capacity as UA Chancellor, violated Stebbins' First Amendment rights by banning him from campus for one year because of an e-mail Stebbins sent Gearhart demanding that he be allowed to re-enroll.

Finally, Stebbins contends that he was subjected to

employment discrimination when UA counsel did not give him a "yes or no" answer his inquiry about whether he would be given equal consideration with every other applicant should he apply for a job at UA while he was barred from campus.

Stebbins prays for the following relief:

* an injunction to expunge all records relating to his academic suspension;

* the cost of attending a private university;

* back and front pay; and

* punitive damages.

2. Defendants moved to dismiss, making the following arguments:

* that the Amended Complaint fails to state facts upon which relief can be granted with regard to the Section 504 claim and the First Amendment claim;

* that Stebbins' claims are barred by the Eleventh Amendment;

* that neither UA nor Gearhart in his official capacity are "persons" within the meaning of **42 U.S.C. § 1983**;

* that no First Amendment liability may be imposed on UA or Gearhart under a theory of *respondeat superior*; and

* that Stebbins' claims for punitive damages are barred by **42 U.S.C. § 1981a(b)(1)**.

3. Stebbins, in response, summarizes the factual

allegations of the Amended Complaint in support of his contention that he has stated a claim for disability discrimination. He argues that his employment discrimination claim is a claim for "retaliation in violation of 42 U.S.C. § 12203(a)," and that he need not prove he was "otherwise qualified" because he is asserting that UA would have discriminated against him "regardless of what job I applied for." He argues that he is not seeking money damages against Gearhart, and that he made a clear distinction between Gearhart and UA, with Gearhart as the only defendant on the First Amendment claim.

4.   Before addressing the individual claims, the Court believes it will be helpful to clear up the matter of Gearhart's status in this case. The Amended Complaint alleges "a first amendment violation against G. David Gearhart . . . in his official capacity as Chancellor of the University of Arkansas." The Supreme Court has explained that

> [o]fficial capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.   It is not a suit against the official personally, for the real party in interest is the entity.

**Kentucky v. Graham**, **473 U.S. 159, 165-66 (1985)** (internal citations and quotation marks omitted).

Under this precedent, Stebbins' First Amendment claim against

Gearhart is, in fact, a First Amendment claim against UA, not against Gearhart as an individual.

5. Another legal principle that applies to the pending motion is that UA is entitled to Eleventh Amendment immunity. **Okruhlik v. University of Arkansas, 255 F.3d 615, 622 (8th Cir. 2001).** This immunity applies unless waived or specifically abrogated by Congress.

> Under the terms of the amendment, [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . . This withdrawal of jurisdiction effectively confers an immunity from suit. Thus, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State. Absent waiver, neither a State nor agencies acting under its control my be subject to suit in federal court.

**Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993)** (internal citations and quotation marks omitted).

There is a limitation on Eleventh Amendment immunity, stemming from the case of **Ex parte Young, 209 U.S. 123 (----).** The **Young** doctrine

> rests on the premise -- less delicately called a fiction -- that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes. The doctrine is limited to that precise situation, and does not apply when the state is the real, substantial party in interest, as when the judgment sought would expend itself on the public

treasury or domain, or interfere with public administration.

**Virginia Office for Protection and Advocacy v. Stewart**, **131 S.Ct. 1632, 1638 (2011)** (internal citations and quotation marks omitted).

6.  When the foregoing principles are applied to Stebbins' First Amendment claims, it is clear that they must be dismissed. He seeks no relief that would bring his claims into the **Young** doctrine.

7.  While Stebbins' First Amendment claims are barred by the Eleventh Amendment, his **§ 504** claims are not.  "In the Rehabilitation act Amendments of 1986, 100 Stat. 1845, 42 U.S.C. § 2000d-7, Congress abrogated the States' Eleventh Amendment immunity under . . . § 504 of the Rehabilitation Act of 1973. . . ."  **Franklin v. Gwinnett County Public Schools**, **503 U.S. 60, 72 (1992)**.  The Court turns, therefore, to consideration of whether Stebbins has stated a claim upon which relief can be granted pursuant to **§ 504**.

8.  The standard to be applied on a motion to dismiss for failure to state a claim has been explained by the Supreme Court as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

-5-

for the misconduct alleged.  The plausibility standard
is not akin to a probability requirement, but it asks
for more than a sheer possibility that a defendant has
acted unlawfully.  Where a complaint pleads facts that
are merely consistent with a defendant's liability, it
stops short of the line between possibility and
plausibility of entitlement to relief.

*     *     *

. . . The tenet that a court must accept as true all of
the allegations contained in a complaint is
inapplicable to legal conclusions.  Threadbare recitals
of the elements of a cause of action, supported by mere
conclusory statements, do not suffice.

**Ashcroft v. Iqbal**, **129 S.Ct. 1937, 1949 (2009)** (internal citations
and quotation marks omitted).

9.   To make out a prima facie claim under **§ 504**, a plaintiff
must show the following:

*   that he is a person with a disability, as defined by
statute;

*   that he is otherwise qualified for the benefit in
question;

*   that he was excluded from the benefit due to
discrimination based upon disability; and

*   that the program or activity from which he is excluded
receives federal financial assistance.

**Randolph v. Rodgers**, **170 F.3d 850, 858 (8th Cir. 1999)**.

10.  In the Amended Complaint, Stebbins sufficiently pled
that he was a person with a disability, alleging that he has
Asperger Syndrome, as a result of which he often fails to

-6-

understand the consequences of his words and actions, and becomes angry and violent if not medicated.

Stebbins also sufficiently pled that he was otherwise qualified for the benefit in question -- UA enrollment -- by virtue of his allegation that he was suspended from enrollment there on December 5, 2007, due to aspects of his disability, and that his disability can be reasonably accommodated.

Stebbins sufficiently pled that he was excluded from the benefit due to discrimination based upon disability, by virtue of his allegations about the nature of his disability, and about why he was initially suspended and why he was banned from campus in 2010.

Finally, although the Amended Complaint does not contain any allegation that UA receives federal financial assistance, the Court finds that to be the type of pleading omission that may be legitimately excused from a pro se litigant such as Stebbins.  His pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  **Haines v. Kerner**, **404 U.S. 519, 520 (1972)**.  As explained in **White v. Walsh**, **649 F.2d 560, 561 (8th Cir.1981)**, "a court must read a pro se complaint with great liberality, and . . . is under a duty to examine the complaint to determine if the allegations provide for relief on any possible

theory."    (Internal quotation marks omitted.)[1]    When so read, Stebbins' Amended Complaint is not subject to dismissal for failure to state a claim under **§ 504.**

11. To make out a prima facie case of failure to hire employment discrimination, a plaintiff must show the following:

\*    that he is a member of a protected class;

\*    that he applied for, and was qualified for, a job for which the employer was seeking applicants;

\*    that, despite his qualifications he was not hired; and

\*    that the position remained open and the employer continued to seek applications from persons with his qualifications.

**Torgerson v. City of Rochester**, **605 F.3d 584, 595 (8th Cir. 2010).**

Even if Stebbins' claim is cast as one for retaliatory failure to hire, as he contends in his brief, he still must show that he actually applied for a job. As the court stated in **Velez v. Janssen Ortho, LLC**, **467 F.3d 802, 807 (1st Cir. 2006)**, "[p]ut most simply, in the absence of a job application, there cannot be a failure-to-hire."

The Amended Complaint is clearly insufficient as to the employment discrimination claim. Stebbins does not allege that he applied for a job, but rather that he inquired of UA counsel

---

[1] This is not to say, however, that a failure to prove this element would be excused. Any plaintiff, pro se or represented, must prove all the essential elements of his claim to prevail.

whether he would be considered if he did apply.  This allegation will not allow the Court to draw the reasonable inference that UA is liable for employment discrimination, and the employment discrimination claim is, therefore, subject to dismissal.

12.  Because Stebbins' employment discrimination claim is subject to dismissal, the Court need not consider whether he can receive punitive damages on that claim

**IT IS THEREFORE ORDERED** that defendant University of Arkansas' **Motion To Dismiss** (document #27) is **granted in part and denied in part.**

The motion is **denied** insofar as it seeks dismissal of Stebbins' claim that defendants violated his rights under **§ 504** of the **Rehabilitation Act of 1973.**

The motion is **granted** in all other respects, and all other claims asserted by Stebbins are hereby **dismissed.**

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**