```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                **PLAINTIFF**

       v.        Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville**                                                    **DEFENDANTS**

### O R D E R

Now on this 19th day of May, 2011, come on for consideration the following:

    \*    plaintiff's **Motion To Confirm Arbitration Award** (document #30);

    \*    plaintiff's **Motion For ECF and PACER Account** (document #34);

    \*    plaintiff's **Motion For Default Judgment** (document #35); and

    \*    plaintiff's **Motion For In-Person Hearing** (document #40) and from said motions, the Court finds and orders as follows:

1. In his Amended Complaint, plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made

no attempt to accommodate this disability.

Stebbins also contends that G. David Gearhart ("Gearhart"), in his official capacity as UA Chancellor, violated Stebbins' First Amendment rights by banning him from campus for one year because of an e-mail Stebbins sent Gearhart demanding that he be allowed to re-enroll.

Finally, Stebbins contends that he was subjected to employment discrimination when UA counsel did not give him a "yes or no" answer his inquiry about whether he would be given equal consideration with every other applicant should he apply for a job at UA while he was barred from campus.

2. By separate Order entered this date, the Court has granted defendants' Motion To Dismiss as to all of these claims except Stebbins' claim for relief under **§ 504**. While the Motion To Dismiss was pending, Stebbins filed the motions now under consideration. Before the Court could act upon them, he filed a Notice Of Appeal, which deprived this Court of jurisdiction. The Mandate has now issued on this appeal, jurisdiction has returned to this Court, and the Court takes up the pending motions.

3. Defendants have not responded to any of the motions now under consideration, except to state that they will respond if need be, after their potentially-dispositive Motion To Dismiss is ruled on. The Court sees no need for a response to any of these motions, however, as all are patently without merit.

4.   The Motion To Confirm Arbitration Award relies on the novel proposition that one party can force a contract on another by sending an offer to contract, and stating therein that conduct entirely unrelated to a showing of agreement to be bound will constitute acceptance.  The "Acceptance methods" specified in Stebbins' offer are as follows:

> You accept this contract if you, or your employees and/or affiliates...
> 1.   Instigate communications with me, in any way, unless you are legally required to communicate with me.
> A)  This will also apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire, and the fact is admitted by default).
> 2.  Allowing me to communicate with you for any reason that you are not legally required to entertain me on.
> A)  This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with you for.
> 3.   Seeing me on your property and not asking me to leave, immediately.

If Stebbins were correct in his assertions, a contract would be formed in a University employee said "hello" to Stebbins in the grocery store.  This, of course, is not how contracts are formed, even on the internet.  Formation of a contract requires "objective manifestations of mutual assent."  **Johnston v. Curtis**, **70 Ark. App. 195, 200, 16 S.W.3d 283, 286 (Ark.App. 2000).**  "Objective" manifestations are "based on externally verifiable phenomena, as opposed to an individual's perceptions, feelings, or intentions."

-3-

**Black's Law Dictionary**, 9th Ed.

Stebbins' cited authorities in no way support his contention. In **Davidson & Associates v. Jung, 422 F.3d 630 (8th Cir. 2005); Feldman v. Google, Inc., 513 F.Supp.2d 229 (E.D. Pa. 2007); Bragg v. Linden Research, Inc., 487 F.Supp.2d 593 (E.D. Pa. 2007);** and **i.Lan Systems, Inc. v. Netscout Service Level Corp., 183 F.Supp.2d 328 (D. Mass. 2002),** the plaintiffs all indicated intent to be bound to a contract on the internet by clicking a box which specifically indicated assent to the terms of the contract.

In **Hubbert v. Dell Corp., 359 Ill.App.3d 976, 835 N.E.2d 113 (Ill.App. 5 Dist. 2005),** plaintiffs bought computers over the internet, subject to the seller's terms and conditions of sale, which were available to them before purchase, and which they agreed constituted a binding contract.

**C & L Enterprises, Inc. v. Citizen Band Potawatomi Tribe of Oklahoma, 532 U.S. 411 (2001); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006);** and **Thurman v. Thurman, 50 Ark.App. 93, 900 S.W.2d 221 (Ark.App. 1995)** all involved written contracts. Stebbin' remaining citations are to unreported cases from District Courts outside the Eighth Circuit, and have so little precedential value that the Court need not waste valuable judicial resources reviewing them.

None of these authorities even remotely suggests that a

contract can be formed in the manner here suggested by Stebbins. Because the Motion To Confirm Arbitration Award is without merit on its face, it will be denied.

5. In his Motion For Default Judgment, Stebbins contends that because defendants did not respond to his Motion To Confirm Arbitration Award in a timely fashion, he is entitled to an order confirming "the arbitration award." He suggests that **F.R.C.P. 55(a)** would justify such confirmation, but defendants -- having moved to dismiss -- cannot be said to have failed to "otherwise defend" in this case. He suggests that **F.R.C.P. 8(b)(6)** would justify it, but that provision only applies to the effect of failing to deny an allegation in a pleading, and motions are not pleadings. **F.R.C.P. 7(a)**.

Finally Stebbins also suggests that silence constitutes agreement under the Latin maxim *qui tacet consentire videtur*. This argument is without force, because, while such maxims may be persuasive in an evidentiary context, they cannot be used to supplant the **Federal Rules of Civil Procedure**.

In addition, the Court notes that Stebbins has not shown the existence of any arbitration award. As set out above, he has not even proven the existence of any agreement to arbitrate, much less that an arbitration took place and resulted in an award. The Motion For Default Judgment is without merit, and will be denied.

6. Stebbins also asks the Court, in his Motion For ECF and

PACER Account, to allow him to electronically file his submissions in this case.  The Court does not permit pro se litigants to file documents electronically.  See **Section IV.C.** of the Court's **CM/ECF Administrative Policies And Procedures Manual For Civil Filings**, attached to **General Order 36**.  This motion will be denied.

    7.  Finally, Stebbins asks for a hearing on the motions herein addressed, as well as UA's Motion To Dismiss.  The Court sees no purpose to be served in conducting such a hearing, as the motions are fully addressed in the briefing.  This motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Confirm Arbitration Award** (document #30) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For ECF and PACER Account** (document #34) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Default Judgment** (document #35) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For In-Person Hearing** (document #40) is **denied.**

**IT IS SO ORDERED.**

                                                                        /s/ Jimm Larry Hendren
                                                      **JIMM LARRY HENDREN**
                                                      **UNITED STATES DISTRICT JUDGE**