UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                                   PLAINTIFF

vs.                                         Civ. No. 10-5125

UNIVERSITY OF ARKANSAS & GEORGE GEARHART                     DEFENDANTS

### BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

Comes now Plaintiff David Stebbins, who respectfully submits the following brief in support of my motion for reconsideration.

First, I wish to thank you for actually attempting to provide some sort of intelligent rebuttal. I have done contracts like this before (which, as you may have guessed, ultimately ending up in the appellate courts), only to have the judges say "Um, no, that doesn't count," and expect me to just leave it at that. I am willing to take "no" for an answer, but I do not see why I should have to take "no, just because" for an answer, and I commend you for not expecting me to do the latter.

However, that does not mean that your rebuttal, although in good faith, is with merit. Your first mistake was when you said "The Court sees no need for a response to any of these motions, as all are patently without merit."

There needs to be, no only a response, but a very specific kind of response, to a motion to confirm an arbitration award before the court can even *reach* the merits. As I have stated before, in my motion for summary judgment, the Defendants in this case absolutely *must* file a motion to vacate the arbitration award. Without it, the court absolutely *must* confirm the award, no questions asked. See 9 U.S.C. ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court... for an order confirming the award, and thereupon the court **must grant** such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title") (areas of interest bolded for emphasis). See also *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576 (2008) ("Even assuming §§10 and 11 could be supplemented to some extent... But §9 makes

evident that expanding §10's and §11's detailed categories at all would rub too much against the grain: §9 carries no hint of flexibility in unequivocally telling courts that they "must" confirm an arbitral award, "unless" it is vacated or modified "as prescribed" by §§10 and 11.". See also Medicine Shoppe International, Inc. v. Turner Investments, Inc., 8th Cir., Case No. 09-2179 ("There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies").

If the Defendants did not think that they were contractually obligated to arbitrate any claims, they could have, and should have, filed a motion to vacate on the grounds of 9 U.S.C. § 10(a)(1), which states that an arbitration award may be vacated "where the award was procured by corruption, fraud, **or undue means**." Areas of interest are bolded for emphasis. The lack of an arbitration agreement is definitely an "undue means."

However, the Defendants did not do so. They only filed a response in opposition, and an untimely one at that. "An [opponent to arbitration] may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate." See Sheet Metal Workers International Association, Local Union No. 36 v. Systemaire, Inc., 8th Cir., Case Nos. 98-3414 and 99-1787 ("Systemaire").

Like in Systemaire, the Defendants in this case "could have sought declaratory or injunctive relief prior to the commencement of the arbitration, but [they] did not do so." Id.

So, ultimately, you say that there was no contract; I say, you should not have even reached that point, yet.

However, even assuming that you should reach the merits of the case, you should have still ruled that a contract exists. In your order denying the motion, you stated "If Stebbins were correct in his assertions, a contract would be formed if a University employee said "hello" to Stebbins in the grocery store."

Actually, Your Honor, a contract *would* be formed in that case, given the proper circumstances.

Think about it: Imagine if I sent the person this contract in direct response to the offeree's harassing conduct, in a direct attempt to get the offeree to leave me alone. My motive is that having a contract like that is much more efficient, and gives me much more empowerment to enforce my own rights, than simply taking it up with the police, and just hoping that they won't take the grease.

At that point, I think a contract most definitely *would* be formed, would it not?

Of course, I believe that this situation is quite different from the hypothetical situation you specified in your order. Your order involves the both of us being in a grocery store that is open to the public. It is the right of both of us to be there. However, *this* case involves Thomas Varady's physical likeness (specifically, his voice) trespassing into my apartment. Would you uphold a contract that was entered into by entering my apartment through the front door, so long as there was a sign on that door that unambiguously stated that entering the apartment would constitute acceptance? Sure you would. Why? Because that constitutes trespass, and I have the right to place conditions on my allowing it to happen!

His voice was trespassing into my apartment, and he was the one who put it there. It would probably be different if Varady's voice was on a tape recorder, and, without Varady's prior knowledge, the possessor of that tape brought it into my apartment and played it, but in this case, Varady himself was the one who put his physical likeness in my apartment, and he did so while acting within the course and scope of his employment with the Defendants.

Now, granted, in this case, I may have "invited" his voice to trespass into my apartment, but that still counts. After all, is that not what a contract offer is? A contract offer is defined as an *invitation* to enter into a contract. See Restatement (Second) of Contracts § 24. By that logic, I could avoid peripheral contractual obligations (such as an arbitration agreement) simply because it was the telemarketer who invited me to purchase the product. One does not even have to be a lawyer or judge to know that that scenario is absurd, but that is exactly what you would be holding if you ruled that my "invitation" for Varady to trespass ruled moot my contract offer.

Alternatively, think of this hypothetical scenario: My friend starts a business. He invites me to come in and browse. However, there is a sign on the business' front door that states that, simply by entering and browsing, to see if there is anything I want to buy, let alone actually buying something, the customers agree to a variety of terms. However, I still enter. Later, our friendship turns sour, and he attempts to hold me to that contract.

If that were the case, would you rule that his invitation constituted an implied waiver of that sign, or, would you require a more explicit waiver of that sign? Of course you would make the latter ruling!

Therefore, as you can clearly see, for a variety of reasons, your explanations for denying my motion to confirm the arbitration award, while taken in good faith, are without merit. Therefore, your decision should be reversed, and I want to give you the opportunity to correct your own mistake before I have to take the situation out of your hands and go to the appellate courts.

Wherefore, I respectfully pray that you reconsider the motion to confirm the arbitration award, subsequently confirm the award, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 22nd day of May, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601

U.S. District Court,
35 E. Mountain St.
Room 510
Fayetteville, AR 72601