## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                             **PLAINTIFF**

      **v.**                                   **Civil No. 10-5125**

**UNIVERITY OF ARKANSAS, and**
**G. DAVID GEARHART, in his**
**Official Capacity as Chancellor**
**of the University of Arkansas,**
**Fayetteville**                                                              **DEFENDANTS**

### ANSWER TO AMENDED COMPLAINT

Come Defendants, University of Arkansas ("University" or "Defendant") and G. David Gearhart, in his official capacity as Chancellor of the University of Arkansas, Fayetteville ("Chancellor Gearhart"), and submit this Answer to Plaintiff's Amended Complaint. By previous Order, this Court dismissed all claims against Chancellor Gearhart, and no responsive pleading is required by Chancellor Gearhart. To the extent the Amended Complaint alleges that Chancellor Gearhart violated Plaintiff's rights, such assertions are generally and specifically denied.

1.      Except as expressly admitted in this Answer, Defendant and Chancellor Gearhart generally and specifically deny each and every allegation contained in the Amended Complaint.

2.      In response to Paragraph 1 of the Amended Complaint, Defendant states that Plaintiff simply identifies himself and further states that he is filing an Amended Complaint. These allegations do not require a responsive pleading. To the extent the Court deems that a response is necessary, Defendant admits that Plaintiff identifies himself as "David Stebbins," but generally and specifically denies that any basis exists in fact or law for this lawsuit.

3.      In response to Paragraph 2 of the Amended Complaint, Defendant generally and specifically denies that it discriminated against Plaintiff in violation of Section 504 of the Rehabilitation Act of 1973.

4.      In response to the first sentence of Paragraph 3 of the Amended Complaint, Defendant generally and specifically denies that it discriminated against Plaintiff.  The second sentence of Paragraph 3 constitutes Plaintiff's legal conclusion regarding whether a discrimination claim can be advanced under a theory of *respondeat superior*.  Accordingly, no responsive pleading is required.  To the extent the Court deems that a responsive pleading is required, Defendant generally and specifically denies the Plaintiff's assertion.

5.      In response to Paragraph 4 of the Amended Complaint, which begins "I also allege a first amendment violation . . .," no responsive pleading is required, as this Court dismissed Plaintiff's First Amendment claims by Order dated May 19, 2011.   To the extent the Court believes a response is necessary, the University and Chancellor Gearhart generally and specifically deny all allegations in Paragraph 4.

6.      In response to the first sentence of Paragraph 5 of the Amended Complaint, Defendant admits that Plaintiff sent a profane and threatening email to Chancellor Gearhart. Defendant has attached a copy of Plaintiff's June 13, 2010, email as Exhibit A to this Answer, and the email is incorporated herein by reference.  In response to the second and third sentences of Paragraph 5 of the Amended Complaint, Defendant generally and specifically denies Plaintiff's summary of the email.  Plaintiff's profane and threatening email is attached as Exhibit A and speaks for itself.

7.      In response to Paragraph 6 of the Amended Complaint, Plaintiff asserts legal conclusions regarding the "continuing violations doctrine" to which no responsive pleading is

required.  To the extent the Court deems that a response is required, Defendant generally and specifically denies all allegations in Paragraph 6.

8.      In response to Paragraph 7 of the Amended Complaint, Defendant generally and specifically denies that any "discrimination" occurred on December 5, 2007, as asserted in the first sentence of this paragraph.  In response to the remaining allegations in the second, third, fourth and fifth sentences Paragraph 7, Defendant generally and specifically denies the allegations.  The sixth sentence of Paragraph 7 constitutes a legal conclusion to which no responsive pleading is required.  To the extent the Court determines that a responsive pleading is required, Defendant generally and specifically denies the allegations.

9.      In response to the first sentence of Paragraph 8, Defendant admits that Plaintiff went to the University Ombuds Office, but generally and specifically denies that any "Center for Conflict Resolution" exists.  In response to the remaining allegations in Paragraph 8, Defendant affirmatively asserts and admits that Plaintiff made multiple threats of a "Virginia Tech incident" at the University of Arkansas.  Defendant generally and specifically denies any and all remaining allegations set forth in Paragraph 8.

10.     In response to Paragraph 9 of the Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations, and, therefore, generally and specifically denies the same.  Defendant admits that Plaintiff was interimly suspended from the institution and his suspension was upheld.  Defendant affirmatively states that the interim suspension was based upon Plaintiff's threat of another "Virginia Tech incident" at University of Arkansas as well as other violent threats.  Defendant further affirmatively states that Plaintiff failed to comply with the terms of his suspension, including but not limited to, certifying that he had obtained counseling.

11.    In response to Paragraph 10 of the Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations, and, therefore, generally and specifically denies the same.

12.    In response to Paragraph 11 of the Amended Complaint, Defendant admits and affirmatively states that Plaintiff presented a "direct threat" by his statements regarding a "Virginia Tech incident" at the University of Arkansas.  In response to all other allegations in Paragraph 11 of the Amended Complaint, Defendant generally and specifically denies the same.

13.    In response to Paragraph 12 of the Amended Complaint, Defendant admits that Plaintiff sent a profane and threatening e-mail to Chancellor Gearhart on June 13, 2010, which is attached here to as Exhibit A.  Defendant affirmatively states that that the e-mail speaks for itself and generally and specifically denies all remaining allegations in Paragraph 12.

14.    In response to Paragraph 13 of the Amended Complaint, Defendant admits that Lt. Vance Rice of the University of Arkansas Police Department contacted Plaintiff to advise Plaintiff that a criminal trespass warning was being issued to him.  Defendant generally and specifically denies all remaining allegations set forth in Paragraph 13.

15.    In response to Paragraph 14 of the Amended Complaint, Defendant states that the allegations constitute legal conclusions to which no responsive pleading is required.  To the extent that the Court determines that a responsive pleading is required, Defendant generally and specifically denies each and every allegation.

16.    In response to Paragraphs 15, 16 and 17 of the Amended Complaint, Defendant affirmatively states that this Court dismissed Plaintiff's employment discrimination claim in its Order dated May 19, 2011.  Accordingly, no responsive pleading is required.  To the extent a response is deemed necessary, Defendant generally and specifically denies that it engaged in

employment discrimination against Plaintiff as well as all other allegations asserted by Plaintiff in Paragraphs 14, 15 and 16. Additionally, Defendant affirmatively states that counsel for the University advised Plaintiff that Plaintiff was "free to apply for employment at the University of Arkansas subject to the job qualifications as well as University policies," and Plaintiff chose not to apply. In support of its affirmative defense, Defendant hereby attaches an email exchange between counsel for the University and Plaintiff as Exhibit "B" which is incorporated herein by reference.

17.    In response to Plaintiff's "WHEREFORE" paragraph of the Amended Complaint, Defendant states that Plaintiff is not entitled to any relief as requested in subparagraphs 1, 2, 3 and 4. Additionally, Defendant generally and specifically denies that any basis in fact or law exists for the award of any such requested relief. Defendant further generally and specifically denies that Plaintiff is entitled to any relief as asserted in the "P.S." paragraph of the Amended Complaint.

## AFFIRMATIVE DEFENSES

18.    The University affirmatively states that Plaintiff's Amended Complaint fails to assert a claim of disability discrimination under Section 504 of the Rehabilitation Act of 1973. Specifically, Plaintiff fails to state a claim upon which relief may be granted, including, but not limited to, failing to allege that the University receives federal financial assistance.

19.    The University and Chancellor Gearhart affirmatively state that they have not violated Plaintiff's legal rights in any way, including but not limited to, discriminating against Plaintiff in violation of Section 504 of the Rehabilitation Act of 1973.

20.    The University affirmatively states that Plaintiff is not entitled to punitive damages as a matter of law.

21.    Defendant affirmatively states that Plaintiff threatened another "Virginia Tech" at the University of Arkansas and posed a direct threat to the University and its faculty, students and staff.

22.    Defendant affirmatively states and incorporates by reference all affirmative defenses available under Fed. R. Civ. P 8(c).  Defendant affirmatively asserts laches, estoppel, release, waiver, and the statute of limitations.

## RESERVATION OF RIGHTS

23.    Defendant reserve the right to raise any and all other additional affirmative defenses, to amend their Answer to the Amended Complaint, and to raise additional claims as discovery progresses.

WHEREFORE, the University of Arkansas and Chancellor G. David Gearhart pray that Plaintiff's Amended Complaint be dismissed in its entirety and for all other relief to which they are entitled.

Respectfully submitted,


By:    /s/ T. Scott Varady_____
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR  72701
Phone: (479) 575-5401
E-mail: svarady@uark.edu

AND

JEFFREY A. BELL

Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
Phone: (501) 686-2520
E-mail: jbell@uasys.edu

## **CERTIFICATE OF SERVICE**

I certify that on June 3, 2011, I caused a copy of the foregoing Answer to Amended Complaint to be served upon David Stebbins, 1407 North Springs Rd., Apt. 5, Harrison, Arkansas, via First-Class U.S. Mail.

/s/ T. Scott Varady
T. Scott Varady
Associate General Counsel