U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 08 2011
CHRIS R. JOHNSON, CLERK
BY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                                   PLAINTIFF

vs.                                Civ. No. 10-5125

UNIVERSITY OF ARKANSAS & GEORGE GEARHART          DEFENDANTS

## SUPPLEMENT TO MOTION FOR RECONSIDERATION

Comes now Plaintiff David Stebbins, who hereby submits the following supplement to my motion for reconsideration and my second motion to confirm the arbitration award.

The Defendants maintain that they never agreed to any sort of arbitration. However, even though that is a threshold question, it is still for the arbitrator to decide.

To support this claim, I cite the United States Supreme Court case of Rent-A-Center, West, Inc. v. Jackson ( No. 09-497 ) 581 F. 3d 912.

> "There are two types of validity challenges under §2: "One type challenges specifically the validity of the agreement to arbitrate," and "[t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement ( *e.g.* , **the agreement was fraudulently induced**), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Buckeye* , 546 U. S., at 444. In a line of cases neither party has asked us to overrule, we held that only the first type of challenge is relevant to a court's determination whether the arbitration agreement at issue is enforceable."

An area of interest is bolded for emphasis.

There it is in black and white. The Defendants are claiming something in the latter category, and the U.S. Supreme Court has flat-out said that anything in the latter category must be decided by the arbitrator.

Note that the opinion even expressly states that fraudulent inducement must be decided by the arbitrator. If the Defendants responded at all, that is probably something they would include in their response. Anything else that the court may have thought of on its own is

probably sufficiently similar to fraudulent inducement that it would still be bound by that paragraph.

Wherefore, I respectfully pray that you grant my motion for reconsideration, subsequently grant the motion to confirm the arbitration award, award costs incurred, and other relief that the court finds appropriate.

It is so requested on this 4th day of June, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my supplement to my motion for reconsideration was served on the Thomas Scott Varady, attorney for the Defendants, by faxing a copy to 479-575-5046 on the 4th day of June, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601