IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                                            PLAINTIFF

v.                                            Civil NO. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                                      DEFENDANT

**BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S
SCHEDULING ORDER**

Comes Defendant, University of Arkansas, acting through its undersigned counsel, and submits this Brief in Support of Motion to Dismiss for Failure to Prosecute and Comply with the Court's Scheduling Order.

**I.
FACTS**

On December 9, 2011, this Court entered a Scheduling Order directing the parties "to conduct their F.R.C.P. 26(f) conference no later than JANUARY 9, 2012, and to file a Joint Report of such conference within fourteen days after it is conducted." (Doc. 67.) Subsequently, and in compliance with the Scheduling Order, Defendant's counsel sent an email to Plaintiff David Stebbins on Tuesday, January 3, 2012, and again on Thursday, January 5, 2012, to set a time for the Rule 26(f) Conference. In the initial email, Defendant's counsel wrote:

> Consistent with the District Court's order for the parties to conduct a Rule 26(f) conference on or before January 9, 2012, I am writing to request a chance to set up a conference call with you tomorrow afternoon. I will take the lead of drafting the report after our conference call and then provide it to you for review. As you will note in the Court's order, we have 14 days after the Rule 26(f) conference to submit the report to the Court.
>
> Thank you for letting me know your availability tomorrow afternoon.

(Ex. A.) Plaintiff did not respond to this email.

1

On Thursday, January 5, 2012, Defendant's counsel sent another email to Plaintiff to set-up the Rule 26(f) conference as required by the Scheduling Order entered in this case. Defendant's counsel wrote:

> I am sorry that we weren't able to connect yesterday to conduct the Rule 26(f) conference as required by the Court. I am currently away from the office for the remainder of the week. Can you please let me know what time we can conduct our conference on Monday? I'll be happy to call you if you'll share your phone number with me.

(*Id.*) Once again, Plaintiff did not respond to this communication, and Plaintiff has not communicated with Defendant's counsel. Consequently, the parties have not conducted a Rule 26(f) conference or engaged in any discovery in this case.

On January 9, 2012, Plaintiff filed a "Notice of Change of Address and Motion to Suspend Proceedings" explaining that Mr. Stebbins "reside[s] at 5800 Law Dr., Harrison, AR 72601" and that he "was arrested for a crime [he] did not commit, and [he] need[s] to focus on getting acquitted of this criminal charge." (Doc. 68.) Plaintiff requested an indefinite suspension of the above-styled case to enable him to defend himself in his ongoing criminal matter. According to the Boone County Sheriff's web site, Mr. Stebbins appears to remain incarcerated at the present time at his current address.

http://boonesheriff.com/roster.php?grp=45

Based upon these facts, the Court should dismiss Plaintiff's case against the University for the following reasons.

## II.
## LEGAL DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss this case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Except for instances not at issue here, any dismissal under Rule 41(b) "operates as

an adjudication on the merits." *Id.* This rule has been applied in the Western District of Arkansas previously. *Hicks v. Miller County Correctional Facility*, 2011 WL 5595938 (W.D. Ark. Nov. 17, 2011) (adopting *Hicks v. Miller Country Correctional Facility*, 2011 WL 5596916 (W.D. Ark. Oct. 27, 2011)); *Weaver v. Charles-Davidson*, 2011 WL 4403465 (W.D. Ark. Sept. 21, 2001) (adopting *Weaver v. Charles-Davidson*, 2011 WL 4403517 (W.D. Ark. Sept. 1, 2011)).

In this case, Mr. Stebbins has violated the Court's Scheduling Order by failing to participate in a Rule 26(f) conference despite the efforts of Defendant's counsel to arrange the meeting and prepare the joint report as required. Further, Mr. Stebbins has not communicated with Defendant's counsel or suggested how this case may move forward in light of his incarceration. Obviously, Plaintiff is not available to be deposed or to engage in other discovery and has not done so. Plaintiff is not prosecuting his case and instead is seeking an indefinite suspension to allow him "to focus on getting acquitted" of his "criminal charge." (Doc. 68.) The University of Arkansas, however, should not be subjected to an indefinite suspension of this action for Plaintiff's convenience. The University is entitled to have this case move forward.

Plaintiff has advised the Court that he must "focus" on his criminal case, and this civil action must, therefore, take a back seat until that matter is resolved. The University, however, should not be placed in limbo because Plaintiff's priorities and circumstances have changed. An indefinite delay contingent on the ultimate disposition of Plaintiff's criminal action would be prejudicial to the fair and efficient administration of this case and result in additional costs. As just one example, a critical witness to whom Mr. Stebbins threatened another "Virginia Tech incident" at the University of Arkansas will soon be moving out of state to the west coast. The ability to have this critical witness testify in person will depend on the needs of her new

employer and will impose additional financial expense on the University to have the individual return to Fayetteville. This is just one example of the unnecessary burdens, challenges, and expenses that will result if the Court permits Plaintiff to delay and suspend this case, and others will likely arise over time as well.

In sum, Plaintiff has violated the Court's Scheduling Order by failing to participate in a Rule 26(f) conference. Moreover, Plaintiff has failed to prosecute his case by conducting the scheduling conference or begin participating in the discovery process. Further, Plaintiff has not coordinated with Defendant's counsel to suggest alternative ways to advance this civil action. As the Court is aware from previous pleadings filed in this case, the University does not believe any basis exists in fact or law for any alleged violations of Plaintiff's rights, including his rights under the Rehabilitation Act. The University is entitled to have this case proceed in an orderly and timely manner that does not unfairly prejudice the institution's ability to defend itself from Plaintiff's frivolous claim.

### III.
### CONCLUSION

As reflected by filing numerous civil lawsuits against multiple defendants, Plaintiff David Stebbins is a very experienced litigant. Plaintiff, therefore, should be held to the same standards as other litigants to ensure that the process is fair and the parties abide by the same rules. In this instance, Plaintiff has violated an Order of this Court and is not prosecuting his case or making alternative plans with the University to prosecute his case. Accordingly, the case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

For all of the foregoing reasons, Defendant, University of Arkansas, prays that the Court dismiss this case for failure to comply with the Court's Scheduling Order and for failure to prosecute this case as well as to grant all other relief the Court deems just and proper.

Respectfully submitted,


By: /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Ark. Bar No. 93125
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR 72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    I certify that on January 25, 2012, I caused a copy of Defendants' Brief in Support of Motion to Dismiss for Failure to Prosecute and Comply with the Court's Scheduling Order, to be served upon David Stebbins, via First-Class U.S. mail at the following address:

David Stebbins
5800 Law Dr.
Harrison, AR 72601

                /s/ T. Scott Varady_____
                T. Scott Varady
                Associate General Counsel