```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                **PLAINTIFF**

     v.    Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville**                                                    **DEFENDANTS**

## O R D E R

  Now on this 27th day of January, 2012, come on for consideration the following:

  * plaintiff's **Motion To Suspend Proceedings** (document #69), and

  * defendants' **Motion To Dismiss For Failure To Prosecute And Comply With The Court's Scheduling Order** (document #70),

and the Court, being well and sufficiently advised, finds and orders as follows:

  1. Plaintiff alleges in this case that defendants violated his rights under **§ 504** of the **Rehabilitation Act of 1973**. He now asks the Court to "suspend" these proceedings, stating that he has been "arrested for a crime I did not commit, and I need to focus on getting acquitted of this criminal charge."

  Plaintiff specifically asks that his claim not be non-suited. He states that "[e]ven if the non-suit is without prejudice, by the time I am ready to take the case up again, the statute of limitations

will have passed. Therefore, please merely suspend the proceedings."

    2.    Defendants object to plaintiff's motion, and ask instead that the case be dismissed for failure to prosecute. They state that plaintiff failed to respond to e-mail communications sent this month in an attempt to schedule a 26(f) conference.

    3.    While it is not clear from plaintiff's motion, defendants clarify that plaintiff is incarcerated. The Court has checked the website given by defendants, and finds that plaintiff has been incarcerated in the Boone County Jail since November 25, 2011, on charges of disorderly conduct and domestic battery. There is no indication when these charges will come to trial, or what amount of bail has been set for plaintiff.

    4.    Under the circumstances, the Court does not find a basis to dismiss this case for failure to prosecute. There is little reason to believe that plaintiff is simply ignoring the Initial Scheduling Order or defendants' attempts to contact him, and at least some reason to believe that he did not receive defendants' e-mails and has been unable to participate in the 26(f) conference.

    5.    It appears to the Court that what plaintiff desires is akin to administrative termination of his case. Administrative termination is appropriate when defendants go into bankruptcy; when arbitration is judicially compelled; when a declaratory judgment depends on the outcome of a underlying litigation; and similar situations where the issues before the Court cannot be resolved until some other matter is concluded.

The case at bar does not present such a situation. Plaintiff's incarceration may make litigation more inconvenient, but certainly does not make it impossible. Indeed, this Court has a large roster of cases being conducted by prison inmates, using paper and pen, stamps and the U.S. Mail -- instead of computers, e-mail and telephones. There being no impediment to the progress of the case, Court will deny plaintiff's motion.

6. The Court does recognize that conducting a 26(f) conference might well be difficult under the circumstances and will excuse the parties from that step in the discovery process. It will, instead, issue a Final Scheduling Order using the deadlines it normally expects the parties to meet in civil cases, and will expect the parties to promptly commence discovery under that Order.

The Court is confident that if paper discovery is properly pursued, there will be time for such depositions as are necessary when plaintiff is released from incarceration. Should that not prove to be the case, deadlines can be adjusted at that time.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Suspend Proceedings** (document #69) is **denied**.

**IT IS FURTHER ORDERED** that defendants' **Motion To Dismiss For Failure To Prosecute And Comply With The Court's Scheduling Order** (document #70) is **denied**.

**IT IS SO ORDERED.**

                                                          /s/ Jimm Larry Hendren
                                                         **JIMM LARRY HENDREN**
                                                         **UNITED STATES DISTRICT JUDGE**