IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                                                   PLAINTIFF

v.                                                  Civil No. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                                      DEFENDANT

### BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR SANCTIONS

Comes Defendant, University of Arkansas, acting through its undersigned counsel, and submits this Brief in Opposition to Plaintiff's Motion for Reconsideration and For Sanctions. For all of the following reasons, Plaintiff's Motion should be denied in its entirety.

**I.      Plaintiff's Request for Reconsideration Should Be Denied.**

In the initial portion of his pleading, Plaintiff David Stebbins requests the Court to reconsider its ruling denying a stay of this litigation. Plaintiff contends that the jail does not have a law library and that his Rule 26(a) Initial Disclosures are on his computer to which he lacks access. Plaintiff further expresses optimism that he might soon be able to bail out of the jail and then expeditiously proceed with this litigation. For all of the reasons contained in Defendant's Brief in Opposition to Plaintiff's Motion to Suspend Proceedings, the University opposes Plaintiff's request for reconsideration to suspend this case. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Defendant hereby incorporates its Brief in Opposition to Plaintiff's Motion to Suspend Proceedings (and all pleadings incorporated in that document) herein by reference.

In its Order filed on January 27, 2012, the Court addressed the challenges and issues currently facing Plaintiff due to his incarceration and declined to suspend this case. The Court expressly recognized that Plaintiff's incarceration might "make litigation more inconvenient," but not "impossible." In his Motion, Plaintiff offers nothing to change this conclusion. Accordingly, Plaintiff's request for reconsideration should be denied.

## II.     Defendants Properly Served Plaintiff.

Plaintiff does not assign fault to Defendant, but Plaintiff complains that he did not receive "Documents #70, 71, or 72" in the jail. Further, Plaintiff does not request that the Court take any action regarding the fact that Plaintiff did not receive these pleadings. For the record, Defendant affirms that the Motion to Dismiss for Failure to Prosecute and Comply with the Court's Scheduling Order, the Brief in Support of Motion to Dismiss for Failure to Prosecute and Comply with the Court's Scheduling Order, and Defendant's Brief in Opposition to Plaintiff's Motion to Suspend Proceedings were all served in hard copy and in accordance with the Federal Rules of Civil Procedure at the address designated by Plaintiff in his change of address notice filed with the Court. The University lacks any knowledge as to why Plaintiff did not receive these pleadings.

## III.    Plaintiff's Motion for Sanctions Should Be Denied.

In his pleading, Plaintiff contends that "there is one sanctionable offense Defendant definitely committed." Plaintiff appears to believe that Defendant accused of Plaintiff of "simply ignoring" this case based upon the Court's language in its January 27, 2012 Order. Specifically, the Court stated: "Under the circumstances, the Court does not find a basis to dismiss this case for failure to prosecute. There is little reason to believe that plaintiff is simply ignoring the Initial Scheduling Order or defendant['s] e-mails and

has been unable to participate in the 26(f) conference." As a factual matter, Plaintiff's assumption that Defendant "accused" Plaintiff of "simply ignoring" the case is inaccurate and unsupported by a review of the pleadings filed by Defendant.

Regardless, an assertion that a party is "simply ignoring" a case does not rise to a violation of Rule 11 of the Federal Rules of Civil Procedure. Moreover, Plaintiff's request for sanctions must be denied because he failed to comply with the prerequisites required by Rule 11 prior to seeking such relief. In any event, no basis exists in fact or law to support Plaintiff's Motion for Sanctions, and it should be denied in its entirety.

For all of the foregoing reasons, Defendant, University of Arkansas, prays for the Court to deny Plaintiff's Motion for Reconsideration and For Sanctions and to grant Defendant all other relief that the Court deems just and proper.

                                  Respectfully submitted,

                                  By: /s/ T. Scott Varady_____
                                  T. SCOTT VARADY
                                  Arkansas Bar No. 93172
                                  WILLIAM R. KINCAID
                                  Ark. Bar No. 93125
                                  Associate General Counsel
                                  University of Arkansas
                                  421 Administration Building
                                  Fayetteville, AR 72701
                                  Phone: 479-575-5401
                                  E-mail: svarady@uark.edu

                                  and

                                  JEFFREY A. BELL
                                  Arkansas Bar No. 77009
                                  Senior Associate General Counsel
                                  University of Arkansas
                                  2404 N. University Avenue
                                  Little Rock, AR  72207
                                  (501) 686-2515

E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

       I certify that on February 7, 2012, I caused a copy of Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration and For Sanctions with the Court's Scheduling Order, to be served upon David Stebbins, via First-Class U.S. mail at the following address:

David Stebbins
5800 Law Dr.
Harrison, AR  72601

                                          /s/ T. Scott Varady_____
                                          T. Scott Varady
                                          Associate General Counsel