```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                **PLAINTIFF**

            v.           Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and**
**G. DAVID GEARHART, in his**
**Official Capacity as Chancellor**
**of the University of Arkansas,**
**Fayetteville**                                                  **DEFENDANTS**

### O R D E R

Now on this 29th day of February, 2012, comes on for consideration plaintiff's **Motion For Reconsideration And For Sanctions** (document #75), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff alleges in this case that defendants violated his rights under **§ 504** of the **Rehabilitation Act of 1973**. After plaintiff was arrested and incarcerated, he moved the Court to stay his claim.

By Order dated January 27, 2012, the Court declined to stay or administratively terminate the matter, noting that the situation is not appropriate for administrative termination, and that while plaintiff's incarceration might make litigation more inconvenient, it will not be impossible for him to pursue his case. The Court did, however, relieve the parties of the requirement that they conduct a 26(f) conference, and issued a Final Scheduling Order *sua sponte*.

2.   Plaintiff now moves for reconsideration, saying that he

has no way to conduct legal research while incarcerated and that his initial disclosures are on his computer.

The Court is not persuaded that plaintiff is incapable of continuing this litigation due to his incarceration. Given that he instituted this suit on July 12, 2010, it would not be unreasonable to expect that he has done the basic research necessary to conduct discovery. His pleadings suggest that he has done that research.

Moreover, given that plaintiff has already prepared his initial disclosures, but cannot access them because they are on his computer, it is not unreasonable to believe that he knows the categories of information he is required to disclose and the basic information that falls within those categories. In fact, it appears from the docket that he has made at least some initial disclosures. On February 27, 2012, he filed a Certificate of Service stating that he has mailed to defendant "the 26(f) disclosures that I was able to obtain."

Given plaintiff's incarceration, the Court will expect defendants to allow him some leniency to supplement these disclosures, particularly with details such as telephone numbers and addresses of witnesses, upon his release. The Court finds, however, no basis to stay this litigation due to plaintiff's lack of computer access.

3. Plaintiff also contends that he has not been served with documents #70, #71, and #72. Defendants will be directed to re-serve plaintiff with those documents immediately.

4. Finally, plaintiff contends that defendants have violated

**F.R.C.P. 11** by accusing him of "simply ignoring" the case. Defendants point out that this phrase appears in one of the Court's Orders, not in their submissions, to which plaintiff responds that he cannot determine if this is correct until he receives documents #70, #71, and #72.  The Court will deny the request for sanctions at this time, but will allow plaintiff to renew it if he can point out to the Court where the offending phrase occurs in documents #70, #71, and #72.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Reconsideration And For Sanctions** (document #75) is **denied.**

**IT IS FURTHER ORDERED** that defendants re-serve plaintiff with copies of documents #70, #71, and #72, and file a certificate of service indicating such service.

**IT IS SO ORDERED.**

                                     /s/ Jimm Larry Hendren
                                    **JIMM LARRY HENDREN**
                                    **UNITED STATES DISTRICT JUDGE**