U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAR 12 2012
CHRIS R. JOHNSON, CLERK
BY: DEPUTY CLERK

United States District Court for the
Western District of Arkansas

David Stebbins — Plaintiff

vs. Case No. 10-5125

University of AR — Defendant

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Comes now, pro se Plaintiff David Stebbins, who respectfully submits the following motion for leave to file amended complaint.

We have only just now received Defendant's response to my request for production. Therefore, it is not so late as to delay, which I understand is relevant (or maybe I am thinking of non-suits). This evidence was only discovered on March 8, 2012, so it is not reasonable that I should have anticipated it.

It is a breach of contract claim. On April 18, 2007, Defendant alleges, via their discovery, that I "accepted" their "offer" to enroll. My acceptance was manifested, not by not hanging up the phone, but by my signature.

However, their discovery also shows that Monica Holland — their officer — refused to allow me to enroll, and even refused to allow me to appeal her decision. She claimed that I did not meet the "requirements" of my re-enrollment, but as a matter of law, that does

not matter; UA made the ~~offer~~ offer for me to enroll, without stating any further conditions, and I accepted. The "parole evidence rule" trumps their previous "requirements."

The beauty of this amended complaint is that I do not have to prove discriminatory intent, though I still think I can. Contract cases are much easier to win than ~~discovery~~ discrimination cases.

However, I still wish to keep the discrimination case alive so that I can 1) keep the case in federal court, 2) hopefully get punitive damages, and 3) collect from the UA generally, rather than just Monica Holland, as the UA would be immune from this amended complaint.

This reminds me: Monica Holland should be a co-defendant.

For my relief, I request ~~three~~ 4 things:
1. Immediate reinstatement into Defendant's clientel,
2. Reducing tuition to what it would have been if I returned to UA in 2008, rather than 2012,
3. ~~Payment~~ Damages of $50,000 to cover the ~~s~~ student loans Holland caused me.
~~When I be requested immediate reinstat~~
4. ~~For~~ Reinstate my credit so that I may obtain student loans.

When I requested immediate reinstatement, that includes being placed on financial aid, even

though I am now in default on my student loans, since Defendant caused me this default. Somehow, Defendants are just going to have to make it happen, since I can not and should not attend college out of pocket.

When I asked for tuition to be reduced, to accommodate for the breach, that includes financial aid eligibility. If I ever win the lottery and become wealthy, or win any of my other lawsuits, I should still receive the same financial aid as I would have had I re-enrolled when I should have.

In case I am missing anything, I want, generally, to be made whole, including all costs of attending UA, and all costs incurred because of the breach.

Wherefore, I request that this relief be granted.

David Stebbins
David Stebbins
5800 Law Dr.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701