IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                                **PLAINTIFF**

**v.**                                          **Civil NO. 10-5125**

**UNIVERSITY OF ARKANSAS;**
**OFFICE OF THE CHANCELLOR**                                    **DEFENDANT**

<u>**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S RENEWED
MOTION FOR SANCTIONS**</u>

Comes Defendant, University of Arkansas, acting through its undersigned counsel, and submits this Brief in Opposition to Plaintiff's Renewed Motion for Sanctions.

    **I.**     **No Basis Exists in Fact or Law to Support Plaintiff's Renewed Motion For Sanctions.**

In his original effort to obtain sanctions against Defendant, Plaintiff David Stebbins argued "that there is *one sanctionable offense Defendant definitely committed*." (Pl.'s Mot. for Reconsideration and Sanctions at 2-3 (emphasis added).) What was the "*one*" sanctionable offense? According to Plaintiff, the "*one*" sanctionable offense was "accus[ing] [Plaintiff] of 'simply ignoring' the case." (*Id.* at 3.) As noted in Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration and For Sanctions, the Court – not Defendant – utilized the words "simply ignoring" in its Order dated January 27, 2012.

In his Renewed Motion, Plaintiff admits that "Defendant's Motion to Dismiss shows that Defendant did not use the exact words 'simply ignoring' to describe my conduct." Undeterred by this fact, Plaintiff invents a new theory and frivolous argument

to present to this Court by stating: "Reviewing the documents shows a clear implication on Defendant's part of bad faith.  The argument and implication alone are sufficient to trigger FRCP 11."  (Renewed Mot. for Sanctions at 1.)  Plaintiff asserts: "Because Defendant accuse me of bad faith, despite knowing it to be untrue, it has violated the requirement of FRCP 11 by giving an argument that is not well grounded in fact, and should be sanctioned accordingly."  (*Id.* at 1-2.)  Once again, a review of Defendant's Motion to Dismiss for Failure to Prosecute and Comply with the Court's Scheduling Order and its supporting Brief, each of which is hereby incorporated by reference pursuant to Fed. R. Civ. P. 10(c), shows that Defendant did not accuse Plaintiff of acting in "bad faith."  As a factual matter, therefore, no basis exists to support Plaintiff's Renewed Motion.  In further opposition to Plaintiff's Renewed Motion for Sanctions, Defendant hereby incorporates its Brief in Opposition to Plaintiff's Motion for Reconsideration and for Sanctions pursuant to Fed. R. Civ. P. 10(c).

Additionally, in his Motion for Reconsideration and for Sanctions, Plaintiff states that his incarceration began on November 25, 2011.  The reality is that between November 25, 2011, and January 9, 2012, the Court-ordered deadline for the parties to conduct a Rule 26 conference, Plaintiff took no action to notify Defendant that he was unavailable due to his incarceration and to make alternative arrangements to pursue his case.  Instead, Plaintiff *waited* approximately six (6) weeks after his initial incarceration to notify the Court of his change of address to the Boone County jail.  On the deadline established for the Rule 26(f) conference, Plaintiff finally informed the Court of his change of address and sought an indefinite suspension of this case on January 9, 2012.  During that same six week time period, Plaintiff never notified Defendant of the change

of address or his incarceration. Defendant's Motion to Dismiss for Failure to Prosecute and Comply with the Court's Scheduling Order was filed in good faith and was grounded in fact. Plaintiff is unable to demonstrate that Defendant engaged in any conduct that violates Rule 11 as a matter of fact or law, and the Renewed Motion for Sanctions should be dismissed.

## II.  Plaintiff Failed to Comply with the Requirements of Rule 11.

A review of Rule 11 of the Federal Rules of Civil Procedure demonstrates that Plaintiff has failed to meet the requirements to obtain sanctions. First, Plaintiff's Motion for Reconsideration and Sanctions violated the requirement that any motion for sanctions be filed as a separate motion. Fed. R. Civ. P. 11(c)(2). In this instance, Plaintiff impermissibly combined his motion for sanctions with a motion for reconsideration. In his Motion for Reconsideration and Sanctions and his current Renewed Motion, Plaintiff failed to comply with the mandate to serve the opposing party with the motion before filing it with the Court. *Id.* For these reasons alone, the Renewed Motion should be dismissed.

## III.  Plaintiff's Renewed Motion Is Frivolous.

This Court previously entered an Order directing the "parties – including *pro se* parties – to refrain from the use of profanity and name-calling in this litigation, and may be subject to sanctions if they fail to do so." (Order at 4 (Dec. 2, 2010).) Yet, without any factual basis, Plaintiff's Motion for Reconsideration and Sanctions accused Defendant of lying: "Defendant appears to have nonetheless accused me of 'simply ignoring' the case. This is directly violative of Rule 11 of the Federal Rules of Civil Procedure, since it is a lie and they know it." (Pl.'s Mot. for Reconsideration and

Sanctions at 3.)  Plaintiff now renews his motion for sanctions based upon an alleged "clear implication on Defendant's part of bad faith."  In addition to failing to comply with the requirements of Rule 11, Plaintiff's Renewed Motion for Sanctions is frivolous, wholly without merit, and an abuse of the litigation process.

**IV.    Conclusion.**

Plaintiff's assertion that Defendant accused Plaintiff of acting in "bad faith" by "clear implication" is factually erroneous and does not rise to the level of a violation of Rule 11 of the Federal Rules of Civil Procedure.  Moreover, Plaintiff's original motion for sanctions and the current Renewed Motion failed to comply with the requirements of Rule 11.  Finally, no basis exists in fact or law to grant the Renewed Motion, and this pleading is a frivolous abuse of the litigation process.  For all of the reasons presented in this Brief, Plaintiff's Renewed Motion for Sanctions should be denied.  Additionally, the Court should award Defendant its fees and costs for opposing Plaintiff's frivolous motion and order all relief that the Court deems just and proper.

    Respectfully submitted,

    By: /s/ T. Scott Varady
    T. SCOTT VARADY
    Arkansas Bar No. 93172
    WILLIAM R. KINCAID
    Ark. Bar No. 93125
    Associate General Counsel
    University of Arkansas
    421 Administration Building
    Fayetteville, AR 72701
    Phone: 479-575-5401
    E-mail: svarady@uark.edu

    and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I certify that on March 29, 2012, I caused a copy of Defendant's Brief in Opposition to Plaintiff's Renewed Motion for Sanctions to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following address:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601

                                              /s/ T. Scott Varady
                                              T. Scott Varady
                                              Associate General Counsel