IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                                                          PLAINTIFF

v.                                                   Civil NO. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                                         DEFENDANT

### DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

Comes Defendant, University of Arkansas, acting through its undersigned counsel, and submits this Brief in Opposition to Plaintiff's Motion for Leave to File Amended Complaint.

In his Motion, Plaintiff seeks leave to file an amended complaint to add a breach of contract claim. Plaintiff also requests to add Monica Holland as a co-defendant in this litigation without stating any factual basis for any claim against her. In 2007, Dr. Holland served as the Director of the Office of Community Standards and Student Ethics ("OCSSE"), which is now known as the Office of Academic Integrity and Student Conduct ("OAISC"). Dr. Holland is currently the Director of OAISC. In his Motion, Plaintiff acknowledges that, as a matter of law, the University of Arkansas "would be immune from this amended complaint." (Mot. to Amend Compl. at 2.)

At this stage of the litigation, Plaintiff may only amend his Complaint with Defendant's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). As this Court is well aware, leave to amend should be freely granted "when justice so requires." *Id.* By Order dated October 4, 2010, this Court granted Plaintiff 45 days leave to file an amended complaint. On October 7, 2010, Plaintiff filed an Amended Complaint alleging

1

violations of Section 504 of the Rehabilitation Act, the First Amendment (against the Office of Chancellor G. David Gearhart), and employment discrimination. On November 23, 2010, Plaintiff filed another Motion to Amend Complaint. By Order dated December 2, 2010, the Court denied Plaintiff's Motion to Amend Complaint. By Order dated May 19, 2011, the Court dismissed Plaintiff's First Amendment and employment discrimination claims, and allowed the Rehabilitation Act claim to survive. Now, Plaintiff seeks to add a breach of contract claim and to add Dr. Holland as a co-defendant on unspecified grounds.

Defendant opposes Plaintiff's motion for leave to amend. In his Motion, Plaintiff acknowledges that Defendant is immune from any breach of contract claim. Plaintiff provides no justification or basis to add Dr. Holland as a defendant in this action, but viewed in the most favorable light to Plaintiff, he appears to assert that she is somehow involved in the alleged breach of contract. Under any interpretation of Plaintiff's Motion, there is no suggestion that Dr. Holland individually entered into any contract with Plaintiff. Instead, Plaintiff appears to claim that Dr. Holland acted in her official capacity as a University employee in the purported breach of contract. Under any scenario, Plaintiff appears to assert a breach of contract against the University. Plaintiff, however, concedes that the University is immune from such a claim. For all of these reasons, the proposed amendment would be futile and should be denied as a matter of law. *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000).

Moreover, Plaintiff's request for leave is untimely. Plaintiff is well aware of all of the events that happened to him at the University dating back to the fall semester of 2007. The allegations presented in the Motion directly involved Plaintiff, and Plaintiff

had every opportunity to present any claims relating to those alleged facts on two occasions – his original Complaint and his Amended Complaint.  Justice is not served by permitting Plaintiff to add a futile claim or one that he should have asserted, if at all, from the outset of this case.

Granting Plaintiff leave to amend would be prejudicial to Defendant.  Specifically, a breach of contract claim would require Defendant to file another motion to dismiss based upon the sovereign immunity clause of the Arkansas Constitution and the public official immunity statute.  This would delay this case and result in a waste of judicial resources as well as Defendant's resources.  Plaintiff's desire to add a breach of contract claim appears to be an afterthought without basis in fact or law.  No justifiable grounds support Plaintiff's request, and he does not identify any in his Motion.

For all of the foregoing reasons, the Motion for Leave to File Amended Complaint should be denied in its entirety, and the Court should award all relief it deems just and proper to the University of Arkansas.

        Respectfully submitted,

        By: /s/ T. Scott Varady
        T. SCOTT VARADY
        Arkansas Bar No. 93172
        WILLIAM R. KINCAID
        Ark. Bar No. 93125
        Associate General Counsel
        University of Arkansas
        421 Administration Building
        Fayetteville, AR 72701
        Phone: 479-575-5401
        E-mail: svarady@uark.edu

        and

        JEFFREY A. BELL

                                    Arkansas Bar No. 77009  
                                    Senior Associate General Counsel  
                                    University of Arkansas  
                                    2404 N. University Avenue  
                                    Little Rock, AR  72207  
                                    (501) 686-2520  
                                    E-mail: jbell@uasys.edu  

                                    COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I certify that on March 29, 2012, I caused a copy of Defendant's Brief in Opposition to Plaintiff's Motion for Leave to File Amended Complaint to be served upon Plaintiff via First-Class U.S. Mail at the following address:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601

                                                      /s/ T. Scott Varady
                                                      T. Scott Varady
                                                      Associate General Counsel