UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID A. STEBBINS**                                                               **PLAINTIFF**

vs.                                    Civ. No. 10-5125

**UNIVERSITY OF ARKANSAS**                                **DEFENDANTS**

## REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Defendant's response to my motion to compel discovery.

Defendant claims that my discovery request falls outside the course and scope of allowable discovery. However, they did not raise this objection within the original 30-day time frame to raise objections, as set forth in FRCP 33(b)(2). For that reason alone, their objection should be disregarded by the court; see FRCP 33(b)(4) ("Any ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

Furthermore, Defendant's objection is frivolous. Defendant argues that this objection goes beyond the course and scope of discovery, but the scope of discovery is rather broad. The scope of discovery is set by FRCP 26(b)(1):

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

With such a broad scope, just about anything can be discovered, unless the law

specifically says that it cannot be discovered. Instead, Defendant invents a new grounds for objection to a discovery request, and provides no legal authority in support of their ground.

My interrogatory plainly falls under the broad scope of what is discoverable, and thus, Defendant's objection should be disregarded by the Court.

Wherefore, premises considered, I respectfully request that the motion to compel discovery be granted.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W Ridge
APT D
Harrison, AR 72601

7270185353

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701