U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
APR 0 4 2012
CHRIS R. JOHNSON, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                               PLAINTIFF

vs.                             Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                DEFENDANTS

### REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Defendant's response to my motion for leave to file amended complaint.

Defendant makes only one argument for why the motion should be denied: Holland would also be immune from suit, under an alleged "public official immunity statute." Upon doing some research, it appears as if Defendant is talking about A.C.A. § 19-10-305(a). Said statute states the following:

> "Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment."

There is, however, one portion of that statute that gives me a chance to seek justice against Defendant: "other than malicious acts or omissions." All I have to do, at that point, is prove that Monica Holland *knew* about the contract's existence, and simply did not care about it. If I can do that, I can recover against Holland. For that reason, the motion for leave to file amended complaint should be granted, giving me the chance to get my case in the door.

Defendant also makes some kind of garbled argument about how I knew about everything that happened, or something like that. It appears as if Defendant is arguing the statute of limitations. This, however, is a frivolous Defense. The fact that, even to this day, Defendant has not complied with the contract entitles me to the use of the continuing violations doctrine, the

very doctrine which enabled me to survive the statute of limitations on my *discrimination* claim.

Defendant argues that I was aware of all the UA-related events that happened to me, but I deny that claim. I was not aware of this contract until I had received Defendant's response to my request for production of documents. Defendant's claim that I had knowledge of this incident lacks any evidence to support it, and for that reason, the motion for leave to file amended complaint should be granted, to give the parties an opportunity to *collect* said evidence.

Wherefore, premises considered, I respectfully request that the motion for leave to file amended complaint be granted.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W Ridge
APT D
Harrison, AR 72601

7270185353

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

