U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**APR 16 2012**

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                          **PLAINTIFF**

vs.                                    **Civ. No. 10-5125**

UNIVERSITY OF ARKANSAS                                     **DEFENDANTS**

## MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion to compel discovery.

Pursuant to FRCP 37(a)(1), I certify that I have attempted to resolve this discovery dispute with Defense counsel, but they have refused to provide this information.

Defendant has raised many frivolous objections, and has also failed to supplement their responses to my previous discovery requests, which are now incomplete due to the new discovery requests. I ask that the Court instruct Defendant to fully comply with the discovery requests.

I cannot come to the Court in person to discuss any questions the Court may have about the discovery dispute, since I do not have an automobile. If the Court is not willing to come to Harrison (I am within walking distance of the Harrison federal courthouse), then any live discussion of this dispute must be by telephone; if Defense counsel is not present in the Courtroom at the time, Defense counsel must be responsible for initiating the call, as I do not have three-way calling.

Please find enclosed the following exhibits:

**Exhibit A**:  Defendant's Response to my First Set of Interrogatories.

**Exhibit B**:  Defendant's Response to my Second Request for Admissions.

**Exhibit C**:  Defendant's Response to my Second Set of Interrogatories.

**Exhibit D**:  Defendant's Response to my Second set of Requests for Production.

     Wherefore, premises considered, I respectfully request that Defendant be instructed to provide full and complete discovery on these issues.

David Stebbins

*David S Stebbins*

123 W. Ridge St.,
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

**CERTIFICATE OF SERVICE**

Defense counsel was served with this document by allowing them to view it on ECF.

*David S Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

*Exh. A*

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                                **PLAINTIFF**

**v.**                                                  **Civil NO. 10-5125**

**UNIVERSITY OF ARKANSAS;**
**OFFICE OF THE CHANCELLOR**                                                 **DEFENDANT**

### DEFENDANT'S RESPONSES TO PLAINTFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting by and through its undersigned counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and submits these Responses to Plaintiff's Interrogatories and Requests for Production of Documents.

1.    <u>INTERROGATORY NO. 1</u>:  Please provide an exhaustive and thorough set of explanations for why you denied everything you denied, and raised every defense you raised, in your answer, including why you think it is wrong, what you believe the truth to be, and any other details you can think of.

<u>RESPONSE TO INTERROGATORY NO. 1</u>:  Objection.  Defendant objects to Interrogatory No. 1 because it invades the attorney-client communication and the attorney work product privileges.  Defendant further objects because Interrogatory No. 1 is misleading, overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the Interrogatory is misleading, vague and ambiguous as to the specific pleadings being referenced and the specific information being sought.  The Interrogatory is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory seeks information

regarding claims that have been dismissed by the Court. Additionally, assuming that Plaintiff is referring to Defendant's Answer to the Amended Complaint (filed by Plaintiff on October 7, 2010), the Interrogatory exceeds the permissible number of interrogatories, including discrete subparts, under Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the foregoing objections and assuming that Interrogatory No. 1 is referring to Defendant's Answer to the Amended Complaint (filed by Plaintiff on October 7, 2010), Defendant denied certain allegations or portions of allegations because of the requirements of Fed. R. Civ. P. 8(b), and Defendant hereby incorporates the text of Rule 8(b) herein by reference. In certain instances, Defendant lacked sufficient information to admit or deny Plaintiff's allegations, and Defendant, therefore, denied such allegations or parts of allegations because of the requirements of Fed. R. Civ. P. 8(b). In general, Defendant denied Plaintiff's claims of discrimination because they are untrue.

As characterized by the Court's Order on Defendant's Motion to Dismiss on May 19, 2011, the sole surviving claim is Plaintiff's assertion of disability discrimination under Section 504 of the Rehabilitation Act because the University allegedly failed "in 2010 to allow [Plaintiff] to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability." In response to Plaintiff's Interrogatory and without waiving its objections, Defendant states as follows. Defendant denies that it violated Plaintiff's legal rights at all, including under the Rehabilitation Act, for many reasons, including, but not limited to, the following:

(A) As a matter of law, Plaintiff is not entitled to the protection of the Rehabilitation Act because he presented a direct threat to the University community on December 5, 2007 (when he was suspended on an interim basis based upon his repeated threats and

conduct, including: Plaintiff's December 3, 2007, threat to cut his father's forehead; to use his father's blood to write a "letter of forgiveness"; to videotape the attack and post it on YouTube; Plaintiff's repeated threats to commit another "Virginia Tech incident" at UAF if he didn't get an immediate doctor's appointment and if he was suspended on an interim basis; Plaintiff's repeated threats of suicide if he was suspended on an interim basis; and Plaintiff's threats to physically attack UAPD's Lt. Vance Rice in hopes that Lt. Rice to shoot and kill Plaintiff); on January 10, 2008 (when Plaintiff's interim suspension was reviewed and the All-University Judicial Board found Plaintiff responsible for violating Rules 1, 8, and 35 of the Code of Student Life based upon Plaintiff's multiple threats to commit another "Virginia Tech incident" on campus, Plaintiff's threats to commit suicide, and Plaintiff's verbalized plan to cut up his father); and on June 13, 2010 (when Plaintiff sent a threatening and profanity-filled email to Chancellor G. David Gearhart as an "individual" and demanded, within a matter of 16 hours, that the Chancellor remove Plaintiff's suspension, override of any of Plaintiff's debts to the University, and readmit Plaintiff to the University, in Plaintiff's words "on the spot, no applications, no fucking interviews, no jack shit").

(B)  As a result of Plaintiff's violations of the Code of Student Life, the All-University Judicial Board *suspended* Plaintiff solely for the spring, 2008 semester, and Plaintiff was permitted to re-enroll for the fall, 2008, semester subject to complying with certain conditions, including: (i) obtaining counseling; and (ii) continuing counseling upon returning to campus; and (iii) permitting campus officials to consult with Plaintiff's mental health providers to determine whether Plaintiff should be permitted

to re-enroll and to continue monitoring Plaintiff's progress after returning to campus. Plaintiff did not comply with these requirements and was not eligible to return to campus when Plaintiff sent a threatening email to Chancellor Gearhart on June 13, 2010. The University was not required to allow Plaintiff to re-enroll until Plaintiff complied with the AUJ's judicial sanctions.

(C) The University reviewed Plaintiff's June 13, 2010 email, in consultation with the University of Arkansas Police Department, and the email was determined to constitute a threat to the safety of Chancellor Gearhart and the University community. Therefore, UAPD issued a criminal trespass warning against Plaintiff for a period of one year. UAPD advised Plaintiff, however, that he could come to campus by working with UAPD. Plaintiff, therefore, presented a direct threat and was not entitled to the protection of the Rehabilitation Act for sending a threatening email to Chancellor Gearhart.

(D) During his January 10, 2007, judicial hearing, the audio recording demonstrates that Plaintiff admitted to making the "Virginia Tech" threats and claimed that his conduct should be excused because he has Asperger's Syndrome. A direct threat is not protected by the Rehabilitation Act. To the extent that Plaintiff alleges that he made a request for accommodations that was denied, Defendant did not deny any requests for accommodations. Additionally, to the extent Plaintiff alleges that any request was denied, Defendant states that Plaintiff did not make the request in advance of the need for the accommodation. Moreover, as a matter of law, Defendant states that Plaintiff failed to exhaust administrative remedies because he failed to follow the University's policy for challenging the denial of a requested accommodation by filing a grievance

4

under the "UA 504/ADA Student Grievance Procedure."  Accordingly, Plaintiff's

discrimination claim is barred as a matter of law.

(E) As a matter of law, Plaintiff's unilateral demand to be re-enrolled at the University

and to have his student account eliminated does not state a legal claim upon which

relief may be granted.

(F) On December 5, 2007, when Plaintiff repeatedly threatened another "Virginia Tech"

incident, threatened to commit suicide, threatened to attack a UAPD officer, and

threatened to cut up his father (on December 3, 2007), Plaintiff was taking his

medications and had not been off them.

(G) Plaintiff did not exhaust his administrative remedies at the University with regard to

any alleged denial of any reasonable accommodation.  The University maintains a

policy for students to grieve the denial of any accommodations under the ADA.

Plaintiff never filed a grievance for the alleged denial of any accommodations.

In support of this response, Defendant incorporates by reference all documents being produced in

response to Plaintiff's Requests for Production.  Defendant further invokes Fed. R. Civ. P. 33(d)

in response to Interrogatory No. 1 and directs Plaintiff to all records being produced in response

to Plaintiff's Requests for Production.

      2.    <u>INTERROGATORY NO. 2</u>:  Please provide an exhaustive and thorough set of

explanations for why you denied everything you denied in your response to my requests for

admissions, including all the details requested above.

      <u>RESPONSE TO INTERROGATORY NO. 2</u>:  Objection.  Defendant objects to

Interrogatory No. 2 because it invades the attorney-client communication and attorney work

product privileges.  Defendant further objects because Interrogatory No. 2 is duplicative,

misleading, overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Interrogatory is misleading, vague and ambiguous as to the specific aspects of Defendant's responses to Plaintiff's Requests for Admissions and the specific information now being sought. In fact, Plaintiff made this request prior to receiving Defendant's responses. The Interrogatory is duplicative, unduly burdensome and overly broad because Defendant explained the basis for its denials in its Responses to Plaintiff's Requests for Admissions. Additionally, as presented, this Interrogatory exceeds the permissible number of interrogatories, including discrete subparts, under Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the foregoing objections, Defendant denied portions of Plaintiff's Requests for Admissions because of the requirements of Fed. R. Civ. P. 36, and Defendant hereby incorporates the text of Rule 36 herein by reference. In certain instances, Defendant lacked sufficient information to admit or deny Plaintiff's allegations, and Defendant, therefore, denied such allegations or parts of allegations because of the requirements of Rule 36. In general, Defendant denied portions of Plaintiff's Requests for Admissions because the statements or characterization of certain matters are inaccurate and/or untrue.

Pursuant to Fed. R. Civ. P. 10(c), Defendant hereby incorporates Defendant's Responses to Plaintiff's Requests for Admissions herein in response to Interrogatory No. 2. Defendant further invokes Fed. R. Civ. P. 33(d) in response to Interrogatory No. 2 and directs Plaintiff to all records being produced in response to Plaintiff's Requests for Production. Additionally, Defendant incorporates its Response to Interrogatory No. 1 herein by reference.

3.      <u>INTERROGATORY NO. 3</u>: Please provide an exhaustive and thorough set of explanations for why you did all the things you admit to doing\*, including why you thought you

could get away with them. (*also, why you didn't do everything you didn't do, like accommodate my disability.)

RESPONSE TO INTERROGATORY NO. 3:  Objection.  Defendant objects to Interrogatory No. 3 because it invades the attorney-client communication and attorney work product privileges.  Defendant further objects because Interrogatory No. 3 is misleading, overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the Interrogatory is misleading, vague and ambiguous because it is unclear what information Plaintiff is seeking or the basis for it.  The Interrogatory is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory requires Defendant to speculate as to what Plaintiff seeks.  Further, the Interrogatory effectively exceeds the permissible number of interrogatories, including discrete subparts, under Fed. R. Civ. P. 33(a)(1) by requiring Defendant to respond to an unlimited number of aspects of each Response to Plaintiff's Requests for Admissions.

Subject to and without waiving any of the foregoing objections, Defendant admitted portions of Plaintiff's Requests for Admissions because of the requirements of Fed. R. Civ. P. 36, and Defendant hereby incorporates the text of Rule 36 herein by reference.  In general, Defendant admitted certain portions of Plaintiff's Requests for Admissions because the information contained in the specific request was true or correct.

Pursuant to Fed. R. Civ. P. 10(c), Defendant hereby incorporates Defendant's Responses to Plaintiff's Requests for Admissions herein in response to Interrogatory No. 3.  Defendant further invokes Fed. R. Civ. P. 33(d) in response to Interrogatory No. 3 and directs Plaintiff to all records being produced in response to Plaintiff's Requests for Production.  Additionally,

Defendant incorporates its Response to Interrogatory Nos. 1 and 2 herein by reference.

Defendant denies that it failed to accommodate Plaintiff's disability. Defendant denies trying to

"get away" with anything.

RESERVATION OF RIGHTS AND SUPPLEMENT TO DEFENDANT'S INITIAL

DISCLOSURES: Defendant affirmatively reserves the right to supplement the foregoing

responses and produce additional documents as permitted by the Federal Rules of Civil

Procedure. The foregoing responses shall also supplement Defendant's Initial Disclosures.

Nothing contained in Defendant's Responses to Plaintiff's Interrogatories shall be deemed,

construed or operate as an admission of liability in this case, and all of Plaintiff's allegations of a

violation of any law, including, without limitation, the Rehabilitation Act, are denied.

**RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

1.    REQUEST FOR PRODUCTION NO. 1: Please submit all documents you have

on file where my name appears, especially CEA records, disciplinary records, and all the audio

recordings of the Jan. 6, 2008 hearing, as well as a written transcript of it.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1: Defendant is

producing the enclosed records in response to Production Request No. 1. Defendant states,

however, the All-University Judicial Board created an audio recording of Plaintiff's judicial

hearing on January 10, 2008. A copy of a CD-R containing the audio recording of the hearing is

included herein. A written transcript, however, is not kept at judicial hearings. Defendant

objects to Production Request No. 1 to the extent Plaintiff seeks records protected by the

attorney-client communication and work product privileges. Subject to and without waiving any

8

of the foregoing objections, Defendant is producing the enclosed records in response to Production Request No. 1.

2.    <u>REQUEST FOR PRODUCTION NO. 2</u>:  Please submit all documents which verify the factual accuracy of all your answers to my requests for admissions, interrogatories, and your Answer.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>:  Objection.  Defendant objects to Production Request No. 2 to the extent Plaintiff seeks records protected by the attorney-client communication and work product privileges.  Defendant further objects to Request for Production No. 2 as vague, ambiguous, unduly broad, and overly burdensome. Production Request No. 2 is an ill-defined, catch-all request that does not provide sufficient specificity to enable Defendant to respond in a reasonable manner.

Subject to and without waiving any of the foregoing objections, Defendant is producing the enclosed records in response to Production Request No. 2.  Additionally, pursuant to Fed. R. Civ. P. 10(c), Defendant hereby incorporates Defendant's Initial Disclosures (including, but not limited to, all records produced as part of Defendant's Initial Disclosures at any time), Defendant's Responses to Plaintiff's Interrogatories, and Defendant's Answer (including all attachments thereto).

<u>RESERVATION OF RIGHTS AND SUPPLEMENT TO DEFENDANT'S INITIAL DISCLOSURES</u>:  Defendant affirmatively reserves the right to supplement the foregoing responses as permitted by the Federal Rules of Civil Procedure.  The foregoing responses shall also supplement Defendant's Initial Disclosures.  Nothing contained in Defendant's Responses to Plaintiff's Production Requests shall be deemed, construed or operate as an admission of liability

9

in this case, and all of Plaintiff's allegations of a violation of any law, including, without

limitation, the Rehabilitation Act, are denied.

Respectfully submitted,

By: _____

T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Ark. Bar No. 93125
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR 72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on March 7, 2012, I caused a copy of Defendant's Responses to Plaintiff's Interrogatories and Requests for Production of Documents, to be served upon David Stebbins, via Federal Express at the following addresses:

David Stebbins
5800 Law Drive
Harrison, AR 72601

T. Scott Varady
Associate General Counsel

*Exh. B*

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                      **PLAINTIFF**

**v.**                                      **Civil NO. 10-5125**

**UNIVERSITY OF ARKANSAS;**
**OFFICE OF THE CHANCELLOR**                              **DEFENDANT**

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## SECOND REQUEST FOR ADMISSIONS

1.      <u>SECOND REQUEST FOR ADMISSION NO. 1</u>:  In my e-mail to David Gearhart, I threatened to do nothing to him except sue.

       <u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 1</u>:  Defendant denies request for Admission No. 1.

2.      <u>SECOND REQUEST FOR ADMISSION NO. 2</u>:  The CEA told me that they cannot change UA policy to accommodate by disability

       <u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 2</u>:  Defendant denies request for Admission No. 2.

3.      <u>SECOND REQUEST FOR ADMISSION NO. 3</u>:  Because of Admission #2, it would have done no good to requests that UA staff be patient with what I say; it would only have been denied.

       <u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 3</u>:  Defendant denies request for Admission No. 3.

4.      <u>SECOND REQUEST FOR ADMISSION NO. 4</u>:  I did not know of the means of appealing denials of accommodations.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 4:  Defendant denies request for Admission No. 4.

5.    SECOND REQUEST FOR ADMISSION NO. 5:  In admission #1, it was the litigation threat that you considered to be a threat to his "safety."

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 5:  Defendant denies request for Admission No. 5.

6.    SECOND REQUEST FOR ADMISSION NO. 6:  At the AUJ hearing, I requested that the UA be patient with what I say.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 6:  Defendant denies request for Admission No. 6 and states that the audio recording of the AUJ hearing speaks for itself.

7.    SECOND REQUEST FOR ADMISSION NO. 7:  I repeatedly said that I have no intentions of hurting anyone, at AUJ.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 7:  Defendant denies request for Admission No. 7 and states that the AUJ recording of the hearing speaks for itself.

8.    SECOND REQUEST FOR ADMISSION NO. 8:  At AUJ, I thoroughly explained that my mentioning of the Virginia Tech threat was simply worded wrong, and that, without Asperger's, I likely would have known how to word it in a way that did not sound threatening.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 8:  Defendant denies request for Admission No. 8 and states that the audio recording of AUJ hearing speaks for itself.

2

9.    <u>SECOND REQUEST FOR ADMISSION NO. 9</u>: The AUJ accepted the truth of Admissions #7-8.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 9</u>:  Defendant denies request for Admission No. 9.

10.    <u>SECOND REQUEST FOR ADMISSION NO. 10</u>:  AUJ could have implemented the accommodation spoken of in Admission #6, when passing judgment on my guilt.  They did not.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 10</u>:  Defendant denies request for Admission No. 10.

11.    <u>SECOND REQUEST FOR ADMISSION NO. 11</u>:  I have a first amendment right to cuss.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 11</u>:  Defendant admits that Plaintiff claims that he has a "right to cuss" under the First Amendment.

12.    <u>SECOND REQUEST FOR ADMISSION NO. 12</u>:  I am not required to be generally civil, not even to the chancellor of the UA.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 12</u>:  Defendant admits that Plaintiff claims that he is "not required to be generally civil," including to the Chancellor of the University of Arkansas.

13.    <u>SECOND REQUEST FOR ADMISSION NO. 13</u>: I had no means of knowing, prior to your response to my Interrogatories, that you banned me from campus <u>because</u> you considered my e-mail to Gearhart a threat.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 13</u>:  Defendant denies request for Admission No. 13.

14.    SECOND REQUEST FOR ADMISSION NO. 14:  Cuss words, alone, do not constitute a threat.

RESPONSE TO SECOND REQUEST FOR ADMISSON NO. 14:  Defendant admits that Plaintiff claims "[c]uss words, alone, do not constitute a threat."

15.    SECOND REQUEST FOR ADMISSION NO. 15:  Even cussing someone out does not necessarily constitute a threat.

REPONSE TO SECOND REQUEST FOR ADMISSION NO. 15:  Defendant denies request for Admission No. 15.

16.    SECOND REQUEST FOR ADMISSION NO. 16:  At AUJ, the Board accused me of using my Asperger's as a "crutch," and pinned the burden of proof on that issue on me.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 16:  Defendant denies request for Admission No. 16.

17.    SECOND REQUEST FOR ADMISSION NO. 17:  Prior to the events of December 5, 2007, nothing in my life had happened that even remotely suggested that something as serious as those incidents would occur.  It is therefore understandable that I did not think to ask for this accommodations before the need for it arose.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 17:  Defendant denies request for Admission No. 17.

18.    SECOND REQUEST FOR ADMISSION NO. 18:  Since this incident, I have, indeed, made the request that those bound by disability discrimination laws "be patient with what I say."

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 18:  Defendant denies request for Admission No. 18.

4

19.    SECOND REQUEST FOR ADMISSION NO. 19:  You receive federal financial assistance as a whole, primarily by taking FAFSA for students.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 19:  Defendant admits that it receives federal funds, but denies the remaining portions of Plaintiff's request for Admission No. 19.

20.    SECOND REQUEST FOR ADMISSION NO. 20:  You and I entered into a written contract on April 18, 2009 where I accepted your offer to enroll.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 20:  Defendant denies request for Admission No. 20.

21.    SECOND REQUEST FOR ADMISSION NO. 21:  The contract did not state any conditions for my enrollment, nor did it incorporate the previous AUJ by reference.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 21: Defendant denies that it entered into any contract with Plaintiff and thus denies request for Admission No. 21.

22.    SECOND REQUEST FOR ADMISSION NO. 22;  Despite Admissions #20 & 21, I was not allowed to re-enroll.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 22:  Defendant denies request for Admission No. 22 and affirmatively states that Plaintiff failed to comply with the sanctions issued by the AUJ.

23.    SECOND REQUEST FOR ADMISSION NO. 23:  You did not tell me specifically which of the AUJ's requirements I did not meet, even to this day.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 23:  Defendant denies request for Admission No. 23.

24.    <u>SECOND REQUEST FOR ADMISSION NO. 24</u>:  I had obtained the counseling demanded by the UA.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 24</u>:  Defendant admits that Plaintiff was required to obtain counseling as part of his sanctions as issued by the AUJ, but denies that Plaintiff successfully completed any such counseling as stated by Plaintiff's counselor.

25.    <u>SECOND REQUEST FOR ADMISSION NO. 25</u>:  Before my AUJ hearing, I had obtained in-patient therapy at Vista Health in Fort Smith, AR.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 25</u>:  Defendant admits that Plaintiff received treatment at Vista Health in Fort Smith, AR.

26.    <u>SECOND REQUEST FOR ADMISSION NO. 26</u>:  I checked in that place on December 6, 2007 and was discharged on December 9, 2007.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 26</u>:  Defendant denies request for Admission No. 26 and affirmatively states that according to the record, Plaintiff was admitted to Vista Health in Fort Smith, AR on December 6, 2007 and discharged on December 11, 2007.

27.    <u>SECOND REQUEST FOR ADMISSION NO. 27</u>:  The reason for my discharge was because the doctors found that the entire situation was a misunderstanding, and that I am a danger to no one.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 27</u>:  Defendant denies request for Admission No. 27.

28.    <u>SECOND REQUEST FOR ADMISSION NO. 28</u>:  I brought this to the attention of the AUJ, at the Jan. 10, 2008 hearing.

6

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 28: Defendant denies request for Admission No. 28.

29.     SECOND REQUEST FOR ADMISSION NO.29: The AUJ had no evidence to refute the expert opinion spoken of in Admission #27.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 29: Defendant denies request for Admission No. 29.

30.     SECOND REQUEST FOR ADMISSION NO. 30: After being suspended, I obtained the counseling the AUJ demanded at Ozark Guidance in Springdale.

RESPONSE TO SECOND REQUEST FOR ADMISSON NO. 30: Defendant admits that Plaintiff sought counseling at Ozark Guidance as part of the sanctions as issued by the AUJ, but denies that Plaintiff successfully completed the counseling or fulfilled all of his sanctions that were a prerequisite to re-enrolling for the fall, 2008 semester.

31.     SECOND REQUEST FOR ADMISSION NO. 31: The therapist, after seeing an improvement in my mood and attitude after buying tickets to a professional wrestling event, diagnosed that the best and easies "treatment" for my condition is just … me being happy.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 31: Defendant denies request for Admission No. 31.

32.     SECOND REQUEST FOR ADMISSION NO. 32: I never had a problem with any classes at your school. In fact, the teachers and classmates all liked me!

RESPONSE TO SECOND REQUEST FOR ADMISSON NO. 32: Defendant admits that Plaintiff claims that he "never had a problems with any classes" at the University and that his "teachers and classmates all liked" him.

7

33.    SECOND REQUEST FOR ADMISSION NO. 33:  I have no background in martial arts.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 33:  Defendant admits that Plaintiff claims to have "no background in martial arts."

34.    SECOND REQUEST FOR ADMISSION NO. 34:  I never attempted to kill anyone in my life (note: my current felony charges do not count, because I can prove that I am innocent of them).

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 34:  Defendant denies request for Admission No. 34.

35.    SECOND REQUEST FOR ADMISSION NO. 35:  I never attempted suicide once in my life.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 35:  After reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny request for Admission No. 35, and therefore, denies the same.  Defendant affirmatively states that Plaintiff threatened suicide multiple times.

36.    SECOND REQUEST FOR ADMISSION NO. 36:  The only time I ever attacked anyone with any kind of weapon, I was A) a minor, and thus of unsound legal judgment, and B) attempting to protect my aunt, a defenseless elderly, meaning that, even if I went overboard with my reaction, my heart was in the right place.

RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 36:  After reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny request for Admission No. 36, and therefore, denies the same.

8

37.    <u>SECOND REQUEST FOR ADMISSION NO. 37</u>:  My desire to use my father's blood to sign a contract was constructed in such a way as to make me legally blameless. Namely, I wanted my father to cut <u>himself</u> and <u>allow</u> me to use his blood for the signature.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 37</u>:  After reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny request for Admission No. 37, and therefore, denies the same.

38.    <u>SECOND REQUEST FOR ADMISSION NO. 38</u>:  Vance Rice of the UAPD admitted at the AUJ that he <u>did not feel threatened</u> by me, when I proposed attacking him.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 38</u>:  Defendant admits that Plaintiff threatened Lieutenant Vance Rice of UAPD at the AUJ hearing and denies the remaining portions of request for Admission No. 38.

39.    <u>SECOND REQUEST FOR ADMISSION NO. 39</u>:  Since 1) I have a history of <u>NOT</u> following up on any of my illegal threats, 2) the emotions I was feeling at the time were negative, 3) and expert diagnosed that negative feeling cause my Aspergers to flair, and 4) you have no evidence to refute the experts claim, this means that being patient with what I say (as opposed to what I do) is a perfectly valid reasonable accommodation.

<u>RESPONSE TO SECOND REQUEST FOR ADMISSION NO. 39</u>:  Defendant denies request for Admission No. 39.

Defendant reserves the right to supplement or modify these responses as permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,

By: _____

T. SCOTT VARADY
Arkansas Bar No. 93172

9

WILLIAM R. KINCAID
Ark. Bar No. 93125
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on April 10, 2012, I caused a copy of Defendant's Responses to Plaintiff's Second Request for Admissions to be served upon David Stebbins via First-Class U.S. mail at the following address:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601

T. Scott Varady
Associate General Counsel

11

*Exh. C*

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                     **PLAINTIFF**

**v.**                          **Civil NO. 10-5125**

**UNIVERSITY OF ARKANSAS;**
**OFFICE OF THE CHANCELLOR**                    **DEFENDANTS**

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## THIRD SET OF INTERROGATORIES

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting by and through its undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure and submits these Responses to Plaintiff's Third Set of Interrogatories.

INTERROGATORY NO. 1:  Provide and exhaustive and thorough set of specific explanations for all of the "reasonable inquiries" you claim you made when claiming lack of knowledge to my requests.  Include such details as … what inquiries were made?  Who made them?  When were they made: to whom were the inquiries directed?  What was the outcome of each inquiry?  What method of communication was used?  And so on and so forth.

RESPONSE TO INTERROGATORY NO. 1:  Objection.  Defendant objects to Interrogatory No. 1 as an invasion of the attorney-client communication privilege and the attorney work product doctrine.  The various questions comprising Interrogatory No. 1 require the disclosure of privileged information, and Defendant objects.  Defendant responded to Plaintiff as required by the Federal Rules of Civil Procedure.  Defendant further objects to Interrogatory No. 1 as irrelevant, vague, ambiguous, redundant, improper and harassing.  Defendant responded to Plaintiff's first set of requests for admissions consistent with the Federal

1

Rules of Civil Procedure.  The interrogatory is unclear and does not reference any specific request for admission.  Plaintiff is apparently seeking to utilize the discovery process for the improper purposes of harassing and annoying Defendant.  Accordingly, Defendant objects.

Without waiving any of its foregoing objections or any privileges, Defendant states that any information relating to the specific requests for admissions are within Plaintiff's knowledge or records.  For example, Plaintiff knows or should know the amount of Plaintiff's total student loan debt as referenced in Request for Admission No. 16 in Plaintiff's First Set of Requests for Admissions.  Defendant does not possess or have such information.  In response to all of Plaintiff's requests for admissions, Defendant's officials cooperated with Defendant's counsel and provided any necessary information to respond to each request to the extent possible.

INTERROGATORY NO. 2:  As I review your responses to my request for productions [sic], I am noticing a lot of interesting things.  Namely, A) a contract where I accepted the UA's offer to enroll, dated 04/18/2007.  See bates stamped UA000007.  B) My medical records at Ozark Guidance, showing that I had completed the required therapy, and C) emails from Monica Hollands [sic] stating that, despite, the previous two, I may not re-enroll.

For my sixth interrogatory, I want an exhaustive and thorough explanation for why Hollands [sic] did this.  Furthermore, if she – representing Defendant – did not think I met the requirements, why was I given a contract to re-enroll?

RESPONSE TO INTERROGATORY NO. 2:  Objection.  Defendant objects to Interrogatory No. 2 as vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence and this has been asked and answered.  Subject to and without waiving any of the foregoing objections, Defendant denies that it entered into any contract of any nature with you.  The document referenced in Interrogatory No. 2, UA000007 is a standard "Confirmation of

2

Intent to Enroll" form.  Plaintiff's expression of intent to enroll in the University did not form a

contract between the University and Plaintiff.  In response to Interrogatory No. 2 and pursuant to

Fed. R. Civ. P. 10(c), Defendant incorporates by reference its responses to Plaintiff's

Interrogatories and Requests for Production of Documents (including, without limitation, all

documents produced).  Specifically, Defendant incorporates, among all other responses, its

response to Interrogatory No. 1 and subparagraphs (A) through (G).  Further, in a memorandum

dated May 13, 2008, Dr. Monica Holland documented that Plaintiff's counselor, Ms. Carla

Brown, Licensed Social Worker for Ozark Guidance Center, stated that Plaintiff failed to

complete his treatment.  Ms. Brown further stated that, in her assessment, Plaintiff could not

return to the academic environment at the University because, in part, he failed to complete his

treatment.  (*See* UA000247-UA000248.)  Accordingly, Plaintiff failed to comply with the

sanctions issued by the All-University Judicial Board and was not eligible to re-enroll at the

University.  Plaintiff continues to be obligated to complete the AUJ sanctions prior to seeking re-

enrollment at the University.  Additionally, Plaintiff also advised Dr. Holland that he decided not

to return to the University and to pursue other educational opportunities.  (*See* UA0000244.)

## **RESERVATION OF RIGHTS AND SUPPLEMENT TO DEFENDANT'S INITIAL**

**DISCLOSURES:**  Defendant affirmatively reserves the right to supplement the foregoing

responses as permitted by the Federal Rules of Civil Procedure.  The foregoing responses shall

also supplement Defendant's Initial Disclosures.  Nothing contained in Defendant's Responses to

Plaintiff's Production Requests shall be deemed, construed or operate as an admission of liability

in this case, and all of Plaintiff's allegations of a violation of any law, including, without

limitation, the Rehabilitation Act, are denied.

3

Respectfully submitted,

By: _____

T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Ark. Bar No. 93125
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

4

### CERTIFICATE OF SERVICE

I certify that on April 10, 2012, I caused a copy of Defendant's Responses to Plaintiff's Third Set of Interrogatories to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following address:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601

By: _____
T. Scott Varady
Associate General Counsel

*Exh. D*

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                              **PLAINTIFF**

**v.**                                    **Civil NO. 10-5125**

**UNIVERSITY OF ARKANSAS;**
**OFFICE OF THE CHANCELLOR**                        **DEFENDANT**

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## SECOND SET OF PRODUCTION REQUESTS

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting by and through its undersigned counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and submits these Responses to Plaintiff's Second Set of Production Requests.

PRODUCTION REQUEST NO. 1:  Please produce documentation showing your complete fee schedule for the past ten years for all of the following items:

1. Tuition;

2. All Student Fees;

3. Meal Plans;

4. Residence Halls (all of them);

5. Anything else the University charges for, other than petty shopping (e.g. snack bar). Remember, textbooks do NOT count as "petty shopping" nor do scantron sheets; or any other materials necessary for classes.  The accounting books for the bookstore should suffice for the essential class supplies.

RESPONSE TO PRODUCTION REQUEST NO. 1:  Objection.  Defendant objects to Production Request No. 1 as irrelevant, not seeking information reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and harassing.  Plaintiff first enrolled at the University of Arkansas for the fall, 2007 semester.  Plaintiff was interimly

suspended in December, 2007, and the suspension was upheld by the All-University Judicial Board in January, 2008.  Accordingly, all records prior to Plaintiff's enrollment in the fall of 2007, have no bearing on this case whatsoever, and Defendant objects to producing them. Additionally, in response to Plaintiff's Paragraph 5 ("Anything else the University charges for . . ."), Defendant objects because this aspect of the Production Request is too vague, ambiguous, and unlimited in scope so as to render it impossible to answer.

Subject to and without waiving any of the foregoing objections, Defendant is producing certain responsive records and providing other information in response to this Production Request.

In response to Plaintiff's request for Tuition and Student Fees, please see the attached Tuition and Fee Schedules for the Academic Years 2007-2008 through 2011-2012.  *See* bate-stamped UA000394-UA000405

In response to Plaintiff's request for records pertaining to Meal Plans and Residence Hall charges, Defendant is providing the following summary for the Academic Years 2007-2008 through 2011-2012.

**Meal Plans:**

    10 Meal Plan:
     2007-08 - $2360.00
     2008-09 - $2460.00
     2009-10 - $2576.00
     2010-11 - $2654.00
     2011-12 - $2774.00

    15 Meal Plan:
     2007-08 - $2560.00
     2008-09 - $2660.00
     2009-10 - $2780.00
     2010-11 - $2862.00
     2011-12 - $2990.00

15 Plus Meal Plan:
  2007-08 - $2630.00
  2008-09 - $2730.00
  2009-10 - $2860.00
  2010-11 - $2946.00
  2011-12 - $3080.00

Unlimited Meal Plan:
  2007-08 - $2770.00
  2008-09 - $2880.00
  2009-10 - $3020.00
  2010-11 - $3110.00
2011-12 - $3250.00

Unlimited Plus Meal Plan:
  2007-08 0 $2840.00
  2008-09 - $2950.00
  2009-10 - $3090.00
  2010-11 - $3182.00
  2011-12 - $3326.00

Jr./Sr. Meal Plan:
  2007-08 - $1642.00
  2008-09 - $1710.00
  2009-10 - $1790.00
  2010-11 - $1844.00
  2011-12 - $1926.00

**Residence Halls:**

Buch Droke – Female Hall
  2007-08 - $3638.00
  2008-09 - $3802.00
  2009-10 - $3955.00
  2010-11 - $4074.00
  2011-12 - $4237.00

Futrall Double
  2007-08 - $3638.00
  2008-09 - $3802.00
  2009-10 - $4080.00
  2010-11- $4284.00
  2011-12 - $4455.00

Gibson Double
  2007-08 - $3754.00

3

2008-09 - $3924.00
2009-10 -$4080.00
2010-11 - $4284.00
2011-12 - $4455.00

Gregson Double
2007-08 - $3754.00
2008-09 - $3924.00
2009-10 - $4080.00
2010-11 - $4284.00
2011-12 - $4455.00

Gladson Ripley Double
2007-08 - $3638.00
2008-09 - $3802.00
2009-10 - $3955.00
2010-11 - $4074.00
2011-12 - $4237.00

Holcombe Double
2007-08 - $3754.00
2008-09 - $3924.00
2009-10 - $4080.00
2010-11 - $4284.00
2011-12 - $4455.00

Humphreys Double
2007-08 - $3395.00
2008-09 - $3548.00
2009-10 - $3690.00
2010-11 - $3875.00
2011-12 - $3991.00

Maple Hill Double Suite:
2007-08 - $5826.00
2008-09 - $5994.00
2009-10 - $6115.00
2010-11 - $6176.00
2011-12 - $6423.00

NW Quad Suite:
2007-08 - $6075.00
2008-09 - $6250.00
2009-10 - $6500.00
2010-11 - $6565.00
2011-12 - $6828.00

Pomfret Double
  2007-08 - $3638.00
  2008-09 - $3802.00
  2009-10 - $3955.00
  2010-11 - $4153.00
  2011-12 - $4278.00

Reid Hall – Female Hall
  2007-08 - $3638.00
  2008-09 - $3924.00
  2009-10 - $4080.00
  2010-11 - $4284.00
  2011-12 - $4455.00

Walton Suites
  2007-08 – Closed
  2008-09 – Closed
  2009-10 – Closed
  2010-11 – $5658.00
  2011-12 - $5884.00

In addition to the foregoing responses, Defendant is supplementing its Initial Disclosures to include a summary of Plaintiff's billing account with University Housing.  (UA000406)

**RESERVATION OF RIGHTS AND SUPPLEMENT TO DEFENDANT'S INITIAL DISCLOSURES:**  Defendant affirmatively reserves the right to supplement the foregoing response as permitted by the Federal Rules of Civil Procedure.  The foregoing response shall also supplement Defendant's Initial Disclosures.  Nothing contained in Defendant's Response to Plaintiff's Second Set of Requests for Production shall be deemed, construed or operate as an admission of liability in this case, and all of Plaintiff's allegations of a violation of any law, including, without limitation, the Rehabilitation Act, are denied.

Respectfully submitted,

By: _____
    T. SCOTT VARADY

5

Arkansas Bar No. 93172
WILLIAM R. KINCAID
Ark. Bar No. 93125
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

                  and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that on April 10, 2012, I caused a copy of Defendant's Response to Plaintiff's Second Set of Requests for Production of Documents to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following address:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601

T. Scott Varady
Associate General Counsel

## 2007/2008 STUDENT TUITION AND FEES

Tuition and fees approved by the Board of Trustees for the University of Arkansas effective for the 2007-2008 school year:
You can find an explanation of fees at http://avcf.uark.edu/TREAWeb on the Internet.

**TUITION**

**Undergraduate Resident**
$159.05 per enrollment hour/no maximum

**Undergraduate Non-resident**
$440.87 per enrollment hour/no maximum

**Architecture Undergraduate Resident**
$167.01 per enrollment hour/no maximum

**Architecture Undergraduate Non-Resident**
$462.91 per enrollment hour/no maximum

**Graduate Resident**
$280.65 per enrollment hour/ no maximum

**Graduate Non-resident**
$663.94 per enrollment hour/no maximum

**Law Resident**
$294.57 per enrollment hour /no maximum

**Law Non-resident**
$633.20 per enrollment hour/no maximum

**\*Students enrolled in Business classes are also charged additional tuition per credit hour:**
$22.27 for Undergraduates Resident          $84.19 for Graduates Resident
$61.72 for Undergraduates Non-Resident      $199.18 for Graduates Non-Resident

---

**STUDENT FEES: CHARGED PER CREDIT HOUR OF ENROLLMENT FOR ALL STUDENTS\*:**
These fees will be charged together on your billing statement as STUDENT FEES.

**Activity Fee**
$0.88
**Arkansas Union Fee**
$2.99
**Technology Fee**
$2.00
**Transit Fee**
$2.32
**Health Fee**
$6.77
**Fine Arts Activity Fee**
$0.27
**Distinguished Lecture Fee**
$0.45
**Enhanced Learning Fee**
$0.96 (undergraduate)
$0.35 (graduate)

**Student Readership Fee**
$.30
**Associated Student Government Fee**
$0.62
**Health, Physical Education & Recreation Fee**
$3.28
**Media Fee**
$0.69
**Network & Data Systems Fee**
$8.24
**Safe-Ride Fee**
$0.22
**Student Health Debt Fee**
$0.87
**Student Concert Fee**
$0.55

---

**NEW STUDENT FEES: CHARGED FIRST SEMESTER ONLY:**

**Orientation Fee**
$100.00

**I.D. Card Fee**
$22.00

---

**COLLEGE FEES: CHARGED PER CREDIT HOUR OR ENROLLMENT, SELECT ONE:**

| UNDERGRADUATE | | GRADUATE | |
|---|---|---|---|
| Agriculture, Food and Life Sciences | $ 8.32 | Agriculture | $ 9.69 |
| Architecture | $16.40 | Architecture | $16.40 |
| Arts & Sciences | $10.79 | Arts & Sciences | $ 9.70 |
| Business Administration | $17.97 | Business Administration | $19.32 |
| Education | $ 8.57 | Education | $ 7.26 |
| Engineering | $26.03 | Engineering | $30.59 |
| Law | $12.78 | Law | $12.78 |

---

**INTERNATIONAL STUDENT FEES:** In addition to the above fees, International Students will be assessed the following fees:

**International Student Service Fee**
$75.00 per semester (including Summer)

**Mandatory International Student Health Insurance**
$432.00 Fall semester and $598.00 Spring semester

UA000394

Fee and Cost Estimates

| SPECIAL COURSE AND PROGRAM FEES | |
|---|---|
| **SCHOOL OF ARCHITECTURE INTERNATIONAL STUDY FEE** | |
| International Study Fee (Architecture and Landscape Architecture Academic Plans) | $3,570.00* |
| **COLLEGE OF EDUCATION AND HEALTH PROFESSIONS FEES** | |
| Communication Disorders<br>CDIS 548V Clinical Practicum | $50.00 per semester |
| Fifth-year Internship Fee (M.A.T.)<br>(Education majors only) | 65.00 per semester |
| Internship Program in Education Administration<br>EDAD 574V, 674V | 40.00 |
| Internship for Communication Disorders<br>CDIS 578V Public School Site | 100.00<br>per semester |
| Mal-practice liability insurance<br>NURS 3022 and NURS 4242 | 14.50<br>per semester |
| Special Education Lab fee, Practicum<br>CIED 532V | 25.00 |
| PEAC 1481 Beginning Archery | 5.00 per hour |
| PEAC 1811 Beginning Canoeing | 25.00 per hour |
| PEAC 1821 Beginning Sailing | 25.00 per hour |
| PEAC 1831 Beginning Scuba Diving | 130.00 per credit hour |
| RECR 1001 Fall Outdoor Recreation | 10.00 per credit hour |
| RECR 1023 Spring Outdoor Recreation | 3.40 per credit hour |
| KINS 2223 Motor Development | 15.00 per credit hour |
| **COLLEGE OF AGRICULTURAL, FOOD AND LIFE SCIENCES FEES** | |
| Apparel Studies Laboratory<br>HESC 1023, HESC 1053, HESC 2053,<br>HESC 2013, HESC 3003, HESC 4063,<br>HESC 4033 | $15.00<br>per credit hour |
| Equine Behavior & Training<br>ANSC 2303 | 25.00 per credit hour |
| Horticulture Laboratory | 3.50 per credit hour |
| Infant Development Center<br>and Nursery School<br>HESC 2402 and 2401L,<br>HESC 3402 and 3401L | 15.00<br>per credit hour |
| Interior Design<br>HESC 1034/1031L, 1044/1041L, 2803,<br>2813, 3803, 3813, 4803, 4863 | 15.00<br>per credit hour |
| **WALTON COLLEGE OF BUSINESS FEES** | |
| Computer Competency<br>WCOB 1120 | $50.00<br>per semester |
| *due initial Semester of enrollment, paid in semester installments,<br>and retroactive to 8/15/2003 | |

## SPECIAL COURSE AND PROGRAM FEES

Some courses and programs are assessed special fees (see left).

## PROGRAM/SERVICE SPECIFIC FEES

Some programs have specific fees connected to specific services required (see chart below).

| PROGRAM/SERVICE SPECIFIC FEES | |
|---|---|
| English Language Placement Test (ELPT) | $10.00 |
| Graduation fee for baccalaureate degree | 25.00 |
| I.D. Card<br>First card<br>Each replacement card | 22.00<br>18.00 |
| Infant Development Center for UA<br>Student Families: (40 hrs/week)<br>Materials per semester<br>Infants and Toddlers per week | 25.00<br>200.00 |
| Installment Payment Plan | 25.00 |
| International student (non-immigrant)<br>application fee | 50.00 |
| International student per semester<br>service fee (non-immigrants) | 75.00 |
| Late payment:<br>On fifth day of classes if balance has<br>not been paid<br>Additional fee at Nov. 30, April 30, and<br>July 31 for fall, spring, and summer,<br>respectively, if payment has not been<br>made | 50.00<br><br>50.00 |
| Mandatory International student health<br>insurance | 1030.00<br>per year |
| New student orientation:<br>First Year Experience (New Admits Only)<br>Parents | 100.00<br>40.00 |
| Nursery School in Home Economics | 800.00<br>per semester |
| Parking Permit (per vehicle)<br>Off campus<br>On campus | 42.93<br>63.82 |
| Residence Hall nonrefundable application<br>fee (new students only) | 35.00 |
| Study Abroad Service fee | 10.00<br>per credit hour |
| Testing Fees (Actual Cost Plus Handling<br>Fee Listed) | 15.00 |
| Transcript Fee - Official Copy | 5.00 |
| Undergraduate application for admission<br>Additional late application fee | 40.00<br>25.00 |
| Withdrawal from the University fee | 45.00 |

University of Arkansas, Fayetteville

# 2008/2009 STUDENT TUITION AND FEES

Tuition and fees approved by the Board of Trustees for the University of Arkansas effective for the 2008-2009 school year:
You can find an explanation of fees at http://treasurer.uark.edu on the Internet.

## TUITION

**Undergraduate Resident**
$167.00 per enrollment hour/no maximum

**Undergraduate Non-resident**
$462.91 per enrollment hour/no maximum

**Architecture Undergraduate Resident**
$175.35 per enrollment hour/no maximum

**Architecture Undergraduate Non-Resident**
$486.06 per enrollment hour/no maximum

**Graduate Resident**
$294.68 per enrollment hour/ no maximum

**Graduate Non-resident**
$697.14 per enrollment hour/no maximum

**Law Resident**
$309.30 per enrollment hour /no maximum

**Law Non-resident**
$664.86 per enrollment hour/no maximum

**\*Students enrolled in Business classes are also charged additional tuition per credit hour:**
$25.05 for Undergraduates Resident          $88.41 for Graduates Resident
$69.44 for Undergraduates Non-Resident     $209.14 for Graduates Non-Resident

---

## STUDENT FEES: CHARGED PER CREDIT HOUR OF ENROLLMENT FOR ALL STUDENTS*:
These fees will be charged together on your billing statement as STUDENT FEES.

**Activity Fee**
$0.91

**Student Readership Fee**
$.30

**Arkansas Union Fee**
$3.14

**Associated Student Government Fee**
$0.69

**Technology Fee**
$2.24

**Health, Physical Education & Recreation Fee**
$3.28

**Transit Fee**
$2.41

**Media Fee**
$0.69

**Health Fee**
$7.11

**Network & Data Systems Fee**
$8.84

**Fine Arts Activity Fee**
$0.27

**Safe-Ride Fee**
$0.22

**Distinguished Lecture Fee**
$0.45

**Student Health Debt Fee**
$0.87

**Enhanced Learning Fee**
$1.00 (undergraduate)
$0.37 (graduate)

**Student Concert Fee**
$0.55

**Facilities Fee**
$2.00

---

## NEW STUDENT FEES: CHARGED FIRST SEMESTER ONLY:

**Orientation Fee**
$100.00

**I.D. Card Fee**
$22.00

---

## COLLEGE FEES: CHARGED PER CREDIT HOUR OR ENROLLMENT, SELECT ONE:

| **UNDERGRADUATE** | | **GRADUATE** | |
|---|---|---|---|
| Agriculture, Food and Life Sciences | $ 8.74 | Agriculture | $10.17 |
| Architecture | $18.36 | Architecture | $18.36 |
| Arts & Sciences | $11.33 | Arts & Sciences | $10.19 |
| Business Administration | $18.87 | Business Administration | $20.29 |
| Education | $ 9.00 | Education | $ 7.62 |
| Engineering | $27.33 | Engineering | $32.12 |
| Law | $13.42 | Law | $13.42 |

---

## INTERNATIONAL STUDENT FEES: In addition to the above fees, International Students will be assessed the following fees:

**International Student Service Fee**
$78.75 per semester (including Summer)

**Mandatory International Student Health Insurance**
$432.00 Fall semester and $598.00 Spring semester

UA000396

Some programs have specific fees connected to specific services required.

| Program and Service Specific Fees | |
| --- | --- |
| English Language Placement Test (ELPT) | $10 |
| Graduation fee for baccalaureate degree | $25 |
| I.D. Card<br>   First Card<br>   Each replacement card | <br>$20<br>$18 |
| Infant Development Center for<br>UA Student Families: (40 hours per week)<br>   Materials per semester<br>   Infants and Toddlers per week | <br><br>$25<br>$200 |
| Installment Payment Plan | $25 |
| International student (non-immigrant)<br>application fee | $50 |
| International student per semester service fee (non-immigrants) | $57.89 |
| Late payment: | |
|    On fifth day of classes<br>   if balance has not been paid | $50 |
|    Additional fee at Nov. 30, April 30,<br>   and July 31 for fall, spring, and summer,<br>   respectively, if payment has not been made | $50 |
| Mandatory international student health insurance | $933/year |
| New student orientation:<br>   First Year Experience (New admits only)<br>   Parents | <br>$80<br>$40 |
| Nursery School in Home Economics | $800/semester |
| Parking Permit (per vehicle)<br>   Off campus<br>   On campus | <br>$38.85<br>$57.75 |
| Residence Hall nonrefundable application fee (new students only) | $35 |
| Study Abroad service fee | $10/credit hour |
| Testing Fees (actual coast plus handling fee listed) | $15 |
| Transcript Fee — Official Copy | $5 |
| Undergraduate application for admission<br>   Additional late application fee | $40<br>$25 |
| Withdrawal from the University fee | $45 |

# 2009/2010 STUDENT TUITION AND FEES

Tuition and fees approved by the Board of Trustees for the University of Arkansas effective for the 2009-2010 school year:
You can find an explanation of fees at http://treasurer.uark.edu on the Internet.

## TUITION

**Undergraduate Resident**
$167.00 per enrollment hour/no maximum

**Undergraduate Non-resident**
$462.91 per enrollment hour/no maximum

**Architecture Undergraduate Resident**
$175.35 per enrollment hour/no maximum

**Architecture Undergraduate Non-Resident**
$486.06 per enrollment hour/no maximum

**Graduate Resident**
$294.68 per enrollment hour/ no maximum

**Graduate Non-resident**
$697.14 per enrollment hour/no maximum

**Law Resident**
$309.30 per enrollment hour /no maximum

**Law Non-resident**
$664.86 per enrollment hour/no maximum

**\*Students enrolled in Business classes are also charged additional tuition per credit hour:**
$25.05 for Undergrads Resident          $88.41 for Graduates Resident
$69.44 for Undergraduates Non-Resident          $209.14 for Graduates Non-Resident

## STUDENT FEES: CHARGED PER CREDIT HOUR OF ENROLLMENT FOR ALL STUDENTS\*:
These fees will be charged together on your billing statement as STUDENT FEES.

**Activity Fee**
$0.91

**Student Readership Fee**
$.30

**Arkansas Union Fee**
$3.14

**Associated Student Government Fee**
$0.69

**Technology Fee**
$2.24

**Health, Physical Education & Recreation Fee**
$3.28

**Transit Fee**
$2.41

**Media Fee**
$0.69

**Health Fee**
$7.11

**Network & Data Systems Fee**
$8.84

**Fine Arts Activity Fee**
$0.27

**Safe-Ride Fee**
$0.22

**Distinguished Lecture Fee**
$0.45

**Student Health Debt Fee**
$0.87

**Enhanced Learning Fee**
$1.00 (undergraduate)
$0.37 (graduate)

**Student Concert Fee**
$0.55

**Facilities Fee**
$4.00

## NEW STUDENT FEES: CHARGED FIRST SEMESTER ONLY:

**Orientation Fee**
$100.00

**I.D. Card Fee**
$22.00

## COLLEGE FEES: CHARGED PER CREDIT HOUR OR ENROLLMENT, SELECT ONE:

| UNDERGRADUATE | | GRADUATE | |
|---|---|---|---|
| Agriculture, Food and Life Sciences | $ 8.74 | Agriculture | $10.17 |
| Architecture | $18.36 | Architecture | $18.36 |
| Arts & Sciences | $11.33 | Arts & Sciences | $10.19 |
| Business Administration | $18.87 | Business Administration | $20.29 |
| Education | $ 9.00 | Education | $ 7.62 |
| Engineering | $27.33 | Engineering | $32.12 |
| Law | $13.42 | Law | $13.42 |

## INTERNATIONAL STUDENT FEES: In addition to the above fees, International Students will be assessed the following fees:

**International Student Service Fee**
$78.75 per semester (including Summer)

**Mandatory International Student Health Insurance**
$432.00 Fall semester and $598.00 Spring semester

UA000398

Some programs have specific fees connected to specific services required.

| Program and Service Specific Fees | |
|---|---|
| English Language Placement Test (ELPT) | $10 |
| Graduation fee for baccalaureate degree | $25 |
| I.D. Card<br>  First Card<br>  Each replacement card | <br>$20<br>$18 |
| Infant Development Center for<br>UA Student Families: (40 hours per week)<br>  Materials per semester<br>  Infants and Toddlers per week | <br><br>$25<br>$200 |
| Installment Payment Plan | $25 |
| International student (non-immigrant)<br>application fee | $50 |
| International student per semester service fee (non-immigrants) | $57.89 |
| Late payment: | |
|   On fifth day of classes<br>  if balance has not been paid | $50 |
|   Additional fee at Nov. 30, April 30,<br>  and July 31 for fall, spring, and summer,<br>  respectively, if payment has not been made | $50 |
| Mandatory international student health insurance | $1030.00/year |
| New student orientation:<br>  First Year Experience (New admits only)<br>  Parents | <br>$80<br>$40 |
| Nursery School in Home Economics | $800/semester |
| Parking Permit (per vehicle)<br>  Remote<br>  Student<br>  Resident Reserved<br>  Parking Garage Reserved<br>  Motorcycle<br>  Scooter | <br>$47.32<br>70.36<br>456.14<br>621.75<br>47.32<br>6.41 |
| Residence Hall nonrefundable application fee (new students only) | $35 |
| Study Abroad service fee | $10/credit hour |
| Testing Fees (actual coast plus handling fee listed) | $15 |
| Transcript Fee — Official Copy | $5 |
| Undergraduate application for admission<br>  Additional late application fee | $40<br>$25 |
| Withdrawal from the University fee | $45 |

UA000399

4/3/2012

## 2010/2011 STUDENT TUITION AND FEES

Tuition and fees approved by the Board of Trustees for the University of Arkansas effective for the 2010-2011 school year:
You can find an explanation of fees at http://treasurer.uark.edu on the Internet.

### TUITION

**Undergraduate Resident**
$173.68 per enrollment hour/no maximum

**Undergraduate Non-resident**
$481.43 per enrollment hour/no maximum

**Architecture Undergraduate Resident**
$182.36 per enrollment hour/no maximum

**Architecture Undergraduate Non-Resident**
$505.50 per enrollment hour/no maximum

**Graduate Resident**
$306.47 per enrollment hour/ no maximum

**Graduate Non-resident**
$725.03 per enrollment hour/no maximum

**Law Resident**
$322.85 per enrollment hour /no maximum

**Law Non-resident**
$693.99 per enrollment hour/no maximum

**\*Students enrolled in Business classes are also charged additional tuition per credit hour:**
$27.79 for Undergraduates Resident      $91.94 for Graduates Resident
$77.02 for Undergraduates Non-Resident      $217.50 for Graduates Non-Resident

---

**STUDENT FEES: CHARGED PER CREDIT HOUR OF ENROLLMENT FOR ALL STUDENTS\*:**
These fees will be charged together on your billing statement as STUDENT FEES.

**Activity Fee**
$0.91
**Arkansas Union Fee**
$3.46
**Technology Fee**
$2.24
**Transit Fee**
$2.41
**Health Fee**
$7.11
**Fine Arts Activity Fee**
$0.27
**Distinguished Lecture Fee**
$0.45
**Enhanced Learning Fee**
$1.00 (undergraduate)
$0.37 (graduate)

**Student Readership Fee**
$0.30
**Associated Student Government Fee**
$0.69
**Health, Physical Education & Recreation Fee**
$3.28
**Media Fee**
$0.69
**Network & Data Systems Fee**
$10.12                                    **Undergraduate Total**
**Safe-Ride Fee**                                    $40.57
$0.22
**Student Health Debt Fee**                    **Graduate Total**
$0.87                                    $39.94
**Student Concert Fee**
$0.55
**Facilities Fee**
$6.00

---

**NEW STUDENT FEES: CHARGED FIRST SEMESTER ONLY:**

| | | | |
|---|---|---|---|
| **New Student Fee** | $140.00 | **I.D. Card Fee** | $22.00 |
| **Orientation Guest Fee** | $ 50.00 | **Replacement Card Fee** | $18.00 |

---

**COLLEGE FEES: CHARGED PER CREDIT HOUR OF ENROLLMENT, SELECT ONE:**

| UNDERGRADUATE | | GRADUATE | |
|---|---|---|---|
| **Agriculture, Food and Life Sciences** | $ 9.09 | **Agriculture** | $10.58 |
| **Architecture** | $18.36 | **Architecture** | $18.36 |
| **Arts & Sciences** | $11.33 | **Arts & Sciences** | $10.19 |
| **Business Administration** | $18.87 | **Business Administration** | $20.29 |
| **Education** | $ 9.00 | **Education** | $ 7.62 |
| **Engineering** | $28.43 | **Engineering** | $33.41 |
| **Law** | $13.42 | **Law** | $13.42 |

---

**INTERNATIONAL STUDENT FEES:** In addition to the above fees, International Students will be assessed the following fees:

**International Student Service Fee**
$80.55 per semester (including Summer)

**Mandatory International Student Health Insurance**
$418.00 Fall semester and $580.00 Spring semester

Some programs have specific fees connected to specific services required.

| Program and Service Specific Fees | |
|---|---|
| English Language Placement Test (ELPT) | $15 |
| CLEP Registration Fee | $25 |
| Compass | $30 |
| Graduation fees:<br>Certificate<br>Baccalaureate Degree<br>Reapplication for Graduation | $30<br>$45<br>$5 |
| I.D. Card<br>  First Card<br>  Each replacement card | $22<br>$18 |
| Infant Development Center for<br>UA Student Families: (40 hours per week)<br>  Materials per semester<br>  Infants and Toddlers per week | $25<br>$200 |
| Installment Payment Plan | $25 |
| International student (non-immigrant)<br>application fee | $50 |
| International student per semester service fee (non-immigrants) | $80.55 |
| Late payment: | |
|   On fifth day of classes<br>  if balance has not been paid | $50 |
|   Additional fee at Nov. 30, April 30,<br>  and July 31 for fall, spring, and summer,<br>  respectively, if payment has not been made | $50 |
| Mandatory international student health insurance | $998/year |
| New student orientation:<br>  First Year Experience (New admits only)<br>  Parents | $140<br>$50 |
| Nursery School in Home Economics | $800/semester |
| Parking Permit (per vehicle)<br>  Remote<br>  Student<br>  Resident Reserved<br>  Parking Garage Reserved<br>  Motorcycle<br>  Scooter | $49.69<br>73.88<br>478.95<br>652.84<br>49.69<br>6.73 |
| Residence Hall nonrefundable application fee (new students only) | $35 |
| Residual ACT | $50 |
| Spoken Language Placement Test | $65 |
| Study Abroad service fee | $10/credit hour |
| Testing Handling Fees | $15 |
| TOEFL | $60 |
| Transcript Fee — Official Copy | $5 |

UA000401
4/3/2012

| Undergraduate application for admission | $40 |
|---|---|
| Additional late application fee | $25 |
| Withdrawal from the University fee | $45 |

UA000402

4/3/2012



# UNIVERSITY OF ARKANSAS

Tuition and fees approved by the Board of Trustees for the University of Arkansas effective for the 2011-2012 school year:
You can find the tuition, fees, room and board estimator at http://treasurer.uark.edu/Tuition.asp?pagestate=Estimate

| TUITION | RESIDENT | NON-RESIDENT |
|---|---|---|
| Undergraduate | $196.26 | $544.02 |
| Architecture Undergraduate | $205.38 | $569.31 |
| Business Undergraduate | $227.27 | $629.97 |
| Nursing Undergraduate | $232.00 | $643.08 |
| Developmental Instruction | $117.50 | $465.26 |
| Graduate | $335.06 | $792.68 |
| Business Graduate | $431.60 | $1,021.05 |
| Law | $352.15 | $772.00 |

**STUDENT FEES:** CHARGED PER CREDIT HOUR OF ENROLLMENT FOR ALL STUDENTS:
You can find an explanation of fees at http://treasurer.uark.edu on the Internet.

| Miscellaneous and Mandatory Fees | UNDERGRADUATE |
|---|---|
| Facilities Fee | $8.00 |
| Media Fee | $0.69 |
| Network & Data Systems Fee | $10.67 |
| Student Activity Fee | $2.64 |
| Student Health Fee | $7.11 |
| Transit Fee | $2.41 |
| TOTAL PER CREDIT HOUR | $31.52 |

◆*Other fees may be charged based on your academic plan or courses you are enrolled in for the semester*◆

**NEW STUDENT FEES:** CHARGED FIRST SEMESTER ONLY:

| | | | |
|---|---|---|---|
| New Student Fee (non-refundable) | $85.00 | I.D. Card Fee | $22.00 |
| First Year Experience Fee | $55.00 | Replacement Card Fee | $18.00 |

**COLLEGE FEES:** SELECT ONE:

| COLLEGE FEES PER CREDIT HOUR | UNDERGRADUATE | GRADUATE |
|---|---|---|
| Agriculture, Food and Life Sciences | $10.00 | $11.00 |
| Architecture | $20.36 | $20.36 |
| Arts and Sciences | $11.33 | $10.19 |
| Walton College of Business | $18.87 | $20.29 |
| Education | $11.33 | $10.19 |
| Engineering | $29.57 | $34.75 |
| Law | $14.09 | $14.09 |

**INTERNATIONAL STUDENT FEES:** In addition to the above fees, International Students will be assessed the following fees:

| | | |
|---|---|---|
| International Student Service Fee | $80.55 | **Mandatory International Student Health Insurance** |
| per semester (including Summer) | | $448.00 Fall semester |
| International Graduate Orientation Fee | $36.75 | $622.00 Spring semester |

UA000403

Some programs have specific fees connected to specific services required.

| Program and Service Specific Fees | |
|---|---|
| Arkansan Non-Resident Tuition Scholarship Award Program Fee (charged to all students receiving the Non-Resident Tuition Award) | $450/semester |
| Autism Support Program Fee | $5,000/semester |
| English Language Placement Test (ELPT) | $15 |
| CLEP Registration Fee | $25 |
| Compass | $30 |
| Graduation fees:<br>Certificate<br>Baccalaureate Degree<br>Reapplication for Graduation | $30<br>$45<br>$5 |
| I.D. Card<br>  First Card<br>  Each replacement card | $22<br>$18 |
| Infant Development Center for<br>UA Student Families: (40 hours per week)<br>  Materials per semester<br>  Infants and Toddlers per week | $25<br>$200 |
| Installment Payment Plan | $25 |
| International student (non-immigrant) application fee | $50 |
| International student per semester service fee (non-immigrants)<br>  Sponsored Student Management Fee | $80.55<br>$300 |
| International Visiting Student Program Fee | $250 |
| Late payment: | |
| On fifth day of classes<br>if balance has not been paid | $50 |
| Additional fee at Nov. 30, April 30,<br>and July 31 for fall, spring, and summer,<br>respectively, if payment has not been made | $50 |
| Mandatory international student health insurance | $1,070/year |
| New student orientation fees:<br>First Year Experience (New admits only)<br>Students (New admits only)<br>Parents | $55<br>$85<br>$50 |
| Nursery School in Home Economics | $800/semester |
| Nursing Application Fee | $45 |
| Parking Permit (per vehicle)<br>  Remote<br>  Student<br>  Resident Reserved<br>  Parking Garage Reserved<br>  Motorcycle<br>  Scooter | $49.69<br>73.88<br>478.95<br>652.84<br>49.69<br>6.73 |
| Residence Hall nonrefundable application fee (new students only) | $35 |
| Residual ACT | $50 |
| Spoken Language Placement Test | $65 |

| | |
|---|---|
| Study Abroad service fee | $10/credit hour |
| Testing Handling Fees | $15 |
| TOEFL | $60 |
| Transcript Fee — Official Copy | $5 |
| Undergraduate application for admission<br>Additional late application fee | $40<br>$25 |
| Withdrawal from the University fee | $45 |

UA000405

4/3/2012

*4/3/2012*

Statement for...

**David Anthony Stebbins**
8527 Hopewell Road
Harrison Arkansas 72601
  **System ID:**    30295
  **Univ ID: 010249802**

| | | | | | |
|---|---|---|---|---|---|
| 203049 | 1/30/2007 | 68189 | Processing Charge . | $30.00 | $30.00 |
| 203051 | 1/30/2007 | 68189 | Advance Payment . | $200.00 | $200.00 |
| 203058 | 1/30/2007 | 18456 | Processing Charge Payment - Credit Card . | ($30.00) | ($30.00) |
| 203059 | 1/30/2007 | 18456 | Advance Payment - Credit Card . | ($200.00) | ($200.00) |
| 204929 | 2/6/2007 | 68802 | Clear AR positive balances . Clear AR positive balances | $0.00 | $0.00 |
| 227166 | 6/18/2007 | 68189 | Northwest Quad Room Charge . Orientation Housing June 13-14. | $50.00 | $50.00 |
| 227380 | 6/20/2007 | 75136 | Clear AR positive balances . Clear AR positive balances | ($50.00) | ($50.00) |
| 234630 | 7/6/2007 | 68189 | Yocum Room . Room YH-1002a ( 08/16/2007 - 11/30/2007). Type: 1079 rate: YHDBL;  1 Term 1079 @ $1819.00 | $1,819.00 | $1,819.00 |
| 234706 | 7/6/2007 | 68189 | Housing Meal Charges . Plan MEAL15P ( 08/16/2007 - 11/30/2007). Type: 1079 rate: MEAL15P;  1 Term 1079 @ $1315.00 | $1,315.00 | $1,315.00 |
| 239923 | 7/9/2007 | 78567 | Clear AR positive balances . Clear AR positive balances | ($3,134.00) | ($3,134.00) |
| 250101 | 9/19/2007 | 68189 | Yocum Misc . Lock change, lost keys | $115.00 | $115.00 |
| 250102 | 9/19/2007 | 68189 | Yocum Misc . New fob, lost keys | $25.00 | $25.00 |
| 250142 | 9/20/2007 | 82725 | Clear AR positive balances . Clear AR positive balances | ($140.00) | ($140.00) |
| 260956 | 11/27/2007 | 68189 | Yocum Room . Room YH-1002a ( 01/10/2008 - 04/25/2008). Type: 1083 rate: YHDBL;  1 Term 1083 @ $1619.00 | $1,619.00 | $1,619.00 |
| 265089 | 11/27/2007 | 88005 | Clear AR positive balances . Clear AR positive balances | ($1,619.00) | ($1,619.00) |
| 269548 | 11/28/2007 | 68189 | Housing Meal Charges . Plan MEAL15P ( 01/10/2008 - 04/25/2008). Type: 1083 rate: MEAL15P;  1 Term 1083 @ $1315.00 | $1,315.00 | $1,315.00 |
| 274061 | 11/28/2007 | 92339 | Clear AR positive balances . Clear AR positive balances | ($1,315.00) | ($1,315.00) |
| 287306 | 1/14/2008 | 68189 | Yocum Room . Credit For Room YH-1002a (01/10/2008 - 04/25/2008). Type: 1083 @ $-1619 Type: 1083 rate: YHDBL;  1 Term 1083 @ $1619.00 | ($1,619.00) | ($1,619.00) |
| 287307 | 1/14/2008 | 68189 | Housing Meal Charges . Credit For PlanMEAL15P (01/10/2008 - 04/25/2008). Type: 1083 @ $-1315 Type: 1083 rate: MEAL15P;  1 Term 1083 @ $1315.00 | ($1,315.00) | ($1,315.00) |
| 287308 | 1/14/2008 | 68189 | Yocum Misc . Cleaning charge - room dirty | $80.00 | $80.00 |
| 287746 | 1/15/2008 | 96367 | Clear AR negative balances . Clear AR negative balances | $2,854.00 | $2,854.00 |
| 336296 | 7/23/2008 | 68189 | Yocum Misc Credit . Remove Misc. chgs. per Flo Johnson | ($220.00) | ($220.00) |
| 336297 | 7/23/2008 | 68189 | Housing Meal Charges Credit . Remove outstanding fall charges per F. Johnson. | ($230.00) | ($230.00) |
| 337200 | 7/28/2008 | 113852 | Clear AR negative balances . Clear AR negative balances | $450.00 | $450.00 |

<u>**Total Amount Owed:**</u>                    **$0.00**

Credit amounts indicated by ()

<u>Rounding may cause apparent differences between totals and detail</u>

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                PLAINTIFF

vs.                              Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                           DEFENDANTS

### BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in

support of my second motion to compel discovery.

#### Background

I served Defendant with a first set of discovery requests. They requested that Defendant

provide an exhaustive and thorough set of explanations for why they responded the way they

responded to my Complaint and Requests for Admissions. See Exhibit A. Defendant's

objections to this interrogatory do not apply to explaining their answers to my requests for

admissions.

On April 11, 2012, I received Defendant's response to my second set of discovery

requests. In their envelope was a response to my Second Request for Admissions, where

Defendant denied virtually all admissions. See Exhibit B. However, Defendant made no attempt

whatsoever to explain these denials.

Also on April 11, 2012, I received Defendant's Response to my Second set of

Interrogatories. See Exhibit C. Defendant does not respond to my first Interrogatory in that set,

and its objection is frivolous.

Also on April 11, 2012, I received Defendant's Response to my Second Request for

Production of Documents. Defendant objects on the grounds that it is irrelevant. See Exhibit D.



**Argument**

First of all, Defendant has failed to raise any objections to my first Interrogatory which apply here. Therefore, any objections are waived. See FRCP 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"). They simply must explain their responses to my Requests for Admissions. All of them.

Secondly, Defendant's response to my second request for production is frivolous. Just because they don't understand why it is relevant does not mean that it is irrelevant. Their objection should be overruled unless they can read my mind and know precisely where I'm going with the information I seek.

Lastly, Defendant's objections to my fifth Interrogatory are similarly frivolous. Defendant claims "attorney-work product," but the bottom line is that FRCP 36(a)(4) flatly states that a party may only use lack of knowledge as a grounds to avoid admitting or denying a fact if it has made reasonable inquiry into the matter first. If they cannot account for the reasonable inquiries they have made, that means they have violated FRCP 11 by signing a document whose contents they know are not well grounded in fact, and they should be sanctioned accordingly. My sanction of choice would probably be to have those admissions admitted by default. Therefore, if they cannot account for their claims, they should be sanctioned, attorney-work product or no attorney-work product.

As you can see, Defendant is attempting to completely deprive me of discovery, raising whatever objections they can think of, without regard to their merits, and in some cases simply ignore the discovery and hope against hope that I won't call them out on it. I ask that this Court overrule their objections and compel the discovery I requested.

Wherefore, premises considered, I respectfully request that the motion to compel

discovery be granted.

It is so requested on this 14th day of April, 2012.

David Stebbins

*David S Stebbins*

123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

### CERTIFICATE OF SERVICE

Defense counsel was served with this document by allowing them to view it on ECF.

*David S Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID STEBBINS                                                    PLAINTIFF

VS                                    CASE NO. 11-3057

LEGAL AID OF ARKANSAS                                            DEFENDANTS

### MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for summary judgment, as to my discrimination claim.

On March 13, 2012, I served Defendant with a second request for admissions. See Document #44. On April 10, 2012, Defendant filed a motion, and enclosed the Request for Admissions which I sent them on that date as Exhibit D to that motion. See Document #55. The 30-day time limit for responding to the request for admissions began on March 14, 2012. See FRCP 6(a)(1)(A). Therefore, the deadline to respond to the request for admissions was April 13, 2012 (since March has thirty-one days in it, the deadline is calculated by going forward one month, and subtracting one day).

Despite Defendant admitting to having received the request for admissions, it did not respond to it within the allotted time, as evidenced by the lack of a certificate of service uploaded to the ECF, and also by the fact that I simply don't have it.  Defendant mentioned that some of these requested admissions are vague and incoherent, but they did not raise these objections in their response to the request for admission, a response which, I reiterate, does not exist. Therefore, all the facts included in that request for admissions are admitted by default. See FRCP 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"). By nature of them being

admitted, that means that they are conclusively established.  See FRCP 36(d) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended").

This ignored request for admissions, combined with my previous discovery, gives me enough evidence to entitle me to partial summary judgment as to my discrimination claim.

Wherefore, premises considered, I respectfully request that award me $80,000, simultaneously grant the mtoion for partial summary judgment, entitling me to $6,094,000 (making for a grand total relief of $6,174,000), award costs incurred, and award other relief that the Court finds appropriate.

It is so requested on this 14th day of April, 2012.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                                    **PLAINTIFF**

**VS**                                      **CASE NO. 11-3057**

**LEGAL AID OF ARKANSAS**                                                **DEFENDANTS**

## STATEMENT OF FACTS IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following statement of facts in support of my motion for summary judgment.

1. Defendant affirmatively admits, in its Answer, that it is a law firm.  See Document #16, Page 1.

2. In February of 2011, I used Defendant's services.  See Exhibit A, Admission #1.

3. On June 16, 2011, Defendant sent me a letter advising that they would no longer represent me in the eviction action which I faced.  See Exhibit B, Admission #1.

4. However, Defendant expressly invited me to contact them for any future inquiries.  See Exhibit B, Admission #2.

5. On June 18, 2011, I sent Defendant a request for reconsideration as to their decision to not represent me.  See Exhibit B, Admission #3.

6. Something in that letter offended them.  See Exhibit B, Admission #4.

7. A person without Asperger Syndrome likely would not have offended Defendant so easily.  See Exhibit B, Admission #5.

8. On June 20, 2011, Defendant sent me a letter vowing to never represent me again on *any* matter.  See Exhibit B, Admission #6.

9. Defendant's decision to not represent me in any matter was caused by my somehow

offending them.  See Exhibit B, Admission #7.

10. When summarizing my case on February 22, 2011, Lina Brown stated that I <u>have</u> Asperger's, not that I just "claim" to have it.  See Exhibit B, Admission #9.

11. In March 16, 2011, Defendant sent a letter to Stephanie Sanders – the property manager of my now-former Landlord – advising her that I am a "qualified individual with a disability."

12. The appeal they refused to represent me in was the same case as the unlawful detainer action they refused to represent me in.  See Exhibit B, Admission #23.

13. Defendant's failure to represent me proximately caused my eviction.  See Exhibit B, Admissions #25-27.

14. The eviction that Defendant admits by default to causing also caused me to loose $80,000.  See Exhibit B, Admissions #29-33.

All of these facts entitle me to judgment as a matter of law as to my discrimination claim, which leaves only my first retaliation claim to be disputed.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

_Ex. B_

## request for admissions

1. On June 16, 2011, you sent me a letter advising me that you would no longer represent me in my eviction matter.

2. In said letter, you expressly ~~ally~~ ~~so~~ invited me to contact you for further inquiries.

3. On June 18, I sent you a letter via fax asking for to you to reconsider your decision not to represent me.

4. Something in that letter offended you.

5. A person without Asperger Syndrome likely would not have offended you so easily (remember uncontroverted fact #5)

6. On June 20, 2011, you sent me a letter via first class mail vowing to never again assist me in any legal matter.

7. Admission #6 occured because of Admission #4.

8. On February 22, 2011, you received my request for legal services.

9. When summarizing my case, Lina Brown stated that I have Asperger's, not that I just "claim" to have it.

10. On March 16, 2011, you sent a letter to Stephanie Sanders - my landlord's property manager at the time - flatly admitting, point blank, that I am a "qualified individual with a disability."

11. ~~For Stacy~~ On September 6, 2011, you sent me a letter stating that you will not represent me



EXHIBIT
B

in "any case" while I am suing you.

12. At the time, you knew that the suit I had filed against you was for discrimination.

13. You also knew that it was illegal to refuse to provide reasonable accommodations for a disabled ~~person~~ client.

14. You also knew that it was illegal to discriminate against a person because he has filed a lawsuit - even if it is against you - for discrimination.

20. You knew that conflicts of interest were created at the state level.

21. You knew that the Americans with Disabilities Act was a federal statute.

22. You knew that federal laws trump state laws whenever they conflict.

23. The appeal you refused to take ~~is the same~~ on Sept. 6, 2011 is the same as the case you refused to take on June 16 & 20, 2011.

24. Other than the June 18 fax, nothing else could have possibly triggered your change in attitude between June 16 and June 20.

~~23. Had it not been for the eviction you could have prevented, I would not have been forced to seek ~~ ~~with my~~~~~~~~~~~~~~~~~

25. When you represented me against my landlord, the eviction was stopped.

26. When you did not represent me, the eviction was upheld.
27. Therefore, but for your failure to represent, I would not have been evicted.
28. But for Admission #27, I would not have been forced to seek refuge with my parents.
29. But for #28, I would not have been framed for any crime in any believable way.
30. But for #29, I would not have been arrested.
31. But for #30, my SSI would not have been suspended. Remember Uncontroverted Fact #5.
32. But for #28, I would not have been forced to "voluntarily" non-suit my lawsuits against my parents, Rita F. and David D. Stebbins.
33. Said lawsuits totaled $80,000.
34. When I sued Harp & Assoc., my former landlord, for abuse of process, service of process would likely have gone off without a hitch if I were represented by ~~other~~ counsel.
35. The very thing that qualified me for your services in the first place - my indigency - means that I cannot afford ~~another to the~~ other counsel.
36. My abuse of process suit spoken of in #34 was for $6,099,000.

    I hope to have these answers soon, maybe even simultaneously with your response to my motion for PSJ.

    Also, please remember your duty to supple-

ment your discovery responses. This includes ~~the~~
Interrogatories #1 & 2, and RFP #2.

sincerely
David Stebbins

Here are some more requests for Admissions:

37. Chris Jenkins knew of my lawsuits against my parents.

38. Jenkins is the paralegal for your Harrison branch.

39. Jenkins did not think that my lawsuits against my parents were frivolous.

40. Therefore, it was reasonable to have expected that your other officers would not have found it frivolous.

41. My letter for reconsideration dated June 18, 2011 asked you to represent me in a counter-claim against Harp & Assoc. that was substantially similar to my lawsuits against my parents.

42. Because of Admissions #37-41, that means you did not drop me from your clientel* because you felt my case was frivolous.

*On June 20, 2011.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                    **PLAINTIFF**

**VS**                                    **CASE NO. 11-3057**

**LEGAL AID OF ARKANSAS**                                   **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION FOR
## PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in

support of my motion for summary judgment.

### Background

In February of 2012, I used Defendant's services in an eviction matter which I was facing

a the time.  At that time, they were made aware of my Asperger Syndrome, and Linda Brown

admitted that I have it (not that I just "claim" to have it) when she was drafting the summary of

my case for the other lawyers at Defendant's firm.

However, on June 16, 2011, Defendant sent me a letter advising that they would no

longer represent me in the eviction action which I faced.  I sent them a letter asking for their

reconsideration, and something offended them in that letter, and so they sent me another letter

vowing to never represent me again in any matter.  However, by Defendant's own default

admission, if I did not have Asperger Syndrome, I would not have offended them so easily.  This

suit ensued.

### Argument

To support a claim of discrimination in violation of Title III of the Americans with

Disabilities Act, I must prove the following elements:

1.  I am otherwise qualified to receive Defendant's services.

2. Defendant is a "privately-owned place of public accommodation."

3. I have a disability.

- The term "disability" means, with respect to an individual (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.   See 42 USC § 12102(1).

4. I was "discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of" the defendant. See 42 U.S.C. § 12182(a). Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to" to me. See 42 U.S.C. § 12182(b)(2)(A)(ii).

Uncontroverted Fact #2 establishes element #1.

Uncontroverted Fact #1 established element #2.

Element #3 is established by joint observation of Uncontroverted Facts #10 and #11. Lina Brown stated that I *have* Aspergers (not that I merely "claim" to have it, but that I simply *have* it), and mailed a letter to my now-former landlord stating that I am a "qualified individual with a disability."  Since no other disability is mentioned, that has to be the one they were talking about.  Therefore, I meet the third definition of a disability:  Being *regarded* by Defendant as being disabled.

Element #4 is a bitter more complicated, but is still established.  Defendant admits that, having Aspergers, I tend to offend people by accident sometimes.  See Uncontroverted Fact #7. This happened in my letter asking them to reconsider their decision to not represent me any

further, and yet Defendant completely ignored the fact that that the tactlessness was a symptom of my disability, and proceeded to drop me from their clientele altogether, as evidenced by Uncontroverted Fact #8.

This establishes the case of discrimination. However, there is monetary equivalent to retrospective injunctive relief that I need to request. Notice how I said "monetary equivalent to retrospective injunctive relief." In Title III of the ADA, damages are not allowed unless the federal department of justice is getting directly involved. However, that does not apply to when true retrospective injunctive relief is impossible to provide. A good example of such a thing is front pay in an employment discrimination case: The Eighth Circuit has held that front pay is the monetary equivalent of injunctive relief, where true injunctive relief is impossible to provide. For some reason, I cannot seem to find this case, anymore, but hopefully, if I describe it to the Court, the Court may recognize it.

It concerned a person who was discriminated by a school district, and he won the case. He was awarded back pay, but also the school was ordered to hire him as soon as an opening became available. However, the District Court declined to award front pay, because it felt it was without legal authority to award both reinstatement and front pay at the same time. The Eighth Circuit reversed, holding that front pay was the same as reinstatement.

Since reinstatement is injunctive relief, that means that front pay is equal to injunctive relief. Therefore, I am still entitled to recover monetarily against Defendant if injunctive relief is impossible. To that end, Uncontroverted Fact #14 entitles me to "monetary injunctive" relief in the amount of $80,000.

### Conclusion

This motion for partial summary judgment, coupled with my previous one, leaves only

the first retaliation claim (that is, Defendant's refusal to represent me *on appeal*, as opposed to

their refusal to represent me in the abuse of process suit) that remains in dispute.

Wherefore, premises considered, I respectfully request that Plaintiff's Second Motion for

Partial Summary Judgment be granted.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

POSTAGE REQUIRED.

**PLEASE PRESS FIRMLY**

UNITED STATES
POSTAL SERVICE ® | **Click-N-Ship®**

**P** | usps.com    9405 5036 9930 0480 1439 13 0049 0001 0117 2701
$4.90
US POSTAGE
Flat Rate Env

Commercial Base Pricing

04/14/12    1 lb 1 oz    Mailed from 72601    062S0000001309

# USPS PRIORITY MAIL®

**0006**

DAVID A STEBBINS
123 W RIDGE AVE
APT D
HARRISON AR 72601-4207

SHIP
TO: U.S. DISTRICT COURT
35 E MOUNTAIN ST
STE 510
FAYETTEVILLE AR 72701-5353

**ZIP - e/ USPS DELIVERY CONFIRMATION™**



420 72701 9405 5036 9930 0480 1439 13

Electronic Rate Approved #038555749



RECEIVED
WD/AR
APR 16 2012
U.S. CLERK'S OFFICE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.
Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; Oct. 2008; All rights reserved.



EP14F