```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                              **PLAINTIFF**

           v.           Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville**                                                  **DEFENDANTS**

### O R D E R

Now on this ---- day of June, 2012, come on for consideration plaintiff's **Renewed Motion For Sanctions** (document #85) and plaintiff's **Second Motion For Sanctions** (document #96), and from said motions, and the responses thereto, the Court finds and orders as follows:

1.  Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger's Syndrome, and that UA made no attempt to accommodate this disability.

Stebbins now makes two motions in which he seeks to have sanctions imposed on defendants. Defendants have responded to the motions, and they are ripe for decision.

2.  In the first of these motions, Stebbins renews a complaint he made earlier in the case, after becoming upset by his mistaken

belief that defendants had used the words "simply ignoring" in their papers. In an Order dated February 29, 2012, the Court denied Stebbins' request for sanctions related to the alleged use of this phrase, but stated that it would "allow plaintiff to renew it if he can point out to the Court where the offending phrase occurs in documents #70, #71, and #72."

(a) Stebbins admits he cannot point out any such occurrence and now claims that he is entitled to sanctions because defendants "accused me of bad faith, despite knowing it to be untrue." This contention apparently relates to defendants' Motion To Dismiss For Failure To Prosecute And Comply With The Court's Scheduling Order (document #70). In that motion, defendants moved for dismissal because Stebbins had not participated in the 26(f) conference as required by the Court in its Initial Scheduling Order, issued December 9, 2011, wherein the Court directed that the parties conduct this conference no later than January 9, 2012.

(b) The docket shows that Stebbins notified the Court of his incarceration and subsequent change of address on January 9, 2012 (document #68). While he failed to include a certificate of service on this document, it is reasonable to believe that defendants received it that day, because it was entered in the Court's electronic filing system that day. Stebbins did not, however, include the date of his arrest in this document.

(c) On January 25, 2012, defendants moved to dismiss for failure to prosecute and failure to comply with the Initial

Scheduling Order -- contending that Stebbins had "failed to comply with the Court's Scheduling Order to conduct the Rule 26(f) conference no later than January 9, 2012." They recited unsuccessful attempts to contact Stebbins by e-mail in the week before January 9, 2012, to schedule the 26(f) conference.

(d) By checking the website of the Boone County Jail, where Stebbins was incarcerated, the Court learned that he was arrested on November 25, 2011, and thereafter remained incarcerated at that jail until sometime around March 21, 2012, when he filed another Notice Of Change of Address (docket entry #88).

(e) While Stebbins' incarceration might explain why he did not respond to defendants' e-mails about the 26(f) conference, it does explain why he failed to notify either the Court or defendants of his change of address for some six weeks after his arrest -- or why he did not respond to documents that were mailed to him, such as the Initial Scheduling Order.

Inmates are not prevented from using the mails for both receiving and sending legal communications. Therefore, there is no reason to conclude that plaintiff -- an inmate who has ongoing litigation -- would not be receiving his legal mail or that he would not be able to send out legal mail so that he can stay abreast of developments in his case.

Thus, the Court rejects Stebbins' effort to blame or fault defendants for not realizing he had been incarcerated since before the Initial Scheduling Order was entered. It was (and is) his

responsibility to keep the Court and opposing counsel apprised of his contact information at all times during this litigation.

(f)  There is no basis to sanction defendants for the motion they filed when Stebbins did not respond to their inquiries about the 26(f) conference.  For these reasons, Stebbins' Renewed Motion For Sanctions will be denied.

3.  In his Second Motion For Sanctions, Stebbins contends that "Defendant has failed to serve me with their response to my renewed motion for sanctions, and their response to my motion for leave to file an amended complaint, forcing me to spend $1.10 to look at the documents on Pacer."  While acknowledging that these documents could have been lost in the mail, he contends that "Defendant is negligent in this issue, as they could have included all three documents in the same envelope, and even more so, acquired a tracking number for the delivery."  (Document #96, page 1.)

Defendants respond that they did serve copies of these documents on Stebbins, by First Class mail directed to Stebbins' new address, and that when Stebbins inquired by e-mail because he had not received the responses, they were e-mailed to him as well.

To this, Stebbins replies that the response was untimely, so that the Court is required to grant his motion under **Local Rule 7.2.**

(a)  **Local Rule 7.2(f)** states that the failure to timely respond to any nondispositive motion "shall be an adequate basis, without more, for granting the relief sought in said motion."

The text of this rule, however, simply authorizes the Court to

grant any nondispositive motion to which a timely response is not filed -- it does not *require* the Court to do so. The Court looks at all the circumstances, and exercises its sound discretion, in resolving such motions.

(b)  The circumstances the Court has here considered include the fact that Stebbins failed to serve defendants (or to file with the Court) the two exhibits referenced in his Second Motion For Sanctions. He also failed to accompany his motion with a brief, as required by **Local Rule 7.2(a)**. Thus, while complaining that defendants have not followed the rules, he overlooks his own shortcomings in that regard.

(c)  Based on what has here been presented, the Court perceives no basis to sanction defendants and Stebbins' Second Motion For Sanctions will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Renewed Motion For Sanctions** (document #85) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's **Second Motion For Sanctions** (document #96) is **denied**.

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**