```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                **PLAINTIFF**

        v.        Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville**                                                    **DEFENDANTS**

## O R D E R

    Now on this 11th day of June, 2012, comes on for consideration plaintiff's **Motion For Leave To File Amended Complaint** (document #84), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

    2.   Stebbins now moves to amend so as to state a breach of contract claim and to add an individual, Monica Holland ("Holland"), as a defendant.

    3.   Defendants object to this amendment, pointing out that UA, and its employees acting in their official capacities, have immunity from a breach of contract claim, and that there is no allegation that Holland as an individual entered into any contract with Stebbins. Thus, they contend, amendment would be futile, and should be denied

on the authority of **Dennis v. Dillard Dept. Stores,Inc.**, **207 F.3d 523 (8th Cir. 2000).**

4.  Stebbins counters that Holland is not immune from "malicious acts or omissions" under **A.C.A. § 19-10-305(a),** which provides that "[o]fficers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment."

On the basis of this statute, Stebbins argues that "[a]ll I have to do . . . is prove that Monica Holland *knew* about the contract's existence, and simply did not care about it." (Docket entry # 95, page 1, emphasis in original.)

5.  The flaw in Stebbins' argument is that mere knowledge on the part of Holland about a contract that might have existed between Stebbins and UA cannot make her liable for breach of such contract if she is not a party to it.  Thus an amendment to the Complaint to add her as a party would be futile, and there is no reason to allow the amendment.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Leave To File Amended Complaint** (document #84) is **denied.**

**IT IS SO ORDERED.**

                                                  **/s/ Jimm Larry Hendren**
                                                  **JIMM LARRY HENDREN**
                                                  **UNITED STATES DISTRICT JUDGE**