```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                              **PLAINTIFF**

            v.               Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and**
**G. DAVID GEARHART, in his**
**Official Capacity as Chancellor**
**of the University of Arkansas,**
**Fayetteville**                                                **DEFENDANTS**

### O R D E R

    Now on this 15th day of June, 2012, come on for consideration plaintiff's **Motion To Compel Discovery** (document #91) and plaintiff's **Motion To Compel Discovery** (document #98), and from said motions, and the responses thereto, the Court finds and orders as follows:

    1.   The captioned case is scheduled for trial the week of December 3, 2012, and the parties are currently conducting discovery, which must be completed no later than August 3, 2012. Plaintiff David Stebbins ("Stebbins") has filed the motions here under consideration to bring to the Court's attention what he believes to be problems with the discovery process.

    2.   Stebbins first seeks to compel answers to Interrogatories served simultaneously with his Initial Disclosures.

    The Interrogatories in question are as follows:

> Provide an exhaustive, thorough, and specific set of objections you have to the factual accuracy of the content of
>     (A) all initial disclosures, responses to your discovery requests, and affidavits filed by Plaintiff and/or his witnesses.

>   (B) all information you collect when acting on my granting of a request to permit inspection.
>   > Remember that you are required to supplement your responses as they become available.

(a)  Defendants take the position that these Interrogatories are part of Stebbins' Initial Disclosures and, as such, are "not an interrogatory, in form or substance, under Rule 33."

They also contend that the Interrogatories demand responses to things that have not yet occurred and to matters contained in Stebbins' Initial Disclosures.  They point out that Stebbins has not responded to any discovery requests; that he has not filed any affidavits; and that they have not requested any inspection.

(b)  Stebbins replies that because no objection to the Interrogatories was made within thirty days, defendants are not entitled to object, and must answer the Interrogatories in full, pursuant to **F.R.C.P. 33(b)(4)**.  Stebbins also contends that defendants' objection to the Interrogatories is frivolous, given the breadth of discovery.

(c)  The Court is not persuaded that service of interrogatories along with initial disclosures in any way diminishes the status of the interrogatories as interrogatories, and this argument of defendants is rejected.

(d)  Defendants' second contention is, however, persuasive. While a party may seek to discover an opponent's position on events that have occurred or documents that are in existence, the Court is aware of no basis for a discovery request that essentially says "for

anything that happens in the future in this case, whether I do it or you do it, you have to tell me in great detail what your position on it is."

(e) Defendants' concern about Stebbins' request that defendants state any objections they have to Stebbins' Initial Disclosures is also persuasive. Unlike Requests for Admissions, there is no obligation to admit or deny initial disclosures, nor any consequence for failing to do so. **F.R.C.P. 26(a)** merely "imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." **F.R.C.P. 26 Advisory Committee Notes, 1993 Amendments**. Accordingly, Stebbins' request is without merit.

(f) For these reasons, the Court will deny Stebbins' first Motion To Compel.

3. In his second Motion To Compel, Stebbins says that defendants have "raised many frivolous objections," and "failed to supplement their responses to my previous discovery requests, which are now incomplete due to the new discovery requests."

(a) Defendants contend that they have "acted in good faith and gone above and beyond the requirements of the Federal Rules of Civil Procedure to respond to Plaintiff's discovery requests."

(b) The Court has reviewed the discovery responses in question and finds that, while certain objections were asserted, the discovery was answered without waiving those objections. Defendants provided

Stebbins with a great deal of information and documentation.  In the absence of any showing of a specific failure to respond, the Court finds no basis to grant Stebbins' second Motion To Compel.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Compel Discovery** (document #91) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Compel Discovery** (document #98) is **denied.**

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren  
                                          **JIMM LARRY HENDREN**  
                                          **UNITED STATES DISTRICT JUDGE**