U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

UNITED STATES DISTRICT COURT          JUL 0 9 2012
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION          CHRIS R. JOHNSON, Clerk
                                    By
                                         Deputy Clerk

DAVID A. STEBBINS                                          PLAINTIFF

vs.                          Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                     DEFENDANTS

### EMERGENCY MOTION FOR PROTECTIVE ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion

for a protective order, ordering Defendant not to depose David D. Stebbins (biological father of

Plaintiff, whose middle name is different, and thus he is technically not a junior) or call him as a

witness.

I understand that the Court is currently experiencing overwhelming docket congestion,

but this is too time-sensitive for the Court to take its dear sweet time. I need an answer and I

need it now.

Defense Counsel has recently informed me that it intends to depose, and subsequently

call, my father as a witness. See Exhibit A. However, his testimony should not be allowed. This

is for a variety of reasons, each of which should independently entitle me to this protective order.

1.      He knows nothing that is actually relevant to the instant case (except maybe that he can

testify that I have Asperger Syndrome in the first place, but I hardly need *him* for that, for a

variety of reasons, not the least of which is the fact that the Defendant flatly admits that I have

Asperger Syndrome).

2.      The closest he can come to testifying to something of substance is a few past events that

have nothing to do with the case at hand, and seek only to prejudice the trier of fact with

otherwise irrelevant actions. Past actions are expressly inadmissible under FRE[1] 404. This

---

1   "FRE" stands for "Federal Rules of Evidence."

inadmissibility applies equally to civil actions as it does to criminal ones.  See *Green v. Bock Laundry Machine Co.*, 490 U.S. 504 (1989).  The currently pending felony charge, and the nature thereof, would be wholly inadmissible by the plain text of FRE 609 (no case law necessary), especially since I haven't even been convicted yet.

3.    Because his testimony of past actions (actions that occurred before I was even an adult, and thus not even of sound legal mind) would be more prejudicial than probative, his testimony would also be inadmissible under FRE 403.

4.    Because he is the alleged victim in a felony charge that I am currently facing, his testimony would hardly be reliable anyway, not because of FRE 403, but due to a conflict of interests.

5.    Speaking of this felony charge, there is a no-contact order in place in that case.  However, I have a right to be present during the depositions that Defendant takes.  This puts me in a Catch-22 that can only be resolved by... not having the deposition at all.  This is hardly a problem, given how unimportant he is to anything that actually matters in the instant case.

Remember, any one of those should alone entitle me to this protective order; even if the first four reasons are rejected, the fifth should still be enough.

Also remember that this is an emergency motion.  For this motion to work, it has to be ruled on A.S.A.P.

Wherefore, premises considered, I respectfully request that the Defendants be ordered to neither depose one David D. Stebbins, nor call him as a witness.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

Subject:  Depositiions

From:     Scott Varady (svarady@uark.edu)

To:       stebbinsd@yahoo.com;

Cc:       harriman@uark.edu;

Date:     Thursday, July 5, 2012 6:05 PM

*Exh. A*

Dear Mr. Stebbins:

Attached please find a cover letter, a notice of deposition, and a subpoena that I issued today to Ms. Carla Brown.  A hard copy has been mailed to you today as well.

As a matter of courtesy, I am writing to let you know that I plan to issue subpoenas to take the deposition of your mother and father later this month.  I am also planning to issue a notice of deposition to you.  Can you please let me know your availability for a deposition on Friday, July 20 or that following week?  I plan to take all depositions in the Administration Building on the Fayetteville campus.  As you may know, the discovery cut-off date is currently set for August 3, 2012.  Therefore, if you plan to take the depositions of any University officials, please let me know immediately so I can make any necessary scheduling arrangements.

Thank you for your attention to this matter.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

72701855533

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

NORTHWEST AR PDF

US POSTAGE
05 JUL 2012 PM L