IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                                               PLAINTIFF

v.                                          Civil NO. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                                          DEFENDANT

**BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER**

Comes Defendant, University of Arkansas, acting through its undersigned counsel, and submits this Brief in Opposition to Plaintiff's Motion for Protective Order.

In his Motion, Plaintiff David Stebbins seeks an order from the Court barring the University from exercising its legal right to depose Plaintiff's father, David D. Stebbins, or call him as a witness in this case.

As a matter of courtesy, the University contacted Mr. Stebbins in writing to identify mutually convenient dates for various depositions. In response, Plaintiff immediately filed his Motion prior to the service of the subpoena on his father. Plaintiff violated Rule 26(c)(1) by failing to confer in good faith with counsel for the University prior to seeking the intervention of this Court. Accordingly, the Motion fails to comply with Fed. R. Civ. P. 26(c)(1) and should be denied.

Additionally, the Motion should be denied because the University is entitled to conduct depositions of any individuals that might lead to the discovery of admissible evidence. The scope of discovery authorized by the Federal Rules of Civil Procedure is as follows:

> Parties may obtain discovery regarding any non-privileged matter
> that is relevant to any party's claim or defense - - including the
> existence, description, nature, custody, condition and location of
> any documents or other tangible things and the identity and

1

> location of persons who know of any discoverable matter.  For
> good cause, the court may order discovery of any matter relevant
> to the subject matter involved in the action.  Relevant information
> need not be admissible at trial if the discovery appears reasonably
> calculated to lead to discovery of admissible evidence.

Fed. R. Civ. R. 26(b)(1).  The standard, therefore, is whether any information appears reasonably calculated to lead to the discovery of admissible evidence, and the subpoena to depose Plaintiff's father (upon whom service was completed yesterday) meets this standard.

One issue in this case is whether Plaintiff, based upon his conduct, presented a direct threat to others.  In response to Plaintiff's interrogatories, the University stated, in part, as follows:

> As a matter of law, Plaintiff is not entitled to the protection of the Rehabilitation Act because he presented a direct threat to the University community on December 5, 2007 (when he was suspended on an interim basis based upon his repeated threats and conduct, including: Plaintiff's December 3, 2007, threat to cut his father's forehead, to use his father's blood to write a "letter of forgiveness"; to videotape the attack and post it on YouTube; Plaintiff's repeated threats to commit another "Virginia Tech incident" at UAF if he didn't get an immediate doctor's appointment and if he was suspended on an interim basis; Plaintiff's repeated threats of suicide if he was suspended on an interim basis; and Plaintiff's threats to physically attack UAPD's Lt. Vance Rice in hopes that Lt. Rice [would] shoot and kill Plaintiff; on January 10, 2008 (when Plaintiff's interim suspension was reviewed and the All-University Judicial Board found Plaintiff responsible for violating Rules 1, 8, and 35 of the Code of Student Life based upon Plaintiff's multiple threats to commit another "Virginia Tech incident" on campus, Plaintiff's threats to commit suicide, and Plaintiff's verbalized plan to cut up his father); and on June 13, 2010 (when Plaintiff sent a threatening and profanity-filled e-mail to Chancellor G. David Gearhart as an "individual" and demanded, within a matter of 16 hours that the Chancellor remove Plaintiff's suspension, override . . . any of Plaintiff's debts to the University and re-admit Plaintiff to the University and in Plaintiff's words "on the spot, no applications, no fucking interviews, no jack shit")

(Def.'s Responses to Pl.'s Interrogatories & Requests for Production of Documents at 2-3.) In brief, Plaintiff threatened to inflict serious bodily harm upon his father and to videotape the incident for posting on the Internet.

In preparing its defense of this case, the University became aware that Mr. Stebbins ultimately carried out the threat to inflict bodily harm on his father. Following a Thanksgiving Day assault on his father with a knife, Mr. Stebbins was charged with a felony that remains pending. Mr. Stebbins has also initiated civil lawsuits against his parents. The University, therefore, has the legal right to conduct discovery relating to Plaintiff's conduct. Accordingly, the testimony of Plaintiff's father meets the relevancy standard under Fed. R. Civ. P. 26(b).

Additionally, Plaintiff's father most likely has insights and other discoverable information concerning Plaintiff including, but not limited to, the following: Plaintiff's suspension from the University of Arkansas, Fayetteville, Plaintiff's threatening letter to Chancellor Gearhart demanding to be enrolled without completing his judicial sanctions, and other relevant information. As such, the deposition of Plaintiff's father meets the broad relevancy standard under Rule 26(b)(1), and the Motion should be denied.

For all of the foregoing reasons, the Court should deny Plaintiff's Emergency Motion for Protective Order and grant Defendant, University of Arkansas, all other relief which the Court deems just and proper.

                                    Respectfully submitted,

                                    By: /s/ T. Scott Varady_____
                                    T. SCOTT VARADY
                                    Arkansas Bar No. 93172
                                    WILLIAM R. KINCAID
                                    Ark. Bar No. 93125
                                    Associate General Counsel
                                    University of Arkansas
                                    421 Administration Building

Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I certify that on July 13, 2012, I caused a copy of Defendants' Brief in Opposition to Plaintiff's Motion for Protective Order, to be served upon David Stebbins, via First-Class U.S. mail at the following address:

David Stebbins
123 W. Ridge, Apt. D
Harrison, AR  72601

                                                /s/ T. Scott Varady_____
                                                T. Scott Varady
                                                Associate General Counsel