```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                    **PLAINTIFF**

                **v.**                    **Civil No. 10-5125**

**UNIVERSITY OF ARKANSAS, and**
**G. DAVID GEARHART, in his**
**Official Capacity as Chancellor**
**of the University of Arkansas,**
**Fayetteville**                                                     **DEFENDANTS**

### O R D E R

Now on this 17th day of July, 2012, comes on for consideration plaintiff's **Emergency Motion For Protective Order** (document #108), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007.  Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

    2.   The parties are currently conducting discovery, and Stebbins now moves for a protective order, contending that a proposed deposition of his father should not be allowed.  He offers several arguments:

    *    that his father has no relevant evidence other than knowledge that Stebbins has Asperger Syndrome;

\*      that his father's testimony would be prejudicial and inadmissible under **F.R.E. 403** and **404**;

\*      that his father is an unreliable witness because he is "the alleged victim in a felony charge that I am currently facing"; and

\*      that there is a "no-contact order" in place that would be violated if he were to be at his father's deposition room, yet his rights as a litigant would be violated if he were prohibited from attending the deposition.

3.      UA responds by pointing out that Stebbins failed to confer and attempt to resolve the issues before bringing them to the Court's attention, as required by **F.R.C.P. 26(c)(1)**.  This is not the first time that Stebbins has overlooked procedural rules that he is obliged to follow, just as much as if he were represented by counsel. Stebbins has demonstrated an ability to read, understand, and use procedural rules to his advantage, and the Court finds no basis for his failure to follow those rules when they may not work to his advantage.  It directs that in the future he review and comply with the applicable rules of procedure *before* seeking judicial relief on procedural matters.

4.      Substantively, UA contends that its discovery of Stebbins' father is within the scope of allowable discovery under **Rule 26(b)(1)**.  Under that rule, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and it is no objection that such matter will not be

-2-

admissible, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

UA points out that one issue in the case is whether Stebbins presented a direct threat to the University community by actions which are relevant to this lawsuit. Stebbins contends that his father is "the alleged victim in a felony charge that I am currently facing." The Court believes that UA is entitled to explore the contours of the situation between Stebbins and his father in the context of its "direct threat" defense. The reliability of Stebbins' father as a witness will be for the trier of fact to determine, not Stebbins.

5.   Stebbins' motion presents the somewhat unusual issue of the conditions under which he will be allowed to participate in his father's deposition. It is axiomatic that, as a party to this case, Stebbins has a due process right to attend depositions and question witnesses, but that right must be so tailored as to not violate the no-contact order. To facilitate the deposition, protect Stebbins' rights, and avoid violating the no-contact order, the Court directs that Stebbins and defense counsel cooperate in presenting a motion to the court that issued the no-contact order, suggesting therein a set of guidelines under which Stebbins can participate in the deposition without violating the no-contact order. If and when those guidelines are approved by that court, the deposition of Stebbins' father can go forward without further intervention of this Court. If such approval is not forthcoming, the parties may apply to this

Court for relief.

**IT IS THEREFORE ORDERED** that plaintiff's **Emergency Motion For Protective Order** (document #108) is **denied.**

**IT IS SO ORDERED.**

             /s/ Jimm Larry Hendren
            **JIMM LARRY HENDREN**
            **UNITED STATES DISTRICT JUDGE**