UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                            PLAINTIFF

vs.                                    Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                              DEFENDANTS

## SECOND MOTION FOR PROTECTIVE ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for a protective order.

1. Because this Court will not be able to rule on this motion before the time for the deposition has passed, I ask that the order granting this motion be retroactively applied, as of the date of this motion being filed. This is not a violation of Defendant's due process rights, as they were notified of the possibility of this order of protection when this motion was filed; if they did not take reasonable steps to make it irrelevant, that is their fault.

2. Defendant has scheduled me for a deposition on July 26, 2012, at 9:30AM at the University of Arkansas Campus.

3. The time of the deposition is not a problem for me. The location, however, is. Traveling to Fayetteville would create an undue financial burden for me. I contacted a taxi company (since I do not have my own vehicle as of this time), and they told me that such a trip – even one way – would cost around $180.

4. I contacted Defense Counsel in this case, in an attempt to resolve the issue without Court action, but they were not the least bit cooperative. See Exhibit A, the email conversation between us.

5. A protective order limiting the scope, frequency, extent, or manner of discovery is

appropriate whenever the discovery sought "can be obtained from some other source that is ... less burdensome." See FRCP 26(b)(2)(C)(i). Notice it says "less burdensome." It does not require that the discovery sought be unreasonably burdensome; as long as there's an alternative means that is less burdensome, that alternative means must be used, like being the "least restrictive means" to an end, whenever strict scrutiny is applied.

6. When considering whether or not something is "burdensome," the Court should not only look to the flat expense, but also, to the ability of the person to pay it. Fifty cents can be "burdensome" if the party has absolutely no money, whatsoever. That being said, my *in forma pauperis* application in this case thoroughly demonstrates my indigence. Defendants, on the other hand, clearly have the resources needed to travel to Harrison, as evidenced by the fact that... well... they're actually going to do it! See Exhibit A, where they mention that my parents' depositions will be located in Harrison. Therefore, them having to come to me is clearly less burdensome than me having to go to them.

7. Lack of cooperative behavior notwithstanding, Exhibit A also demonstrates straight-up malice and a double standard. They are willing to come to Harrison for my parents' deposition, but not for me? Heck, why can't they just do *all three depositions* in one single trip to Harrison? At that point, the only problem I would have is the scheduling conflicts and the criminal trespass (see Reply to Response to First Motion for Protective Order, being filed simultaneously with this one). Their refusal to do so seems to imply that they're just looking for an excuse to get me sanctioned, rather than anything legit.

8. I therefore request that Defendants be retroactively ordered to do at least one of the following:

A) Have my deposition over the phone,

B) Come to Harrison to take my deposition, or

C) Do not take my deposition at all.

Wherefore, premises considered, I respectfully request that the relief spoken of in Paragraph #8 of this motion be granted.

*David S Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

Subject: Re: Deposition
From: David Stebbins (stebbinsd@yahoo.com)
To: svarady@uark.edu;
Date: Monday, July 16, 2012 8:49 PM

Exh. A

I. Can't. Afford. To. Go. To. Fayetteville!

What is so difficult about that?

If you want my deposition in person so badly, why don't you come to Harrison for mine as well?

From: Scott Varady <svarady@uark.edu>
To: David Stebbins <stebbinsd@yahoo.com>
Cc: Kim Harriman <harriman@uark.edu>
Sent: Monday, July 16, 2012 3:28 PM
Subject: Re: Deposition

Dear Mr. Stebbins,

On Saturday evening, you sent two emails to me regarding your deposition. For ease of reference, I've pasted in your first email immediately below the email you sent approximately 20 minutes later. I'll respond to both emails here.

1. The University has not driven up the costs of litigation. To the contrary, we have done everything possible to keep costs as low as possible. At this time, we must move forward with depositions and you have received notices on all depositions. Carla Brown's deposition will occur in Fayetteville as stated in the Notice. Your parents' deposition will take place in Harrison at the law office of James Goldie. You are free to attend or not attend any of those depositions as you choose.

2. You have been noticed and served with a subpoena, witness fee and mileage fee to give a deposition. You are required by law to appear and give your deposition. Therefore, we plan to proceed with your deposition. The University is entitled to take your deposition in person, and we plan to do so. You are responsible to travel for Fayetteville for the deposition. Based on court filings in your case against Legal Aid of Arkansas, I note that you failed to appear for a deposition in Harrison even after the attorney travelled to Harrison. In light of those pleadings, I think it is appropriate to conduct your deposition in Fayetteville. If you fail to appear, it will be less costly than having a court reporter to travel to Harrison if you do not show up. Additionally, we have an appropriate facility in which to conduct your deposition and a safe environment for you and all others in attendance.

Thank you for complying with your obligations under the Federal Rules of Civil Procedure and the responsibilities of any litigant.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

**From:** David Stebbins < >
**Reply-To:** David Stebbins < >
**Date:** Saturday, July 14, 2012 9:19 PM
**To:** Scott Varady < >
**Subject:** Re: Deposition

Let me put it this way:

Remember what I said about wars of attrition? Well, you've already gotten *one* motion to dismiss for failure to prosecute denied. What makes you think it's going to work this time, when I have a perfectly legitimate reason for not being able to attend, and this time, I'm not even procrastinating on telling you what that reason is!

That being said, discovery, as you mentioned, is almost over. If the motion to dismiss is denied (and based on your motion's success history, I'd say that's a very real possibility), you won't get my deposition at all.

I'd recommend playing it safe, and simply have the deposition over the phone. That way, at least there's a 100% chance that you'll even *get* your precious deposition!

From this point forward, I cannot fathom an explanation for why you would continue to be rigid and uncooperative, other than... you're just looking for an excuse to get me sanctioned.

Think that one over a little bit.

Sincerely,
David Stebbins

[EMAIL INSERTED from EMAIL Mr. Stebbins sent at 8:58 pm on Saturday, July 14, 2012]

Yes, the date *isn't* a problem, and it still isn't. Again, the problem is (and remains) traveling to Fayetteville.

And, as I read Rule 27, my understanding of it does not change. In any event, I am also reading Rule 26, which applies to *all* discovery! According to that Rule, it is the responsibility of all the parties (particularly counsel, but I am *pro se*, so I have to do it myself) to work together to minimize the costs of discovery, and to find other means of achieving the discovery you want if it is less burdensome or costly.

Furthermore, although unwritten, there is a clear policy against wars of attrition. Rule 11 specifically prohibits engaging in conduct designed in whole or in part to increase the costs of discovery, even if there appears to be a legitimate purpose on its face. If you're being rigid simply in an attempt to make the litigation too expensive for me to prosecute (especially when I *gave*

*you* an alternative, less expensive means of having the deposition - doing it over the phone), I can't imagine the Court will look very kindly upon that.

If you have a good reason - a damn good reason - for not being content doing the deposition over the phone, then let's hear it. Otherwise, I'd imagine the Court will sympathize with me due to the lack of cooperation you are willing to give.

**From:** Scott Varady < >
**To:** David Stebbins < >
**Cc:** Kim Harriman < >; Jeff Bell < >
**Sent:** Saturday, July 14, 2012 4:29 PM
**Subject:** Re: Deposition

Dear Mr. Stebbins,

Please re-read Rule 27 (perpetuating testimony prior to filing suit) because you are misreading it. You are not entitled to 21 days notice. In any event, I contacted you prior to issuing the subpoena to request mutually convenient dates. You stated that the date was not a problem, but you expressed concerns about your travel to Fayetteville.

You initiated this litigation and filed it in the Fayetteville Division. It is your responsibility to be in Fayetteville for your deposition and for the trial. The University, as Defendant, is not responsible to pay for your costs in participating in the lawsuit you initiated or to come to Harrison to take your deposition. You are free to dismiss your suit if you are not able to prosecute it — that is your choice. But again, it is not the University's responsibility to pay for your transportation. As you know, as a party to litigation that you initiated, the Federal Rules of Civil Procedure obligate you to appear for a deposition with a Notice of Deposition. A subpoena is not required because you are a party. In an abundance of caution to obtain your compliance, however, I issued a subpoena to you and the University has paid the witness fee and required mileage fee for a non-party witness to appear (even though these fees are not required when only issuing a Notice of Deposition to a party). You are required by law to appear for your deposition in Fayetteville. If you fail to do so, the University will file a motion to recover its costs and dismiss your lawsuit. I am informing you of this information so that you are fully advised of the potential consequences of your intentional failure to comply with the Federal Rules of Civil Procedure and the authority of the Court.

As for your parents' depositions, I was contacted by counsel who represents your parents this week. He advised me that you have filed lawsuits against your parents who have hourly positions and can't afford to miss work. At the request of your parents' counsel, therefore, I will travel to Harrison to take their depositions at their attorney's office. You have stated that you have a "hearing" that day and can't attend your deposition. I do not plan to change the currently scheduled deposition date in the subpoena served on you. After consulting with appropriate officials, the University will *consider* rescheduling the date, subject to your parents' availability, if you provide additional information regarding your alleged conflict (including the court, the hearing, the date and time, and the name of any counsel representing you and opposing counsel involved in the matter) and whether you can reschedule your purported hearing. I would also note that when I sent you an email to schedule your parents' deposition dates at a mutually convenient time, you failed to provide any possible dates. Instead, you chose to file your emergency motion for a protective order without consulting, in good faith, with me as required by the Federal Rules of Civil Procedure. Given the current discovery cut-off date and my schedule, I plan to keep the established date for your parents for the time being.


Sincerely,
Scott Varady

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

**From:** David Stebbins < >
**Reply-To:** David Stebbins < >
**Date:** Friday, July 13, 2012 8:15 PM
**To:** Scott Varady < >
**Subject:** Deposition

Varady,

Before I begin, I should point out that I don't think I'm even required to go this deposition *at all*. FRCP 27(a)(2) states that I am entitled to at least 21 days notice of the deposition, and you haven't given me 21 days notice. Therefore, the fact that I'm even*willing* to submit myself to this deposition is a gesture of extreme generosity.

That being said, you have provided insufficient funds to cover my transportation costs. I contacted Taxi of the Ozarks (they can be reached at (870) 741-1615) and they told me that the costs of taking me to Fayetteville, even one-way, would be $180. You've only provided me with $128.80.

Please respond soon with a proposed solution. If I do not have a solution from you by Monday, I will simply proceed to deposit the $128.80 that you gave me, and just take that as free money.

Sincerely,
David Stebbins

P.S. And yes, that would be perfectly legal, since a check is legally considered an unconditional tender of payment.