

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                                 PLAINTIFF

vs.                                    Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                        DEFENDANTS

### REPLY TO RESPONSE TO
### EMERGENCY MOTION FOR PROTECTIVE ORDER

    Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following reply to Defendant's response to my emergency motion for a protective order.

    Defendant frivolously claims that I failed to confer with them to resolve this issue without Court actions. See Exhibit A, where I clearly attempt to explain to them why my father's deposition should not be allowed, and why I cannot attend. Defendant's assertions to the contrary are frivolous, perjurous, and entirely without merit.

    Defendant argues that my father may have "insight" into whether or not I am a direct threat to others. However, what they fail to see is that it is irrelevant in the instant case. "Direct threat" is, indeed, a defense to discrimination, but it is defined differently than what a person's intuition would imply. "The term 'direct threat' means a significant risk to the health or safety of others **that cannot be eliminated by reasonable accommodation**." See 42 U.S.C. 12111(3), bolded for emphasis. I can *be* a danger to people, but they still can't invoke the direct threat exception until they've made reasonable attempts to accommodate the disability. "If a reasonable accommodation could eliminate the risk, entities covered under the [statutes] are required to engage in such accommodation." See Radecki v. Joura, 114 F. 3d 115, 117 ([8th Cir. 1997]).

    Why does this matter? Because, if Defendant were not required to accommodate the disability, I would have been screwed a long time ago. Bear in mind that the incident that lead to

my expulsion from the UA was that I mentioned the possibility of another "Virgnia tech incident." In hindsight, even I have to admit that it was threatening, what I said. However, the crux of this case is that, because of my Aspergers, I didn't know, at the time I said it, that it was threatening, and Defendants should have accepted that. If I'm not a threat, then fantastic. If I am a threat, then it still doesn't matter anyway, because the crux of this case is not the threat, bu their failure to accommodate the threat.

Therefore, but for Defendant's requirement to accommodate the disability, they would already have enough evidence to support a motion for summary judgment in their favor. By their own admission, they only intend to inquire about things they already have enough evidence to prove. Therefore, my father's testimony should not be allowed, pursuant to Rule 403 of the Federal Rules of Evidence, not only due to the unfair prejudice it can cause, but due to the evidence being redundant.

Lastly, Defendant never made any attempts, whatsoever, to address my argument that I should be allowed to be present at any witness's deposition, yet the no-contact order prevents me from doing so. They do not deny the prejudice that I allege, and thus, the protective order should be granted on this alone.

However, no-contact order aside, the time and place of the deposition is prejudicial to my right to be present at it. It is scheduled for July 27, 2012 at the law offices of Jim Goldie in Harrison. See Exhibit B. Although *transportation* is not an issue, both the time and specific place of the deposition are bars my attendance.

On July 27, 2012, I am required to appear before the Boone County Circuit Court in relation to my felony charge. I cannot attend the deposition, under penalty of contempt for failure to appear before a court of competent jurisdiction.

Also, the location is a problem, not because of transportation, but because Jim Goldie does not wish for me to be there. See Exhibit C. Therefore, even if I did not have any conflicting schedules, I still would not be able to attend, under penalty of criminal trespass. The Harrison Federal District Court would be a suitable location (scheduling conflicts notwithstanding), but not in a private building where the owner can dictate who can and can't enter it, even when it results in prejudicial rights.

Wherefore, premises considered, I respectfully request that the Emergency Motion for Protective Order be granted

/s/ David Stebbins
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

| | |
|---|---|
| Subject: | Re: Depositiions |
| From: | David Stebbins (stebbinsd@yahoo.com) |
| To: | svarady@uark.edu; |
| Date: | Thursday, July 5, 2012 7:32 PM |

*Exh. A*

The *timing* of the deposition is not a problem. July 20 is as good a date as any.

However, I cannot physically travel to Fayetteville for it. You've received my off-the-record email to Hon. Setser asking that the mandatory mediation be rescheduled, due to my indigency making travel impossible. This problem remains for the deposition.

If you can arrange for me to do the deposition by phone, I can do that, no problem.

However, as for deposing my parents, I don't think you *can* depose my father. For starters, he knows nothing of the suspension from the UA that is the crux of this case. Secondly, I have the right to be present for any depositions of my witnesses, and my father and I are currently separated due to a no-contact order, which means... you get the shaft when it comes to deposing him. Besides, any information you get from him will be totally prejudicial, as he knows nothing about anything that has any relevance to this case.

Sincerely,
David Stebbins

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Thursday, July 5, 2012 6:05 PM
**Subject:** Depositiions

Dear Mr. Stebbins:

Attached please find a cover letter, a notice of deposition, and a subpoena that I issued today to Ms. Carla Brown. A hard copy has been mailed to you today as well.

As a matter of courtesy, I am writing to let you know that I plan to issue subpoenas to take the deposition of your mother and father later this month. I am also planning to issue a notice of deposition to you. Can you please let me know your availability for a deposition on Friday, July 20 or that following week? I plan to take all depositions in the Administration Building on the Fayetteville campus. As you may know, the discovery cut-off date is currently set for August 3, 2012. Therefore, if you plan to take the depositions of any University officials, please let me know immediately so I can make any necessary scheduling arrangements.

Thank you for your attention to this matter.

Sincerely,

| | |
|---|---|
| Subject: | Re: Deposition |
| From: | Scott Varady (svarady@uark.edu) |
| To: | stebbinsd@yahoo.com; |
| Cc: | harriman@uark.edu; |
| Date: | Monday, July 16, 2012 3:28 PM |

Exh. B

Dear Mr. Stebbins,

On Saturday evening, you sent two emails to me regarding your deposition. For ease of reference, I've pasted in your first email immediately below the email you sent approximately 20 minutes later. I'll respond to both emails here.

1. The University has not driven up the costs of litigation. To the contrary, we have done everything possible to keep costs as low as possible. At this time, we must move forward with depositions and you have received notices on all depositions. Carla Brown's deposition will occur in Fayetteville as stated in the Notice. Your parents' deposition will take place in Harrison at the law office of James Goldie. You are free to attend or not attend any of those depositions as you choose.

2. You have been noticed and served with a subpoena, witness fee and mileage fee to give a deposition. You are required by law to appear and give your deposition. Therefore, we plan to proceed with your deposition. The University is entitled to take your deposition in person, and we plan to do so. You are responsible to travel for Fayetteville for the deposition. Based on court filings in your case against Legal Aid of Arkansas, I note that you failed to appear for a deposition in Harrison even after the attorney travelled to Harrison. In light of those pleadings, I think it is appropriate to conduct your deposition in Fayetteville. If you fail to appear, it will be less costly than having a court reporter to travel to Harrison if you do not show up. Additionally, we have an appropriate facility in which to conduct your deposition and a safe environment for you and all others in attendance.

Thank you for complying with your obligations under the Federal Rules of Civil Procedure and the responsibilities of any litigant.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

**From:** David Stebbins < >

Subject: monday
From: Rita Stebbins (rita_stebbins@hotmail.com)
To: stebbinsd@yahoo.com;
Date: Sunday, July 15, 2012 9:34 PM

Exh. C

ok first what time will be good for you to go to the store -- i have to pick up dad at 330 so around noon will give enought time if that is good for you

now I talked to Goldie and he said we have to do the discovery but he made a phone call and they are willing to come to harrison to do it and he is ok with them using his office for us but is not comfortable having you there ( I guess cause he could wind up being dad's lawyer against you) .. perhaps you should call them and see if they can arrange something for you . now if they come here we probably won't be able to keep the check but at least we won't have to miss a whole day of work with out pay. we can talk more tomorrow