UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                                                    PLAINTIFF

vs.                                        Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                                                      DEFENDANTS

### SECOND MOTION TO STAY PROCEEDINGS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion to stay proceedings.

On January 27, 2012, this Court denied my first motion for a stay of proceedings, finding that there was no cause for such a stay. Today, however, a new cause has emerged.

The United States Court of Appeals for the Eighth Circuit is currently considering the appeal of the case of Stebbins v. Reliable Heat & Air, LLC, Case No. 11-3639 in that Court. And yes, in case the Court is wondering, I am the appellant in that case.

That case presents two questions which are immediately relevant in the instant case:

1.      Is the disabled employee/customer/client/patron/whatever legally responsible for requesting specifically the accommodation that he needs, or are both parties in the relationship required to work *together* to find an accommodations package that is mutually beneficial and cost-effective? And...

2.      Can a motion to confirm an arbitration award be denied on any other grounds, other than a motion to vacate or modify the arbitration award being granted? In other words, can a Court deny confirmation of an arbitration award *sua sponte*?

The first question is immediately relevant because the discovery in this case reveals that the reason the UA did not accommodate my disability is because... I did not ask for any specific

accommodations. The second question is immediately relevant because we actually haven't permanently disposed of the arbitration issue in this case; the first appeal was dismissed because it was untimely filed, but that does not mean the merits of the appeal can never be reached; it only means that I must now follow the litigation to its conclusion before the merits can be reached.

A ruling in my favor in that case on either of those two points would instantly entitle me to summary judgment, and the Court would not even have to spend judicial resources deciding what the law is, because the law would already be decided for it.

Therefore, this Court should stay the proceedings of this case until such time as the Eighth Circuit has ruled on the case of Stebbins v. Reliable Heat & Air, LLC.

There *is* a precedent for a stay under these conditions. In the case of *Tennessee v. Lane*, 541 US 509 (2004), the Supreme Court mentioned that the Sixth Circuit stayed its proceedings in that case until such time that the Supreme Court ruled on *Board of Trustees of Univ. of Ala. v. Garrett*, 531 US 356 (2001). See *Tenn v. Lane* at 514 ("On April 28, 2000, after the appeal had been briefed and argued, the Court of Appeals for the Sixth Circuit entered an order holding the case in abeyance pending our decision in Board of Trustees of Univ. of Ala. v. Garrett, 531 U. S. 356 (2001)").

Another example of this happening would be in the case of Perry v. Brown, the high profile 9th Circuit case regarding same-sex marriage. The 9th Circuit certified the question of standing to the CA Supreme Court, and held their own case in abeyance until the certified question was answered.

Therefore, a stay of proceedings until a precedent-setting case is resolved is entirely legitimate.

With a little luck, we won't have to wait very long. Briefing in the case of Stebbins v. Reliable was completed on May 1, 2012, which means the Eighth Circuit could make its decision any day now.

Wherefore, premises considered, I respectfully request that the case be held in abeyance until the 8th Circuit rules on Case No. 11-3639 in their Court.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com