IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                                                    **PLAINTIFF**

v.                                          Civil No. 10-5125

**UNIVERSITY OF ARKANSAS**                                                         **DEFENDANT**


BRIEF IN OPPOSITION TO PLAINTIFF'S SECOND MOTION
FOR PROTECTIVE ORDER AND PLAINTIFF'S REPLY TO RESPONSE
TO EMERGENCY MOTION FOR PROTECTIVE ORDER

Comes Defendant, University of Arkansas, acting by and through its undersigned counsel, and submits this Brief in Opposition to Plaintiff's Second Motion for Protective Order and Plaintiff's Reply to Response to Emergency Motion for Protective Order.

I.
PLAINTIFF'S PLEADINGS

On July 18, 2012, Plaintiff David Stebbins ("Plaintiff") filed two pleadings concerning discovery matters in this case. In his Second Motion for Protective Order ("Motion"), Plaintiff contends that he is unable to travel to Fayetteville for his deposition because it would be "an undue financial burden" for him. Accordingly, Plaintiff asks the Court to order the University to: (1) take his deposition over the phone; (2) take his deposition in Harrison; or (3) not to take his deposition at all.

On the same day, Plaintiff filed a Reply to Response to Emergency Motion for Protective Order ("Reply"). In his Reply, Plaintiff requests that the Court grant his Emergency Motion for Protective Order. On the preceding day (July 17, 2012), however, this Court entered an order denying Plaintiff's Emergency Motion for Protective Order. The issues presented in the Reply have been resolved, and no basis exists for granting the relief requested by Plaintiff. The Court

1

should deny the relief sought by Plaintiff and strike the Reply pursuant to Rule 37 of the Federal Rules of Civil Procedure. For the following reasons, the Court should also deny the Motion.

## II.
## PLAINTIFF'S SECOND MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED

As a *pro se* Plaintiff with extensive litigation experience, Plaintiff is well aware that he is required to follow the procedural rules of this Court. Plaintiff, however, failed to submit a brief in support of his Motion. Plaintiff, therefore, violated Local Rule 7.2(a). As this Court previously explained, "rules exist to ensure the orderly administration of justice, and they are equally binding on represented and *pro se* litigants." (Order at 4 (Dec. 2, 2010) (citing *Smith v. U.S.*, 369 F.2d 49 (8th Cir. 1966).) For that reason, the Motion should be denied.

At this time, the facts contained in the Motion are inaccurate. At Plaintiff's request, counsel for the University agreed to move the depositions of Plaintiff's parents to Thursday, July 26, 2012. Additionally, counsel for the University moved Plaintiff's deposition to Wednesday, August 1, 2012, to accommodate Plaintiff's conflict on Friday, July 27, 2012. Counsel for the University has also issued Amended Notices of Deposition and Subpoenas to Plaintiff and his parents, which are attached hereto as Exhibit A and incorporated herein by reference.

At the request of counsel for Plaintiff's parents, the University agreed to conduct their depositions at the law office of James Goldie in Harrison, Arkansas, to minimize the amount of work time that each witness would be required to miss if they travelled to Fayetteville. Mr. Goldie agreed to permit the University to utilize his law office to conduct the depositions of his clients, and the University agreed to pay a safety officer (the local constable) to be present for the depositions. Mr. Goldie has represented to the University that he has no objection to Plaintiff's presence in his office for purposes of participating in the depositions of Plaintiff's parents. On

July 18, 2012, the Honorable Gordon Webb of the Circuit Court of Boone County, Arkansas, issued an Amended No Contact Order in Plaintiff's pending criminal proceedings. A copy of the Order is attached hereto as Exhibit B and incorporated herein by reference. As expressly provided in the Circuit Court's Order, Plaintiff "is permitted to be in the same . . . designated place with the alleged victim (Plaintiff's father) under the circumstances of a legal proceeding when a bailiff is present or a safety officer is present in locations such as . . . a legally scheduled deposition." (Ex. B) Accordingly, no impediment exists to Plaintiff attending and participating in the deposition of his father on July 26, 2012.

Plaintiff's deposition is scheduled to be conducted in the Administration Building at the University of Arkansas, Fayetteville, on Wednesday, August 1, 2012. Plaintiff seeks to be excused from the Notice of Deposition and Subpoena commanding his appearance in Fayetteville, Arkansas because he lacks a vehicle or the necessary funds to travel to Fayetteville. Plaintiff claims the obligation to travel to Fayetteville is too "burdensome." Plaintiff further contends that counsel for the University "demonstrates straight-up malice and a double standard" because Plaintiff's parents' depositions will be conducted in Harrison. Plaintiff further suggests that all three depositions should be conducted on the same day in Harrison.

The University believes that Plaintiff's deposition should occur in the Administration Building on campus for the following reasons. Plaintiff initiated this lawsuit in the Fayetteville Division of this Court. The University's alleged discrimination occurred in Fayetteville. As a litigant, Plaintiff has a responsibility to participate in the judicial proceedings that he initiated in Fayetteville. The University should not be responsible to bear an additional burden to travel to Harrison for Plaintiff's deposition. Plaintiff is well aware that his deposition is a necessary part of this litigation and that the trial of this matter is scheduled in Fayetteville as well. Plaintiff is

responsible, similar to any other litigant, to make the necessary arrangements to fully participate in his case, including traveling to Fayetteville for his deposition and for the trial. Although not required by law, the University also issued a subpoena to Plaintiff and paid witness and mileage fees to him.

In the Administration Building in Fayetteville, the University has an appropriate conference room (with two doors on either end of the room) to conduct the deposition. Additionally, counsel's office is located in the Administration Building and all records in this case are immediately accessible at that location along with any necessary secretarial assistance. By conducting the deposition in the Administration Building, the University is able to have a member of the University of Arkansas Police Department present at no additional cost to ensure the safety of all parties involved in the deposition. These reasons alone justify conducting the deposition in Fayetteville.

Moreover, based upon recent pleadings filed with this Court in another case, Plaintiff failed to appear for his own deposition recently in Harrison. In a case against Legal Aid of Arkansas, defense counsel from Fayetteville traveled to Harrison to take Plaintiff's deposition. Despite receiving multiple notifications regarding the deposition, Plaintiff failed to appear. The University should not be forced to incur the expense, time and trouble to travel to Harrison when Plaintiff has failed to comply with his legal obligations in another case. If Plaintiff fails to appear at his deposition in Fayetteville, the expenses incurred by the University will be far lower than the costs of bringing a court reporter to Harrison. Additionally, the University will be forced to hire another safety officer in Harrison and incur an expense that would not be required with a UAPD officer on campus. For all of these reasons, the Motion should be denied, and

Plaintiff should be required to comply with the Notice of Deposition and Subpoena to appear in the Administration Building for his deposition.

Plaintiff's request to have his deposition taken by telephone would deny the University the opportunity to conduct a fair and full deposition. The University, for example, would not be able to present exhibits for Plaintiff to review or to assess Plaintiff's demeanor in the deposition. Plaintiff alleges that the University discriminated against him based upon his disability, and the institution has a right to confront Plaintiff in person to assess all evidence and information supporting such a claim. Plaintiff's request to restrict his deposition to the telephone would diminish and be detrimental to the University's rights to conduct discovery and obtain necessary information concerning this case. The University has the right to examine Plaintiff in person.

Plaintiff has pursued this litigation for months on end and filed numerous pleadings in this Court which required responses from the University. As such, the University has been forced to devote significant resources to defend itself in this action. The fact that Plaintiff has been compelled to provide one deposition in this action in Fayetteville should come as no surprise, and he has long known that he should be prepared to make arrangements to travel to Fayetteville for his own deposition and for trial.

Plaintiff asserts that the University should be forced to bear the burden and expense of traveling to Harrison to take his deposition because Plaintiff's parents are being deposed there. In contrast to Plaintiff, however, his parents are unwilling participants in this litigation. In fact, Plaintiff has active lawsuits against his parents as well. According to counsel for Plaintiff's parents, they are both hourly workers at a factory and a local Wal-Mart. In an effort to limit the amount of time Plaintiff's parents will have to miss work, the University agreed to take their depositions in Harrison after originally issuing a subpoena requiring their attendance in

Fayetteville. Unlike his parents, Plaintiff will not miss any work by traveling to Fayetteville for his deposition. Plaintiff's argument, therefore, is without merit, and his Motion should be denied.

At bottom, Plaintiff expresses his true objective, which is to avoid giving a deposition in this case. Plaintiff asked the Court to order the University "not [to] take [his] deposition at all." (Mot. at 3.) As a willing litigant who has initiated this action in Fayetteville as well as multiple cases in various other states across the nation, Plaintiff should not be surprised or ask for special consideration when he is required to participate in his own case. Plaintiff's Motion does not reflect that he has exhausted all possible options for traveling to Fayetteville. Plaintiff should be treated similar to any other litigant and required to comply with the Federal Rules of Civil Procedure.

### III.
### THE REPLY IS MOOT AND THE COURT SHOULD STRIKE THIS PLEADING

The arguments presented in the Reply are without merit for all of the reasons set forth in the University's opposition to Plaintiff's Second Motion for Protective Order set forth in Section II, *supra*. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, therefore, the University hereby incorporates all arguments set forth in Section II, *supra*, in opposition to Plaintiff's Reply as set forth herein word for word. Given that the Court's Order dated July 17, 2012, resolved all of the issues presented in Plaintiff's Emergency Motion for Protective Order, the Reply is moot and an unnecessary pleading. Accordingly, the Court should strike the Reply.

### IV.
### CONCLUSION

For all of the foregoing reasons, Defendant, University of Arkansas, respectfully prays that the Court: (1) deny Plaintiff's Second Motion for Protective Order; (2) order Plaintiff to

comply with the Amended Notice of Deposition and the Subpoena and appear for his deposition on August 1, 2012, at the Administration Building at the University of Arkansas, Fayetteville; (3) deny and strike Plaintiff's Reply; and (4) grant the University all other relief which the Court deems just and proper.

Respectfully submitted,


By: /s/ T. Scott Varady
T. SCOTT VARADY
Associate General Counsel
Arkansas Bar No. 93172
E-mail: svarady@uark.edu
WILLIAM R. KINCAID
Associate General Counsel
Ark. Bar No. 93125
E-mail: wkincaid@uark.edu
TAMLA J. LEWIS
Associate General Counsel
Ark. Bar No. 2005237
E-mail: tjlewis@uark.edu
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401

and

JEFFREY A. BELL
Senior Associate General Counsel
Arkansas Bar No. 77009
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR THE UNIVERSITY OF ARKANSAS

**CERTIFICATE OF SERVICE**

      I certify that on this 21st day of July, 2012, I caused a copy of the foregoing Defendant's Brief in Opposition to Plaintiff's Second Motion for Protective Order and Plaintiff's Reply to Response to Emergency Motion for Protective Order to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following address:

      David Stebbins
      123 W. Ridge Street, Apt. D
      Harrison, AR  72601

      /s/ T. Scott Varady
      T. Scott Varady
      Associate General Counsel