U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 27 2012
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                                 PLAINTIFF

vs.                                        Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                        DEFENDANTS

## EMERGENCY MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following emergency motion for sanctions.

1. Again, I need an answer from the Court immediately. The discovery is almost over, and if this Court does not respond by then, it will be too late.

2. I request that the witnesses of David D. Stebbins and Rita F. Stebbins be ordered to reschedule their depositions at their expense.

3. On July 26, 2012, Defendants took the depositions of both above-mentioned witnesses. When it was my turn to question them, they gave straight answers only if they felt like it. When I asked them if certain things were true, they would often say "That's irrelevant," and refuse to answer the question. When I asked them questions that only required simple yes or no answer, they would go off on various tangents, but never actually give a "yes" or "no" answer. For example, when I asked David D. Stebbins if he has any medical documentation of his eye injury, all he said is that he doesn't *need* medical documentation, without ever stating whether or not he has it.

4. Although I currently do not have any proof (since the deposition transcripts are not yet ready), if the UA does not object to the accusations stated in Paragraph #3, then I ask that the Court accept these facts as true accordingly. I am also sending a copy of this motion to the witnesses' address, so they can respond, too, if they want to. However, in responding, they

should keep in mind that this is an emergency motion.

5.     The witnesses should not be allowed to refuse to answer a question simply because they are not immediately satisfied of its relevance. My lines of questioning had perfectly coherent goals to them.

6.     The questions I asked the witnesses, which they claimed lack of relevance to, were in fact very relevant. The UA called David D. Stebbins to this deposition simply to question him about the alleged incident I was arrested over. I was arrested for attacking him with a knife. Therefore, if I can demonstrate innocence of my domestic battery, I can refute David D. Stebbins' claim that I am a threat to the UA. Simple enough. In other words, the UA has brought the criminal case into this one. What is relevant in the criminal case is relevant in the instant case. My efforts to demonstrate innocence are directly related to their deposition, whether they like it or not. If they didn't want the entire criminal case to be brought into this case, they shouldn't have brought it in, themselves.

7.     All issues that I questioned the witnesses about, which they claimed were irrelevant, were in fact directly related to demonstrating my innocence in the criminal case. I asked for Rita F. Stebbins to testify to her husband history of domestic battery, and she repeatedly stated "that's irrelevant." When I asked David D. Stebbins to admit to various portions of the contract, he replied that it had nothing to do with the case at hand.

8.     Both of these lines of questioning are entirely relevant. David D. Stebbins' domestic battery history is directly relevant to discrediting his accusations of my alleged violence. The contract is directly related to demonstrating a self-defense affirmative defense. My allegations are that, since I was contractually entitled to use the router when he wasn't using it, that means his taking of the Internet router constituted stealing. Therefore, even if I used a knife, I still

would have been acting in self-defense. Therefore, the contract is entirely relevant in that case. If it's relevant in that case, it's relevant in this one. Period.

9.  I think David D. Stebbins *knew* about the relevance of that line of questioning; he just didn't care. I had explained the contract issue in a complaint I filed in a lawsuit against him, which he filed a timely response to. He knew about the relevance, and he still maintained that it is irrelevant.

10.  The lack of relevance is only one issue that needs to be resolved by this Court. Whenever they did "answer" a question (notice, quotation marks), they often skipped around the question, rather than giving a straight answer. A few examples are detailed in Paragraph #3 of this complaint.

11.  Both David D. Stebbins and Rita F. Stebbins should be ordered to reschedule their depositions at their expense, furnishing transportation to all persons who have a right to be at the depositions. They should also be ordered to give straight answers to the questions I ask them. If they fail to give a straight answer, even one time, the bailiff[1] should be ordered to arrest them on the spot for contempt of court, and to hold them indefinitely until straight answers are given to all questions.

12.  To help guide this court on the relief I am seeking, I wish to point out the difference between "not giving a straight answer," and "not answering the question the way I want it to be answered." When I asked David D. Stebbins if he had any medical documentation of his eye injury, when answered "I don't need any 'medical documentation,'" he was not giving a straight answer. If he were to answer "No, but I don't need any," he would have been not answering the question the way I wanted him to. A straight answer is one that can only be interpreted one way

---

1 The bailiff which is mandated by the Amended No Contact Order, though now, the witnesses will be paying his fee.

(get it? Straight answer? Straight line?! One way?! It's almost one of those "I wonder why Mars is called the *Red* Planet" kind of things). The answer he gave has at least two reasonable interpretations: (A) "I don't have any medical documentation, but I don't think I need it," and (B) "I don't need any medical documentation, but I have some just in case I need it." He didn't just not answer the question the way I wanted it to be answered; he didn't answer the question at all. He *changed* the question to "Do you need any medical documentation to prove your eye injury," and then he answered *that* question. It's okay for him to give his own take on the situation, but I shouldn't have to do any guesswork as to what the straight answer is.

13.  Again, both the UA and the witnesses will have an opportunity to raise objections to this motion for sanctions. If neither of them deny the factual allegations spoken of in this motion, please accept these allegations as true, via *qui tacet consentiture videture*.

Wherefore, premises considered, I respectfully request that the emergency motion for sanctions be granted, and the Court order the witnesses to reschedule the deposition at their expense (complete with furnishing transportation for all interested persons), and be ordered to cease and desist their bad faith question-dodging.

Again, like the protective order before it, this motion must be ruled on quickly for it to make a difference, as the discovery is almost over.

So requested this 26th day of July, 2012.

*[signature: David Stebbins]*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.,
Room 510
Fayetteville, AR 72701

