```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                **PLAINTIFF**

        v.                Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and**
**G. DAVID GEARHART, in his**
**Official Capacity as Chancellor**
**of the University of Arkansas,**
**Fayetteville**                                                  **DEFENDANTS**

## O R D E R

    Now on this 27th day of July, 2012, comes on for consideration plaintiff's **Second Motion For Protective Order** (document #111), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007.  Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

    2.   The parties are currently conducting discovery, and Stebbins now moves for a protective order, contending that he has been noticed up for a deposition to be taken in Fayetteville, Arkansas, a location he says is burdensome to him.  He states that he does not have his own vehicle, and a trip in a taxi would cost around $180.00 one way.  He also points out that UA is planning to

depose his parents in Harrison. He asks that the Court take one of three steps: direct that his deposition be taken telephonically; direct that defendants depose him in Harrison; or not allow his deposition to be taken at all.

3. UA responds that the motion should be denied for several reasons.

* First, Stebbins failed to file a brief in support.

* Second, the depositions of Stebbins' parents are being taken at the offices of their attorney in Harrison, at that attorney's request, to minimize the time they must be away from work. That consideration does not apply to Stebbins, who is unemployed.

* Third, to depose Stebbins in Harrison would transfer the financial burden to UA, in that it would have to send its attorney and court reporter to Harrison, and hire a security guard there.

* Fourth, the location of the deposition in the Administration Building in Fayetteville places it close to all records, and offers the availability of a security guard who is a member of the UA Police Department and thus no additional expense.

* Fifth, UA contends that Stebbins failed to appear for his deposition in a separate case, after defense counsel traveled to Harrison for it.

* Finally, UA points out that -- although not required to do so -- it issued a subpoena to Stebbins and tendered witness and mileage fees (in the sum of $128.80) to him.

4. "A party may, by oral questions, depose any person,

including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."[1] **F.R.C.P. 30(a)**.

Typically the location of depositions is a matter of consultation and cooperation among the litigants, but all forms of cooperation in this case appear to have been compromised from the beginning. Stebbins' style of dealing with opposing counsel is demonstrated by his November 14, 2010, e-mail to counsel for UA, which reads as follows:[2]

> Varady, you m----rf----r,
>
> I am giving you one last chance to settle out of f--king court. I want every single negative record that the UA has with me expunged, $300,000.00 in punitive damages, and I want three years worth of lost wages, totalling [sic] $48,000. I want your oath, by 5PM on Monday, November 15, 2010, that the money is in the mail.
>
> This is your last chance.
>
> David Stebbins

It is not surprising that UA is unwilling to offer to "go the extra mile" at its own expense to ease litigation burdens for Stebbins in the face of such rudeness.

5. When the parties cannot agree on the logistics of a deposition, the Court has "great discretion in designating the location of taking a deposition." **Thompson v. Sun Oil Company, 523 F.2d 647 (8th Cir. 1975)**. The Court's discretion here is informed

---

[1] The provisions of 30(a)(2) do not apply to this case.

[2] The Court has used ellipses not used by Stebbins, because of the offensive nature of the language.

by three considerations:

(a) Stebbins established his indigency by filing an Application To Proceed In District Court Without Prepaying Fees Or Costs, wherein he asserted that his sole income was $674/month in disability payments. This lends credence to Stebbins' claim that it would be burdensome for him to come to Fayetteville for his deposition, but also establishes that money sanctions will be of little moment should he fail to appear for that deposition. This consideration is also significantly offset by UA's tender of witness and mileage fees.

(b) In his Amended Complaint, Stebbins alleges that after being turned away from the Pat Walker Health Center where he had gone to refill some prescriptions, he went to the Center for Conflict Resolution, where "my Aspergers kicked in. I told them that, without these medications, there could be another Virginia Tech incident." This lends credence to UA's stated need to have security present at Stebbins' deposition.

(c) Telephonic depositions, while they may be adequate in many instances, are not the best means of questioning a witness. As UA points out, being able to see the deponent, evaluate his demeanor and credibility, and present him with documents to review during questioning, are all valuable aspects of discovery.

6. When these considerations are taken together, the Court is not persuaded that there is any reason to grant the motion now under consideration. UA has tendered Stebbins $128.80 in witness and

-4-

mileage fees (which it was under no obligation to do), thus offsetting any burden on Stebbins. The cost of taxis is irrelevant. The Court believes that Stebbins can find someone -- friend, relative, unemployed car-owner, underemployed car-owner -- willing to drive him from Harrison to Fayetteville and back for that sum of money. The costs and inconvenience to UA by having to go to Harrison, and obtain security (both a security guard and a secure location) are thereby avoided. The motions will, therefore, be denied.

   **IT IS THEREFORE ORDERED** that plaintiff's **Second Motion For Protective Order** (document #111) is **denied.**

   **IT IS SO ORDERED.**

                                    **/s/ Jimm Larry Hendren**
                                    **JIMM LARRY HENDREN**
                                    **UNITED STATES DISTRICT JUDGE**