David Stebbins ........................................................... Plaintiff

vs ........................... Case No. 10-5125

Univ. of AR ................................................................ Defendant

## MOTION FOR SUMMARY JUDGEMENT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following motion for summary judgment.

Defendants were totally fixated on proving that I was a threat to their safety that they failed to provide evidence of all the elements of the "direct threat" exception. Namely, they failed to provide any evidence of whether or not the threat could be eliminated by reasonable accommodation.

I should point out that, because of my most recent arrest, I no longer have the discovery that I previously had. Even the discovery I obtained while previously incarcerated is no longer with me. Fortunately, a good chunk of the discovery in question is already in the possession of the Court, because I enclosed a lot of it in a motion to compel discovery. I believe it was the second or third one.

Therefore, I wish to cite those exhibits: Exhibit A, Defendant's response to my first request for admissions, and Exhibit B, their response to my first interrogatories.

There are a few others, however, but I hope the Court can accommodate the fact that I no longer have them. They were going to be:

- Exhibit C: ~~Showing the tuition~~ Defendant-provided documents showing the tuition, fees, meal plans, and dorm fees, for the past five years.
- Exhibit D: My credit report, showing my student loan debt.
- Exhibit E: A webpage of www.uark.edu, proving that they take FAFSA money for indigent students, binding them to the Rehabilitation Act. If they are willing to admit to this, we shouldn't need it.
- Exhibit G: A disk containing the audio recording of my AUJ hearing.

If Defendant can provide these exhibits themselves, I would be golden.

Anyway, like I said before, Defendant was fixated on proving that I am a safety risk that they failed to prove that the threat cannot be eliminated by reasonable accommodation. Therefore, I should be entitled to summary judgment.

Wherefore, premises considered, I respectfully

request that Defendants allow me to re-enroll as a student at their school immediately, with the tuition, fees, and rates I would have had, had I not been expelled, to pay off all my student loans and repair my credit so I can get funding to finance my education to the extent the FAFSA does not pay for it all, and to cease and desist its discriminatory activity.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

David Stebbins
5800 Law Dr.
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

RECEIVED
WD/AR
AUG - 1 2012
CLERK'S OFFICE