U.S. District Court for the
Western District of AR

David Stebbins
vs                           Case No. 10-5125                    Plaintiff
Univ. of AR
                                                                 Defendant

### Brief in Support of Motion for Summary Judgment

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following brief in support of my motion for summary judgment.

### Background

Defendants have admitted in their response to my first request for admissions that I have Asperger Syndrome. They have also admitted to expelling me without first attempting the reasonable accommodation of... be patient with what I say.

By the way, due to a lack of stationary that the jail provides me, this will be a very abridged brief. Feel free to call an oral argument so I can answer any questions you may have.

Anyway, Defendant sought to prove that I was, indeed, a threat. They seem to think that me being a threat relieves them of their obligation to provide reasonable accommodations.

In fact, the exact opposite is true. Without reasonable accommodations, there is no direct threat in the first place. See the Supreme Court case of School Board of Naussau County v. Arline, where SCOTUS affirmed the decision of the Court of Appeals to remand for finding as to, among other things, "whether or not it is possible for a reasonable accommodation to be provided to" the plaintiff. See also the 1997 Eighth Circuit case of Radecki v. Joura, holding that "If a reasonable accommodation could eliminate the risk, the entities covered under [the statutes] are required to engage in such accommodations." See the last sentence of the penultimate paragraph.

All of this case law is nice, but you need look no further than the plain text of the statute to see the truth. Both the Americans with Disabilities Act and the Rehabilitation Act define a "direct threat" as "a significant risk to the health or safety of others <u>that cannot be eliminated by reasonable accommodation</u>." Underlined for emphasis.

The law is clear on this: No reasonable accommodation,

no direct threat, and that is all there is to it.

In the instant case, I requested the accommodation of being patient with what I say. If this Court obtains a copy of the audio recording of the AHJ hearing (which I had every intention of giving the Court before I was arrested), it can hear me clearly and repeatedly requesting this accommodation. Despite no evidence that this accommodation wouldn't have worked, couldn't be provided, or would have resulted in an undue burden, they did not provide it for me, and upheld my suspension.

Notice how I said "despite no evidence." The burden of proof for the direct threat lies on the defendant. See the 2006* 8th Cir. case of EEOC v. Wal-Mart. I don't have to prove that a reasonable accommodation was possible; they have to prove that it wasn't.

Therefore, I am entitled to victory in this case as a matter of law. Therefore, I should be allowed to resume my studies at the UA immediately. They should also be ordered to pay off all my student loans, because I would not have my current student loan debt, but for their discrimination. They should be ordered to repair my credit so that I can obtain a PLUS Loan to pay the education costs my PELL Grants and Stafford & Perkins loans do not cover. If that cannot be accomplished, they should give me loans with terms and conditions equal to PLUS loans, directly out of their own treasury.

Last but not least, they should be ordered to cease and desist their discriminatory activity. They cannot use this case as a justification for increased discipline (a.k.a. a habitual offender); they cannot even <u>be scared of me</u> as I walk their campus and attend their classes.

Wherefore, premises considered, I respectfully request this relief.

David Stebbins
5800 Law Dr.
Harrison, AR 72601

---

* I think it's 2006. The case number began w/ "06-" but it may have been published in 2007.

David Stebbins
5800 Law Dr.
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

RECEIVED
WD/AR
AUG - 1 2012
CLERK'S OFFICE