IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                                                       **PLAINTIFF**

v.                                               Civil No. 10-5125

**UNIVERSITY OF ARKANSAS;**
**OFFICE OF THE CHANCELLOR**                                          **DEFENDANTS**

### MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO RESPOND

Comes Defendant, the University of Arkansas ("University" or "Defendant"), acting by and through its undersigned counsel, and submits this Motion To Strike Plaintiff's Motion for Summary Judgment, or in the Alternative, Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment ("Motion").

1. On August 1, 2012, Plaintiff David Stebbins filed a Motion for Summary Judgment ("Motion") and a supporting Brief. Plaintiff, however, failed to attach a "statement as to which [he] contends there is no genuine dispute to be tried" in violation of Local Rule 56.1(a). Despite filing dozens of lawsuits and hundreds of pleadings, Plaintiff routinely fails to comply with the Local Rules of this Court to the detriment of the University. In one recent pleading, Plaintiff scoffed at the notion of being required to comply with the Local Rules. Once again, Plaintiff failed to provide a statement of undisputed facts in support of his Motion as required by Local Rule 7.2. Notwithstanding his *pro se* status, Plaintiff's failure to abide by the Local Rules appears to be a deliberate and consistent choice on his part.

2. The Motion is flagrantly deficient because it fails to contain a statement of undisputed facts to which the University may respond. Additionally, the Motion lacks any

evidence to support it, and Plaintiff's self-serving characterizations of the facts provide an insufficient basis upon which to grant summary judgment in Plaintiff's favor.  The Motion, therefore, fails to comply with the requirements of Fed. R. Civ. P. 56.

3. Given the potential dispositive nature of a summary judgment motion, Plaintiff should be required to comply with the Federal Rules of Civil Procedure and the Local Rules to ensure that the facts and legal issues are presented in a manner that enable the opposing party to respond in a meaningful and fair manner.  The University disputes the self-serving characterizations of the record as described in the Motion and supporting brief.

4. At the present time, other motions are currently pending with the Court, including the University's request to take Plaintiff's deposition out of time.  The evidence obtained in Plaintiff's deposition will be relevant to the University's ability to challenge the Motion.  The delay in obtaining Plaintiff's deposition arises from the revocation of Plaintiff's bail and his subsequent incarceration.  Plaintiff continues to reside in the Boone County jail at the current time.

5. Pursuant to Rules 37 and 56 of the Federal Rules of Civil Procedure, the inherent authority of this Court, and for all of the reasons set forth herein, the Court should strike Plaintiff's summary judgment pleadings for failing to comply with Federal Rules of Civil Procedure and the Local Rules or direct Plaintiff to file a motion that complies with requirements of the Local Rules and the Federal Rules of Civil Procedure.

6. In the event the Court denies the University's Motion to Strike Plaintiff's Motion for Summary Judgment, the University moves, in the alternative, for an extension of time to and including Wednesday, September 5, 2012, to respond to Plaintiff's Motion.  The University's response to the Motion is currently due today, August 15, 2012, consistent with Local Rule

7.2(b). This alternative Motion for an extension, therefore, is timely and not submitted for any improper purposes, including, without limitation, causing any unnecessary delays.

7. Counsel for the University has not been able to communicate with Plaintiff to seek his consent to a request for an extension of time due to Plaintiff's incarceration. Again, this request is submitted in good faith and not for the purpose of unnecessarily delaying these proceedings.

8. Plaintiff will suffer no harm or prejudice from any extension of time for a variety of reasons, including his current incarceration and his own efforts to delay the proceedings in this case.

9. In support of these alternative motions, the University is attaching a Brief that is incorporated herein by reference.

WHEREFORE, Defendant, University of Arkansas, prays that the Court grant this Motion to Strike Plaintiff's Motion for Summary Judgment and strike Plaintiff's Motion for Summary Judgment and Brief from the record, or in the alternative, grant Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment through and including Wednesday, September 5, 2012, as well as grant the University all other relief that the Court deems just and proper.

Respectfully submitted,

By:  /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
University of Arkansas

        421 Administration Building
        Fayetteville, AR  72701
        Phone: (479) 575-5401
        E-mail: svarady@uark.edu

          AND

        JEFFREY A. BELL
        Arkansas Bar No. 77009
        Senior Associate General Counsel
        University of Arkansas
        2404 N. University Avenue
        Little Rock, AR  72207
        Phone: (501) 686-2520
        E-mail: jbell@uasys.edu

**CERTIFICATE OF SERVICE**

  I certify that on this 15th day of August, 2012, I caused a copy of the foregoing Motion to Strike Plaintiff's Motion for Summary Judgment, or in the Alternative, Motion for Extension of Time to Respond to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following addresses:

    David Stebbins
    123 W. Ridge Street, Apt. D
    Harrison, AR  72601

    David Stebbins
    5800 Law Dr.
    Harrison, AR  72601

        /s/ T. Scott Varady
        T. Scott Varady
        Associate General Counsel