IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                                                        PLAINTIFF

v.                                         Civil No. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                                      DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO RESPOND**

Comes Defendant, the University of Arkansas ("University" or "Defendant"), acting by and through its undersigned counsel, and submits this Brief in Support of Motion To Strike Plaintiff's Motion for Summary Judgment, or in the Alternative, Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment.

**I.     Plaintiff's Summary Judgment Motion Fails to Comply with the Local Rules and the Federal Rules of Civil Procedure, and the Court Should Strike It.**

On August 1, 2012, Plaintiff David Stebbins filed a Motion for Summary Judgment ("Motion") and a supporting Brief. Plaintiff, however, failed to attach a "statement as to which [he] contends there is no genuine dispute to be tried" in violation of Local Rule 56.1(a). Despite filing dozens of lawsuits and hundreds of pleadings, Plaintiff routinely fails to comply with the Local Rules of this Court to the detriment of the University. In one recent pleading, Plaintiff scoffed at the notion of being required to comply with the Local Rules. Once again, Plaintiff failed to provide a statement of undisputed facts in support of his Motion as required by Local Rule 7.2. Notwithstanding his *pro se* status, Plaintiff's failure to abide by the Local Rules appears to be a deliberate and consistent choice on his part.

1

The Motion submitted by Plaintiff is flagrantly deficient because it wholly omits a statement of undisputed facts to which the University may respond.  Additionally, the Motion lacks any evidence to support it, and Plaintiff's self-serving characterizations of the facts provide an insufficient basis upon which to grant summary judgment in Plaintiff's favor.  Plaintiff carries the burden of properly supporting his summary judgment motion, and he has not done so.  The Motion, therefore, fails to comply with the requirements of Fed. R. Civ. P. 56.  The issue presented by the University is more than a technical failure on Plaintiff's part – given the potential dispositive nature of a summary judgment motion, Plaintiff should be required to comply with the Federal Rules of Civil Procedure and the Local Rules to ensure that the facts and legal issues are presented in a manner that enable the opposing party to respond in a meaningful and fair manner.  The University disputes the self-serving characterizations of the record as described in the Motion and supporting Brief.

Additionally, other motions are currently pending with the Court at the present time, including the University's request to take Plaintiff's deposition out of time.  The evidence obtained in Plaintiff's deposition will be relevant to the University's ability to challenge the Motion.  The delay in obtaining Plaintiff's deposition arises from the revocation of Plaintiff's bail and his subsequent incarceration – not due to any fault on part of the University.  Plaintiff continues to reside in the Boone County jail at the current time.

Pursuant to Rules 37 and 56 of the Federal Rules of Civil Procedure and its inherent authority, this Court possesses authority to strike Plaintiff's summary judgment motion pleadings and to direct Plaintiff to comply with the governing rules similar to any other litigant.  Plaintiff's Motion fails to comply with the specific requirements of Fed. R. Civ. P. 56(c), including providing support for his factual assertions (which the University disputes), or to present a

statement of undisputed facts as required by the Local Rules. The Court, therefore, should strike Plaintiff's Motion for Summary Judgment and Plaintiff's supporting Brief. Plaintiff should be directed to submit a properly supported summary judgment motion and brief that comply with the governing rules.

      **II.    In the Alternative, the Court Should Grant the University an Extension of Time to Respond to the Motion for Summary Judgment**

In the event the Court denies the University's Motion to Strike Plaintiff's Motion for Summary Judgment, the University requests, in the alternative, an extension of time to respond to Plaintiff's Motion. Specifically, the University seeks additional time through and including Wednesday, September 5, 2012, to respond to Plaintiff's Motion.

The University's response to the Motion is currently due today, August 15, 2012, consistent with Local Rule 7.2(b). The University's request for additional time to respond is timely and not submitted for any improper purposes, including, without limitation, causing any unnecessary delays. Counsel for the University has not been able to communicate with Plaintiff to seek his consent to a request for an extension of time due to Plaintiff's incarceration. The University's request is submitted in good faith and not for any improper purposes.

Good cause exists to grant the extension requested by the University. Currently, various motions are pending in this case, including a motion to depose Plaintiff. Plaintiff's testimony is relevant to the consideration of Plaintiff's Motion for Summary Judgment. The Court ordered Plaintiff to appear in Fayetteville and provide his deposition, but Plaintiff's bond was revoked and subsequently returned to jail. Due to his incarceration, Plaintiff failed to appear for his deposition in Fayetteville as ordered by the Court. Additionally, Plaintiff will suffer no harm or prejudice from any extension of time for a variety of reasons, including his current incarceration and his own efforts to delay the proceedings in this case. Accordingly, the Court should grant an

extension of time through and including Wednesday, September 5, 2012, for the University to respond to Plaintiff's Motion.

    For all of the foregoing reasons, Defendant, University of Arkansas, believes that the Court should grant its Motion to Strike Plaintiff's Motion for Summary Judgment and strike Plaintiff's deficient Motion for Summary Judgment and Brief, or in the alternative, grant Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment through and including Wednesday, September 5, 2012, as well as grant all other relief that the Court deems just and proper.

    Respectfully submitted,

By: /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR  72701
Phone: (479) 575-5401
E-mail: svarady@uark.edu

    AND

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
Phone: (501) 686-2520
E-mail: jbell@uasys.edu

## **CERTIFICATE OF SERVICE**

      I certify that on this 15th day of August, 2012, I caused a copy of the foregoing Brief in Support of Motion to Strike Plaintiff's Motion for Summary Judgment, or in the Alternative, Motion for Extension of Time to Respond to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following addresses:

>David Stebbins
>123 W. Ridge Street, Apt. D
>Harrison, AR  72601

>David Stebbins
>5800 Law Dr.
>Harrison, AR  72601

>/s/ T. Scott Varady
>T. Scott Varady
>Associate General Counsel