U.S. District Court for the
Western District of AR

David Stebbins                                Plaintiff
vs
Univ. of Arkansas      Case No. 10-5125

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
AUG 20 2012
CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

## RESPONSE IN OPPOSITION TO MOTION TO STRIKE MOTION FOR SUMMARY JUDGEMENT OR IN THE ALTERNATIVE FOR EXTENSION OF TIME TO RESPOND

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following response to Defendant's motion to strike my motion for summary judgment or in the alternative for an extension of time to respond.

1. Defendant argues that their motion should be granted simply for failure to include a statement of uncontroverted facts. Defendant, however, pleads no actual injury! They claim that the lack of a statement of uncontroverted facts prevents them from responding in a timely and fair manner, but they offer no specifics. They fail to show why they cannot figure out for themselves what my argument is. Why is my motion so confusing without a statement? What are they unable to figure out?

2. I actually did include a statement of uncontroverted facts, but due to the lack of stationary provided me, I had to incorporate the statement into the motion and brief. Defendant apparently accepts that my incarceration presents exceptional circumstances, given that they are forgiving my no-showing of the deposition for that reason, but they offer no explanation whatsoever as to why these exceptional circumstances should justify a relaxing of the rules. Why do they need a separate one?!

3. Next, we have the issue of proof. Defendant claims that my motion "lacks any evidence to support it." Again, this is the result of the unjustified bond revocation. I had the proof. I had about half a dozen exhibits totaling forty pages. I had a two-page, two-page statement of facts (a separate one), and a ten-page brief. That's a total of 54 pages ready to be printed, and then I got slapped with this frivolous bond revocation. The incarceration caused me to not have them anymore!

4. Speaking of the bond revocation, if it helps save face with the Court and/or win sympathy from it, please find enclosed a complaint I recently filed against my bondsman, giving this court an abridged explanation as to why the revocation was totally unjustified.

5. Going back to evidence, I attempted to salvage what little evidence I could. I remembered that a few of the exhibits were already on the docket, in motions to compel discovery. I am willing to work with the court and defense counsel, if they are willing to work with me.

6. On a side note, Defendant claims that they were "unable" to confer with me. This, however, is a bald-faced lie. Despite my response to their motion for leave to take an untimely deposition, they clearly did not even _attempt_ to confer with the jail staff; if they did, they would have found the staff to be _most_ cooperative. Furthermore, my incarceration does not even so much as hinder—let alone prevent—correspondance by mail, as this document itself proves.

7. Wherefore, premises considered, I request that Defendant's motion be denied.

David Stebbins
David Stebbins
5800 Law Dr.
Harrison, AR 72601

DISTRICT COURT OF BOONE COUNTY, ARKANSAS

DAVID STEBBINS — PLAINTIFF

VS          CASE NO. 2012-_____

RITA STEBBINS, JAMES CAMPBELL, AND CAMPBELL BONDING COMPANY — DEFENDANTS

## COMPLAINT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following complaint against the above-named persons. Rita Stebbins resides at the address of 8527 Hopewell Rd., and the other two defendants can both be served at the office of Campbell Bonding Co. The court should have their address on file, as they are popular bail bondsmen.

Jim Campbell and his company revoked my bond and arrested me, even though I never actually breached the bond! The Honorable Fred Kirkpatrick has already heard my argument, but I will give it again for the Defendants' knowledge.

My bond was revoked for two reasons: (1) failing to attend a court-ordered forensics evaluation, and (2) not reporting to him in person once per week. Both of these grounds are unfounded. The forensics evaluation was never canceled. It was just rescheduled. If rescheduling constituted a breach, then there is no meeting of the minds as this nuance.

This leaves only the failure to report. At first, I denied that this clause was even in the contract, but an inmate allowed me to view his version of the standard form contract. Although it had a clause in it that sort of resembled an obligation to appear in person every week, but that clause is even more vague than the requirement to attend the forensics evaluation! In fact, it isn't even written in a complete sentence!

Therefore, Campbell and his company had no business revoking my bond.

Rita Stebbins is also liable, because she was a co-signer and was thus responsible for ensuring that I attend the forensics evaluation. The reschedulings were her fault. The most recent one was due to her car breaking down. Her car broke down because she was negligent in maintaining it. Therefore, she

[LOOK ON BACK]

is the one who gave Campbell even an arguable basis to revoke my bond. She is, therefore, guilty of both breach of contract (because she was a co-signer) and interference with my contract.

The actions of Defendants (all three of them) caused me the following injuries:

1) unjustified incarceration
2) loss of apartment
3) suspension of SSI benefits

~~The Defendants should be jointly liable for~~

My apartment was in a prime location and a terrific value. For only $400 per month, I had all my utilities paid and lived within walking distance of the Harrison Square, putting me within walking distance of every amenity I needed, meaning I did not even need a car.

The Defendants should jointly be responsible for the following relief:

1) $250 for every day that I am incarcerated.
2) $698 for every month my SSI is suspended, starting Aug. 2012.
3) Specific performance to personally see to my re-release, including but not limited to, paying any increase in bond set, furnishing new living arrangements equal or greater in value and location to that of my old ones (as described above), and to satisfy any other conditions the circuit court may impose, all at their expense. If no new bond is set, they will owe reliefs #1 and #2 for every day until ~~my release~~ I am incarcerated up to 9 months, at which point I shall be statutorily entitled to a release on my own recognissaince. It will eventually cap at the $25,000 limit for the district court.

Please grant this relief.

David Stebbins
5800 Law Dr.
Harrison, AR 72601

David Stebbins
1407 N Spring Rd
APT 5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701