Exh. A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                    PLAINTIFF

v.                          CIVIL NO. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                          DEFENDANT

### DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting through its undersigned counsel, pursuant to Rule 36 of the Federal Rules of Civil Procedure and submits the following Responses to Plaintiff's Requests for Admissions as follows.

1. REQUEST FOR ADMISSION NO. 1: I was enrolled in your school as a student between the months of August and December 2007.

   RESPONSE TO REQUEST FOR ADMISSION NO. 1: Defendant admits that Plaintiff David Stebbins ("Plaintiff") was enrolled at the University during the fall, 2007 semester until he was suspended on an interim basis on December 5, 2007.

2. REQUEST FOR ADMISSION NO. 2: While enrolled, I registered my disability with the Center for Educational Access, or CEA for short.

   RESPONSE TO REQUEST FOR ADMISSION NO. 2: Defendant admits that Plaintiff registered with the institution's Center for Educational Access ("CEA") during the fall, 2007 semester. Defendant further specifies that the only disability identified by Plaintiff in his registration request on August 14, 2007, was Asperger's Syndrome.

3. REQUEST FOR ADMISSION NO. 3: The CEA accepted that I have Asperger Syndrome and enrolled me in their ADA accommodations program.

RESPONSE TO REQUEST FOR ADMISSION NO. 3: Based upon a review of Plaintiff's medical documentation received by the CEA on September 24, 2007, the CEA agreed that Plaintiff was eligible for accommodations based on his Asperger's Syndrome disability. Defendant denies Plaintiff's characterization that he was "enrolled" into an "ADA accommodations program" because no such generic program exists. At his initial registration meeting on August 14, 2007, Plaintiff did not request any accommodations. During the course of the semester, Defendant provided accommodations as requested and based upon an individualized assessment of the functional limitations of Plaintiff's disability (Asperger's Syndrome) after receiving Plaintiff's required medical documentation.

4.  REQUEST FOR ADMISSION NO. 4: The CEA provides the same accommodations to all disabled students, regardless of individual custom need.

RESPONSE TO REQUEST FOR ADMISSION NO. 4: Defendant denies that the CEA "provides the same accommodations to all disabled students, regardless of individual custom need." The CEA conducts an individualized assessment of each student's disability based upon his or her medical documentation and the functional limitations imposed by the disability. As part of the interactive process, the CEA meets with the student to determine what reasonable accommodations are being requested and whether such accommodations are reasonable. Based on this process, the CEA offers the student reasonable accommodations, but the individual is not required to utilize any reasonable accommodation offered by the University. If a student believes that he or she has been denied a reasonable accommodation, the University maintains a policy (UA 504/ADA Student Grievance Procedure) permitting the student to challenge any such denial.

5. REQUEST FOR ADMISSION NO. 5: The CEA accepted that Asperger Syndrome is a neurological disability that makes me say things I don't mean.

RESPONSE TO REQUEST FOR ADMISSION NO. 5: Defendant only admits that Plaintiff has Asperger's Syndrome. Defendant denies that the CEA "accepted that Asperger Syndrome is a neurological disability that makes [Plaintiff] say things [he doesn't] mean." The CEA believes that Asperger's Syndrome is a psychological disability. Defendant denies that Plaintiff's Asperger's Syndrome "makes [him] say things [he doesn't] mean." Defendant states that Plaintiff has other diagnoses, such as Intermittent Explosive Disorder, and that Plaintiff actually means what he says and intends to carry out his threatened actions.

6. REQUEST FOR ADMISSION NO. 6: You made no attempts whatsoever, to accommodate my disability, beyond the universal accommodations that are offered without qualification to all disabled students.

RESPONSE TO REQUEST FOR ADMISSION NO. 6: Defendant denies Plaintiff's Request for Admission No. 6. On August 14, 2007, at his registration meeting with the CEA, Plaintiff did not request any accommodations but stated that he might need services in the future. When requested by Plaintiff, the CEA responded to any of Plaintiff's requests for reasonable accommodation. Plaintiff is legally responsible to make the request for reasonable accommodations.

On September 19, 2007, Plaintiff met with a graduate assistant who worked for the CEA. Plaintiff reported that he had no issues with his classes or socially, but that he lost the key to his residence hall and his cell phone. Plaintiff further reported having challenging issues dealing with the bookstore, opening a bank account and with his computer. The graduate assistant discussed problem solving with Plaintiff. The graduate assistant also advised Plaintiff that his

medical documentation had not arrived but to let the CEA know if he needed any assistance in the classroom.

On September 24, 2007, the CEA received Plaintiff's medical documentation, and Plaintiff was determined to be eligible for reasonable accommodations based upon his Asperger's Syndrome. On the same day, Plaintiff was offered the following reasonable accommodations: (a) preferential seating in the front of the class; (b) the opportunity to use a laptop computer in class; and (c) the opportunity for priority registration. On October 11, 2007, Plaintiff met with the Director of the CEA and discussed difficulties he was experiencing because he lost a book for a class in which he had an upcoming paper due as well as other organizational difficulties. As a result, Defendant provided another reasonable accommodation to permit Plaintiff to record his classes. Additionally, the Director of the CEA agreed to assist Plaintiff by obtaining another copy of the book or contacting the course instructor.

On December 4, 2007, the Director of the CEA met with Plaintiff again to discuss then current behavioral issues and to assess how Plaintiff was doing. This meeting was prompted by a referral based upon a student disciplinary matter involving Plaintiff. During the meeting, Plaintiff indicated that he was on medication and in the process of getting his prescriptions transferred to the Pat Walker Health Center. Also during the meeting, the Director of the Office of Community Standards and Student Ethics called the Director of the CEA to request a meeting with her, Plaintiff's Counselor-In-Residence, and Plaintiff to take a team approach to discussing Plaintiff's recent behavior. When the Director of the CEA presented this request to Plaintiff, however, he appeared unwilling to participate in such a meeting and abruptly left the ongoing meeting with the Director of the CEA.

7.      REQUEST FOR ADMISSION NO. 7: I accepted two accommodations: priority seating in class and priority class registration.

RESPONSE TO REQUEST FOR ADMISSION NO. 7: After reasonable inquiry, Defendants lacks sufficient information or knowledge to admit or deny Request for Admission No. 7. At the time the CEA offered various accommodations to Plaintiff, no system existed to track whether Plaintiff followed up and used the accommodations. Defendant, therefore, currently lacks knowledge as to whether Plaintiff used all four accommodations offered to him over the course of the fall, 2007 semester.

8.      REQUEST FOR ADMISSION NO. 8: Both accommodations have absolutely nothing to do with Asperger Syndrome, as the CEA defined it.

RESPONSE TO REQUEST FOR ADMISSION NO. 8: Defendant denies Request for Admission No. 8. The basis for Defendant's denial is that both priority seating and priority registration are reasonable accommodations that are beneficial to a person with Asperger's Syndrome. Additionally, Defendant offered other accommodations to Plaintiff.

9.      REQUEST FOR ADMISSION NO. 9: On December 5, 2007, I was thrown off campus for making what you perceived to be a terroristic threat.

RESPONSE TO REQUEST FOR ADMISSION NO. 9: Defendant admits that on December 5, 2007, the Director of the Office of Community Standards and Student Ethics ("OCSSE") imposed an interim suspension against Plaintiff. The Director of OCSSE notified Plaintiff in writing that Plaintiff's conduct presented safety concerns for other University students and that the basis of the interim suspension included two alleged events. First, on December 3, 2007, Plaintiff verbalized a plan to cut his father's forehead and to use his father's blood to write a "letter of forgiveness." Plaintiff further expressed his intent to videotape this act

and to place it on You Tube. Second, on December 5, 2007, Plaintiff made repeated threats to a University official that another Virginia Tech incident would occur at the Fayetteville campus unless he received his medications immediately as well as to the Director of OCSSE at the time she met to inform him of the interim suspension. Additionally, Plaintiff threatened to commit suicide if he was suspended on an interim basis due to these events. Plaintiff further threatened to attack a UAPD officer who was present.

    10.    <u>REQUEST FOR ADMISSION NO. 10</u>: You made no attempts, whatsoever, to give my Asperger Syndrome any kind of individualized assessment, to be sure if Asperger Syndrome makes me a violent person.

    <u>RESPONSE TO REQUEST FOR ADMISSION NO. 10</u>: Defendant denies Plaintiff's Request for Admission No. 10. Defendant states that officials of CEA met with Plaintiff repeatedly beginning on August 14, 2007, September 19, 2007, September 24, 2007, October 11, 2007, and December 4, 2007. The CEA offered Plaintiff reasonable accommodations and responded to any requests for reasonable accommodations. Plaintiff never appealed any denial of a reasonable accommodation because no request was denied. Defendant further states that violent behavior and threats of violent behavior are not protected by the Rehabilitation Act or any other federal law.

    11.    <u>REQUEST FOR ADMISSION NO. 11</u>: On January 6, 2008, I had a hearing to remove the suspension spoken of in admission #9.

    <u>RESPONSE TO REQUEST FOR ADMISSION NO. 11</u>: Defendant denies that Plaintiff had a hearing on January 6, 2008. Defendant admits that the All-University Judicial Board ("AUJ") conducted a hearing on January 10, 2008, at 1:30 p.m. for Plaintiff's alleged violations of Rules 1, 8, and 35 of the Code of Student Life. Defendant further admits that the

AUJ found Plaintiff responsible for each of the violations and upheld the interim suspension. The AUJ further determined that Plaintiff would be eligible to re-enroll at the University for the fall, 2008 semester provided that Plaintiff complied with the following measures:

(1) The AUJ required Plaintiff to participate in mental health counseling through a licensed psychiatrist. Plaintiff was directed to provide written consent to the Dean of Students or his designee to allow the Dean or his designee to contact Plaintiff's psychiatrist to discuss his progress during treatment sessions. The AUJ indicated that Plaintiff's sessions with the psychiatrist should address Plaintiff's medication needs, the behaviors that result in Plaintiff's referral to AUJ, and Plaintiff's anger management issues that were discussed during the AUJ hearing.

(2) Upon Plaintiff's re-enrollment at the University, the AUJ required Plaintiff to participate in mental health counseling through Counseling and Psychological Services at the University. Plaintiff was further directed to provide written consent to the Dean of Students or his designee to allow the Dean or his designee to contact Plaintiff's mental health practitioner to discuss Plaintiff's progress during the treatment sessions. The duration of Plaintiff's mental health counseling sessions was directed to be at the discretion of Plaintiff's mental health practitioner.

(3) Additionally, the AUJ specified that, upon Plaintiff's re-enrollment, Plaintiff would be placed on Conduct Probation for a period of one academic semester.

12:   REQUEST FOR ADMISSION NO. 12: During said hearing, I explained your legal requirement to accommodate my disability, but you ignored my explanation and upheld the suspension.

RESPONSE TO REQUEST FOR ADMISSION NO. 12: Defendant admits that during the AUJ on January 10, 2008, Plaintiff expressed his opinion that he was legally entitled to threaten another Virginia Tech incident at the University of Arkansas and to engage in other conduct because of his Asperger's Syndrome. Defendant, however, disagrees with Plaintiff's legal opinion. Defendant further admits that the AUJ upheld the interim suspension after finding, based upon a preponderance of the evidence, violations of Rules 1, 8, and 35 based upon

Plaintiff's: (a) threats of committing another Virginia Tech at the University of Arkansas, Fayetteville; (b) threats to commit suicide; and (c) threats to cut his father.

13. <u>REQUEST FOR ADMISSION NO. 13</u>: In June of 2010, I demanded to be re-admitted to the UA. You responded to this request by banning me from UA campus altogether. This lawsuit ensued.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 13</u>: Defendant admits that on June 13, 2010, Plaintiff sent a threatening and profanity-filled email to Chancellor G. David Gearhart giving him "sixteen business hours" to comply with a series of demands, including allowing Plaintiff to re-enroll at the University. Plaintiff's email followed previous correspondence with other University officials explaining to Plaintiff that he had not yet complied with the sanctions imposed by the AUJ to return to campus and must do so before his return would be possible. In response to Plaintiff's threatening email, Lt. Vance Rice of the University of Arkansas Police Department sent an email to Plaintiff dated June 15, 2010, advising him that a criminal trespass warning was now in effect for a period of one year and that Plaintiff could contact UAPD if he needed to meet with anyone on campus. Based upon this information, Plaintiff's Request for Admission No. 13 is denied except that Defendant admits that Plaintiff filed this lawsuit.

14. <u>REQUEST FOR ADMISSION NO. 14</u>: There is mutual hatred between us.

<u>RESPONSE TO REQUEST FOR ADMISSON NO. 14</u>: Defendant denies Request for Admission No. 14 to the extent Plaintiff is asserting that the University of Arkansas "hates" Plaintiff. Plaintiff is currently suspended consistent with the decision of the AUJ, and the AUJ has imposed conditions upon Plaintiff's re-enrollment at the University. Plaintiff has not complied with the conditions established by the AUJ, and he may not re-enroll at the

University at this time. After reasonable inquiry, Defendant lacks sufficient information or knowledge to admit or deny whether Plaintiff hates Defendant and is thus unable to respond to this portion of the Request for Admission.

15.     REQUEST FOR ADMISSION NO. 15: Attending a different college would probably be an easier remedy than being forcibly reinstated into your clientele.

REPONSE TO REQUEST FOR ADMISSION NO. 15: Defendant denies Plaintiff's Request for Admission No. 15. Plaintiff will be eligible to be considered for re-enrollment at the University after meeting the conditions established by the AUJ. After reasonable inquiry, Defendant lacks sufficient information or knowledge to know whether Plaintiff believes that it would be easier to attend another college than complying with his judicial sanctions issued by the AUJ.

16.     REQUEST FOR ADMISSION NO. 16: Because of your actions, my student loan debt has gone from $5,000 to nearly $50,000 as I wandered from school to school to try to find myself.

RESPONSE TO REQUEST FOR ADMISSION NO. 16: After reasonable inquiry, Defendant lacks sufficient information or knowledge to know the amount of Plaintiff's student loan debt or whether Plaintiff has tried to find himself at different schools. Furthermore, Defendant denies any responsibility for Plaintiff's student loan debt or Plaintiff's actions. Defendant, therefore, denies Request for Admission No. 16.

17.     REQUEST FOR ADMISSION NO. 17: Because you deprived me of my inability to pay my student loans, I defaulted on them, and my credit plummeted.

RESPONSE TO REQUEST FOR ADMISSION NO. 17: Defendants denies Request for Admission No. 17. Defendant is responsible for violating the Code of Student

Conduct as determined by the AUJ and for the consequences of his actions. Defendant lacks sufficient information or knowledge regarding Plaintiff's credit history.

Defendant reserves the right to supplement or modify these responses as permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,

By: /s/ Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Ark. Bar No. 93125
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR 72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT