IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                                 **PLAINTIFF**

v.                                      **Civil NO. 10-5125**

**UNIVERSITY OF ARKANSAS;**
**OFFICE OF THE CHANCELLOR**                                     **DEFENDANT**

### DEFENDANT'S RESPONSES TO PLAINTFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting by and through its undersigned counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and submits these Responses to Plaintiff's Interrogatories and Requests for Production of Documents.

1.  **INTERROGATORY NO. 1**: Please provide an exhaustive and thorough set of explanations for why you denied everything you denied, and raised every defense you raised, in your answer, including why you think it is wrong, what you believe the truth to be, and any other details you can think of.

    **RESPONSE TO INTERROGATORY NO. 1**: Objection. Defendant objects to Interrogatory No. 1 because it invades the attorney-client communication and the attorney work product privileges. Defendant further objects because Interrogatory No. 1 is misleading, overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Interrogatory is misleading, vague and ambiguous as to the specific pleadings being referenced and the specific information being sought. The Interrogatory is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory seeks information

1

regarding claims that have been dismissed by the Court. Additionally, assuming that Plaintiff is referring to Defendant's Answer to the Amended Complaint (filed by Plaintiff on October 7, 2010), the Interrogatory exceeds the permissible number of interrogatories, including discrete subparts, under Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the foregoing objections and assuming that Interrogatory No. 1 is referring to Defendant's Answer to the Amended Complaint (filed by Plaintiff on October 7, 2010), Defendant denied certain allegations or portions of allegations because of the requirements of Fed. R. Civ. P. 8(b), and Defendant hereby incorporates the text of Rule 8(b) herein by reference. In certain instances, Defendant lacked sufficient information to admit or deny Plaintiff's allegations, and Defendant, therefore, denied such allegations or parts of allegations because of the requirements of Fed. R. Civ. P. 8(b). In general, Defendant denied Plaintiff's claims of discrimination because they are untrue.

As characterized by the Court's Order on Defendant's Motion to Dismiss on May 19, 2011, the sole surviving claim is Plaintiff's assertion of disability discrimination under Section 504 of the Rehabilitation Act because the University allegedly failed "in 2010 to allow [Plaintiff] to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability." In response to Plaintiff's Interrogatory and without waiving its objections, Defendant states as follows. Defendant denies that it violated Plaintiff's legal rights at all, including under the Rehabilitation Act, for many reasons, including, but not limited to, the following:

(A) As a matter of law, Plaintiff is not entitled to the protection of the Rehabilitation Act because he presented a direct threat to the University community on December 5, 2007 (when he was suspended on an interim basis based upon his repeated threats and

conduct, including: Plaintiff's December 3, 2007, threat to cut his father's forehead; to use his father's blood to write a "letter of forgiveness"; to videotape the attack and post it on YouTube; Plaintiff's repeated threats to commit another "Virginia Tech incident" at UAF if he didn't get an immediate doctor's appointment and if he was suspended on an interim basis; Plaintiff's repeated threats of suicide if he was suspended on an interim basis; and Plaintiff's threats to physically attack UAPD's Lt. Vance Rice in hopes that Lt. Rice to shoot and kill Plaintiff); on January 10, 2008 (when Plaintiff's interim suspension was reviewed and the All-University Judicial Board found Plaintiff responsible for violating Rules 1, 8, and 35 of the Code of Student Life based upon Plaintiff's multiple threats to commit another "Virginia Tech incident" on campus, Plaintiff's threats to commit suicide, and Plaintiff's verbalized plan to cut up his father); and on June 13, 2010 (when Plaintiff sent a threatening and profanity-filled email to Chancellor G. David Gearhart as an "individual" and demanded, within a matter of 16 hours, that the Chancellor remove Plaintiff's suspension, override of any of Plaintiff's debts to the University, and readmit Plaintiff to the University, in Plaintiff's words "on the spot, no applications, no fucking interviews, no jack shit").

(B) As a result of Plaintiff's violations of the Code of Student Life, the All-University Judicial Board *suspended* Plaintiff solely for the spring, 2008 semester, and Plaintiff was permitted to re-enroll for the fall, 2008, semester subject to complying with certain conditions, including: (i) obtaining counseling; and (ii) continuing counseling upon returning to campus; and (iii) permitting campus officials to consult with Plaintiff's mental health providers to determine whether Plaintiff should be permitted

to re-enroll and to continue monitoring Plaintiff's progress after returning to campus. Plaintiff did not comply with these requirements and was not eligible to return to campus when Plaintiff sent a threatening email to Chancellor Gearhart on June 13, 2010. The University was not required to allow Plaintiff to re-enroll until Plaintiff complied with the AUJ's judicial sanctions.

(C) The University reviewed Plaintiff's June 13, 2010 email, in consultation with the University of Arkansas Police Department, and the email was determined to constitute a threat to the safety of Chancellor Gearhart and the University community. Therefore, UAPD issued a criminal trespass warning against Plaintiff for a period of one year. UAPD advised Plaintiff, however, that he could come to campus by working with UAPD. Plaintiff, therefore, presented a direct threat and was not entitled to the protection of the Rehabilitation Act for sending a threatening email to Chancellor Gearhart.

(D) During his January 10, 2007, judicial hearing, the audio recording demonstrates that Plaintiff admitted to making the "Virginia Tech" threats and claimed that his conduct should be excused because he has Asperger's Syndrome. A direct threat is not protected by the Rehabilitation Act. To the extent that Plaintiff alleges that he made a request for accommodations that was denied, Defendant did not deny any requests for accommodations. Additionally, to the extent Plaintiff alleges that any request was denied, Defendant states that Plaintiff did not make the request in advance of the need for the accommodation. Moreover, as a matter of law, Defendant states that Plaintiff failed to exhaust administrative remedies because he failed to follow the University's policy for challenging the denial of a requested accommodation by filing a grievance

under the "UA 504/ADA Student Grievance Procedure." Accordingly, Plaintiff's discrimination claim is barred as a matter of law.

(E) As a matter of law, Plaintiff's unilateral demand to be re-enrolled at the University and to have his student account eliminated does not state a legal claim upon which relief may be granted.

(F) On December 5, 2007, when Plaintiff repeatedly threatened another "Virginia Tech" incident, threatened to commit suicide, threatened to attack a UAPD officer, and threatened to cut up his father (on December 3, 2007), Plaintiff was taking his medications and had not been off them.

(G) Plaintiff did not exhaust his administrative remedies at the University with regard to any alleged denial of any reasonable accommodation. The University maintains a policy for students to grieve the denial of any accommodations under the ADA. Plaintiff never filed a grievance for the alleged denial of any accommodations.

In support of this response, Defendant incorporates by reference all documents being produced in response to Plaintiff's Requests for Production. Defendant further invokes Fed. R. Civ. P. 33(d) in response to Interrogatory No. 1 and directs Plaintiff to all records being produced in response to Plaintiff's Requests for Production.

2. <u>INTERROGATORY NO. 2</u>: Please provide an exhaustive and thorough set of explanations for why you denied everything you denied in your response to my requests for admissions, including all the details requested above.

<u>RESPONSE TO INTERROGATORY NO. 2</u>: Objection. Defendant objects to Interrogatory No. 2 because it invades the attorney-client communication and attorney work product privileges. Defendant further objects because Interrogatory No. 2 is duplicative,

misleading, overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Interrogatory is misleading, vague and ambiguous as to the specific aspects of Defendant's responses to Plaintiff's Requests for Admissions and the specific information now being sought. In fact, Plaintiff made this request prior to receiving Defendant's responses. The Interrogatory is duplicative, unduly burdensome and overly broad because Defendant explained the basis for its denials in its Responses to Plaintiff's Requests for Admissions. Additionally, as presented, this Interrogatory exceeds the permissible number of interrogatories, including discrete subparts, under Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving any of the foregoing objections, Defendant denied portions of Plaintiff's Requests for Admissions because of the requirements of Fed. R. Civ. P. 36, and Defendant hereby incorporates the text of Rule 36 herein by reference. In certain instances, Defendant lacked sufficient information to admit or deny Plaintiff's allegations, and Defendant, therefore, denied such allegations or parts of allegations because of the requirements of Rule 36. In general, Defendant denied portions of Plaintiff's Requests for Admissions because the statements or characterization of certain matters are inaccurate and/or untrue.

Pursuant to Fed. R. Civ. P. 10(c), Defendant hereby incorporates Defendant's Responses to Plaintiff's Requests for Admissions herein in response to Interrogatory No. 2. Defendant further invokes Fed. R. Civ. P. 33(d) in response to Interrogatory No. 2 and directs Plaintiff to all records being produced in response to Plaintiff's Requests for Production. Additionally, Defendant incorporates its Response to Interrogatory No. 1 herein by reference.

3. <u>INTERROGATORY NO. 3</u>: Please provide an exhaustive and thorough set of explanations for why you did all the things you admit to doing\*, including why you thought you

could get away with them. (*also, why you didn't do everything you didn't do, like accommodate my disability.)

RESPONSE TO INTERROGATORY NO. 3: Objection. Defendant objects to Interrogatory No. 3 because it invades the attorney-client communication and attorney work product privileges. Defendant further objects because Interrogatory No. 3 is misleading, overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Interrogatory is misleading, vague and ambiguous because it is unclear what information Plaintiff is seeking or the basis for it. The Interrogatory is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence because the Interrogatory requires Defendant to speculate as to what Plaintiff seeks. Further, the Interrogatory effectively exceeds the permissible number of interrogatories, including discrete subparts, under Fed. R. Civ. P. 33(a)(1) by requiring Defendant to respond to an unlimited number of aspects of each Response to Plaintiff's Requests for Admissions.

Subject to and without waiving any of the foregoing objections, Defendant admitted portions of Plaintiff's Requests for Admissions because of the requirements of Fed. R. Civ. P. 36, and Defendant hereby incorporates the text of Rule 36 herein by reference. In general, Defendant admitted certain portions of Plaintiff's Requests for Admissions because the information contained in the specific request was true or correct.

Pursuant to Fed. R. Civ. P. 10(c), Defendant hereby incorporates Defendant's Responses to Plaintiff's Requests for Admissions herein in response to Interrogatory No. 3. Defendant further invokes Fed. R. Civ. P. 33(d) in response to Interrogatory No. 3 and directs Plaintiff to all records being produced in response to Plaintiff's Requests for Production. Additionally,

7

Defendant incorporates its Response to Interrogatory Nos. 1 and 2 herein by reference. Defendant denies that it failed to accommodate Plaintiff's disability. Defendant denies trying to "get away" with anything.

**RESERVATION OF RIGHTS AND SUPPLEMENT TO DEFENDANT'S INITIAL DISCLOSURES**: Defendant affirmatively reserves the right to supplement the foregoing responses and produce additional documents as permitted by the Federal Rules of Civil Procedure. The foregoing responses shall also supplement Defendant's Initial Disclosures. Nothing contained in Defendant's Responses to Plaintiff's Interrogatories shall be deemed, construed or operate as an admission of liability in this case, and all of Plaintiff's allegations of a violation of any law, including, without limitation, the Rehabilitation Act, are denied.

## RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1. **REQUEST FOR PRODUCTION NO. 1**: Please submit all documents you have on file where my name appears, especially CEA records, disciplinary records, and all the audio recordings of the Jan. 6, 2008 hearing, as well as a written transcript of it.

   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**: Defendant is producing the enclosed records in response to Production Request No. 1. Defendant states, however, the All-University Judicial Board created an audio recording of Plaintiff's judicial hearing on January 10, 2008. A copy of a CD-R containing the audio recording of the hearing is included herein. A written transcript, however, is not kept at judicial hearings. Defendant objects to Production Request No. 1 to the extent Plaintiff seeks records protected by the attorney-client communication and work product privileges. Subject to and without waiving any

of the foregoing objections, Defendant is producing the enclosed records in response to Production Request No. 1.

2.  **REQUEST FOR PRODUCTION NO. 2**: Please submit all documents which verify the factual accuracy of all your answers to my requests for admissions, interrogatories, and your Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**: Objection. Defendant objects to Production Request No. 2 to the extent Plaintiff seeks records protected by the attorney-client communication and work product privileges. Defendant further objects to Request for Production No. 2 as vague, ambiguous, unduly broad, and overly burdensome. Production Request No. 2 is an ill-defined, catch-all request that does not provide sufficient specificity to enable Defendant to respond in a reasonable manner.

Subject to and without waiving any of the foregoing objections, Defendant is producing the enclosed records in response to Production Request No. 2. Additionally, pursuant to Fed. R. Civ. P. 10(c), Defendant hereby incorporates Defendant's Initial Disclosures (including, but not limited to, all records produced as part of Defendant's Initial Disclosures at any time), Defendant's Responses to Plaintiff's Interrogatories, and Defendant's Answer (including all attachments thereto).

**RESERVATION OF RIGHTS AND SUPPLEMENT TO DEFENDANT'S INITIAL DISCLOSURES**: Defendant affirmatively reserves the right to supplement the foregoing responses as permitted by the Federal Rules of Civil Procedure. The foregoing responses shall also supplement Defendant's Initial Disclosures. Nothing contained in Defendant's Responses to Plaintiff's Production Requests shall be deemed, construed or operate as an admission of liability

in this case, and all of Plaintiff's allegations of a violation of any law, including, without limitation, the Rehabilitation Act, are denied.

                                 Respectfully submitted,

By: */s/ Scott Varady/*
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Ark. Bar No. 93125
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

                      and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR 72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT