```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                              **PLAINTIFF**

        v.        Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville**                                                  **DEFENDANTS**

### O R D E R

    Now on this 21st day of September, 2012, comes on for consideration plaintiff's **Emergency Motion for Sanctions** (document #119), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

    2.   During the Court-ordered discovery period, defendants deposed David D. Stebbins and Rita F. Stebbins, plaintiff's parents. In his Emergency Motion For Sanctions, Stebbins contends that the witnesses did not give straight answers to questions he asked on cross-examination during their depositions. He asks that the Court "order the witnesses to reschedule the deposition at their expense

(complete with furnishing transportation for all interested persons), and be ordered to cease and desist their bad faith question-dodging."

3. Defendants objected, contending that Stebbins failed to file a brief in support of his motion, and that he posed confusing and irrelevant questions at the depositions, then threatened the witnesses when their answers did not conform to his expectations.

4. In reply, Stebbins stated that the Court "has <u>routinely</u> tolerated my lack of briefs" (emphasis in original). He also invited the Court to inspect the deposition transcripts, which he promised to provide when he could. He has now supplemented his reply with portions of the deposition transcripts.

5. Stebbins appears to believe that because the Court has on occasion overlooked his failure to follow procedural rules, it must do so now. That is simply not the case. The Court may choose to overlook a failure to follow a procedural rule -- for example, when the resolution of an issue is so self-evident as not to call for granting or denying relief based on the failure to supply authorities -- but it is not required to do so, and the motion now under consideration does not present a self-evident issue.

6. Stebbins seeks sanctions against non-party deponents for failure to respond to deposition questions. A sanctions is a "penalty or coercive measure that results from a failure to comply with a law, rule, or order." **<u>Black's Law Dictionary</u>**, **9th Ed.** The issuance of sanctions is a weighty matter, one which cannot be undertaken without legally and factually sufficient justifications.

In the absence of a brief, the Court is not advised what Stebbins believes to be a legally sufficient justification for the sanctions he proposes.  His compliance with **Local Rule 7.2(a),** which provides that "[a]ll motions except those mentioned in paragraph (d) shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law," is, therefore, necessary.  Since he has failed to supply such a brief, his motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Emergency Motion for Sanctions** (document #119) is **denied.**

**IT IS SO ORDERED.**

          **/s/ Jimm Larry Hendren**
          **JIMM LARRY HENDREN**
          **UNITED STATES DISTRICT JUDGE**