```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                              **PLAINTIFF**

    v.    Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and**
**G. DAVID GEARHART, in his**
**Official Capacity as Chancellor**
**of the University of Arkansas,**
**Fayetteville**                                                **DEFENDANTS**

### O R D E R

Now on this 21st day of September, 2012, come on for consideration the following:

 * plaintiff's **Motion For Summary Judgement** (document #128);

 * defendants' **Motion For Leave Of Court To Take Plaintiff's Deposition Beyond The Discovery Cut-Off Date** (document #130); and

 * defendants' **Motion To Strike Plaintiff's Motion For Summary Judgment, Or In The Alternative, Motion For Extension Of Time To Respond** ("Motion To Strike")(document #134),

and from said motions, and the responses thereto, the Court finds and orders as follows:

 1. Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

2. UA attempted to depose Stebbins during the discovery period, but was unsuccessful for a variety of reasons, including Stebbins' incarceration and court appearances on criminal charges unrelated to the present case. As a result, discovery closed without UA having had the chance to depose Stebbins. Stebbins then moved for summary judgment.

3. UA moved to strike the Motion For Summary Judgement for failure to follow procedural rules, and asked for additional time to respond, citing the need to depose Stebbins to obtain relevant evidence. It also moved to take Stebbins' deposition beyond the discovery cut-off date.

4. Stebbins then filed the second Motion For Summary Judgment. This second motion moots the first Motion For Summary Judgement, as well as UA's Motion To Strike, both of which will be denied as moot.

5. The Court finds merit in UA's motion to take Stebbins' deposition outside the discovery period, given the impediments to taking that deposition sooner. It will allow UA to depose Stebbins at any time before October 15, 2012, and will direct Stebbins to cooperate fully in the scheduling of this deposition, on pain of sanctions should he fail to do so.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Summary Judgement** (document #128) is **denied as moot.**

**IT IS FURTHER ORDERED** that defendants' **Motion For Leave Of Court To Take Plaintiff's Deposition Beyond The Discovery Cut-Off**

**Date** (document #130) is **granted**, and defendants are granted leave to depose Stebbins at any time before October 15, 2012.

**IT IS FURTHER ORDERED** that Stebbins cooperate fully in the scheduling of this deposition, on pain of sanctions should he fail to do so.

**IT IS FURTHER ORDERED** that defendants' **Motion To Strike Plaintiff's Motion For Summary Judgment, Or In The Alternative, Motion For Extension Of Time To Respond** (document #134) is **denied as moot.**

**IT IS SO ORDERED.**

                                                                       **/s/ Jimm Larry Hendren**
                                                                        **JIMM LARRY HENDREN**
                                                                        **UNITED STATES DISTRICT JUDGE**