FILED
SEP 2 2012
CHRIS R. JOHNSON, C...

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS     PLAINTIFF

vs.     Civ. No. 10-5125

UNIVERSITY OF ARKANSAS     DEFENDANTS

### BRIEF IN SUPPORT OF RENEWED PETITION FOR ISSUANCE OF SUBPOENA

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my enclosed petition for the Court to subpoena Rita Stebbins to testify in this case.

### Background

Rita Stebbins is the mother of Plaintiff. She knows about my Asperger Syndrome and bore direct witness to the events of December 5, 2007 which are the crux of this case.

She completed an affidavit for me (a copy of which is currently in the custody of Defense Counsel, as it was part of my 26(a) initial disclosures) that testifies that I have Asperger Syndrome, an essential element to securing protection under the Rehabilitation Act. 29 U.S.C. § 794(a).

On July 26, 2012, she submitted to a deposition by Defense Counsel. In it, she claimed, among other things, the following:

1. She did not believe (to the extent that her opinion is worth anything, pursuant to Rule 701 of the Federal Rules of Evidence) that I had *threatened* the University of Arkansas,

2. That she would travel to Fayetteville to testify if she were subpoenad, and

3. That, if she were not subpoenad, she would have to "think about" whether or not she would travel to Fayetteville for it.

As this Court can clearly see, if my motion for summary judgment is not granted, and a trial is necessary, her testimony is invaluable to at least two essential elements (or, rather, one

essential element, and the other, rebuking the Defendant's main defense).

In fact, these two things are not the only thing I intend to question her about. She has sufficient knowledge of my endeavors in Harrison to testify as to the success of reasonable accommodations. In other words, she knows whether or not reasonable accommodations have eliminated any atmosphere of fear when they have been implemented.

As this Court can clearly see, if a trial is necessary at all, her participation in it is way, *way* too important for her to only give it if she feels like it.

Wherefore, premises considered, I respectfully request that Rita Stebbins be subpoenaed to testify in the above-named action, should a trial be necessary. Perhaps (and this is only a suggestion), this motion can be ruled on simultaneously with the motion for summary judgment.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

