IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                                    PLAINTIFF

v.                                             Civil NO. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                               DEFENDANT

## MOTION TO COMPEL PLAINTIFF'S DEPOSITION, OR IN THE ALTERNATIVE, MOTION FOR SANCTIONS

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting

through its undersigned counsel, and for its Motion to Compel Plaintiff's Deposition, or

in the Alternative, Motion for Sanctions, pursuant to this Court's Order dated September

21, 2012, and Rules 30, 37 and 45 of the Federal Rules of Civil Procedure, states as

follows.

1.      On July 27, 2012, this Court entered an Order (Doc. 121) requiring

Plaintiff David Stebbins ("Plaintiff") to appear for his deposition at the University's

campus in Fayetteville consistent with a subpoena previously issued by Defendant's

counsel.  Prior to the date of his deposition, Plaintiff's bond in a pending criminal action

was revoked.  Consequently, Plaintiff was incarcerated and did not appear in Fayetteville

for his deposition.

2.      On August 1, 2012, Defendant filed a motion and supporting brief seeking

permission from the Court to take Plaintiff's deposition after the discovery cut-off date.

(Doc. 130.)  On September 21, 2012, the Court entered an Order granting Defendant until

October 15, 2012, to take Plaintiff's deposition.  (Doc. 144.)

1

3.      In good faith, Defendant sent an email to Plaintiff proposing dates to take Plaintiff's deposition in the Administration Building at the University of Arkansas, Fayetteville consistent with the Court's Order dated July 27, 2012, and the original subpoena issued by Defendant's counsel.  The University has not released Plaintiff from the subpoena compelling his deposition in Fayetteville.

4.      In the email correspondence between the parties, Plaintiff claims that he is unable to travel to Fayetteville due to a lack of transportation.  Plaintiff further claims that he never cashed the check that Defendant's counsel furnished with the subpoena commanding Plaintiff's presence at his deposition and that Plaintiff does not have those funds.

5.      With regard to the check, Defendant's counsel advised Plaintiff that University officials were issuing a stop-payment order on the previous check and sending Plaintiff another check for $128.80 (witness and mileage fees for the deposition) this week.  Defendant further requested that Plaintiff confirm his appearance on October 8, 2012.  In response, Plaintiff stated: "I'm not 'refusing' to travel to Fayetteville.  It's impossible.  I might could, if I could find a person *willing* to take me on that date. Alternatively, you could have somebody on your end come and get me."  The net result is that Plaintiff has declined to appear for his deposition on October 8, 2012, or any other date.  Copies of the email correspondence seeking to schedule Plaintiff's deposition are attached hereto as Exhibit A and incorporated herein by reference.

6.      Defendant has made all necessary arrangements to take Plaintiff's deposition in the Administration Building at the University of Arkansas, Fayetteville, on October 8, 2012.

7.     As previously stated, Plaintiff has a responsibility to participate in the judicial proceedings that he initiated in Fayetteville.  In support of this Motion and pursuant to Fed. R. Civ. P. 10(c), Defendant incorporates by reference its Brief in Opposition to Plaintiff's Second Motion for Protective Order and Plaintiff's Reply to Response to Emergency Motion for Protective Order, Motion for Leave of Court to Take Plaintiff's Deposition Beyond the Discovery Cut-Off Date (and supporting Brief), the Court's Orders dated July 27, 2012 and September 21, 2012, as well as all other relevant Orders and pleadings.

8.     Based upon the foregoing facts, Defendant's counsel certifies that all efforts to resolve this discovery dispute in good faith without the intervention of the Court have been unsuccessful.

9.     Plaintiff's unwillingness and/or failure to make arrangements to provide a deposition in this case contradict his obligations under the Federal Rules of Civil Procedure and violate the Orders of this Court.

10.     For all the reasons set forth in this Motion, the Court should order Plaintiff to appear for a deposition at 9 a.m. on October 8, 2012, in Room 410 of the Administration Building of the University of Arkansas, Fayetteville, and the Court should require Plaintiff to confirm that he will appear as directed by the Court.

11.     Based upon the facts set forth in this Motion and as evidenced in the emails attached as Exhibit A, Plaintiff has effectively repudiated his appearance as required by subpoena and the Court's Orders of July 27, 2012 and September 21, 2012. Moreover, Plaintiff has directly violated the Order of this Court dated September 21, 2012, requiring Plaintiff to "cooperate fully in the scheduling of this deposition."  (Order

at 3.)  The Court warned Plaintiff that his failure to cooperate with the scheduling of his

deposition would be "on the pain of sanctions should he fail to do so."  The fact that

Defendant has to file this Motion demonstrates Plaintiff's failure to cooperate in the

scheduling of his deposition.  Accordingly, the Court should dismiss Plaintiff's action for

failing to comply with an Order of this Court and for obstructing discovery in this case.

       12.     In support of this Motion, the University is attaching a supporting Brief

that is incorporated herein by reference.

       WHEREFORE, Defendant, University of Arkansas, prays that the Court grant this

Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions by

ordering Plaintiff to appear for a deposition at 9 a.m. on October 8, 2012, in Room 410 of

the Administration Building of the University of Arkansas, Fayetteville, or in the

alternative, sanction Plaintiff David Stebbins for failing to cooperate in the scheduling of

his deposition by dismissing this case, as well as granting all other relief the Court deems

just and proper, including, without limitation, attorney's fees for the time required to

submit this Motion and supporting Brief.

               Respectfully submitted,


               By: /s/ T. Scott Varady
               T. SCOTT VARADY
               Arkansas Bar No. 93172
               WILLIAM R. KINCAID
               Ark. Bar No. 93125
               Associate General Counsel
               University of Arkansas
               421 Administration Building
               Fayetteville, AR 72701
               Phone: 479-575-5401
               E-mail: svarady@uark.edu


               And

4

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu


COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on October 1, 2012, I caused a copy of Defendants' Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions, to be served upon David Stebbins, via First-Class U.S. mail at the following addresses:


David Stebbins
123 W. Ridge Ave., Apt. D
Harrison, AR  72601


/s/  T. Scott Varady
T. Scott Varady
Associate General Counsel