**Subject:** Re: Deposition
**Date:**    Tuesday, September 25, 2012 11:15:45 AM Central Daylight Time
**From:**    David Stebbins
**To:**      Scott Varady

What order are you talking about?  I haven't received any order from the Court!

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University.  I have arranged for a court reporter on October 4th or October 8th.  I have long-standing travel plans beginning on October 10.  Therefore, I would like to conduct your deposition before that date.  Please let me know whether October 4th or October 8th is better for you.   I anticipate that we would start and 9 am.  I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date.  Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter.  I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)



**Subject:** Re: Deposition
**Date:**      Tuesday, September 25, 2012 11:46:03 AM Central Daylight Time
**From:**     David Stebbins
**To:**          Scott Varady

Ok, I viewed it on Pacer.  No idea why I didn't get it in the mail.

But, in any event, again, I. Can't.  Afford.  To.  Come.  To.  FAYETTEVILLE!

And, for that matter, Judge Hendren says that I'll be sanctioned if I don't cooperate fully with you.
However, it does not require you to cooperate with me.  I'm actually beginning to smell a rat.  I'm
beginning to wonder why he's suddenly siding with you on everything.

Think about it:  In denying my motion for protective order, he claimed that any good faith between
the two of us was eliminated in the December email I sent you.  However, this *directly* contradicts
his order denying without prejudice your motion for extension of time to plead, because you didn't
attempt to resolve the issue with me in good faith.  Now, is he *allowed* to change his mind?  Ok, I
may can concede to that.  But just because he's allowed to change his mind doesn't mean he
necessarily will, and people don't start doing this differently without some sort of outside stimulus, so
even though he's technically *allowed* to change his mind, why did he?

And for that matter, why did Document #144, his motion granting your leave to take this deposition,
completely disregard his own final scheduling order, which states "Except in extraordinary
circumstances, problems with discovery which are not brought to the Court's attention in time for...
the Court to make an informed ruling before the close  of discovery will be deemed waived."

And also, why are you so insistent on briefs being included.  And for that matter, why does Judge
Hendren suddenly agree with you when he previously didn't?

Listen, Varady, you're pulling strings.  You're corrupting Judge Hendren because you now realize our
case can't survive on the merits.  There's simply no other explanation.

Even if Hendren may be absolutely immune from suit, you (and I don't mean UA, I mean Scott
Varady and David Gearhart) are not, and just because he's immune from *suit* does not mean he can't
be called as a witness.

So I'll make you an ultimatum:  Come to Harrison for this deposition.

Even if I'm *sanctioned*, the sanction cannot result in dismissal with prejudice of this claim.  See
Siems v. City of Minneapolis, 560 F. 3d 824, 826 (8t Cir. 2009) "Dismissal with prejudice is an
extreme sanction that should only be available for willful disobedience of a court order or where a
litigant exhibits a pattern of intentional delay... Even when dismissal with prejudice is supported by
the facts, the ultimate sanction of dismissal with prejudice should only be used when lesser sanctions
prove futile. This drastic remedy should be sparingly exercised."  See Siems v. City of Minneapolis,
560 F. 3d 824, 826 (8t Cir. 2009).  "This does not mean that the district court must find that the
appellant acted in bad faith, but requires only that he acted intentionally **as opposed to accidentally
or involuntarily**." (bolded for emphasis) See Hunt v. City of Minneapolis, Minn., 203 F. 3d 524, 527
(8th Cir. 2000).  In other words, even if I *repeatedly* fail to attend the deposition in Fayetteville, the
case cannot dismissed with prejudice, because my failure to attend is involuntary.

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University. I have arranged for a court reporter on October 4th or October 8th. I have long-standing travel plans beginning on October 10. Therefore, I would like to conduct your deposition before that date. Please let me know whether October 4th or October 8th is better for you. I anticipate that we would start and 9 am. I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date. Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

**Subject:** Re: Deposition
**Date:**     Tuesday, September 25, 2012 11:47:01 AM Central Daylight Time
**From:**    David Stebbins
**To:**       Scott Varady

Oh, and, just in case you're still trying to use that Legal Aid deposition as leverage, keep in mind, their motion for sanctions has already been denied!

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University. I have arranged for a court reporter on October 4th or October 8th. I have long-standing travel plans beginning on October 10. Therefore, I would like to conduct your deposition before that date. Please let me know whether October 4th or October 8th is better for you. I anticipate that we would start and 9 am. I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date. Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                    PLAINTIFF

v.                              Civil No. 11-3057

LEGAL AID OF ARKANSAS                                            DEFENDANT

## ORDER

Currently before me are a motion for sanctions (Doc. 68) filed by the Defendant and a motion for protective order (Doc. 71) filed by the Plaintiff.

**Motion for Sanctions** (Doc. 68)

In the motion for sanctions, Defendant indicates it provided Plaintiff with written notice of their intent to take his deposition on July 5, 2012, at 10:00 a.m. at the J. Smith Henley Federal Building in Harrison, Arkansas. Plaintiff failed to appear at the deposition.

Pursuant to the provisions of Rule 37(d) of the Federal Rules of Civil Procedure, Defendant asks that the case be dismissed and it be awarded compensation for the time and expense it incurred as a result of Plaintiff's failure to appear. Defendant points out that Plaintiff has a long history of vexatious and abusive litigation.

In opposition, Plaintiff states he was given insufficient notice of the deposition-- only thirteen days. Further he maintains he made good faith attempts to attend the deposition. When he received the notice, Plaintiff states he believed it was scheduled for 2:00 p.m. and calendared it accordingly. When he checked his e-mail at approximately 12:30 p.m., Plaintiff states he received the e-mail from Defendant stating that Plaintiff was late for the deposition. When he did attempt to go to Harrison, Plaintiff states his car broke down. He indicates he repeatedly

-1-

AO72A
(Rev. 8/82)

attempted to call the Courthouse but no one picked up.  Plaintiff then suggests Defendant may have altered the original notice --"an attempt to bait-and-switch" Plaintiff.  (Doc. 70 at pg. 3). Plaintiff also argues the Defendant made no attempt to reschedule the deposition.  If sanctions are awarded and the condition be imposed that the case not proceed until the sanctions have been paid, Plaintiff asserts this would effectively put an end to the case due to Plaintiff's inability to satisfy it.

In view of Plaintiff's indigent status, the Court declines to award Defendant sanctions. The motion (Doc. 68) is denied.

Defendant is granted leave to depose Plaintiff pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure.  **The District Court Clerk is directed to send a copy of this Order to the Sheriff Danny Hickman , Boone County Jail, 5800 Law Drive, Harrison, AR 72601.** The Order should be sent to the Sheriff by certified mail with return receipt requested.  Plaintiff shall be allowed to have his legal materials relating to this case in his possession during the deposition.

**Motion for Protective Order** (Doc. 71)

The motion for a protective order (Doc. 71) is denied.  It dealt with a deposition scheduled for July 31, 2012.

IT IS SO ORDERED this 10th day of September 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-2-

AO72A
(Rev. 8/82)

Monday, October 1, 2012 10:45:38 AM Central Daylight Time

**Subject:** Re: Deposition
**Date:** Tuesday, September 25, 2012 11:48:00 AM Central Daylight Time
**From:** David Stebbins
**To:** Scott Varady

Alternatively to coming to Harrison, you could also provide transportation.

And I'm not talking about paying for my transportation. That only helps me if there is someone willing to take me to Fayetteville for that price. If no one is willing, you need to provide someone who *is* willing.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University. I have arranged for a court reporter on October 4th or October 8th. I have long-standing travel plans beginning on October 10. Therefore, I would like to conduct your deposition before that date. Please let me know whether October 4th or October 8th is better for you. I anticipate that we would start and 9 am. I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date. Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

Monday, October 1, 2012 10:45:56 AM Central Daylight Time

**Subject:** Re: Deposition
**Date:**    Tuesday, September 25, 2012 11:59:17 AM Central Daylight Time
**From:**   David Stebbins
**To:**      Scott Varady

Ok, first of all, I haven't even cashed that check, so you'll have to send it again.  You won't loose anything extra, because I never cashed the first check.

Second, did you even read the email I sent you right before this one?  I established how that Court order will only get you sued *again* after this case is over, this time for *millions*, not just hundreds of thousands.

The Court also said that the *reason* why the cost of taxis are irrelevant is because someone *else* can take me to Fayetteville.  However, again, *that only works if someone is willing*!

Now, I've tried to ask my mother to take me, but she has refused.  If you can get her to agree to take me (and simultaneously send the money again), that's good enough for me.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Tuesday, September 25, 2012 11:54 AM
**Subject:** Re: Deposition

Dear Mr. Stebbins,

As part of the subpoena, the University paid you a witness fee and a mileage fee as noted in the Court's Order on the matter.  This is your litigation, and it is your responsibility to be present for a deposition.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Reply-To:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Tuesday, September 25, 2012 11:48 AM
**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Deposition

Alternatively to coming to Harrison, you could also provide transportation.

And I'm not talking about paying for my transportation.  That only helps me if there is someone willing to take me to Fayetteville for that price.  If no one is willing, you need to provide someone who *is* willing.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University.  I have arranged for a court reporter on October 4th or October 8th.  I have long-standing travel plans beginning on October 10.  Therefore, I would like to conduct your deposition before that date.  Please let me know whether October 4th or October 8th is better for you.   I anticipate that we would start and 9 am.  I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date.  Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter.  I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

Monday, October 1, 2012 10:47:01 AM Central Daylight Time

**Subject:** Are you just looking for an excuse to get me sanctioned/
**Date:**   Wednesday, September 26, 2012 5:21:28 PM Central Daylight Time
**From:**   David Stebbins
**To:**     Scott Varady

Varady,

I get the feeling that the only reason you're insisting on me coming to Fayetteville - with only a
partial travel expenses reimbursement - for the deposition, is because you're just looking for a
technicality to get me on!

Seriously, think about it:  When moving for leave to conduct a late deposition, you said that it's okay
if the motion is denied, because you *already have* enough evidence to support summary judgment
against me!  So... if you don't need the deposition, why do you want it?

It seems that the only explanation that makes sense is that you either

1) just want a technicality to invoke, since I've got you by the balls when it comes to the merits of the
case, and you know it, whether you admit it or not, or

2) you just want to make me dance before you finish me, kind of like a court denying an application
for leave to proceed *in forma pauepris*, but *doesn't* dismiss the case outright, just so the plaintiff will
pay the filing fee just to keep the case alive, and then he can dismiss the case anyway, while the
Plaintiff is out hundreds of dollars.

Either of these motives constitute the tort of abuse of process, which means that, if you get this case
dismissed, or even get me sanctioned, then you'll just get sued *again*.

So, what do you want?  Do you want to work this out between us, or do you want to give me even
more evidence that you're abusing process?

Sincerely,
David Stebbins

Page 1 of 1

**Subject:** Re: Deposition
**Date:**    Friday, September 28, 2012 6:03:53 PM Central Daylight Time
**From:**    David Stebbins
**To:**      Scott Varady

I'm not "refusing" to travel to Fayetteville. It's impossible. I might could, if I could find a person *willing* to take me on that date.

Alternatively, you could have somebody on your end come and get me.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Friday, September 28, 2012 3:14 PM
**Subject:** Re: Deposition

Dear Mr. Stebbins:

In your note, you state that you have not cashed the check ($128.80) the University included with its subpoena to you, and you request that the University "send it again." In light of your representation that the check has not been cashed, University officials are issuing a stop-payment order on that check, and the University will be sending you a check (for $128.80) to replace the one you can't find next week. So, if you do locate the check previously served upon you, please do not cash it and return it to the University. We will send the check through the U.S. Mail.

You have not agreed to any of the dates we proposed for your deposition. I now have hearing on another matter with Washington County on October 4, 2012. So that day is no longer available. We have reserved a court reporter and made arrangements to take your deposition on October 8, 2012. If you do not appear, the University will incur certain expenses for the court reporter's time. Please let me know if you are continuing to refuse to travel to Fayetteville for your deposition on October 8, 2012.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Reply-To:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Tuesday, September 25, 2012 11:59 AM

**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Deposition

Ok, first of all, I haven't even cashed that check, so you'll have to send it again. You won't loose anything extra, because I never cashed the first check.

Second, did you even read the email I sent you right before this one? I established how that Court order will only get you sued *again* after this case is over, this time for *millions*, not just hundreds of thousands.

The Court also said that the *reason* why the cost of taxis are irrelevant is because someone *else* can take me to Fayetteville. However, again, *that only works if someone is willing*!

Now, I've tried to ask my mother to take me, but she has refused. If you can get her to agree to take me (and simultaneously send the money again), that's good enough for me.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Tuesday, September 25, 2012 11:54 AM
**Subject:** Re: Deposition

Dear Mr. Stebbins,

As part of the subpoena, the University paid you a witness fee and a mileage fee as noted in the Court's Order on the matter. This is your litigation, and it is your responsibility to be present for a deposition.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Reply-To:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Tuesday, September 25, 2012 11:48 AM
**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Deposition

Alternatively to coming to Harrison, you could also provide transportation.

And I'm not talking about paying for my transportation. That only helps me if there is someone willing to take me to Fayetteville for that price. If no one is willing, you need to provide someone

who *is* willing.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University.  I have arranged for a court reporter on October 4th or October 8th.  I have long-standing travel plans beginning on October 10.  Therefore, I would like to conduct your deposition before that date.  Please let me know whether October 4th or October 8th is better for you.   I anticipate that we would start and 9 am.  I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date.  Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter.  I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

Monday, October 1, 2012 10:49:43 AM Central Daylight Time

**Subject:** Re: Deposition
**Date:**  Tuesday, September 25, 2012 11:52:39 AM Central Daylight Time
**From:**  Scott Varady
**To:**    David Stebbins
**CC:**    Kim Harriman

Dear Mr. Stebbins,

We won't send the Orders to you via PDF since you saw them on PACER.  As for your accusations of improper conduct, they are denied.  We have followed the Federal Rules of Civil Procedure and complied with the Local Rules and all applicable law in this case.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Reply-To:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Tuesday, September 25, 2012 11:46 AM
**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Deposition

Ok, I viewed it on Pacer.  No idea why I didn't get it in the mail.

But, in any event, again, I. Can't.  Afford.  To.  Come.  To.  FAYETTEVILLE!

And, for that matter, Judge Hendren says that I'll be sanctioned if I don't cooperate fully with you. However, it does not require you to cooperate with me.  I'm actually beginning to smell a rat.  I'm beginning to wonder why he's suddenly siding with you on everything.

Think about it:  In denying my motion for protective order, he claimed that any good faith between the two of us was eliminated in the December email I sent you.  However, this *directly* contradicts his order denying without prejudice your motion for extension of time to plead, because you didn't attempt to resolve the issue with me in good faith.  Now, is he *allowed* to change his mind?  Ok, I may can concede to that.  But just because he's allowed to change his mind doesn't mean he necessarily will, and people don't start doing this differently without some sort of outside stimulus, so even though he's technically *allowed* to change his mind, why did he?

And for that matter, why did Document #144, his motion granting your leave to take this deposition, completely disregard his own final scheduling order, which states "Except in extraordinary circumstances, problems with discovery which are not brought to the Court's attention in time for... the Court to make an informed ruling before the close of discovery will be deemed waived."

And also, why are you so insistent on briefs being included. And for that matter, why does Judge Hendren suddenly agree with you when he previously didn't?

Listen, Varady, you're pulling strings. You're corrupting Judge Hendren because you now realize our case can't survive on the merits. There's simply no other explanation.

Even if Hendren may be absolutely immune from suit, you (and I don't mean UA, I mean Scott Varady and David Gearhart) are not, and just because he's immune from *suit* does not mean he can't be called as a witness.

So I'll make you an ultimatum: Come to Harrison for this deposition.

Even if I'm *sanctioned*, the sanction cannot result in dismissal with prejudice of this claim. See Siems v. City of Minneapolis, 560 F. 3d 824, 826 (8t Cir. 2009) "Dismissal with prejudice is an extreme sanction that should only be available for willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay... Even when dismissal with prejudice is supported by the facts, the ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile. This drastic remedy should be sparingly exercised." See Siems v. City of Minneapolis, 560 F. 3d 824, 826 (8t Cir. 2009). "This does not mean that the district court must find that the appellant acted in bad faith, but requires only that he acted intentionally **as opposed to accidentally or involuntarily.**" (bolded for emphasis) See Hunt v. City of Minneapolis, Minn., 203 F. 3d 524, 527 (8th Cir. 2000). In other words, even if I *repeatedly* fail to attend the deposition in Fayetteville, the case cannot dismissed with prejudice, because my failure to attend is involuntary.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University. I have arranged for a court reporter on October 4th or October 8th. I have long-standing travel plans beginning on October 10. Therefore, I would like to conduct your deposition before that date. Please let me know whether October 4th or October 8th is better for you. I anticipate that we would start and 9 am. I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date. Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

**Subject:** Re: Deposition
**Date:**   Tuesday, September 25, 2012 11:54:08 AM Central Daylight Time
**From:**   Scott Varady
**To:**     David Stebbins

Dear Mr. Stebbins,

As part of the subpoena, the University paid you a witness fee and a mileage fee as noted
in the Court's Order on the matter.  This is your litigation, and it is your responsibility to
be present for a deposition.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Reply-To:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Tuesday, September 25, 2012 11:48 AM
**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Deposition

Alternatively to coming to Harrison, you could also provide transportation.

And I'm not talking about paying for my transportation.  That only helps me if there is someone
willing to take me to Fayetteville for that price.  If no one is willing, you need to provide someone
who *is* willing.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your

Page 1 of 2

deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University. I have arranged for a court reporter on October 4th or October 8th. I have long-standing travel plans beginning on October 10. Therefore, I would like to conduct your deposition before that date. Please let me know whether October 4th or October 8th is better for you. I anticipate that we would start and 9 am. I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date. Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

**Subject:** Re: Deposition
**Date:**    Friday, September 28, 2012 3:14:29 PM Central Daylight Time
**From:**    Scott Varady
**To:**      David Stebbins
**CC:**      Kim Harriman
**Priority:** High

Dear Mr. Stebbins:

In your note, you state that you have not cashed the check ($128.80) the University
included with its subpoena to you, and you request that the University "send it again." In
light of your representation that the check has not been cashed, University officials are
issuing a stop-payment order on that check, and the University will be sending you a
check (for $128.80) to replace the one you can't find next week.  So, if you do locate the
check previously served upon you, please do not cash it and return it to the University.
We will send the check through the U.S. Mail.

You have not agreed to any of the dates we proposed for your deposition.  I now have
hearing on another matter with Washington County on October 4, 2012.  So that day is no
longer available.  We have reserved a court reporter and made arrangements to take your
deposition on October 8, 2012.  If you do not appear, the University will incur certain
expenses for the court reporter's time.  Please let me know if you are continuing to refuse
to travel to Fayetteville for your deposition on October 8, 2012.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Reply-To:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Tuesday, September 25, 2012 11:59 AM
**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Deposition

Ok, first of all, I haven't even cashed that check, so you'll have to send it again. You won't loose anything extra, because I never cashed the first check.

Second, did you even read the email I sent you right before this one? I established how that Court order will only get you sued *again* after this case is over, this time for *millions*, not just hundreds of thousands.

The Court also said that the *reason* why the cost of taxis are irrelevant is because someone *else* can take me to Fayetteville. However, again, *that only works if someone is willing*!

Now, I've tried to ask my mother to take me, but she has refused. If you can get her to agree to take me (and simultaneously send the money again), that's good enough for me.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Tuesday, September 25, 2012 11:54 AM
**Subject:** Re: Deposition

Dear Mr. Stebbins,

As part of the subpoena, the University paid you a witness fee and a mileage fee as noted in the Court's Order on the matter. This is your litigation, and it is your responsibility to be present for a deposition.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

---

**From:** David Stebbins <stebbinsd@yahoo.com>
**Reply-To:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Tuesday, September 25, 2012 11:48 AM
**To:** Scott Varady <svarady@uark.edu>
**Subject:** Re: Deposition

Alternatively to coming to Harrison, you could also provide transportation.

And I'm not talking about paying for my transportation. That only helps me if there is someone willing to take me to Fayetteville for that price. If no one is willing, you need to provide someone who *is* willing.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Cc:** Kim Harriman <harriman@uark.edu>
**Sent:** Tuesday, September 25, 2012 9:18 AM
**Subject:** Deposition

Dear Mr. Stebbins:

In response to the Court's Order dated September 21, 2012, granting the University leave to take your deposition, I am writing to propose that your deposition be conducted in Fayetteville (consistent with the Court's previous Order and the current subpoena) at the University. I have arranged for a court reporter on October 4th or October 8th. I have long-standing travel plans beginning on October 10. Therefore, I would like to conduct your deposition before that date. Please let me know whether October 4th or October 8th is better for you. I anticipate that we would start and 9 am. I will arrange for a conference room on the fourth floor of the Administration Building and let you know those details once we have a firm date. Also, for the benefit of everyone, we have an officer from UAPD present.

Thank you for your attention to this matter. I look forward to hearing from you.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)