IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                                            PLAINTIFF

v.                                            Civil NO. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                                                     DEFENDANT

**BRIEF IN SUPPORT OF MOTION TO COMPEL
PLAINTIFF'S DEPOSITION, OR IN THE ALTERNATIVE,
MOTION FOR SANCTIONS**

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting through its undersigned counsel, and submits this Brief in Support of Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions.

**I.
INTRODUCTION**

By Order dated September 21, 2012, this Court ordered Plaintiff David Stebbins "to cooperate fully in the scheduling of [his] deposition" or face "pain of sanctions should he fail to do so." Plaintiff, however, has failed to do so. To the contrary, Plaintiff has expressed his unwillingness and/or inability to travel to Fayetteville contrary to the directives of this Court's Orders dated September 21, 2012, and July 27, 2012. For these reasons, the Court should now order Plaintiff to give his deposition at 9 a.m. on October 8, 2012, in Room 410 of the Administration Building of the University of Arkansas, Fayetteville, and require Plaintiff to confirm that he will attend the deposition. In the alternative, the Court should sanction Plaintiff for failing to cooperate in the scheduling of his deposition by dismissing this case.

## II.
## FACTS

On July 27, 2012, this Court entered an Order (Doc. 121) requiring Plaintiff to appear for his deposition at the University's campus in Fayetteville consistent with a subpoena previously issued by Defendant's counsel. Prior to the date of his deposition, Plaintiff's bond in a pending criminal action was revoked. Consequently, Plaintiff was incarcerated and did not appear in Fayetteville for his deposition as scheduled.

On August 1, 2012, Defendant filed a motion and supporting brief seeking permission from the Court to take Plaintiff's deposition after the discovery cut-off date. (Doc. 130.) On September 21, 2012, the Court entered an Order granting Defendant until October 15, 2012, to take Plaintiff's deposition. (Doc. 144.)

In good faith, Defendant sent an email to Plaintiff proposing dates to take Plaintiff's deposition in Fayetteville in the Administration Building at the University consistent with the Court's Order dated July 27, 2012, and the original subpoena issued by Defendant's counsel. The University has not released Plaintiff from the subpoena compelling his deposition in Fayetteville, and it remains in effect.

In the email correspondence between the parties regarding the scheduling of his deposition, Plaintiff claims that he is unable to travel to Fayetteville due to a lack of transportation. Plaintiff further claims that he never cashed the check that Defendant's counsel furnished to Plaintiff with the subpoena commanding Plaintiff's presence at his deposition. Plaintiff thus claims that he does not have the check.

In response to Plaintiff's representations, Defendant's counsel advised Plaintiff that University officials were issuing a stop-payment order on the previous check and sending Plaintiff another check for $128.80 (witness and mileage fees for the deposition)

this week. Defendant further requested that Plaintiff confirm his appearance on October 8, 2012. In response, Plaintiff stated: "I'm not 'refusing' to travel to Fayetteville. It's impossible. I might could, if I could find a person *willing* to take me on that date. Alternatively, you could have somebody on your end come and get me." (Ex. A.)

The net result is that Plaintiff has declined to appear for his deposition on October 8, 2012, or the other date that Defendant proposed. Moreover, Plaintiff has not proposed any dates for his deposition. Instead, the email communications from Plaintiff consist of outrageous allegations that Defendant's counsel has "corrupted" this Court and threatens to sue Defendant's counsel for "millions" if this case is dismissed. (*Id.*)

In summary, Plaintiff has failed to commit to appearing for his deposition on October 8, 2012, or to cooperate in scheduling his deposition.

### III.
### LEGAL DISCUSSION

Defendant has made all necessary arrangements to take Plaintiff's deposition in the Administration Building at the University of Arkansas, Fayetteville, on October 8, 2012. Defendant's counsel issued a subpoena to Plaintiff compelling his attendance at a deposition and that subpoena has not been withdrawn or quashed. The subpoena remains binding on Plaintiff. This Court's Order of July 27, 2012, required Plaintiff to make arrangements to travel to Fayetteville for his deposition.

In light of Plaintiff's most recent incarceration following the revocation of his bond, the Court granted Defendant leave to take Plaintiff's deposition beyond the discovery cut-off date. Plaintiff is no longer in custody, and the Court has authorized Defendant to take Plaintiff's deposition at any time prior to October 15, 2012. The Court also directed Plaintiff to cooperate in the scheduling of his deposition or face sanctions.

Plaintiff, however, has failed to cooperate as reflected in the email correspondence attached as Exhibit A to the Motion. The email correspondence further reflects that Plaintiff understands that his failure to cooperate in the scheduling of his deposition might result in the dismissal of this action. Plaintiff's conduct, therefore, is intentional and should not be tolerated.

This Court should order Plaintiff to appear for a deposition at 9 a.m. on October 8, 2012, in Room 410 of the Administration Building of the University of Arkansas, Fayetteville, and the Court should require Plaintiff to confirm that he will appear as directed by the Court. Alternatively, Plaintiff's failure to cooperate, as reflected in the emails attached as Exhibit A, provide ample grounds to sanction Plaintiff by dismissing this case pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure. Plaintiff has effectively repudiated his duty to appear for a deposition in violation of the subpoena issued to him and the Court's Orders of July 27, 2012 and September 21, 2012.

As stated, Plaintiff has directly violated the Order of this Court dated September 21, 2012, requiring Plaintiff to "cooperate fully in the scheduling of this deposition." (Order at 3.) The Court warned Plaintiff that his failure to cooperate with the scheduling of his deposition would be "on the pain of sanctions should he fail to do so." As the facts and Plaintiff's threats of future litigation show, Plaintiff's failure to cooperate in the scheduling of his deposition is willful and in bad faith. Accordingly, the Court should dismiss Plaintiff's action for failing to comply with an Order of this Court and for obstructing discovery in this case.

For all of the foregoing reasons, Defendant, University of Arkansas, prays that the Court grant the Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion

for Sanctions by ordering Plaintiff to appear for a deposition at 9 a.m. on October 8, 2012, in Room 410 of the Administration Building of the University of Arkansas, Fayetteville, or in the alternative, sanction Plaintiff David Stebbins for failing to cooperate in the scheduling of his deposition by dismissing this case, as well as granting all other relief the Court deems just and proper, including, without limitation, attorney's fees for the time required to submit the Motion and this supporting Brief.

                Respectfully submitted,

                By:/s/ T. Scott Varady
                T. SCOTT VARADY
                Arkansas Bar No. 93172
                WILLIAM R. KINCAID
                Ark. Bar No. 93125
                Associate General Counsel
                University of Arkansas
                421 Administration Building
                Fayetteville, AR 72701
                Phone: 479-575-5401
                E-mail: svarady@uark.edu

                And

                JEFFREY A. BELL
                Arkansas Bar No. 77009
                Senior Associate General Counsel
                University of Arkansas
                2404 N. University Avenue
                Little Rock, AR 72207
                (501) 686-2520
                E-mail: jbell@uasys.edu

                COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

       I certify that on October 1, 2012, I caused a copy of Defendants' Brief in Support of Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions, to be served upon David Stebbins, via First-Class U.S. mail at the following addresses:

David Stebbins
123 W. Ridge Ave., Apt. D
Harrison, AR 72601

                                                /s/ T. Scott Varady
                                                T. Scott Varady
                                                Associate General Counsel