IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                                                    **PLAINTIFF**

v.                                                    **Civil NO. 10-5125**

**UNIVERSITY OF ARKANSAS;**
**OFFICE OF THE CHANCELLOR**                                                        **DEFENDANT**

**MOTION FOR EXTENSION OF TIME TO PLEAD**
**AND CONTINUANCE OF CASE**

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting through its undersigned counsel, and for its Motion for Extension of Time to Plead and Continuance of Case ("Motion") pursuant to Fed. R. Civ. P. 6(b), Local Rule 6.2 and the Scheduling Order of this Court, states as follows.

1.    On September 18, 2012, Plaintiff David Stebbins ("Plaintiff") filed his second Motion for Summary Judgment, a supporting brief, and a Statement of Undisputed Facts in Support of Motion for Summary Judgment (collectively, "Plaintiff's Motion").  The University's response to Plaintiff's Motion is due on October 2, 2012. This Motion, therefore, is timely.

2.    The University has filed a Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions, which is currently pending with the Court. Plaintiff has been uncooperative in scheduling his deposition contrary to this Court's Order dated September 21, 2012.

3.    The University should have the opportunity to depose Plaintiff on the issues in this case prior to being required to respond to Plaintiff's summary judgment motion.  The information obtained from Plaintiff's deposition will have an obvious

1

impact on any ruling in the matter, and it is an issue of fundamental fairness to allow Defendant to take Plaintiff's deposition prior to requiring Defendant to respond to Plaintiff's summary judgment motion.

4. Additionally, after having the opportunity to take Plaintiff's deposition, Defendant plans to file a motion for summary judgment. Both parties appear to believe that this case may be resolved on cross-motions for summary judgment. In order to reach that point, however, Defendant must first have the opportunity to take Plaintiff's deposition.

5. Plaintiff's most recent period of incarceration on a criminal case prevented the University from taking his deposition as previously scheduled on August 1, 2012. The delay in taking Plaintiff's deposition has not been caused by the University.

6. In good faith, counsel for the University requested Plaintiff's consent for an extension of time for Defendant to respond to Plaintiff's summary judgment motion. A copy of the request is attached hereto as Exhibit A and incorporated herein by reference. As a direct result of defense counsel's efforts to consult with Plaintiff in good faith, Plaintiff electronically transmitted a pleading to the Court opposing the requested extension prior to Defendant even filing this Motion. Plaintiff's actions are inconsistent with any notion of cooperation and good faith dealing between litigants.

7. In light of these facts, Defendant believes that good cause exists to grant Defendant additional time to file an opposition to Plaintiff's summary judgment pleadings as well as to file its own motion for summary judgment. Defendant, therefore, respectfully requests that its response to Plaintiff's summary judgment pleading be due no later than 21 days from the date that defense counsel receives Plaintiff's certified

deposition transcript from the court reporter. Defense counsel can advise the Court and Plaintiff when the transcript is received.

8.   This case is presently set for a bench trial on December 3, 2012. Defendant believes that good cause exists to grant a continuance in this case. Specifically, this case has presented a number of unique challenges, including delays incurred due to Plaintiff's incarceration on a criminal assault charge in Boone County. Currently, Defendant has not been able to conduct Plaintiff's deposition despite having made arrangements to take the deposition prior to the discovery cut-off date on August 3, 2012. Defendant is not responsible for any of the delays experienced in this case.

9.   As stated, both parties believe that this case will most likely be resolved on cross-motions for summary judgment. Defendant currently has a motion pending with the Court to require Plaintiff to submit to a deposition in Fayetteville on October 8, 2012. Following the completion of Plaintiff's deposition, Defendant will be able to submit its opposition to Plaintiff's motion as well as submit its own summary judgment motion. If the Court has sufficient time to review and rule on such cross-motions for summary judgment, then that decision may render the need for a bench trial moot and thus save each party time and money.

10.   Specifically, Defendant intends to call one witness for trial who no longer works for the University and who now lives and works in the State of Oregon. The cost of a round-trip plane ticket for that person and the disruption to the work schedule of that individual witness may all be unnecessary if this case is resolved on cross-motions for summary judgment.

11. In the interest of judicial economy, a continuance of this case will allow the Court to address cross-motions for summary judgment in an orderly manner. If a trial remains necessary, the parties will have adequate time to work through any challenges concerning the pre-trial filings required by the Court in an orderly fashion as well. Additionally, travel schedules may be arranged with more certainty. In sum, Defendant believes that the orderly administration of this case provides good cause for granting a continuance.

12. All relief sought in this Motion is permitted under Fed. R. Civ. P. 6(b), Local Rule 6.2 and the inherent authority of this Court.

13. In support of this Motion, the University is attaching a Brief which is fully incorporated herein by reference.

WHEREFORE, Defendant, University of Arkansas, respectfully prays that the Court grant this Motion for Extension of Time to Plead and Continuance of Case, that the University be granted no longer than 21 days following receipt of Plaintiff's certified deposition transcript to file its response to Plaintiff's summary judgment motion, and the Court continue this case.

Respectfully submitted,

By: /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR  72701

Phone: (479) 575-5401
E-mail: svarady@uark.edu

AND

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
Phone: (501) 686-2520
E-mail: jbell@uasys.edu

## CERTIFICATE OF SERVICE

I certify that on this 1st day of October, 2012, I caused a copy of the foregoing Motion for Extension of Time to Plead and Continuance of Case to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following addresses:

David Stebbins
123 W. Ridge Street, Apt. D
Harrison, AR  72601

/s/ T. Scott Varady
T. Scott Varady
Associate General Counsel