IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                          PLAINTIFF

v.                              Civil No. 10-5125

UNIVERSITY OF ARKANSAS;
OFFICE OF THE CHANCELLOR                        DEFENDANTS

**BRIEF IN SUPPORT OF MOTION FOR EXTENSION
OF TIME TO PLEAD AND CONTINUANCE OF CASE**

Comes Defendant, University of Arkansas ("University" or "Defendant"), acting through its undersigned counsel, and submits this Brief in support of its Motion for Extension of Time to Plead and Continuance of Case.

**I.**      **Defendant Should Be Granted Additional Time to File A Responsive Pleading To Plaintiff's Summary Judgment Motion.**

Pursuant to Fed. R. Civ. P. 6(b) and Local Rule 6.2, the University seeks additional time to respond to the summary judgment pleadings filed by Plaintiff David Stebbins on September 18, 2012. The University has filed a Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions, which is currently pending with the Court. Plaintiff has been uncooperative in scheduling his deposition contrary to this Court's Order dated September 21, 2012.

The University believes good cause exists to grant an extension of time for several reasons. Despite its timely efforts, the University has not been able to depose Plaintiff in this case. Although Plaintiff's deposition was originally scheduled for August 1, 2012, Plaintiff failed to appear because he was in the Boone County jail following the revocation of his bond. The University preserved its right to take Plaintiff's deposition

by immediately filing for leave of court to take the deposition after the discovery cut-off period. As a matter of fundamental fairness, the University should have the opportunity to depose Plaintiff on the issues in this case prior to being required to respond to Plaintiff's summary judgment motion.

Moreover, the information obtained from Plaintiff's deposition will have an obvious impact on any summary judgment ruling. Further, Defendant should be permitted to take Plaintiff's deposition prior to requiring Defendant to respond to Plaintiff's summary judgment motion.

Defendant intends to file its own summary judgment motion and desires to take Plaintiff's deposition in anticipation of that filing. Both parties appear to believe that this case may be resolved on cross-motions for summary judgment. In order to reach that point, however, Defendant must first have the opportunity to take Plaintiff's deposition. As stated, Plaintiff's most recent period of incarceration on a criminal case prevented the University from conducting the deposition as previously scheduled, and any delays have not been caused by the University.

In good faith, counsel for the University requested Plaintiff's consent for an extension of time for Defendant to respond to Plaintiff's summary judgment motion. (*See* Ex. A to Mot.) As a direct result of defense counsel's efforts to consult with Plaintiff in good faith, Plaintiff electronically transmitted a pleading to the Court opposing the requested extension prior to Defendant even filing its Motion and this supporting Brief. Plaintiff's actions are inconsistent with any notion of cooperation and good faith dealing between litigants.

For all of these reasons, Defendant believes that good cause exists to grant additional time for Defendant to file an opposition to Plaintiff's summary judgment pleadings as well as to file its own motion for summary judgment. Defendant, therefore, respectfully requests that its response to Plaintiff's summary judgment pleading be due no later than 21 days from the date that defense counsel receives Plaintiff's certified deposition transcript from the court reporter. Defense counsel can advise the Court and Plaintiff when the transcript is received. Plaintiff will not suffer any prejudice if the Court grants this extension.

## II.     Good Cause Exists For Granting A Continuance In This Case.

This case is presently set for a bench trial on December 3, 2012. The University believes that good cause exists to grant a continuance in this case. Specifically, this case has presented a number of unique challenges, including delays incurred due to Plaintiff's incarceration on a criminal assault charge in Boone County. Currently, Defendant has not been able to conduct Plaintiff's deposition despite having made arrangements to take the deposition prior to the discovery cut-off date (August 3, 2012). Defendant is not responsible for any of the delays experienced in this case.

As stated, both parties believe that this case will mostly likely be resolved on cross-motions for summary judgment. Defendant currently has a motion pending with the Court to require Plaintiff to submit to a deposition in Fayetteville on October 8, 2012. Following the completion of Plaintiff's deposition, Defendant will be able to submit its opposition to Plaintiff's motion as well as submit its own summary judgment motion. If the Court has sufficient time to review and rule on such cross-motions for summary

judgment, then a decision may render the need for a bench trial moot and thus save each party time and money.

Specifically, Defendant intends to call one witness for trial who no longer works for the University and who now lives and works in the State of Oregon. The cost of a round-trip plane ticket for that person and the disruption to the work schedule of that individual witness may all be unnecessary if this case is resolved on cross-motions for summary judgment.

Despite the efforts of Defendant to be as cooperative as possible in this case, working with Plaintiff has proven challenging and difficult. In the interest of judicial economy, a continuance of this case will allow the Court to address cross-motions for summary judgment in an orderly manner. If a trial remains necessary, the parties will have adequate time to work through any disputes concerning the pre-trial filings required by the Court in an orderly fashion as well. Additionally, travel schedules may be arranged with more certainty. In sum, Defendant believes that the orderly administration of this case provides good cause for granting a continuance.

### III.    Conclusion.

For all of the foregoing reasons, Defendant believes that the circumstances underlying this request are unusual and justify a continuance. Accordingly, the University respectfully requests that the Court grant the Motion for Extension of Time to Plead and Continuance of Case.

Respectfully submitted,


By: /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR  72701
Phone: (479) 575-5401
E-mail: svarady@uark.edu

       AND

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
Phone: (501) 686-2520
E-mail: jbell@uasys.edu

## **CERTIFICATE OF SERVICE**

      I certify that on this 1st day of October, 2012, I caused a copy of the foregoing Brief in Support Motion for Extension of Time to Plead and Continuance of Case to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following addresses:

David Stebbins
123 W. Ridge Street, Apt. D
Harrison, AR  72601

                                              /s/ T. Scott Varady
                                              T. Scott Varady
                                              Associate General Counsel