```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                    **PLAINTIFF**

     v.    Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville**                                                        **DEFENDANTS**

### O R D E R

  Now on this 4th day of October, 2012, comes on for consideration defendants' **Motion For Extension Of Time To Plead And Continuance Of Case** (document #149). While Stebbins has not filed a response to this motion, he did e-mail a draft response to the Court and opposing counsel on Monday, and the Court has considered that e-mail. From the motion and the draft response, the Court finds and orders as follows:

  1. Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

  2. UA attempted to depose Stebbins during the discovery period, but was unsuccessful for a variety of reasons, including Stebbins' incarceration and court appearances on criminal charges

unrelated to the present case.  As a result, discovery closed without UA having had the chance to depose Stebbins.

Stebbins moved for summary judgment; UA moved to compel Stebbins' deposition.  As of this date, the deposition has not been taken, and the parties continue to bicker over when and where it might occur.  UA now asks that it be allowed until 21 days after receipt of the transcript of Stebbins' deposition to respond to his Motion for Summary Judgment, and that the case be continued because "both parties believe that this case will most likely be resolved on cross-motions for summary judgment."

Stebbins objects to the requested extension of time to respond to his motion for summary judgment, contending that UA is grasping for some way to rebut "a legal argument that they did not anticipate."

3. The Court is not inclined to grant the motion, although not for the reason offered by Stebbins.  This case was filed July 12, 2010, and is now one of the oldest cases on the Court's docket.  It has been plagued at every step by lack of cooperation between the parties; unmerited requests for reconsideration; unmerited motions for sanctions; premature appeals; and the constant impatience and belligerence of the plaintiff.  Indeed, the history of the case is such that the Court has no reason to believe that it can or will be resolved on a motion for summary judgment by either party, or by both parties.  This case needs to be tried.

4. While UA pleads its inability to depose Stebbins,[1] the Court does not consider that an impediment to going forward with trial. The matter will be tried to the Court rather than to a jury, and if UA does not obtain Stebbins' deposition before trial, the Court will afford it some leeway in its questioning of Stebbins to compensate for his failure to make himself available for deposition.

5. Lest Stebbins protest that he has gone to the trouble of preparing his Motion For Summary Judgment, the parties may rest assured that the Court will read and consider both that motion, and its accompanying brief. The Court will not, however, consider any document, tape recording, or other evidentiary item unless it is properly introduced at trial.

**IT IS THEREFORE ORDERED** that defendants' **Motion For Extension Of Time To Plead And Continuance Of** Case (document #149) is **denied.**

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**

---

[1] There is still the possibility that the deposition may occur, although the sparring between the parties suggests that is unlikely. The Court gave UA leave to depose Stebbins at any time *before* October 15, 2012, and directed that Stebbins cooperate fully in scheduling the deposition, on pain of sanctions. Stebbins takes the position that he "will make every attempt possible" to attend a deposition *on* October 15, 2012, and asks the Court to require UA to cooperate with him as to that date even though it is outside the time allowed by Order. This standoff has led UA to file a Motion To Compel Plaintiff's Deposition, Or In The Alternative, Motion For Sanctions, and Stebbins to file a Motion for Protective Order.