UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID A. STEBBINS**                                                        **PLAINTIFF**

vs.                                     Civ. No. 10-5125

**UNIVERSITY OF ARKANSAS**                                   **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION *IN LIMINE*

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my motion *in limine*.

**Why the Requests for Admissions should be admissible**

In the motion that this brief supports ("the Motion"), I ask that all the exhibits included in my motion for summary judgment (Document #139) be admissible, even the requests for admissions. The relevance and admissibility of all the other exhibits is obvious, but what about the RFA?

The reason the RFA should be admissible is because, as this Court can clearly see from Document #139 itself, the UA does not simply admit or deny the facts; they provide elaborations and explanations for their admissions and denials. Because of the very real possibility of these arguments becoming pertinent (such as impeachment), the Requests for Admissions should be admissible as evidence.

**Felony charge information should be inadmissible**

Defendant attempts to use my felony charge to prove that I am indeed a threat. This evidence should be inadmissible for the following reasons:

1.     It is prejudicial, not probative, given the fact that it is merely an *accusation*. As of the time of this writing, I have been convicted of absolutely nothing. Therefore, it should be inadmissible under Federal Rule of Evidence 403.

2.  The evidence is hearsay, and does not fall under any of the hearsay exceptions. The exception it comes closest to meeting is FRE 803(8) (public records exception), but look closer. That rule allows public records if "a matter observed while under a legal duty to report, **but not including, in a criminal case, a matter observed by law-enforcement personnel**."

3.  For that matter, even the Complaint filed by the Prosecuting Attorney is, itself, based on hearsay. This is especially prejudicial to my due process rights if the prosecuting attorney will not be present at the trial for me to attack his credibility.

4.  It is inadmissible under Federal Rule of Evidence 404(b).

### All *post ad hoc* evidence of threat should be inadmissible.

This is the most sweeping of all things I wish to have stricken at the trial, but there is a reason for it.

Imagine if you're presiding over an employment discrimination case. The Plaintiff – a black person – was fired from his job. Three days later, he is arrested for having marijuana in his pocket. After bailing out of jail, he files suit against his employer, claiming that he was fired for being black. The employer, however, states that the Plaintiff was fired because he was on drugs, and uses his arrest to prove it. However, nowhere in the actual business records does it show that the employer even *knew* about Plaintiff's drug use until after his arrest!

This means that the drug use is automatically pretextual. Or, perhaps, it is post-textual, since this evidence was accrued after the termination. Either way, the court – as well as any reasonable jury – can conclude beyond any reasonable doubt that the drug use was not what actually motivated the employment termination.

The same thing applies here. Defendants have accumulated evidence that I am a threat that they did not have when they actually perpetrated the actions that are the crux of this case.

Because of the evidence's *post ad hoc* accumulation, it cannot possibly be the evidence that actually motivated the expulsion, and is therefore irrelevant.

## CONCLUSION

Wherefore, premises considered, I respectfully request that the motion *in limine* be granted for the reasons stated in this brief.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com