UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                    PLAINTIFF

vs.                               Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                  DEFENDANTS

## RESPONSE IN OPPOSITION TO MOTION TO COMPEL DEPOSITION OR IN THE ALTERNATIVE FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following response in opposition to Defendant's Motion to Compel Deposition or in the Alternative for Sanctions (Document #146).

### BACKGROUND

Defendant requests that the Court order me to attend a deposition, specifically on October 8, 2012, a date which has already passed. If the motion to compel is denied, they ask that the case be dismissed with prejudice.

### ARGUMENT

#### The motion to compel deposition should be denied as moot.

Because the deposition date is scheduled for October 8, a date which has already passed, this motion should be denied as moot.

#### The motion should be denied because it was Defendant, not me, who failed to give cooperation.

Defendant claims that I have "failed to cooperate fully in the scheduling of the deposition," which I was ordered to do, but that is a flat-out lie. As this Court can see from my Motion for Protective Order (Document #152, hereby incorporated by reference), it is not me, but Defendants, who have failed to cooperate. They expect me to literally *lay down my life* to attend the deposition.

Because Defendants have squandered the leave that the Court gave them, their motion should be denied.

### I was given no formal notice to take the deposition.

It was Defendant who decided to start being sticklers for the rules, claiming that my motions should be denied, immaterial of their merit, simply for failure to include a brief! Well, if they want to be sticklers for the rules, then two can play at that game.

Under FRCP 30(b)(1), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Notice that the Rule does not say "a person other than a party." It just says "a person." Therefore, even when a party is the deponent, that party is still entitled to "reasonable written notice" of the deposition.

Defendants only attempted over email to schedule the deposition. However, they, themselves, refused to conduct discovery over email. See Exhibit A to this Response (attached hereto). Therefore, they should have sent me a Notice to Take Plaintiff's Deposition through one of the manners proscribed by FRCP 5(b)(2). Notice that FRCP 5(b)(2)(C) allows service by email *only if the parties consent*; as Exhibit A clearly shows, that prerequisite has not been established.

Even when they communicated over email, the email communications were only to find out what would be a convenient date for me; I was never served with an actual *notice* to take the deposition – as is required by FRCP 30(b)(1) – whether by email or otherwise.

I am now providing an update in this issue: On the afternoon of Friday, October 6, 2012, Defense Counsel sent me an Amended Notice of Deposition. However, this notice of deposition is, once again, A) over email, which the Defendants themselves refused to conduct, and B) not enough notice. It only gave me one business day's notice, and not even an entire business day

(the notice was sent at 4:02PM, and the deposition was scheduled to begin at 9:00AM the next business day). For precedent in determining what constitutes "reasonable notice," take for example the state-level civil causes of action of Unlawful Detainer and Order of Protection. Both of these actions entitle the Plaintiff to expedited relief, and yet, despite the mandatory expedition, the Defendant is still entitled to at least *five* days notice!

The Federal Rules of Civil Procedure, however, do not require any expedited treatment for depositions. In fact, at no point in the entirety of the Federal Rules that concern depositions does it state that they should receive any exalted treatment whatsoever – let alone the specifically the exaltation of expedition – over other discovery methods, all of which entitle the respondent at least *thirty* days notice!

Therefore, although I am physically in receipt of a notice of deposition, it fails on two counts: Inappropriate manner of service, and inappropriate timing.

Hey, don't look at me! It was the *Defendants* who decided to start being sticklers, and unlike briefs in the motions, until I am served with a notice, pursuant to the Federal Rules of Civil Procedure, I am not formally bound by jack squat. Unlike briefs, where the discretion lies with the Court as to whether or not the technically imperfect item should be entertained, in this instance, the discretion of whether to entertain lies with the respondent. I don't have to give them a discovery until they serve me with a formal discovery request, and since depositions are part of the discovery, if I want to ignore a technically imperfect deposition request, that's my right, just as it is the Court's right to ignore a technically imperfect motion.

### The sanction Defendant requests is forbidden by binding precedent.

Defendant requests that the case be dismissed with prejudice if I do not comply. Even if the Court determines that sanctions are appropriate, this specific sanction is forbidden by binding

precedent. "Dismissal with prejudice is an extreme sanction that should only be available for willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." See See *Siems v. City of Minneapolis*, 560 F. 3d 824, 826 (8t Cir. 2009) (internal quotations and citations omitted). "Even when dismissal with prejudice is supported by the facts, the ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile. This drastic remedy should be sparingly exercised." See *id* at 826 (internal quotations and citations, again, omitted).

Moreover, "[t]his does not mean that the district court must find that the appellant acted in bad faith, but requires only that he acted intentionally **as opposed to accidentally or involuntarily**." (bolded for emphasis) See *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000). In other words, even if I *repeatedly* fail to attend the deposition in Fayetteville, the case cannot dismissed with prejudice, because my failure to attend is involuntary (e.g. brought about by inability to secure transportation, and their refusal to honor my good faith attempts to cooperate with them).

### Defendants may be afforded leeway in cross-examining me.

In the Court's Order Denying Defendant's Motion for Extension of Time to Plead (Document #155), this Court stated, in pertinent part, "if UA does not obtain Stebbins' deposition before trial, the Court will afford it some leeway in its questioning of Stebbins to compensate for his failure to make himself available for deposition."

If it assists the Court in disposing of this and other motions, I am willing to accept this compromise. After all, again, I do not oppose the deposition itself. The problem rests in my physical ability to attend. To have the deposition and cross-examination all-in-one would not bother me in the slightest.

## CONCLUSION

As this Court can see, Defendants are taking an honorable order of this Court and abusing it in an attempt to make me dance. I doubt that they care anything for the deposition itself – I think they are just looking for an excuse to get me sanctioned. Because they are taking an innocent facet of the law and manipulating it in a manner it was not designed for, the Court should not allow them to benefit.

Wherefore, premises considered, I respectfully request that the motion to compel deposition or in the alternative for sanctions be denied.

*David Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

Ex. A

**Subject:** Re: 26(f) conference
**From:** Scott Varady (svarady@uark.edu)
**To:** stebbinsd@yahoo.com;
**Date:** Thursday, March 22, 2012 3:54 PM

Dear Mr. Stebbins,

The University will not agree to conduct all discovery via email.

Please advise me of your current address. I have not received any notice of a change of address.

Thanks,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR  72701
479.575.5401 (office)
479.575.5046 (fax)
479.856.4348 (cell)

**From:** David Stebbins <                    >
**Reply-To:** David Stebbins <                    >
**Date:** Fri, 16 Mar 2012 18:42:13 -0700
**To:** Scott Varady <                    >
**Subject:** Re: 26(f) conference

Varady,

I have bonded out of jail. The Court should receive my Notice of Change of Address shortly, and you can see it on ECF.

For now, however, I want to ask you: Would you agree to conduct the remainder of discovery via email?

Sincerely,
David Stebbins

**From:** Scott Varady <                    >
**To:** David Stebbins <                    >
**Cc:** Kim Harriman <                    >
**Sent:** Tuesday, January 3, 2012 11:27 AM
**Subject:** Re: 26(f) conference