**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

RECEIVED
OCT 18 2012
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Case No. 12- 3567

in re David Stebbins )
) on Petition for Writ of Mandamus
)

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following petition

for writ of mandamus.

### Relief Sought

Petitioner asks that the Honorable Jimm Larry Hendren ("Respondent") of the United

States District Court for the Western District of Arkansas ("District Court") be ordered to issue

an appropriate ruling on his pending Motion for Summary Judgment in Case No. 10-5125 in his

court.

### Issues Presented

Does a district court have the discretion to refuse to grant a motion for summary

judgment, not for reasons related to the merit of the motion, or because the motion has some

technical imperfection (such as failure to include a separate Statement of Undisputed Facts in

support thereof), but rather, simply for the sake of spite against the party?

### Facts

1.      Petitioner filed suit against the University of Arkansas ("Defendant") in the above-named

District Court for violation of the Rehabilitation Act of 1973 ("the District Court Case"), and

represented himself in the proceeding. Petitioner has Asperger Syndrome (a fact which

Defendant admitted to in a Request for Admissions), and Defendant made no attempt to accommodate the disability. This case was given Case No. 10-5125 .

2.    Because this case was filed at a time when Petitioner was inexperienced in *pro se* litigation, it has been plagued a variety of mishaps and delays, including Petitioner's own arrest for a sham criminal accusation that has even sparked *another* Pro Se lawsuit by Petitioner.[1]

3.    Despite Petitioner's bumbling, he was able to obtain enough evidence to entitle him to summary judgment. See Documents #139, #140, and #141 in the District Court Case.[2]

4.    However, when Defendant moved for extension of time to respond to this motion (Document #149 in the District Court Case), Respondent stated that he had no intention of ruling on the motion for summary judgment. Because he was annoyed by how much the case had been plagued, he insisted that the case go to trial, whatever the cost. See Document #155 in the District Court Case.

### Reasons for Issuing the Writ

The writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for the D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex Parte Fahey*, 332 U.S. 258, 259-60 (1947)). "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek and carry the burden of showing that their right to issuance of the writ is clear and indisputable." *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (citations, quotation marks, and alterations omitted).

Let us begin with the lack of adequate alternative relief. I cannot obtain relief from this injury by regular appeal, as that would require I wait until after trial, due to the Final Judgment

---

1  See Case No. 12-3022 in the District Court.

2  I was told by the Clerks of this Court that the addition of Pacer negates the need for me to include appendices of the trial court proceedings, so I will simply refer you to their spot on the docket, instead.

Rule. The whole purpose of summary judgment in the first place is to not have to go through the time, travel, and expense of a trial; the case can be resolved quickly and cheaply, through the mail (or, if you are represented by counsel, it can be resolved via email on ECF). For me to go through the expense of a trial, just to appeal the need to go to trial in the first place, defeats the whole purpose of not having to go to trial.

There is plenty of precedent for allowing immediate appellate intervention whenever waiting would defeat the whole point of appealing in the first place. See, for example, the case of *Southland Corp. v. Keating*, 465 U.S. 1, 7-8 (1984) ("For us to delay review of a state judicial decision denying enforcement of the contract to arbitrate until the state court litigation has run its course would defeat the core purpose of a contract to arbitrate.")

Nor can adequate relief be obtained by interlocutory appeal, pursuant to Rule 5 of the Federal Rules of Appellate Procedure. In fact, this alternative is almost comical when you think about it. Let me get this straight: The injury from Respondent's decision to absolutely proceed to trial is that I cannot resolve the case quickly and cheaply, so the obvious solution is to... delay and increase the costs of the litigation even further by forcing a stay of proceedings pending an interlocutory appeal?!

Of course, showing a lack of plausible alternatives is only half the battle. "[P]etitioners... [also] carry the burden of showing that their right to issuance of the writ is clear and indisputable." See *Mallard*. Fortunately, although this is a novel question of law, I believe that the plain text of the Federal Rules of Civil Procedure already provide enough legal guidance for this Court to rule in my favor.

Summary judgments and the motions for them are governed by Federal Rule of Civil Procedure 56. FRCP 56(a) states that "[t]he court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no hint of discretion in that sentence; it states that the Court "shall" grant summary judgment if the conditions are proper. "Shall" means "must."

In other words, summary judgment is not merely "favored" as a matter of public policy; I am flatly entitled to it.

### Conclusion

Even if this petition is denied, I still believe that this Court should issue a published opinion, as this petition asks a novel, but very important question of how much power a district court has to control civil proceedings.

Wherefore, premises considered, I respectfully request that the above-mentioned relief be granted.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516