## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**DAVID STEBBINS**                                                    **PLAINTIFF**

v.                                      **Civil No. 10-5125**

**UNIVERSITY OF ARKANSAS**                                           **DEFENDANT**

### BRIEF IN OPPOSITION TO
### PLAINTIFF'S MOTION IN LIMINE

Comes Defendant, the University of Arkansas ("Defendant"), acting through its

undersigned counsel, and submits this Brief in Opposition to Plaintiff's Motion in Limine.

**I.      Summary Judgment Exhibits and Requests for Admissions**

In his Motion in Limine ("Motion"), Plaintiff David Stebbins ("Plaintiff") seeks to have

the Court declare all of the exhibits attached to Plaintiff's Motion for Summary Judgment "be

admissible." (Mot. in Limine ¶ 1.)  Plaintiff's request for the Court to deem these records to be

admissible is premature, improper and should be denied.  The parties have not yet discussed their

respective exhibits and the possibility of stipulating to the authenticity and potential admissibility

of those items without waiving the right to object to the relevance of any individual record.  As a

customary practice, the parties should attempt to reach agreement prior to trial, and Defendant's

counsel has sent an email to Plaintiff requesting a telephone conference to discuss stipulating to

the authenticity of all potential exhibits.  Moreover, some of the exhibits referenced by Plaintiff

are discovery documents in this case.

Additionally, Rule 402 of the Federal Rules of Evidence establishes that relevant

evidence is admissible unless otherwise barred by law.  Plaintiff, however, has not authenticated

the exhibits he seeks to have the Court declare admissible.  For all of these reasons, therefore, the Court should deny Plaintiff's request.

With respect to Defendant's responses to Plaintiff's Requests for Admissions, Rule 36 of the Federal Rules of Civil Procedure provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36.  Moreover, Defendant's responses to Plaintiff's Requests for Admission are part of the record in this case.  Plaintiff's request, therefore, is unnecessary.  As a final point, Defendant notes that its responses complied with Rule 36.

## II.    Plaintiff's Felony Charge

Citing Rules 403 and 404(b) of the Federal Rules of Evidence, Plaintiff asserts that the felony charge resulting from Plaintiff's Thanksgiving Day knife attack on his father in 2011 should be declared inadmissible.  Plaintiff contends that he has been charged but not convicted of a crime.  Accordingly, Plaintiff believes any evidence of the charge against him would be prejudicial and not probative.  Contrary to Plaintiff's argument, the Thanksgiving Day knife attack is directly relevant in this case for a variety of reasons.

On December 3, 2007, Plaintiff told Dr. Monica Holland, the former Director of the University's Office Community Standards and Student Ethics, that he wanted to kill his father by using a knife to cut up his father, write a "letter of forgiveness" with his father's blood, to videotape the attack, and then post the video on the Internet site known as You Tube.  Two days later, Plaintiff made multiple threats to commit a "Virginia Tech" incident on the Fayetteville campus.  Given that Plaintiff ultimately carried out his expressed desire to attack his father with a knife, Plaintiff's conduct establishes that he was and is capable and willing to carry out his threats of violence.  Further, the deposition testimony of Plaintiff's parents establishes that

Plaintiff attempted to attack his sister with a steak knife until her boyfriend intervened to stop Plaintiff, that Plaintiff threatened to attack his father with a knife, and that Plaintiff physically assaulted his mother on at least two occasions. Based on these and other violent incidents, evidence regarding Plaintiff's 2011 Thanksgiving Day knife attack is directly relevant not only to the decision of University officials to suspend Plaintiff, but also with regard to Plaintiff's request for injunctive relief to return to the University's campus without completing the sanctions (including, but not limited to, obtaining counseling) imposed by the University's All-University Judicial Board ("AUJ"). Plaintiff has been diagnosed with Intermittent Explosive Disorder and his violent threats and conduct, even prior to his initial enrollment at the University, demonstrate that Plaintiff is capable of carrying out his threats and impulses.

For all of these reasons, Plaintiff's request to exclude evidence of his felony charge should be denied. Additionally, this case is proceeding as a bench trial, and the Court can assess the evidence and Plaintiff will have the opportunity at trial to object to any evidence as the case moves forward.

### III.    Plaintiff Seeks to Exclude All "Post Ad Hoc" Evidence

In a broad, undefined and "sweeping" request, Plaintiff seeks to have the Court exclude what Plaintiff deems to be "post ad hoc" evidence accumulated by Defendant. Plaintiff's request is unclear and confusing because Plaintiff initiated this case based on Chancellor G. David Gearhart's refusal to comply with Plaintiff's threats and demands, including a demand to allow Plaintiff to return to campus without completing the counseling required by the AUJ sanctions, in an email dated June 13, 2010. Plaintiff argues that Defendant "accumulated evidence that I am a threat that they did not have when they actually perpetrated the actions that are the crux of

this case." (Pl.'s Br. at 2.)  Plaintiff, however, fails to articulate any time frame or the specific evidence to which he refers.

Despite Plaintiff's contentions, the Court, in conducting a bench trial, will have the opportunity to assess the relevance of any potential evidence and rule on any objections that Plaintiff may assert at trial.  Moreover, Plaintiff seeks equitable relief to lift Plaintiff's existing suspension and to require the University to allow Plaintiff to re-enroll.  In this regard, the issue of whether Plaintiff presents an ongoing threat to the faculty, students and staff of the University is directly relevant to this case.  For these reasons, Plaintiff's request should be denied.

For all of the foregoing reasons, Defendant, University of Arkansas, prays that the Court deny Plaintiff's Motion in Limine and grant Defendant all other relief that the Court deems just and proper.

Respectfully submitted,

By: /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR  72701
Phone: (479) 575-5401
E-mail: svarady@uark.edu

AND

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue

4

Little Rock, AR  72207
Phone: (501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on November 2, 2012, I caused a copy of the foregoing Brief in Opposition to Plaintiff's Motion in Limine to be served upon David Stebbins, 123 West Ridge St., Apt. D, Harrison, Arkansas, 72601, via First-Class U.S. Mail.


/s/ T. Scott Varady
T. Scott Varady
Associate General Counsel

6