U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 07 2012
CHRIS R. JOHNSON, CLERK
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                       PLAINTIFF

vs.                          Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                          DEFENDANTS

## MOTION TO CLARIFY

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for the Court to clarify certain aspects of the trial proceedings that I do not quite understand.

### How should I directly examine myself?

I am representing myself. Though I can directly examine my own witnesses without any hicups, it is unclear to me how I should directly examine *myself*. Should I ask myself questions and subsequently answer them... almost as if I am talking to myself? Or should I just *tell* my story in a way that would otherwise be considered "relating the narrative?" I have seen it happen both ways in my litigation experience, so I would assume that it is at the discretion of the Court. The question, at that point, becomes... what is *this* Court's discretion?

### Should I incorporate relief requested into the closing arguments?

Again, this is something I am asking mostly because I have seen it happen both ways. When all the witnesses have been called, and it is time for closing statements, should I not only discuss why I should win the case at all, but also, how much relief I should get? Or, will the Court a separate set of arguments to discuss relief and damages after it has already sided with me (kind of like how, in a criminal case, sentencing will only be discussed and considered *after* the Defendant has already been convicted)?

It makes no difference to me how the court answers these questions, but I would like to know the answers to them, so I can structure my trial preparations accordingly.

For the record, the reason this motion has no brief is because... what the heck am I supposed to say in a brief that won't be completely redundant of the contents of this motion? I think the Court should consider an amendment to Local Rule 7.2(d) allowing briefs to be omitted when the issue at hand is so simple that a separate brief would serve more to waste space on the docket than to actually aid the court.

Wherefore, premises considered, I respectfully request that this motion for clarification be granted.

*David Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

Liberty FOREVER