U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 13 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                        PLAINTIFF

vs.                                   Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                                   DEFENDANTS

## MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for sanctions.

Defense Counsel and I conferred by phone on November 7, 2012, attempting to discuss the admissibility and authenticity of the Defendants documents. We discussed a few of them, but when I mentioned that I refused to stipulate to the authenticity of the document that discusses the threats I allegedly made on campus, he got all pissy and insisted that I admit to the authenticity of that document, or else he would not continue with the conference, and instead, drag the trial out for a very long time by meticulously authenticating every single document. He knew that I cannot afford to drag the trial out for extreme lengths of time, and he threatened to do exactly that in a direct, malicious, vindictive attempt to coerce me into accepting the authenticity of a particular document.

I know this is hard for the Court to accept... that Scott Varady would actually do something like this. This is why, about halfway through Varady's rant, I decided to start *recording* the conversation. Now, the Court can hear Varady's threats with its own ears. To hear the recording, follow this link: www.youtube.com/watch?v=pQkSfkcR4vA

Please also find enclosed the following exhibits:

**Exhibit A**: A Table of Contents we were reading off of in the pretrial conference in an attempt to discuss the authenticity of the documents.

**Exhibit B**: An email conversation between Defendants after the conference was concluded.

As a sanction, I ask that the Defendants be barred from introducing any evidence that we did not talk about in the conference. This sanction is consistent with Fed. R. Civ. P. 11(c)(4), for reasons that will be made apparent in the brief.

If this sanction is granted, the Motion for Continuance, which is being filed simultaneously with this one, does not need to be granted.

Wherefore, premises considered, I respectfully request that the motion for sanctions be granted.

*David S Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

**Subject:** Re: Doctored up documents
**From:** David Stebbins (stebbinsd@yahoo.com)
**To:** svarady@uark.edu;
**Date:** Thursday, November 8, 2012 8:54 AM

"I'm saying that the documents we produced to you are the same as the very original copies."

That's what I initially thought. However, when I *originally* faced the charges back in 2007 & 2008, I distinctly remember her allegations about my desires concerning my father were, in fact, correct. The document I received five years ago said "contract" instead of "letter," and it said he would cut himself, instead of me cutting him. Now, and only now, do they say "letter" and "cut him."

THAT is why I think the documents have been doctored.

---

**From:** Scott Varady <svarady@uark.edu>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Thursday, November 8, 2012 8:50 AM
**Subject:** RE: Doctored up documents

Dear David,

Thank you for your email. However, I think there is a misunderstanding about the meaning of "authenticate." You are disagreeing with what the authors wrote in the respective documents. That's different than saying someone falsified or modified a document. I'm saying that the documents we produced to you are the same as the very original copies. The fact that you disagree with the contents of a document does not make it falsified or modified. Can we please reschedule this morning's call for tomorrow morning at 9 a.m. i have a series of meetings today that are keeping me hopping. Please let me know about visiting tomorrow morning at 9 a.m. and please reconsider your position on agreeing to stipulating to the authenticity of the records from Dr. Holland's office. Again, stipulating to the authenticity is not the same as agreeing with the substantive content of any particular record.

Thanks very much and have a good day. If any of my afternoon meetings get cancelled or if I'm able to stay late, I'll call you this afternoon and we can talk then as well if that fits your schedule.

Sincerely,
Scott

---

**From:** David Stebbins [stebbinsd@yahoo.com]
**Sent:** Wednesday, November 07, 2012 4:57 PM
**To:** Scott Varady
**Subject:** Doctored up documents

Varady,

Here is a list of the things that were doctored by the Student Ethics Office:

1. Monica Holland said that I mentioned a desire to cut my father and write a letter of forgiveness in his

http://us.mg6.mail.yahoo.com/neo/launch?.rand=0qu67lvcr1hnb     11/9/2012

blood. I do not recall if that is, specifically, what she originally wrote, but I know the accusation is wrong. What I told her was that, in my vision, my father, sorry for the way he treated me, would cut *himself* (I even used the exact words "like a wrestler" to describe precisely how he would cut himself, and as you know, "blading" (as it is known in wrestling jargon) is almost ALWAYS self-inflicted), and use that to sign a *contract* in his blood.

Notice, two very important differences in what I said and what appears in the record: "Cut himself" instead of "cut him," and "contract" instead of "letter."

2. I mentioned the possibility of a virgnia tech incident, yes, but the *details* of what I said have been fabricated. I was talking to Sue Theiss about obtaining some anger management medications. I did my very best to explain to her that, if I did not get them, I could loose control of myself. By requesting that I receive access to these anger management medications, I was clearly trying to make the "Virgnia Tech" thing *NOT* come true! So, no, I did not "threaten" the University of Arkansas. I did the *exact opposite* of threaten them! I as very clearly trying to ELIMINATE the threat!

Those are the two things that have been doctored. I hope this helps you understand.

Sincerely,
David Stebbins

# DAVID STEBBINS
## Initial Disclosures and Supplemental Responses

1. Office of Admissions                                    000001 - 000037

2. Center for Educational Access                           000038 - 000096

3. Financial Aid & Treasurer's Office                      000097 – 000150

4. University Housing                                      000151 – 000154

5. Office of Academic Integrity & Student Conduct          000155 - 000296

6. Office of Equal Opportunity & Compliance                000297 – 000307

7. Pat Walker Health Center                                000308 – 000370

8. University Housing                                      000371 – 000374

9. Registrar's Office                                      000375 – 000378

10. Student Affairs                                        000379 – 000382

11. UAPD                                                   000383 – 000387

12. Walton College of Business                             000388 – 000393

13. Student Tuition and Fees                               000394 – 000405

14. Housing                                                000406

15. Records of Carla Brown and James Goldie                000407 – 000494