U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 14 2012
CHRIS R. JOHNSON, CLERK
BY
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                             PLAINTIFF

vs.                              Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                              DEFENDANTS

## PLAINTIFF'S PRETRIAL DISCLOSURES

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following pretrial disclosures, pursuant to Section 4 of the Final Scheduling Order in the above-named action (Document #74).

### Summary of Claims and Relief Sought

I have Asperger Syndrome. The University of Arkansas, by its own admission, did not provide the necessary reasonable accommodations.

I seek the following relief:

1.      $250,000 in emotional distress damages.

2.      Forced reinstatement as a student at the University of Arkansas, along with tuition equal to that which I would have received had the discrimination not occurred.

3.      Prospective injunctive relief.

A detailed explanation of the relief I seek can be found in my Motion for Summary Judgment (Document #139).

### Prospects for Settlement

The parties attended a mediation with Magistrate Judge Erin Setser, but no settlement was reached. Therefore, prospects for settlement are: "none."

### Jurisdictional basis

This Court has federal question jurisdiction. Personal jurisdiction and venue are

established pursuant to 28 USC § 1391(b)(1)-(2).

## Pending Motions

As of the filing of this pretrial disclosure, there are the following pending motions:

1. Motion *in limine*.

2. Motion for Continuance.

3. Motion for Sanctions.

## Statement of Facts

In the Fall of 2007, I was a student at the University of Arkansas. I have Asperger Syndrome, a mental disorder that impairs my ability to speak politely and tactfully. Sometimes, I can come across as rude or abrasive, perhaps even threatening, when I mean only to tell the truth. This disability was registered with the University of Arkansas' Center for Educational Access, or "CEA" for short.

The CEA, however, failed to provide the reasonable accommodations that I actually needed in order to thrive at the University of Arkansas. They justify their failure to do so because... I did not "request" these accommodations in advance of the need for the accommodation.

On December 5, 2007, I made some statements that the University of Arkansas perceived as a threat. Despite me trying to actually *prevent* anything akin to a Virginia Tech Incident from happening, they subsequently expelled me, an act with drove me to hysteria, including thoughts of suicide. A hearing was held in the month of January 2008 over these statements, by the "All-University Judicial Board," or AUJ for short. At this AUJ hearing, I requested the reasonable accommodations that I would need in order for me to study at the University without anyone feeling threatened. That reasonable accommodation was... patience and understanding.

Although the University of Arkansas, at the time of the AUJ hearing, had no evidence whatsoever that (A) I was a legitimate danger to anyone, or (B) the reasonable accommodations of patience and understanding would create an undue hardship on anyone at the UA, they still proceeded to uphold the indefinite suspension (aka expulsion). During the discovery, they attempted to *find* evidence to support their justifications, but they had no evidence of either of these justifications *at the time they actually expelled me*.

Since being expelled from the UA, I attempted to find myself at North Arkansas College. Unlike the UA, however, they actually provided the reasonable accommodation of being patient and understanding with what I say unless I'm clearly *trying* to be rude or threatening. This accommodation actually allowed me to avoid unnecessary disciplinary action, without anyone getting hurt.

### The issues of fact expected to be contested

1.  Did I present a direct threat to the University of Arkansas?
2.  Did the Defendant provide reasonable accommodations?
3.  Would reasonable accommodations have eliminated the risk?

### List of Exhibits

All exhibits mentioned in my Motion for Sanctions will be introduced by me.

### Witnesses for Plaintiff

I may call my mother if I can get her to come to Fayetteville. Her name, address, and phone number are as follows:

> Rita Stebbins
> 8527 Hopewell Rd.,
> Harrison, AR 72601
> 870-743-4386

I will also call myself as a witness. My contact information is located at the signature of

this document.

### Estimate of the length of trial

Parties estimates that the trial should not take any longer than two days, unless the Motion for Sanctions is denied.

### Suggestions for expediting disposition of the action

First, there is a motion for sanctions pending that, if granted, would significantly reduce the trial time.

Second, since the UA has admitted to my *prima facie* right to recover, and are relying entirely on affirmative defenses, such as direct threat, perhaps the Defendants should go first in presenting evidence. If their evidence is insufficient, perhaps a directed verdict would be appropriate. Only if that directed verdict is denied should I have to waste time introducing evidence of my own. I know! I know! It probably won't happen, but this is just a *suggestion* for expediting disposition.

These are my pretrial disclosures.

*David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

Justice
FOREVER