```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                              **PLAINTIFF**

              v.            Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville**                                                  **DEFENDANTS**

### O R D E R

Now on this 15th day of November, 2012, come on for consideration the following motions:

    \*    plaintiff's **Motion In Limine** (document #156);

    \*    plaintiff's **Motion To Clarify** (document #163);

    \*    plaintiff's **Motion For Sanctions** (document #164); and

    \*    plaintiff's **Motion For Continuance** (document #166),

and the Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

Defendants deny the material allegations of the Complaint. Issue is joined, and the matter is set for trial on December 3, 2012.

2. Stebbins first contends, in his Motion In Limine, that:

* all the exhibits he attached to his motion for summary judgment should be deemed admissible;

* evidence regarding a felony charge he is facing should be deemed inadmissible; and

* evidence accumulated after he was banned from campus that might be offered to prove that he is a danger to defendants be deemed inadmissible.

The first of these contentions is patently without merit. The fact that a movant attaches a document to a motion does not make it admissible. Admissibility is determined by the rules of evidence.

The second and third contentions are likewise without merit. While subsequent actions and after-acquired evidence might not be relevant in determining whether defendants' decision to ban Stebbins from campus violated § 504 -- the Court makes no ruling on the issue at this time -- they are clearly relevant to the Court's determination of the appropriateness *vel non* of injunctive relief sought. Whether or not such evidence proves admissible will be determined by application of the rules of evidence at trial.

For these reasons, Stebbins' Motion In Limine will be denied.

3. In his Motion To Clarify, Stebbins asks about the manner in which he will be expected to present his own testimony (by question and answer or by narrative) and when he should present his arguments about the relief sought. In answer to the first question, a narrative presentation by Stebbins will be permitted. The Court

will not answer the second question, other than to state what it routinely tells plaintiff's attorneys before closing arguments, which is that if they choose to divide their closing argument into two portions, they must make a "full opening," addressing all elements of their claim.

4.   In his Motion For Sanctions, Stebbins asks the Court to referee a discussion about stipulations that recently took place between him and defense counsel.  The Court declines to do so. Whether parties enter evidentiary stipulations is not the Court's concern.   To the extent that there is no stipulation about the authenticity, competence, or relevance of a particular document that is offered at trial, the Court will determine its admissibility based on the rules of evidence.  This motion will, therefore, be denied.

5.   In his Motion For Continuance, Stebbins asks that the trial be continued from its scheduled date of December 3, 2012, because he is set to appear in Boone County Misdemeanor Court on December 5, and has a felony trial -- he does not say where -- set for December 6.

This motion will be denied.  The instant case has been set for trial on December 3, 2012, since January 27, 2012.  The fact that another court has subsequently set a matter down for trial close to this date is not a basis for continuance of this case.  If the proximity of the cases is problematical for Stebbins, he can address that by seeking a continuance of the other cases.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion In Limine**

-3-

(document #156) is **denied.**

 **IT IS FURTHER ORDERED** that plaintiff's **Motion To Clarify** (document #163) is **granted,** to the extent set out in this Order.

 **IT IS FURTHER ORDERED** that plaintiff's **Motion For Sanctions** (document #164) is **denied.**

 **IT IS FURTHER ORDERED** that plaintiff's **Motion For Continuance** (document #166) is **denied.**

 **IT IS SO ORDERED.**

              /s/ Jimm Larry Hendren
            **JIMM LARRY HENDREN**
            **UNITED STATES DISTRICT JUDGE**