UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                  PLAINTIFF

vs.          Civ. No. 10-5125

UNIVERSITY OF ARKANSAS             DEFENDANTS

## BRIEF IN SUPPORT OF SECOND MOTION *IN LIMINE*

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of second motion *in limine*.

### Carla Brown's testimony should be inadmissible because the evidence was accrued after the fact.

I have already filed a motion *in limine* asking that the Court strike any and all evidence of direct threat that Defendant accrued after the discrimination took place. My reasoning behind this is that, if they did not possess this information at the time the discrimination occurred, then this information could not possibly have motivated their conduct, and in a discrimination case, it is not the act itself, but the motivation behind it, which is illegal. I gave a hypothetical example of a black employee being arrested for pot-dealing in an attempt to illustrate why I am of this opinion.

For the reasons contained in the first Motion *in Limine*, Carla Brown's testimony should be wholly inadmissible.

### Testimony of David D. Stebbins should be inadmissible as prejudicial, irrelevant, and post-textual.

Again, I have already filed a motion *in limine* regarding this man's testimony. I have a new, alternative piece of relief that I am content with.

At the Nov. 1, 2012 settlement conference, the Honorable Erin Setser advised me that she had reviewed every document in this case, which included the first motion *in limine*. She knew

my arguments, and she my positions. She advised me that the alleged incidents of November 24, 2011 may indeed be inadmissible, but not for the reasons the UA offers them for. The UA intends to introduce my father's testimony as evidence that I am, indeed, a direct threat. Instead, advises Hon. Setser, the alleged Thanksgiving incident is admissible to show that reasonable accommodations were likely to be ineffective.

I countered Hon. Setser's argument with the following response: "That is assuming that reasonable accommodations were provided in the first place!" Indeed, a direct threat, as established in the Motion for Summary Judgment (Documents #139 - #141), is defined as "the significant risk to the health or safety of others **that cannot be eliminated by reasonable accommodations**." If no reasonable accommodations for my Asperger Syndrome, then the Defendant's direct threat argument is not proven by the introduction of this evidence.

This Court probably sees Hon. Setser every day. Therefore, it can ask her if the contents of the last two paragraphs are, indeed, what we discussed.

Therefore, in light of that counter-argument, I request that my father's testimony be *interimly* stricken. The Defendant should not be allowed to question him of anything that happened on Thanksgiving Night until he first testifies as to the implementation of reasonable accommodations for my Asperger Syndrome. Only upon first establishing whether or not my father accommodated my Asperger Syndrome should they be allowed to question him about any kind of knife attack.

This is, of course, assuming that part of the first motion *in limine* is denied in the first place. If it is granted, this part of this second motion *in limine* will be rendered moot.

**Jeanne McLachlin is a surprise witness**

Jeanne McLachlin – who allegedly works in the Department of Biological Sciences at the

University of Arkansas – has never been disclosed to me prior to this pretrial disclosure. I have had no opportunity to discover him.

Furthermore, I doubt that he has anything of substance to testify about. He was never one of my teachers at the UA, and I've never heard of him. What personal knowledge does he possess of this case? He supposedly works in the *Biological* Sciences; does he have expert testimony on Asperger Syndrome? I don't know, because this is the first time I have ever heard this name, let alone advised that he would be called as a witness.

### Defendant's Exhibits #6 - #14 should be inadmissible due to the Defendant's failure to confer with me.

I have filed a motion for sanctions and brief in support thereof regarding this issue. See Documents #164 and #165. For the reasons set forth in that motion and brief, Defendant's Exhibits #6 - #14 (on Page 11 of their Pretrial Disclosures) should be inadmissible.

### Defendant's Exhibit #15 should be inadmissible as irrelevant.

Defendant intends to introduce evidence of my "cases" and my criminal charges. By "cases," I assume they mean the Pro Se lawsuits I have filed.

My lawsuits should be inadmissible on the grounds that they are irrelevant. Honestly, what is Defendant offering these to prove? Certainly not *res judicata*, so what *are* they trying to prove with these things? That I have a history of filing frivolous lawsuits? Apparently they don't get it: The frivolity of my lawsuits – except for this one – has no bearing on this case. Only the frivolity of this one case is relevant to the disposition of this one case, and the court can determine for itself – upon *de novo* review – whether or not this one, instant case is frivolous.

My criminal charges should be inadmissible for the same reasons. In fact, they are even *more* irrelevant. My charges are just that: Charges. Accusations. They have absolutely no evidenciary weight in any legal proceeding, whatsoever, criminal or civil. Only a *conviction* can

be offered as evidence, and even then, under Rule 609 of the Federal Rules of Evidence, only convictions of crimes punishable by a year or more can be admitted.

### Defendant's Exhibit #18 was not introduced in discovery and, thus, should not be admissible.

It is a very basic truism of due process that you cannot introduce a piece of evidence into trial unless you have disclosed this evidence to the opposing party in the discovery. Here, the discovery cut-off date was August 3, 2012. This *ex parte* Order of Protection did not even *exist* until September 26, 2012. Needless to say, this exhibit was not disclosed in the discovery.

### Deposition transcripts should be inadmissible except to impeach.

Remember that discovery has much more relaxed rules of admissibility than trials. Deposing counsel is entitled to inquire into a variety of things, even if these are not immediately relevant to the proceedings, or if the relevance is not immediately noticeable.

Due to the relaxed nature of discovery, deposition transcripts cannot be directly admissible at trial. Unless the Court is willing to painstakingly read every word of the transcript and determine that it is all admissible, then it is safer to not admit deposition transcripts at all. That way, we do not risk the trier of fact being exposed to otherwise inadmissible statements.

Deposition transcripts can often be used to impeach witnesses. This is the best use of them. Live testimony is *always* favored for axiomatic reasons, and witnesses will likely stick to the answers given in their depositions anyway if they know the depositions can be used to impeach them. Having live testimony, and keeping the depositions on standby, but not introduced, can allow opposing parties to object to individual pieces of evidence on an as-needed basis. This minimizes the risk of the introduction of inadmissible evidence.

In any event, *my* deposition (that is, the Plaintiff's deposition) should be inadmissible, simply due to the provisions of Fed. R. Civ. P. 32(a)(5)(A).

## Conclusion

The Defendant is trying to hit me with everything but the kitchen sink. However, it is clear that 99% of their evidence comes in the form of prejudicial and irrelevant hearsay. Whereas I am basing my case off solid legal authorities and the testimony and records of UA personnel, the UA is trying to bring in evidence that has nothing to do with the case at hand, and is trying to introduce evidence of events that happened *after this case was filed*!

Wherefore, premises considered, I respectfully request that both motions *in limine* be granted.

It is so requested on this 15th day of November, 2012.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com