**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DAVID STEBBINS**                                                                 **PLAINTIFF**

**v.**                                                   **Civil No. 10-5125**

**UNIVERSITY OF ARKANSAS**                                          **DEFENDANT**

**BRIEF IN OPPOSITION TO PLAINTIFF'S**
**SECOND MOTION IN LIMINE**

Comes Defendant, University of Arkansas ("University"), acting through its undersigned counsel, and submits this Brief in Opposition to Plaintiff's Second Motion in Limine. For the following reasons, Plaintiff David Stebbins ("Stebbins") Second Motion in Limine is without merit and should be denied in its entirety.

**A.      Carla Brown Should Be Permitted to Testify**

Stebbins opposes allowing Carla Brown to testify because he suggests that her testimony would be limited to the accrual of "direct threat" evidence acquired after the University suspended Stebbins. Contrary to Stebbins' assertions, Ms. Brown, a licensed social worker who provided counseling services to Stebbins from February through April, 2008, will testify on a wide array of issues that are directly relevant to the issues raised by Stebbins in his Amended Complaint, including, without limitation, Stebbins' request for injunctive relief to re-enroll at the University. Ms. Brown provided mental health services to Stebbins after the University suspended him for threatening to commit another Virginia Tech, to cut up his father, to commit suicide, and to attack Lt. Vance Rice of UAPD. Stebbins sought such counseling as part of his student judicial sanctions, but he failed to complete it.

1

Ms. Brown, in consultation with doctors at Ozark Guidance, diagnosed Stebbins as having Intermittent Explosive Disorder in addition to his Asperger's Syndrome.  Ms. Brown is directly familiar with Stebbins' actions at the University based upon his statements to her during their sessions as well as his history of violence prior to enrolling at the University.  Most importantly, in early May, 2008, Ms. Brown consulted with Dr. Monica Holland, then Director of the Office of Community Standards and Student Ethics, regarding whether Stebbins presented a significant risk of harm to the University community, including, faculty, students and staff.  Ms. Brown's assessment is relevant to the determination of University officials regarding whether Stebbins was prepared to return to campus following his suspension, including, without limitation, after Stebbins sent a profanity-filled email to Chancellor G. David Gearhart on June 13, 2010, demanding that he be readmitted to the University immediately.

In sum, no good basis exists to exclude the testimony of Ms. Brown, who was deposed in this case.  Stebbins did not show up to Ms. Brown's deposition, and no good basis exists to exclude her testimony.  Accordingly, the Court should deny Stebbins' request to exclude her.

**B.    David D. Stebbins Should Be Permitted to Testify**

As part of his injunctive relief request in this case, Stebbins requests for the Court to permit him to re-enroll at the institution.  For that reason alone, testimony regarding whether Stebbins poses a "direct threat" to the campus community is directly relevant in this case.

On December 3, 2007, Stebbins told Dr. Holland of his plan to cut up his father, write a "letter of forgiveness" with his father's blood, to film the whole attack, and to

post the resulting video on You Tube.  Stebbins told Dr. Holland that he got the "chills" just thinking about it.  Stebbins' threat against his father was directly relevant in Dr. Holland's determination to issue an interim suspension to Stebbins because he posted a direct threat to the University community.  On Thanksgiving Day in 2011, Stebbins carried out his expressed desire to cut up his father by attacking him with a knife while his father was in bed trying to go to sleep.  Stebbins was charged with a felony of second degree battery, and his father, fearful for his physical safety, sought and received a protective order against Stebbins.  At this time, the criminal case remains pending. Again, Stebbins' willingness to act out his threats of violence is directly relevant to the relief sought by Stebbins to return to the University.  Additionally, Stebbins' father is familiar with Stebbins history of violence towards other family members.  Further, as recognized by Stebbins, his father's testimony would be relevant to show whether any accommodations would be reasonable or effective.

### C.    Dr. Jeanne McLachlin Is Not A Surprise Witness

Dr. Jeanne McLachlin, a faculty member in the Department of Biological Sciences, is not a surprise witness.  Dr. McLachlin served as the Chair of the Ad Hoc All-University Judicial Board that conducted the hearing on Stebbins' case on January 10, 2010.  Stebbins worked directly with Dr. McLachlin during his student judicial hearing. Moreover, in its Initial Disclosures, the University identified, as potential witnesses, all faculty who interacted with Stebbins.  That declaration clearly put Stebbins on notice that Dr. McLachlin, might be called as a witness.  The University also produced an audio recording of the AUJ hearing to Stebbins on two occasions.  Stebbins objection is also hollow because he did not take the deposition of any witnesses, and he failed to attend the

3

deposition of Ms. Carla Brown.  Accordingly, Stebbins' objection to Dr. McLachlin should be denied.

      **D.**    **Stebbins' Objections to the Introduction of Certain Documents at Trial Are Without Merit and Should Be Denied**

Stebbins asserts that "Defendant's Exhibits #6 - #14 should be inadmissible due to Defendant's failure to confer with me."  The Court should reject Stebbins' objection because the Court has already issued a ruling on the introduction of documentary evidence in its Order denying Stebbins' Motion for Sanctions.  Moreover, as a matter of law, Defendant is under no legal obligation to consult with Stebbins.  Accordingly, Stebbins' request to exclude any documents is not well formed or ripe and no basis exists to grant it.  The request, therefore, should be denied.

Stebbins further objects to the introduction of any records relating to his numerous *pro se* lawsuits because, in his judgment, the "frivolity of [his] lawsuits" is irrelevant to the merits of this proceeding.  Once again, the Court has addressed its intent on ruling on documents that may be introduced into evidence in its most recent Order, and Stebbins' objection is moot and controlled by that Order.  Additionally, certain aspects of Stebbins' litigation history is directly relevant to various witnesses and aspects of their testimony.  Therefore, the relevance of any evidence is a matter for the Court to consider at the time of trial as the circumstances warrant at the time.

With respect to his criminal charges, Stebbins objection is premature and unfounded.  As stated, Stebbins seeks injunctive relief ordering the University to allow him to re-enroll.  Stebbins' 2011 Thanksgiving Day knife attack on his father is directly relevant to the issue of whether Stebbins poses a direct threat to others.  Moreover, those records are relevant in considering whether any purported "reasonable accommodations"

for Stebbins would be effective for Stebbins.  Additionally, Stebbins' criminal proceedings have directly impacted this litigation and are germane to these proceedings.

With regard to the Ex Parte Order of Protection obtained by Stebbins' father, Stebbins objects because this document was not disclosed during discovery.  Stebbins points out, however, that the record did not exist until after the discovery cut-off date.  As stated, this Court has ruled in its previous Order how it intends to assess and determine the admissibility of documents at trial.  That Order compels the rejection of all of Stebbins' objections to the introduction of all records referenced in the Second Motion in Limine.  Moreover, Stebbins cannot object to the failure to disclose the *Ex Parte* Order during discovery when, as he recognizes, the record did not exist until after the discovery cut-off period, and Stebbins himself provided it to the University.  Again, the relevance of this record pertains to the viability of the injunctive sought by Stebbins and whether any accommodations would be effective at all.  Stebbins' objection should be rejected, and the Court will be able to address the records as any issues arise at trial.

With regard to depositions, Stebbins provides a general discussion regarding the use of depositions at trial.  The Court may address the use of depositions at trial as any issues arise.  Stebbins' objection does not address all potential issues relating to the use of depositions, and any potential issues are not ripe for a determination at this point.  Accordingly, the Court should reject Stebbins' objection and address any issues as they arise at trial.

E.    <u>**Conclusion**</u>

For all of the foregoing reasons, Plaintiff David Stebbins' Second Motion in Limine should be denied in its entirety, and the Court should grant Defendant, University of Arkansas, all other relief that the Court deems just and proper.

Respectfully Submitted,


<u>/s/ T. Scott Varady</u>
T. SCOTT VARADY
Arkansas Bar No. 93172
Associate General Counsel
WILLIAM R. KINCAID
Arkansas Bar No. 93125
TAMLA J. LEWIS
Arkansas Bar No. 2005237
421 Administration Building
University of Arkansas
Fayetteville AR 72701
(479) 575-5401

AND

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 North University Ave.
Little Rock AR 72207-3608
(501) 686-2500

COUNSEL FOR DEFENDANT

<u>**CERTIFICATE OF SERVICE**</u>

      I, T. Scott Varady, Associate General Counsel, do hereby certify that I caused a copy of the foregoing Defendant's Brief in Opposition to Plaintiff's Second Motion in Limine to be served on Plaintiff David Stebbins, 123 West Ridge St., Apt. D, Harrison, Arkansas, 72601, on this 21st day of November, 2012, via First-Class U.S. Mail.

<u>/s/ T. Scott Varady</u>
T. SCOTT VARADY
Associate General Counsel