U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 27 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                       PLAINTIFF

vs.                          Civ. No. 10-5125

UNIVERSITY OF ARKANSAS                                DEFENDANTS

### BRIEF IN SUPPORT OF THIRD MOTION IN LIMINE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my third motion in limine.

**I am not required to request a specific accommodation in a direct threat case.**

This is the main reason I am making this request in a pre-trial motion. It is something I did NOT cover in my motion for summary judgment.

I have already cited this case in my motion for summary judgment, but I cited it for a completely different reason than I am citing it in this motion. It is the case of *EEOC v. Wal-Mart Stores, Inc.*, 477 F. 3d 561 (8th Cir. 2007). In the motion for summary judgment, I used this precedent to establish that the Defendant holds the burden of proof on the issue of direct threat.

However, I recently[1] came across a legal treatise dealing with Direct Threat in ADA (and, by extension, Rehabilitation Act[2]) cases, titled "Direct Threat under the ADA," written by legal scholars Barry Taylor, Alan M. Goldstein and Colin Proksel. This court can see this treatise via the following url:

http://www.adagreatlakes.org/Publications/Legal_Briefs/BriefNo008_DirectThreatUnderADA.pdf

On page 11, it states, in pertinent part, the following:

> "Interestingly, although in most ADA cases, courts have required that the reasonable accommodation process be initiated by the person with the disability, courts are increasingly finding that employers have not proven a direct threat de-fense if

---

1 Which explains why I waited until now to file this motion.
2 Legal interpretations under the ADA equally apply to interpretations under the Rehabilitation Act. See Perkins v. St. Louis County Water Co., 160 F. 3d 446, 448 (8th Cir. 1998).

they failed to consider possible reasonable accommodations that could reduce or eliminate the perceived threat.

In EEOC v. Wal-Mart Stores, [477 F. 3d 561 (8th Cir. 2007),] a person with cerebral palsy applied for the positions of greeter and cashier. He was not hired and the EEOC filed suit under the ADA. Wal-Mart alleged that the applicant, who used crutches, would have caused a direct threat, with Wal-Mart's doctor identified several safety risks. First, he alleged that the applicant was not capable of holding himself in a standing position for an extended period of time and would be a danger to himself in that he might fall or he might experience recurrent knee and back pain. Additionally, the doctor thought the applicant would be a danger to others because he is 'very wide when he uses his crutches' and would pose an 'obstacle' to customers. However, the applicant, in addition to using crutches, often used a wheelchair. The court found that the doctor's direct threat analysis did not include any consideration as to whether the alleged threat the applicant posed when using his crutches could be sufficiently reduced if he had been perm-itted to use is wheelchair when performing the duties of greeter and cashier. Be-cause the employer failed to incorporate reason-able accommodation into its di-rect threat analysis, the court found in the EEOC's favor."

As you can see, the case of EEOC v. Wal-Marts supports my case in more ways than just allocating the burden of proof. It also makes an exception to the general rule that I am responsible for requesting an accommodations. The Eighth Circuit has held that, in a direct threat case, accommodations must be considered *sua sponte* by the accommodating party.

Therefore, as part of this motion in limine, I ask that the Defendants be barred at trial from introducing evidence regarding my failure – or lack thereof – to make a timely accommodations request, as the case law clearly renders this issue irrelevant, at least the extent the Defendants are advancing it.

### Defendants should be barred from introducing evidence as to my failure to make administrative appeals.

Defendants argue that I failed to appeal the denial of accommodations within the UA, and, as a result, my claim is barred as a matter of law. I have already argued in the motion for summary judgment why this argument fails as a matter of law. However, I have an additional argument to make.

For starters, even in the proposed findings of fact and conclusions of law, the Defendants were unable to actually articulate a case law affirming a plaintiff's duty to exhaust administrative remedies in a discrimination case. They were able to cite some case law regarding Plaintiff's requirement to request an accommodation; I showed case law showing that "direct threat" cases are an exception to that rule, but at least they gave *something*. Regarding this issue, Defendant has absolutely zero legal authorities to back up their claim.

But let's give them the benefit of the doubt. I can still *affirmatively* refute this argument.

In the case of *Crawford v. Metropolitan Government of Nashville*, 129 S.Ct. 846 (2009), the United States Supreme Court unanimously held that employees who cooperate with an internal investigation of alleged sexual harassment are protected against retaliation under Title VII of the 1964 Civil Rights Act. This case law reversed a precedent from the Third Circuit which held that only charges filed directly with the EEOC were protected from retaliation.

This case was passed *after* the initial discrimination was perpetrated by the UA.[3] Therefore, if I *had* attempted to file an administrative grievance, given the case law at the time, I could easily have been subject to retaliatory sanctions, and my only remedy would have been in a Section 1983 claim for First Amendment Retaliation, which the UA likely could have been immune from under the Eleventh Amendment.

And yet, they want to argue that this possibly unprotected activity was not only unprotected, but *required*?! What are they smoking?

Therefore, because of the frivolity and absurdity of their argument, this argument lacks legal merit.

Therefore, as part of this motion *in limine*, I ask that the Court bar them from introducing

---

3 It started on December 5, 2007 and was made permanent in January of 2008. See the Defendant's Proposed Findings of Fact and Conclusions of Law.

any evidence to support this argument at trial, for failure to state a claim.

### My prior bad acts should be restricted to showing implausibility of prospective injunctive relief.

In the Court's order granting the first motion *in limine*, this Court acknowledged the possibility that my prior bad acts may be irrelevant to whether or not Defendants' actions violated Section 504, but declined to decide that issue at that time.

However, if this Court were to decide the case before trial, it could potentially cut the trial time in half. I ask that the Defendants restrict their evidence of my prior bad acts *only* to the issue you held was definitely relevant: The plausibility of prospective injunctive relief.

This means that, even if I am guilty of the things the Defendants accuse me of, these acts should still be inadmissible unless they can also prove that reasonable accommodations proved ineffectual. As I explained in the motion for summary judgment, "No reasonable accommodation, no direct threat. It's that simple."

The Defendants, when introducing this evidence, should be required to give just as much considered attention to the plausibility of reasonable accommodations as they are the actual safety risk itself. Otherwise, the prior acts themselves should still remain inadmissible, even for the purposes of injunctive relief.

### Conclusion

I am not simply requesting this *limine* relief for the sake of knowing in advance of what to expect. Granting this motion – even just this one – can potentially cut the trial time in half, thus cutting in half the costs I incur as a result of the trial. If this evidence is barred at trial due to the fact that it would have done no good to introduce it, the Defendants' witnesses can potentially be reduced from ten to fourteen down to five to six, cutting trial time in half and potentially allowing the *whole thing* to be finished in one sitting.

Wherefore, premises considered, I request that this motion *in limine* be granted.

*David S Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com