US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 0 2 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID A. STEBBINS**                         **PLAINTIFF**

vs.                    Civ. No. 10-5125

**UNIVERSITY OF ARKANSAS**                 **DEFENDANTS**

### NOTICE OF APPEAL AND MOTION FOR TRANSCRIPT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following notice of appeal.

#### Allegations of Error

Plaintiff contends that the Court erred in the following manners:

Prior to trial...

1. The Court erred in denying Plaintiff's motions to compel discovery.

2. It erred in denying Plaintiff's Motions in Limine.

3. It erred in denying Plaintiff's Motion to Confirm Arbitration Award.

At trial,

4. It failed to consider the Intermittent Explosive Disorder, and the symptoms it caused, alongside the Asperger Syndrome, even though, as shown by Rita Stebbins' testimony, it was not revealed even to her, let alone Plaintiff, meaning that it could not be registered.

5. It failed to incorporate the precedent of Knight v. State, 758 SW 2d 12, 14 (1988) ("Statutes in other states impose criminal liability for threats made in reckless disregard of the risk of causing terror... Our statute does not.") in determining whether or not the reasonable accommodations mentioned in Page 16, Lines #11 - #15 of his memorandum opinion, were reasonable.

6. It erred in considering the statements made at the AUJ hearing as "uncontestable"

admissions, given that I do not recall ever being put under oath, and, for that matter, the admissions mentioned in the memorandum opinion were opinions, not admissions of fact, and thus, can be changed with impunity.

7. It failed to consider the success of reasonable accommodations provided by North Arkansas Community College in determining whether or not accommodations were possible, even though they were testified to.

8. It held that the direct threat renders a Plaintiff "not otherwise qualified," even though more recent 8th Circuit case law flatly states that it is an affirmative defense.

9. It erred in considering events regarding mere "difficulties" with dorm staff and teachers as evidence that it would ever go beyond mere difficulties.

### Motion for Free Transcript

Though I cannot currently locate the precise statute, I remember reading somewhere in the U.S. Code that the Court has the power to afford me a free transcript of trial proceedings if it feels that I am appealing any legitimate question of law. Look above; if even one of those nine allegations of error are considered by this Court to be non-frivolous, I ask that it order the United States to pay for my transcript of all official proceedings.

*David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.
Apt D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

72701$535353