US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JAN 02 2013
CHRIS R. JOHNSON, Clerk
By

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID A. STEBBINS**                                                                                     **PLAINTIFF**

vs.                                                   Civ. No. 10-5125

**UNIVERSITY OF ARKANSAS**                                                                  **DEFENDANTS**

## MOTION TO AMEND FINDINGS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for the Court to make additional findings of fact as part of its memorandum opinion, pursuant to Fed. R. Civ. P. 52(b).

1. It is undisputed that I was arrested on November 24, 2011 under allegations of domestic battery. Defendants attempted to introduce evidence that I was guilty of this crime. In fact, it was a major part of their defense, considering that they were trying to prove that I would be a threat if I returned to campus.

2. Although the Court commented on some alleged comments I made on December 3, 2007 that were in direct connection with the allegations of my arrest[1], it made no express finding as to my guilt or innocence of the domestic battery I was arrested for. Although the criminal complaint itself was not admitted, the testimony of my father was, when the Court denied my First Motion *In Limine*.

3. Only two plausible explanations appear for why the Court failed to adjudicate the truth of my father's accusations: Either it felt the accusations were irrelevant, or it felt that the Defendant failed to prove, by preponderance of the evidence, that I was guilty of my current pending felony charge.

4. Whichever is the Court's finding, I ask that the Court unambiguously state it. If it feels

---

1 See Document #179, Section 16 of Findings of Fact, starting on Page 6, Line 9 and finishing on Page 7, Line 1.

that the Defendant failed to prove, by preponderance of the evidence, that I was guilty of my current pending felony charge, I ask that the Court flatly state this just as it did with the Dec. 3, 2007 comments. If it finds the issue to be irrelevant, I ask that it expressly state this, just like it did in Section 34 of its memorandum opinion[2].

5.  This was a vital part of the UA's defense, and this Court flatly allowed my father's testimony about the topic. Thus, there is no reason that the Court should simply ignore the issue when making its decision.

Wherefore, premises considered, I respectfully request that the Court explain its decision regarding my father's accusation of a knife attack.

*David Stebbins* (signature)

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

---

[2] Starting on p. 13, Line 21 and ending on p. 14, Line 8.