IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                    PLAINTIFF

            v.               Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                                     DEFENDANTS

<u>O R D E R</u>

    Now on this 3rd day of January, 2013, comes on for consideration plaintiff's **Notice Of Appeal And Motion For Transcript** (document #182), and the Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff David Stebbins contended in this case that the University of Arkansas ("UA") discriminated against him, in violation of **29 U.S.C. § 794(a)**, by failing to allow him to re-enroll as a student after he was banned from campus in 2007.  Stebbins contended that he has a disability - Asperger's Syndrome - and that UA made no attempt to accommodate this disability.

    2.   The matter was tried to the Court, and after considering all the evidence, arguments, and applicable law, the Court ruled against Stebbins.  A Memorandum Opinion entered on December 28, 2012, sets out in detail the reasons for the Court's ruling.

    3.   Stebbins filed the motion now under consideration, which has been docketed both as a Notice Of Appeal and a Motion For

Transcript.   In this Order the Court addresses the Motion For Transcript.

Stebbins lists nine alleged errors in the Memorandum Opinion, and asks that the Court direct that a transcript be prepared at public expense.   He states that he cannot locate the applicable statute, but "remember[s] reading somewhere in the U.S. Code that the Court has the power to afford me a free transcript of trial proceedings if it feels that I am appealing any legitimate question of law."

4.   The Court believes Stebbins has reference to **28 U.S.C. § 753(f)**, which authorizes use of public funds to pay for transcripts in various situations.   One of these is "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis . . . if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

5.   Stebbins has been proceeding *in forma pauperis* ("IFP"), pursuant to **18 U.S.C. 1915**, and the Court is persuaded that he remains financially eligible for that status on appeal.   The Court cannot, however, certify that the appeal is not frivolous.   An issue is frivolous if it lacks legal basis or legal merit.   *See* **Black's Law Dictionary**, **9th Ed.**   The Court has reviewed the issues listed by Stebbins in his Notice Of Appeal, and in the Court's view there is no legal merit in any of them.   The Motion For Transcript will, therefore, be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Notice Of Appeal And Motion For Transcript** (document #182) is **denied.**

**IT IS SO ORDERED.**

               __/s/ Jimm Larry Hendren__
               JIMM LARRY HENDREN
               UNITED STATES DISTRICT JUDGE