```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**DAVID STEBBINS**                                                **PLAINTIFF**

          v.           Civil No. 10-5125

**UNIVERSITY OF ARKANSAS, and**
**G. DAVID GEARHART, in his**
**Official Capacity as Chancellor**
**of the University of Arkansas,**
**Fayetteville**                                                 **DEFENDANTS**

### O R D E R

   Now on this 3rd day of January, 2013, comes on for consideration plaintiff's **Motion To Amend Findings** (document #183), and the Court, being well and sufficiently advised, finds and orders as follows:

   1.   Plaintiff David Stebbins contended in this case that the University of Arkansas ("UA") discriminated against him, in violation of **29 U.S.C. § 794(a),** by failing to allow him to re-enroll as a student after he was banned from campus in 2007.  Stebbins contended that he has a disability - Asperger's Syndrome - and that UA made no attempt to accommodate this disability.

   2.   The matter was tried to the Court, and after considering all the evidence, arguments, and applicable law, the Court ruled against Stebbins.  A Memorandum Opinion entered on December 28, 2012, sets out in detail the reasons for the Court's ruling.

   3.   In the motion now under consideration, Stebbins asks that the Court "explain its decision regarding my father's accusation of

a knife attack." The Court is precluded from addressing this request.

Stebbins filed the motion contemporaneously with his Notice Of Appeal And Motion For Transcript (document #182). The filing of an appeal deprives the Court of jurisdiction over those aspects of the case involved in the appeal. **Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004).** One of the issues on appeal is described as error "in denying Plaintiff's Motions in Limine."

One of Stebbins' motions in limine (document #156) requests that the Court keep out all evidence regarding Stebbins' felony charge, which the Court understands to be a charge of domestic battery related to the alleged knife attack on his father. Another motion in limine (document #171) asks the Court to prevent Stebbins' father from testifying.

4. Given the interrelation between the relief requested in the motion and the issue on appeal, the Court lacks jurisdiction to consider the motion.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Amend Findings** (document #183) is **denied.**

**IT IS SO ORDERED.**

                                         /s/ Jimm Larry Hendren
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**